IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

                              )

NORTHWEST AUSTIN MUNICIPAL    )
UTILITY DISTRICT NUMBER ONE,   )
                              )
          Plaintiff,      )
                              )
      v.               )      Civil Action No. 1:06-cv-1384
                              )
ALBERTO GONZALES,       )      Three-judge court (PLF, DST, EGS)
Attorney General of the United States,   )
                              )
         Defendant.     )
_____)

### ANSWER

In this action, Plaintiff Northwest Austin Municipal Utility District Number One (hereinafter "Plaintiff") seeks a declaratory judgment from this Court, pursuant to Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973b(a) (hereinafter "Section 4(a)") for bailout from the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. 1973c (hereinafter "Section 5"), or, in the alternative, seeks a declaratory judgment that continued application of Section 5 is unconstitutional.

Accordingly, Defendant Attorney General of the United States (hereinafter "Defendant") hereby answers each of the numbered paragraphs of the Complaint filed by the Plaintiff in the above-styled action as follows:

1. In response to the allegations contained in paragraph 1, Defendant admits only that it describes the claims that the Plaintiff seeks to bring in this action, but denies that the Plaintiff is entitled to any relief on its claims.

2. In response to the allegations contained in paragraph 2, Defendant admits only that some Texas state courts have held municipal utility districts similar to the Plaintiff to be political

-2-

subdivisions as a matter of Texas state law. Defendant denies that the Plaintiff is a political

subdivision entitled to seek bailout, as defined in Section 4(a) of the Voting Rights Act, 42

U.S.C. 1973b(a), and Section 14(c)(2) of the Voting Rights Act, 42 U.S.C. § 1973*l*(c)(2).

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4 only to the extent that the

United States District Court for the District of Columbia is the only Court in which an action can

be brought seeking bailout under Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973b(a), or

seeking a declaration of the unconstitutionality of a provision of the Voting Rights Act under

Section 14(b) of the Voting Rights Act, 42 U.S.C. § 1973*l*(b). Defendant avers that, due to lack

of standing and lack of ripeness, this Court lacks jurisdiction over the subject matter of some or

all of the Plaintiff's claims.

5. With respect to the allegations contained in paragraph 5, Defendant admits that the

convening of a three-judge panel is appropriate under 42 U.S.C. § 1973b(a)(5) and 28 U.S.C. §

2284(a).

6. Defendant admits the allegations contained in the first sentence of paragraph 6. In

response to the allegations contained in the second sentence of paragraph 6, Defendant admits

that the Plaintiff was formed in the late 1980's, admits that this sentence describes some, but not

all, of the functions of the Plaintiff, and admits that the Plaintiff exercises local governmental

authority under Texas law, but Defendant denies that the Plaintiff has long been considered a

"political subdivision" under the Voting Rights Act. Defendant avers that the question of

whether the Plaintiff is a political subdivision under the Voting Rights Act is a question of law,

not of fact, and Defendant avers that the Plaintiff is not a political subdivision entitled to seek

-3-

bailout, as defined in Sections 4(a) and 14(c)(2) of the Voting Rights Act.  In response to the

allegations contained in the third sentence of paragraph 6, Defendant admits that the Plaintiff

must conduct periodic elections for the selection of its board members under the applicable

election provisions of Texas law, that the Plaintiff must conduct those elections in compliance

with the Voting Rights Act, and that the conduct of those elections is covered by the

preclearance requirements of Section 5 of the Voting Rights Act.  Defendant lacks knowledge or

information sufficient to form a belief as to whether the Plaintiff has in fact conducted all of its

elections in compliance with the applicable election provisions of Texas law, whether the

Plaintiff has in fact conducted those elections in compliance with the provisions of the Voting

Rights Act, or whether the Plaintiff has in fact sought and obtained preclearance for all changes

in voting practices and procedures under Section 5, and avers that most of the information

regarding those issues is in the hands of the Plaintiff, and Defendant therefore denies those

allegations.

7.  With respect to the allegations contained in the first sentence of paragraph 7,

Defendant lacks knowledge or information sufficient to form a belief about whether the Plaintiff

supports voting rights for all its residents, and about what the Plaintiff believes regarding the

Section 5 preclearance procedure, and Defendant therefore denies such allegations.  Defendant

denies that Section 5 is either unnecessary or constitutionally improper, and Defendant avers that

Section 5 is constitutional.  With respect to the allegations contained in the second sentence of

paragraph 7,  Defendant admits that this is an action in which the Plaintiff seeks a declaratory

judgment for bailout under Section 4(a), or, in the alternative, through a constitutional challenge,

to terminate its obligation to seek preclearance of voting changes under Section 5, but denies that

-4-

the Plaintiff is entitled to any of the declaratory relief that it seeks.

8.  Defendant denies that the allegations contained in paragraph 8 accurately or fully

describe the circumstances under which Texas became covered by Section 5 of the Voting

Rights Act.  Defendant avers that the formula under which Texas became covered by Section 5 is

set forth in the Voting Rights Act, in the third sentence of Section 4(b), 42 U.S.C. § 1973b(b),

and in Section 4(f)(3), 42 U.S.C. § 1973b(f)(3), and avers that these provisions speak for

themselves.  Defendant avers that Texas became covered by Section 5 for voting changes

enacted or sought to be administered different from that in force or effect on November 1, 1972,

based on determinations made by the Attorney General and the Director of the Census dated

September 18, 1975, and published in the Federal Register on September 23, 1975, 40 Fed. Reg.

43746, and avers that this published determination speaks for itself.

9.  In response to the allegations contained in paragraph 9, Defendant admits Congress

passed, and the President signed, a bill reauthorizing Section 5 of the Voting Rights Act in July,

2006.  Defendant denies the remainder of the allegations contained in paragraph 9.

10.  Defendant denies the allegations contained in the first sentence of paragraph 10.  In

response to the allegations in the second sentence of paragraph 10, Defendant admits that Texas

remains covered by Section 5 and that this means that the State and every political subunit of the

State, including the Plaintiff (and not just every political subdivision), that enacts or seeks to

administer changes affecting voting is required to seek and obtain preclearance under Section 5

for changes in voting practices and procedures, but Defendant denies that the conditions that

caused Texas to be covered by Section 5 have been remedied for over thirty years.  Defendant

further admits that while some state courts have held municipal utility districts to be political

-5-

subdivisions under Texas state law, Defendant denies that the Plaintiff is a political subdivision

entitled to seek bailout, as defined in Sections 4(a) and 14(c)(2) of the Voting Rights Act.  In

response to the allegations contained in the third sentence of paragraph 10, Defendant admits

that the Plaintiff did not exist as a political subunit at the time that Texas was designated a

covered jurisdiction under Section 5, but avers that, as a class, districts of the general type to

which the Plaintiff belongs did exist at the time the determination was made that Texas was

covered by Section 5.  Defendant lacks knowledge or information sufficient to form a belief as to

whether the Plaintiff has ever been found to violate voting rights, and Defendant therefore denies

those allegations.

11.  In response to the allegations contained in the first sentence of paragraph 11,

Defendant admits that Section 5 of the Voting Rights Act requires covered jurisdictions (as well

as their political subunits) to seek and obtain preclearance for changes in voting practices and

procedures, and admits that making an administrative submission to the Attorney General is one

avenue for obtaining such preclearance, but avers that a covered jurisdiction may in the

alternative institute an action in this Court for a declaratory judgment seeking approval of such

changes in voting practices and procedures.  Defendant denies that the allegations contained in

the second sentence of paragraph 11 are a correct statement of law regarding preclearance.

Defendant avers that decisions by the Supreme Court of the United States have interpreted the

Section 5 preclearance requirement to apply to voting changes enacted or sought to be

administered by all political subunits in either a covered State or a covered political subdivision,

and avers that those decisions speak for themselves.

12.  Defendant denies the allegations contained in the first sentence of paragraph 12.

-6-

Defendant denies that the allegations contained in the second sentence of paragraph 12

accurately or fully describe the requirements of Section 5.  Defendant avers that Section 5

requires the Plaintiff to submit changes affecting voting for review to either the Attorney General

or to this Court, and avers that the decisions of the Supreme Court of the United States

interpreting Section 5 define the scope of the changes that must be submitted, and avers that

those decisions speak for themselves.  Defendant denies that the allegations contained in the

third sentence of paragraph 12 accurately or fully describe the requirements of Section 5.

Defendant avers that the Supreme Court of the United States has determined that a wide range of

changes affecting voting, including statewide redistricting plans and polling place changes, are

covered by Section 5 and must be precleared by either the Attorney General or this Court, and

avers that those decisions speak for themselves.  Defendant further avers that the Supreme Court

of the United States has determined that voting changes enacted or sought to be administered by

any political subunit of either a covered State or covered political subdivision must be

precleared, and avers that those decisions speak for themselves.  Defendant denies that the

allegations contained in the fourth sentence of paragraph 12 accurately or fully reflect the

practice under Section 5.  Defendant avers most jurisdictions have chosen to submit their voting

changes to the Attorney General for review rather than to this Court, that Section 5 gives the

Attorney General 60 days to consider an administrative submission of voting changes, that

voting changes are not effective as law unless and until preclearance is obtained, and that some

but not all jurisdictions build in extra time to seek preclearance.  Defendant also avers that the

Attorney General's procedures allow jurisdictions to request expedited consideration of

submitted voting changes, and that the Attorney General endeavors to meet such requests.

-7-

Defendant denies the allegations contained in the fifth and sixth sentences of paragraph 12, but does aver that most voting changes submitted to the Attorney General are ultimately precleared.

13. Defendant denies that the allegations contained in the first sentence of paragraph 13 accurately or fully describe the alternatives available to a covered jurisdiction in the event of the Attorney General interposing an objection to a voting change. Defendant avers that if the Attorney General objects to a submission of a voting change from a covered jurisdiction, then the jurisdiction has several alternatives available to it, including requesting reconsideration of the objection from the Attorney General, filing a declaratory judgment action in this Court seeking a de novo determination on the change, abandoning the change and continuing the benchmark practice, or devising another plan and resubmitting it to the Attorney General for another determination. In response to the allegations contained in the second sentence of paragraph 13, Defendant admits that the percentage of objections interposed by the Attorney General to voting changes submitted to him is relatively small, but denies the remainder of the allegations in that sentence. Defendant denies the allegations contained in the third sentence of paragraph 13.

14. In response to the allegations contained in the first sentence of paragraph 14, Defendant admits only that the Voting Rights Act contains a provision that authorizes eligible political subdivisions, as well as covered states, to file a declaratory judgment action seeking to bailout from preclearance coverage, but avers that the Voting Rights Act, in Sections 4(a) and 14(c)(2), specifically define what jurisdictions may file such bailout actions and that Section 4(a) further specifically defines the elements that jurisdictions must prove before a bailout can be granted. Defendant denies the allegations contained in the second sentence of paragraph 14.

15. With respect to the allegations contained in paragraphs 15(a) and 15(b), Defendant

-8-

lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and

Defendant therefore denies such allegations.  Defendant admits the allegations contained in

paragraph 15(c).  With respect to the allegations contained in paragraph 15(d), Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the allegations, and

Defendant therefore denies those allegations.  Defendant admits the allegations contained in

paragraph 15(e).

16.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 16, and Defendant therefore denies those allegations.

17.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 17, and Defendant therefore denies those allegations.

18.  Defendant denies the allegations contained in paragraph 18.

19.  Defendant denies the allegations contained in paragraph 19.

20.  Defendant denies the allegations contained in the first and second sentences of

paragraph 20.  In response to the allegations contained in the third sentence of paragraph 20,

Defendant admits that the Plaintiff had to seek, and did in fact obtain, preclearance to move its

voting location into a public school, but avers that the submitted voting change was greater in

scope than described, in that the change was part of a joint election agreement between the

Plaintiff and Travis County.  Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations regarding the Plaintiff's motivation for changing the

voting location, and Defendant therefore denies those allegations.  In response to the allegations

contained in the fourth sentence of paragraph 20, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of such allegations, and Defendant therefore denies

-9-

those allegations.

21.  Defendant denies the allegations contained in paragraph 21.

22.  Defendant denies the allegations contained in paragraph 22.

23.  Defendant admits the allegations contained in the first sentence of paragraph 23, and avers that the Supreme Court of the United States has upheld the constitutionality of Section 5 on several occasions, as has this Court.  Defendant admits the allegations contained in the second sentence of paragraph 23.  Defendant denies the allegations contained in the third and fourth sentences of paragraph 23.

24.  Defendant denies the allegations contained in paragraph 24, and avers that Congress has not reauthorized Section 5 "forever."

25.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25, and Defendant therefore denies those allegations.  Defendant denies that the allegations contained in the second sentence of paragraph 25 accurately or fully reflect the facts.  Defendant avers that the Plaintiff was created in the late 1980's, and avers that the reason the Plaintiff is subject to the preclearance requirement is because it is a political subunit that enacts and/or administers changes affecting voting in a State that was determined in 1975 to be covered under Section 4(b) of the Voting Rights Act, because neither the State nor the County in which the Plaintiff is located have successfully bailed out under Section 4(a), and because Congress has extended the expiration date for preclearance coverage on two occasions since 1975.  Defendant denies the allegations contained in the third sentence of paragraph 25.

26.  Defendant denies the allegations contained in paragraph 26.

-10-

In response to the paragraph in the prayer for relief in the Plaintiff's complaint, Defendant responds as follows:

Defendant denies that the Plaintiff is entitled to a declaratory judgment that it has met the bailout requirements of Section 4(a) of the Voting Rights Act. Defendant denies that the Plaintiff is entitled to a declaratory judgment that the preclearance requirements of Section 5 of the Voting Rights Act no longer apply to the Plaintiff. Defendant denies that the Plaintiff is entitled to a declaratory judgment that Section 5 of the Voting Rights Act is unconstitutional. Defendant denies that the Plaintiff is entitled to any relief.

Any and all allegations not specifically admitted herein are denied.

**AFFIRMATIVE DEFENSES**

Defendant avers that the Plaintiff lacks standing, that this matter lacks ripeness, and thus that this Court lacks jurisdiction over the subject matter of some or all of the Plaintiff's claims. Defendant also avers that the Plaintiff's complaint fails to state a claim on which relief can be granted, since the Plaintiff is not a jurisdiction eligible to bailout under Section 4(a) of the Voting Rights Act, and since the constitutionality of Section 5 of the Voting Rights Act has been established by several decisions of the Supreme Court of the United States.

Dated:  October 16, 2006

Respectfully submitted,

ALBERTO R. GONZALES
Attorney General

JEFFERY A. TAYLOR              WAN J. KIM
United States Attorney         Assistant Attorney General
                               Civil Rights Division

                               JOHN K. TANNER (D.C. Bar No. 417585)
                               Chief, Voting Section


                                 */s/  T. Christian Herren Jr*
                               _____

                               H. CHRISTOPHER COATES
                               Principal Deputy Chief
                               T. CHRISTIAN HERREN JR
                               Special Counsel
                               chris.herren@usdoj.gov
                               SARAH E. HARRINGTON
                               sarah.harrington@usdoj.gov
                               CHRISTY A. McCORMICK
                               christy.mccormick@usdoj.gov
                               Attorneys
                               Civil Rights Division
                               United States Department of Justice
                               Room 7254 - NWB
                               950 Pennsylvania Ave., N.W.
                               Washington, DC 20530
                               Phone: (800) 253-3931
                               Fax:    (202) 307-3961

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006, I caused to be served a copy of the foregoing Answer through the Court's ECF filing system to the following:

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*


I also hereby certify that on October 16, 2006, I caused to be served a copy of the foregoing Answer through email and first-class mail, postage prepaid, to the following:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

*Counsel for Plaintiff*


*/s/ T. Christian Herren Jr*
_____
T. CHRISTIAN HERREN JR