# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br>401 W. 15th Street<br>Suite 850<br>Austin, TX 78701<br><br>     Plaintiff,<br><br> vs.<br><br>ALBERTO GONZALES,<br>ATTORNEY GENERAL OF THE UNITED STATES,<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530<br><br>     Defendant,<br><br>TEXAS STATE CONFERENCE OF NAACP BRANCHES,<br>1107 East 11th Street<br>Austin, TX 78701,<br><br>     and<br><br>AUSTIN BRANCH OF THE NAACP,<br>1704 East 12th Street<br>Austin, TX  78702,<br><br>     Applicants to Intervene, | CIVIL ACTION<br>1:06CV01384 |

**INTERVENOR-DEFENDANTS' ANSWER**

Defendant-Intervenors Texas State Conference of the NAACP Branches and Austin Branch of the NAACP file the following Answer in response to the Complaint of Plaintiff Northwest Austin Municipal Utility District Number One in the above-captioned action.

1. Intervenor-Defendants admit that Paragraph 1 describes Plaintiffs' claims, and deny that Plaintiff is entitled to any relief on its claims.

2. Intervenor-Defendants deny that Plaintiff is a "political subdivision" as "political subdivision" is defined in Sections 4 or 14 of the Voting Rights Act, 42 U.S.C. § 1973, *et seq.*, and admit that the Plaintiff is a political subunit of the State of Texas and Travis County, County.

3. Admit.

4. Admit.

5. Intervenor-Defendants admit that convening a three-judge panel is appropriate in this case.

6. Intervenor-Defendants deny that Plaintiff has ever been a political subdivision under the Voting Rights Act and admit that Plaintiff is subject to the preclearance provisions of Section 5. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the remaining allegations in this Paragraph.

7. Intervenor-Defendants deny that the preclearance provisions are burdensome, costly, unnecessary, or constitutionally improper. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the remaining allegations in this Paragraph.

8. Intervenor-Defendants deny that the allegations in this Paragraph fully describe the circumstances under which Texas became covered by Section Five. Defendant-Intervenors aver that 42 U.S.C. §§ 1973b(b) and 1973b(f)(3), and Fed. Reg. 43746 (Sept. 23, 1975), speak for themselves.

9. Intervenor-Defendants admit that Congress reauthorized Section 5 in July 2006, and deny the remaining allegations in this Paragraph.

10. Intervenor-Defendants admit that the district did not exist at the time that Texas was designated as a "covered jurisdiction" and that Texas and its political subdivisions continue to be covered by § 5. Intervenor-Defendants deny the remaining allegations in this Paragraph.

11. Deny.

12. Deny.

13. Intervenor-Defendants admit that voting changes objected to by the Attorney General cannot be implemented, and deny the remaining allegations in this Paragraph.

14. Intervenor-Defendants admit the Voting Rights Act contains provisions that authorize "political subdivisions," as defined by Section 14 of the Voting Rights Act, to bail out from Section Five coverage. Intervenor-Defendants deny the remaining allegations in this Paragraph.

15. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in this Paragraph.

16. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in this Paragraph.

USIDOCS 5888793v1

17. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in this Paragraph.

18. Deny.

19. Deny.

20. Intervenor-Defendants deny the allegations in the first two sentences of this Paragraph. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, the remaining allegations in this Paragraph.

21. Deny.

22. Deny.

23. Intervenor-Defendants admit that when the Supreme Court upheld the original enactment of Section 5 against constitutional challenge, and when Congress enacted the 1982 reauthorization, the conditions justifying preclearance requirements were recent. Intervenor-Defendants deny the remaining allegations in this Paragraph.

24. Deny.

25. Intervenor-Defendants lack information sufficient to admit or deny, and therefore deny, that there has never been a finding that the district has engaged in discriminatory voting practices. Intervenor-Defendants deny the remaining allegations in this Paragraph.

26. Deny.

In response to the paragraph in the prayer for relief in the Plaintiff's Complaint, Defendant-Intervenors respond as follows: Defendant-Intervenors deny that the Plaintiff is entitled to a declaratory judgment that it has met the bailout requirements of Section

4(a) of the Voting Rights Act. Defendant-Intervenors deny that the Plaintiff is entitled to a declaratory judgment that the preclearance requirements of Section 5 of the Voting Rights Act no longer apply to the Plaintiff. Defendant-Intervenors deny that the Plaintiff is entitled to a declaratory judgment that Section 5 of the Voting Rights Act is unconstitutional. Defendant-Intervenors deny that the Plaintiff is entitled to any relief. Defendant-Intervenors deny any and all allegations not specifically admitted herein.

DATED: October 18, 2006

Respectfully submitted,

Intervenor-Defendants Texas
State Conference of NAACP
Branches and Austin Branch of
the NAACP

By their Attorneys,

/s/ Seth P. Waxman
Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
WILMER CUTLER PICKERING HALE
and DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes
(Indiana Bar No. 7601-49) (motion to be
admitted *pro hac vice* to be filed)
General Counsel
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT
OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum
(D.C. Bar No. 489887)
Benjamin J. Blustein
(D.C. Bar No. 418930)
Jonah H Goldman
(D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858