**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL | § |
| UTILITY DISTRICT NUMBER ONE, | § |
| | § |
| *Plaintiff,* | § |
| | § |
| vs. | § CIVIL ACTION NO. 1:06-cv-1384 |
| | § |
| ALBERTO GONZALES, | § Three-judge court (PLF, DST, EGS) |
| ATTORNEY GENERAL OF THE | § |
| UNITED STATES, | § |
| | § |
| *Defendant.* | § |

## APPLICATION TO INTERVENE AS DEFENDANTS

COME NOW, Applicants for Intervention, David and Lisa Diaz, by and through their

undersigned attorney, hereby move, pursuant to Fed. R. Civ. P. 24, to intervene in this case as

Defendants for the purpose of defending the Voting Rights Act of 1965.

1.    As set forth in the accompanying Memorandum in Support of Application to

Intervene, Applicants seek intervention as of right or, in the alternative,

permissive intervention under Fed. R. Civ. P. 24(a) and Fed. R. Civ. P. 24(b),

respectively.

2.    Proposed Defendant Intervenors, David Diaz and Lisa Diaz, are registered and

qualified voters of Travis County and reside within the boundaries of Plaintiff

NW Austin Municipal Utility District Number One.  David Diaz and Lisa Diaz

are Latino.

3.    Undersigned counsel for Applicants Nina Perales conferred with counsel for

Plaintiff and Defendant regarding this Application to Intervene.  Counsel for

Defendant, T. Christian Herren, stated on October 17, 2006 that Defendant took

no position on this Application. Counsel for Plaintiff, Gregory S. Coleman stated

on October 18 that Plaintiff opposes the Application.

WHEREFORE, Applicants respectfully request that this Court grant them intervention as

of right or, in the alternative, permissive intervention.

DATED: October 18, 2006

Respectfully submitted,
MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND

BY: _____
NINA PERALES
*Application for Admission Pending*
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

BY: _____
JOSEPH E. SANDLER
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2006, I served a true and correct copy of the above document on all counsel of record by sending a copy via electronic mail and first-class mail, postage prepaid, addressed to all of the counsel listed below:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*

T. Christian Herren Jr.
Sarah E. Harrington
Christy A. McCormick
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
chris.herren@usdoj.gov
sarah.harrington@usdoj.gov
christy.mccormick@usdoj.gov

*Counsel for Alberto R. Gonzalez*

Nina Perales

# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NORTHWEST AUSTIN MUNICIPAL     §
UTILITY DISTRICT NUMBER ONE,     §
                                 §
      *Plaintiff,*              §
                                   §
vs.                                §     CIVIL ACTION NO. 1:06-cv-1384
                                   §
ALBERTO GONZALES,             §     Three-judge court (PLF, DST, EGS)
ATTORNEY GENERAL OF THE        §
UNITED STATES,                 §
                                   §
      *Defendant.*           §

## MEMORANDUM IN SUPPORT OF APPLICATION
## <u>TO INTERVENE AS DEFENDANTS</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DESCRIPTION OF APPLICANTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    DIAZ APPLICANTS ARE ENTITLED TO INTERVENE AS A MATTER
        OF RIGHT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        A.    APPLICANTS' APPLICATION TO INTERVENE IS TIMELY.. . . . . . 2

        B.    APPLICANTS HAVE AN UNCONDITIONAL RIGHT TO
            INTERVENE CONFERRED BY THE VOTING RIGHTS ACT.. . . . . . 3

        C.    APPLICANTS SEEK TO VINDICATE A PROTECTABLE
            INTEREST.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

            1.    APPLICANTS' INTERESTS WOULD BE IMPAIRED
                IF INTERVENTION WERE DENIED. . . . . . . . . . . . . . . . . . . . 4

            2.    THE EXISTING DEFENDANT WILL NOT ADEQUATELY
                REPRESENT APPLICANTS' INTERESTS.. . . . . . . . . . . . . . . 5

    II.    DIAZ APPLICANTS ARE ENTITLED TO PERMISSIVE INTERVENTION. . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

## CASES

*Admiral Insurance Co. v. National Casualty Co.*, 137 F.R.D. 176 (D.D.C. 1991). . . . . . . . . . . . . 2

*Bossier Parish School Board v. Reno*, 157 F.R.D. 133 (D.D.C. 1994). . . . . . . . . . . . . . . . . . . . . . 7

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dimond v. District of Columbia,* 792 F.2d 179 (D.C. Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Foster v. Gueory*, 655 F.2d 1319 (D.C. Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318 (1980) . . . . . . . . . . . . . . . . . . . . . . 6

*Hodgson v. United Mine Workers of America*, 473 F.2d 118 (D.C. Cir. 1972). . . . . . . . . . . . . . . 4

*Johnson v. Mortham*, 915 F. Supp. 1529 (N.D. Fla. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*League of United Latin American Citizens, Council No. 4434 v.*
  *Clements*, 999 F.2d 831 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*LULAC v. Perry,* 126 S.Ct. 2594 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471 (11th Cir. 1993). . . . . . . . . . . . . . . . . 4

*Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977). . . . . . . . . . . . . . 6

*Natural Resources Defense Council v. EPA*, 99 F.R.D. 607 (D.D.C. 1983). . . . . . . . . . . . . . . . . 3

*Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

*People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6 (D.D.C. 1993). . . . . . . . . 6

*Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972). . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. American Telegraph & Telephone Co.*,
  642 F.2d 1285 (D.C. Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,5

## RULES

Fed. R. Civ. P. 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 7

## STATUTES

Voting Rights Act, 42 U.S.C. 1973. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## MISCELLANEOUS

7C Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1904, 1909 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

6 Moore's Federal Practice § 24.03[4][a][iv]. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Moore's Federal Rules Pamphlet 2006. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**INTRODUCTION**

On August 4, 2006, a mere eight days after President Bush signed into law the Voting Rights Act Reauthorization and Amendments Act of 2006, Plaintiff filed a Complaint for declaratory relief, pursuant to Section 4(a) of the Act, for bailout from the preclearance provisions of Section 5 of the Act.  In the alternative, Plaintiff seeks a declaratory judgment that continued application of Section 5 is unconstitutional.

**DESCRIPTION OF APPLICANTS**

Applicants David Diaz and Lisa Diaz ("Diaz Applicants") are registered voters of Travis County, Texas and residents of the Northwest Austin Municipal Utility District Number One. David and Lisa Diaz are Latino.

The Plaintiff in this case seeks declaratory relief that will remove the protections of the Voting Rights Act from voters in Plaintiff's elections.  Plaintiff's complaint raises serious questions of law that are vital to the interests of the Diaz Applicants.  Notably, the Diaz Applicants' interests, as minority voters, include the continued protection of their rights as voters of Travis County and the NW Austin Municipal Utility District Number One.

**ARGUMENT**

**I.    DIAZ APPLICANTS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT**

Upon timely application, anyone shall be permitted to intervene in an action when:

(1) a statute of the United States confers an unconditional right to intervene; or when (2) the applicant claims an interest relating to the property or transaction that is the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is

1

represented adequately by existing parties.

Fed. R. Civ. P. 24(a). As stated in *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C.Cir. 1967), Rule 24(a) was "designed to liberalize the right to intervene in federal actions." On the facts set out above, and for the reasons that follow, the Diaz Applicants fully meet each prong of the test for intervention as a matter of right under Fed. R. Civ. P. 24(a), and, therefore, the Diaz Applicants' Application to Intervene should be granted.

**A.    Applicants' Application to Intervene is Timely**

In determining whether a motion for intervention is timely, this Court must consider "all of the circumstances**,** especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving [Applicants'] rights, and the probability of prejudice to those already parties in the case." *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980).

Plaintiff filed its Complaint in this case on August 4, 2006. Defendant filed his answer on October 16, 2006. As such, no discovery has taken place and no motions are pending before the Court. Because of the promptness of the Diaz Applicants' Motion for Intervention, the existing parties will not be prejudiced if the Court permits intervention, no additional discovery will be necessary, and the proceeding will not be delayed. Applicants' intervention in these proceedings is therefore timely. *See, e.g., Admiral Ins. Co. v. Nat'l Cas. Co.*, 137 F.R.D. 176, 177 (D.D.C. 1991) (motion to intervene was timely where "[t]he major substantive issues . . . have not yet been argued or resolved, and the movants filed their motions promptly").

**B.    Applicants Have an Unconditional Right to Intervene Conferred by the Voting Rights Act**

The Voting Rights Act provides a private right to intervene in any action filed by a state or political subdivision to bail out from coverage under Section 5:

> To assure that the right of citizens of the United States to vote is not denied or abridged on account of race or color, no citizen shall be denied the right to vote in any Federal, State, or local election because of his failure to comply with any test or device . . . unless the United States District Court for the District of Columbia issues a declaratory judgment under this section. . . . Any aggrieved party may as of right intervene in any stage in such action.

42 U.S.C. 1973b(a)(1) and (4).

Diaz Applicants are "aggrieved parties" because they are minority residents and voters of the NW Austin Municipal Utility District Number One who oppose the relief sought by Plaintiff and who seek to preserve the protections of Section 5 where they live and vote. Because of racially polarized voting patterns and the history across Texas of discrimination against Latinos, Latinos must be vigilant to preserve and expand their equal opportunity to participate in the electoral process. Any effort to affect the ability to participate in the electoral process, therefore, will unquestionably impede Diaz Applicants' interests as voters. Thus, under Rule 24(a)(1), they are entitled to intervene as of right in this action.

**C.    Applicants Seek to Vindicate a Protectable Interest**

In the alternative Applicants also meet the test set out in Rule 24(a)(2) for intervention as of right because they have a protectable interest in the subject matter of the litigation that will be impaired by an adverse decision. The requisite interest for intervention "has been interpreted in broad terms" within this Circuit. *Natural Res. Def. Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983). *See Foster v. Gueroy*, 655 F.2d 1319, 1324 (D.C. Cir. 1981)(quoting *Nuesse v. Camp*,

3

385 F.2d 694, 700 (D.C. Cir. 1967) (interest requirement is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficieny and due process."); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1988) ("[t]he right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard.").

The Diaz Applicants have a strong and legally cognizable interest in this action. The Diaz Applicants are Latino registered voters who seek to preserve the protections of the Voting Rights Act where they live and vote.

In the context of redistricting and vote dilution, Courts routinely allow intervention by minority voters, finding that registered voters have a protectable interest that warrants intervention. *See Johnson v. Mortham*, 915 F. Supp. 1529 (N.D. Fla. 1995) (registered voters allowed to intervene in suit challenging constitutionality of a redistricting plan as a remedy for vote dilution); *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471 (11th Cir. 1993), *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831 (5th Cir. 1993).

Moreover, Diaz Applicants should not be required to wait until the conclusion of the litigation to decide whether their interests require intervention. Federal courts have recognized that those seeking intervention would face a "practical disadvantage" in asserting their rights once a court has acted. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989).

### 1.    Applicants' Interests Would Be Impaired If Intervention Were Denied

The Diaz Applicants are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). The

4

Advisory Committe Notes for the 1966 amendments to Rule 24(a) are instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 Advisory Committee's Note to 1966 Amendments. The D.C. Circuit has also noted that the emphasis in the rule is on "practical disadvantage" and was "designed to liberalize the right to intervene in federal actions." *Nuesse*, 385 F.2d at 701-702.

Plaintiff seeks to unravel decades of protections provided by Section 5 of the Voting Rights Act. *See* Complaint (requesting that the Court declare Section 5 of the Voting Rights Act inapplicable to them or unconstitutional). Plaintiff seeks to strip away the protection of Section 5 of the Voting Rights Act from its voters. Therefore, the disposition of this case in favor of Plaintiff would substantially effect the conditions under which Applicants cast their votes in future elections by removing the requirement of federal approval of voting changes in the plaintiff district.

**2.      The Existing Defendant Will Not Adequately Represent Applicants' Interests**

The burden under this prong is "satisfied if [Applicant] shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Courts will deem representation inadequate where, as here, the interests of the party seeking intervention and those of the existing parties are "different," even if they are not "wholly 'adverse'" *Nuesse*, 385 F.2d 703, or where they are "similar but not identical." *American Tel. & Tel. Co.*, 642 F.2d at 1293. Even in a situation where the parties may share broad strategic objectives, they may have different interests or goals with respect to particular issues and those differences can be the basis

5

to support intervention.  *Id.*

The D.C. Circuit has frequently recognized that governmental representation of private, non-governmental intervenors may be inadequate.  For example, in *Dimond*, 792 F.2d at 192, the court held that because the government was responsible for representing a broad range of public interests rather than the more narrow interests of intervenors, the "application for intervention . . . falls squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties in certain circumstances." *See also, e.g., Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910-911 (D.C. Cir. 1977) (government does not adequately represent private organizations because intervenors' interests are different); *People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6 (D.D.C. 1993); *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980) (granting individual aggrieved party's motion to intervene in order to protect their personal interests, which may at times be in conflict with those of the EEOC).  Moreover, the burden is on those opposing the intervention to show that representation of Applicants will be sufficient.  C. Wright & A. Miller, *Federal Practice and Procedure*, § 1909 (1986).

In this case, Diaz Intervenors will present a vigorous defense of the Voting Rights Act; the United States may not.  In the most recent Texas voting rights case to reach the U.S. Supreme Court, the United States consistently took the position that the Voting Rights Act did not protect Latino voters in Texas from the dismantling of a Latino majority district that offered Latino voters the opportunity to elect their candidate of choice, issuing a letter preclearing the State's discriminatory redistricting plan under Section 5 and subsequently arguing unsuccessfully before the U.S. Supreme Court that the Texas plan was legal under the Voting Rights Act.  *See LULAC*

6

*v. Perry*, 126 S.Ct. 2594 (2006). Minority litigants and the United States have frequently differed on the proper legal analysis and standard of proof applicable to cases arising under the Voting Rights Act. For this reason, Diaz Applicants seek to participate in this case to provide a strenuous defense of the protections afforded by the Voting Rights Act. The interests of the Diaz Applicants are too vital for them to be relegated to the sidelines in this litigation.

## II.    DIAZ APPLICANTS ARE ENTITLED TO PERMISSIVE INTERVENTION

Should the Court determine that Diaz Applicants are not entitled to intervene as a matter of right, Diaz Applicants urge the Court to exercise its discretion and allow them to intervene under Fed. R. Civ. P. Rule 24(b). Fed. R. Civ. P. 24(b) governs permissive intervention and provides:

> Upon timely application, anyone may be permitted to intervene in an action (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

This Circuit has recognized that permissive intervention may be granted in the court's discretion if: (1) the motion is timely; (2) Applicant's claim or defense has a question of law or fact in common with the existing action; and (3) intervention will not delay or prejudice the adjudication of the rights of the original parties. *Bossier Parish School Bd. v. Reno*, 157 F.R.D. 133 (D.D.C. 1994). Similar to the burden under Rule 24(a), permissive intervention is to be

granted liberally. *See* 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1904 (1986).

Rule 24(b) requires the Court to consider whether permissive intervention would cause undue delay or would prejudice adjudication of the right of the original parties. In this instance, as described above, there will be neither prejudice nor undue delay. First, Diaz Applicants' motion is timely. *See* Part 1-A, *supra.* Second, Diaz Applicants' defenses will share substantial questions of law and fact with the main action. Third, as discussed above, intervention will not create delay or prejudice to the parties. Thus, at a minimum, Diaz Applicants should be granted permissive intervention.

## <u>CONCLUSION</u>

For the foregoing reasons, Diaz Applicants respectfully request that this Court grant their Application to intervene.

8

**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL | § | |
| UTILITY DISTRICT NUMBER ONE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:06-cv-1384 |
| | § | |
| ALBERTO GONZALES, | § | Three-judge court (PLF, DST, EGS) |
| ATTORNEY GENERAL OF THE | § | |
| UNITED STATES, | § | |
| | § | |
| *Defendant.* | § | |

## <u>ORDER</u>

Pending before the Court is the Application to Intervene as Defendants filed by David and Lisa Diaz.  The Court has reviewed the application and finds that it should be granted.

Accordingly, IT IS HEREBY ORDERED that the Application to Intervene as Defendants is GRANTED.

SIGNED this _____ day of _____, 2006.


_____
Hon. David S. Tatel


_____
Hon. Paul L. Friedman


_____
Hon. Emmet G. Sullivan

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 1:06-cv-01384-PLF |
| ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES, | § § § § § | |
| *Defendant.* | § § | |

## ANSWER OF DIAZ INTERVENORS

NOW COME Lisa and David Diaz, Defendant-Intervenors ("Diaz Intervenors") in the above-captioned action, and answer Plaintiffs' Complaint as follows:

## AFFIRMATIVE DEFENSES

Plaintiff has failed to state a claim on which relief can be granted under 42 U.S.C. § 1973b. Furthermore, Plaintiff lacks standing to sue under 42 U.S.C. § 1973b.

AND NOW, in response to the specific allegations of Plaintiffs' Complaint, Diaz Intervenors respond as follows:

1.  Diaz Intervenors admit that Plaintiff NW Austin Municipal Utility District Number One seeks to bailout from coverage under the preclearance requirements of §5 of the voting Rights Act, 42 U.S.C. §1973c, or, in the alternative, seeks a declaratory judgment that continued application of §5 is unconstitutional. Diaz Intervenors deny that Plaintiff is

entitled to any relief on its claims.

2.    Diaz Intervenors admit that Plaintiff municipal utility district, as an entity created under Texas Constitution article XVI, section 59, is a political subdivision of the State of Texas. Diaz Intervenors deny that Plaintiff is a political subdivision as that term is defined by the Voting Rights Act of 1965, 42 U.S.C. 19731 (c)(2).

3.    Diaz Intervenors admit the allegations contained in paragraph 3.

4.    Diaz Intervenors deny that this court has jurisdiction pursuant to 42 U.S.C. §§ 1973b and 19731.

5.    Diaz Intervenors admit that Plaintiff requests the appointment of a three-judge panel to hear and resolve its complaint and that the convening of a three-judge panel is appropriate under 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284(a).

6.    Diaz Intervenors admit the allegations in the first sentence of paragraph 6. Diaz Intervenors deny that Plaintiff has long been considered a political subdivision under the Voting Rights Act. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the remaining allegations in paragraph 6.

7.    Diaz Intervenors admit that Plaintiff seeks to terminate its obligation under Section 5 of the Voting Rights Act to seek preclearance of voting changes in the future. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the remaining allegations in paragraph 7. Diaz Intervenors aver that Section 5 is constitutional and necessary.

8.    With respect to the allegations contained in paragraph 8, Diaz Intervenors admit that Texas is covered by Section 5 of the Voting Rights Act. Diaz Intervenors deny the remaining allegations in paragraph 8, because they do not accurately describe the timing

of Section 5 coverage in Texas or the mechanism by which Texas became covered by Section 5.

9.    With respect to the allegations contained in paragraph 9, Diaz Intervenors admit that on July 27, 2006 President Bush signed into the law the Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006. Diaz Intervenors deny the remaining allegations in paragraph 9.

10.   Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegation that Plaintiff did not exist at the time that Texas was designated a covered jurisdiction under § 5 and has never been found to violate voting rights. Diaz Intervenors deny the remaining allegations contained in paragraph 10.

11.   With respect to the allegations contained in the first sentence of paragraph 11, Diaz Intervenors admit that Section 5 of the Voting Rights Act requires Texas and its political subunits to obtain preclearance from either the Attorney General or the U.S. District Court for the District of Columbia for changes in voting practices and procedures. Diaz Intervenors deny the remaining allegations in paragraph 11.

12.   Diaz Intervenors deny the allegations contained in paragraph 12.

13.   Diaz Intervenors deny the allegations contained in paragraph 13.

14.   Diaz Intervenors admit that the Voting Rights Act permits eligible political subdivisions to file an action in the U.S. District Court for the District of Columbia seeking to bail out from coverage under Section 5. Diaz Intervenors deny the remaining allegations contained in paragraph 14.

15.   Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 15.

16. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 16.

17. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 17.

18. Diaz Intervenors deny the allegations contained in paragraph 18.

19. Diaz Intervenors deny the allegations contained in paragraph 19.

20. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in the third and fourth sentences in paragraph 20. Diaz Intervenors deny the remaining allegations contained in paragraph 20.

21. Diaz Intervenors deny the allegations contained in paragraph 21.

22. Diaz Intervenors deny the allegations contained in paragraph 22.

23. Diaz Intervenors admit the allegations contained in the first and second sentences of paragraph 23. Diaz Intervenors deny the allegations contained in the third and fourth sentences of paragraph 23.

24. Diaz Intervenors deny the allegations contained in paragraph 24.

25. Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in the first sentence of paragraph 25. Diaz Intervenors deny the allegations contained in the second and third sentences of paragraph 25.

26. Diaz Intervenors deny the allegations contained in paragraph 26.

In response to the Prayer for Relief contained in Plaintiff's complaint, Diaz Intervenors respond as follows:

Diaz Intervenors deny that Plaintiff is entitled to a declaratory judgment that it has met the bailout requirements of Section 4(a) of the Voting Rights Act. Diaz Intervenors deny that the Plaintiff is entitled to a declaratory judgment that the preclearance requirements of Section 5 of the Voting Rights Act no longer apply to Plaintiff. Diaz Intervenors deny that the Plaintiff is entitled to a declaratory judgement that Section 5 of the Voting Rights Act is unconstitutional. Diaz Intervenors deny that the Plaintiff is entitled to any relief.

Any and all allegations not specifically admitted herein are denied.

## REQUEST FOR ATTORNEYS FEES

Pursuant to 42 U.S.C. 1973*l*(e) and Fed. R. Civ. P. 54, Diaz Intervenors request that the Court adjudge all costs against Plaintiff, including reasonable attorneys fees and expenses.

DATED: October 18, 2006

Respectfully submitted,
MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND

BY: _____
NINA PERALES
*Application for Admission Pending*
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

BY: _____
JOSEPH E. SANDLER
D.C. Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2006, I served a true and correct copy of the above document on all counsel of record by sending a copy via electronic mail and first-class mail, postage prepaid, addressed to all of the counsel listed below:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*

T. Christian Herren Jr.
Sarah E. Harrington
Christy A. McCormick
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
chris.herren@usdoj.gov
sarah.harrington@usdoj.gov
christy.mccormick@usdoj.gov

*Counsel for Alberto R. Gonzalez*

Nina Perales