IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                          )
NORTHWEST AUSTIN MUNICIPAL                )
UTILITY DISTRICT NUMBER ONE,              )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )    Civil Action No. 1:06-cv-1384
                                          )
ALBERTO GONZALES,                         )    Three-judge court (PLF, DST, EGS)
Attorney General of the United States,    )
                                          )
          Defendant.                      )
_____)

## DEFENDANT'S COMBINED RESPONSE TO MOTIONS TO INTERVENE

Defendant Attorney General of the United States respectfully submits the following

combined response to the motions to intervene as defendants filed by the Texas State Conference

of NAACP Branches and the Austin Branch of the NAACP ("NAACP movant-intervenors")

(Docket #9), Rodney and Nicole Louis ("Louis movant-intervenors") (Docket #10), and David

and Lisa Diaz ("Diaz movant-intervenors") (Docket #13). Each of these three motions to

intervene was filed on October 18, 2006.

The Louis and Diaz movant-intervenors, who are residents and registered voters of the

Plaintiff Northwest Austin Municipal Utility District Number One ("Plaintiff"), seek

intervention of right under Section 4(a)(4) of the Voting Rights Act, 42 U.S.C. 1973b(a)(4), and

Rule 24(a)(1), Fed. R. Civ. P. The NAACP, Louis and Diaz movant-intervenors all seek

intervention of right under Rule 24(a)(2), and permissive intervention under Rule 24(b)(2).

The Attorney General does not oppose intervention of right by the Louis and Diaz

movant-intervenors under Rule 24(a)(1) as to the bailout claims in light of the intervention

provisions of Section 4(a)(4) of the Voting Rights Act. Moreover, consistent with his

-2-

longstanding position in Voting Rights Act cases in this Court, the Attorney General does not

oppose permissive intervention under Rule 24(b)(2) by the Louis, Diaz, and NAACP movant-

intervenors, but does oppose intervention of right under Rule 24(a)(2).

**<u>Background</u>**

Congress enacted the Voting Rights Act in 1965 to "rid the country of racial

discrimination in voting." <u>South Carolina</u> v. <u>Katzenbach</u>, 383 U.S. 301, 315 (1966).  The Act

contains several special provisions, that are limited in time, and limited in geographic coverage,

based on determinations by the Attorney General and the Director of the Census.

The best known of these temporary provisions is Section 5, which requires covered

jurisdictions to receive a "preclearance" determination from either the Attorney General or this

Court that changes in voting practices and procedures are not racially discriminatory before

those changes can be legally enforced.  42 U.S.C. 1973c.  Originally enacted as part of the 1965

Act, Congress extended Section 5 in 1970, 1975, 1982 and, most recently, on July 27, 2006.  At

present, nine states are covered as a whole by the Section 5 preclearance requirement, while

individual jurisdictions in seven other states are also covered.  <u>See</u> 28 C.F.R. Part 51, Appendix.

Plaintiff is located in Travis County, in the State of Texas, which is one of the States

covered as a whole under the preclearance provisions of Section 5.   Plaintiff's first claim seeks

to "bailout" under Section 4(a) of the Voting Rights Act, 42 U.S.C. § 1973b(a), from coverage

under the preclearance provisions of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

Complaint at ¶ 1.  Plaintiff's second claim alternatively asks that if it cannot bailout, then the

preclearance provisions of Section 5 should be declared unconstitutional, either facially or as

-3-

applied.  Id.[1]

**Rule 24 Intervention Standard**

In relevant part, Rule 24, Fed. R. Civ. P., provides:

(a) Intervention of Right. Upon timely application anyone shall be permitted to
intervene in an action: (1) when a statute of the United States confers an
unconditional right to intervene; or (2) when the applicant claims an interest
relating to the property or transaction which is the subject of the action and the
applicant is so situated that the disposition of the action may as a practical matter
impair or impede the applicant's ability to protect that interest, unless the
applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to
intervene in an action: (1) when a statute of the United States confers a
conditional right to intervene; or (2) when an applicant's claim or defense and the
main action have a question of law or fact in common. When a party to an action
relies for ground of claim or defense upon any statute or executive order
administered by a federal or state governmental officer or agency or upon any
regulation, order, requirement, or agreement issued or made pursuant to the
statute or executive order, the officer or agency upon timely application may be
permitted to intervene in the action. In exercising its discretion the court shall
consider whether the intervention will unduly delay or prejudice the adjudication
of the rights of the original parties.

**Intervention under Rule 24(a)(1)**

The Louis and Diaz movant-intervenors claim that the bailout provisions in Section

4(a)(4) of the Voting Rights Act, 42 U.S.C. 1973b(a)(4), provide an unconditional statutory right

to intervene under Rule 24(a)(1).

Section 4(a)(4) of the Act provides that a covered State or political subdivision bringing a

bailout case "shall publicize the intended commencement and any proposed settlement of such

action in the media" and that "[a]ny aggrieved party may as of right intervene at any stage in

---

[1]  Under the Voting Rights Act, this Court is the exclusive venue in which declaratory judgment actions can
be brought seeking bailout under Section 4(a), 42 U.S.C. 1973b, seeking judicial preclearance of voting changes
under Section 5, 42 U.S.C. 1973c, and seeking a declaration of the unconstitutionality of the provisions of the Act
under Section 14(b), 42 U.S.C. 1973*l*(b).

-4-

such action."  Section 4(a)(9) of the Act allows the Attorney General to consent to a judgment

granting bailout in appropriate cases, but provides that "[a]ny aggrieved party may as of right

intervene at any stage in such action."  Section 4(a)(5) of the Act gives "any aggrieved person"

the right to reopen a bailout case within 10 years after a bailout is granted upon allegations of

conduct that would have precluded the grant of the bailout.

     The current bailout provisions of Section 4(a) were significantly revised as part of the

1982 amendments to the Act, and went into effect on August 5, 1984.  <u>See</u> Section 2(b), Public

Law No. 97-205 (1982).  In these amendments, Congress expanded the number of jurisdictions

that could seek bailout, revised the substantive bailout standard, and added the above-referenced

language regarding the right of aggrieved parties to intervene in bailout cases.  <u>Id</u>.

     The Senate Report accompanying the 1982 amendments, in describing the new Section

4(a)(4), observed that:

> The State [or] political subdivision seeking bailout must give reasonable public
> notice of the commencement and any proposed settlement of the bailout suit to
> enable interested persons to intervene.  An aggrieved party is defined broadly to
> include any person who would have standing under the law.  Such persons may
> intervene at any stage, including the appeal.

S. Rep. No. 97-417, at 74 (1982).  The House Report on the 1982 amendments similarly

describes the intervention provisions.  H.R. Rep. No. 97-227, at 44-45 (1981).[2]

     Since the amendments to Section 4(a) took effect in 1984, the intervention provisions

have not been tested in any bailout case.  There have been 15 bailout cases brought by

jurisdictions under Section 4(a) since 1984, of which bailout has been granted by this Court with

---

[2] Two earlier cases that had denied intervention in bailout cases occurred before the 1982 amendments.  <u>See</u>
<u>National Association for the Advancement of Colored People</u> v. <u>New York</u>, 413 U.S. 345 (1973); <u>Apache County</u> v.
<u>United States</u>, 256 F. Supp. 903 (D.D.C. 1966).

-5-

the consent of the Attorney General in 13 cases, with two cases currently pending, including this one.[3]  The instant motions to intervene are the first filed in any of these post-1984 bailout cases.

Similar language regarding "aggrieved" persons appears in numerous civil rights statutes. This includes statutes that define a private right of action under the Voting Rights Act, 42 U.S.C. 1973a, and the National Voter Registration Act, 42 U.S.C. 1973gg-9(b).[4]  It also includes statutes that define the right to intervention for aggrieved persons under the Fair Housing Act and Title VII of the Civil Rights Act, which courts have found create an unconditional right to intervene under Rule 24(a)(1).[5]

The Attorney General believes that Section 4(a) of the Voting Rights Act creates a right of intervention in bailout cases for an "aggrieved party."  The Louis and Diaz movant-intervenors, as residents and registered voters within the jurisdiction seeking bailout, and who oppose the granting of that bailout, have standing and fall within the intended scope of "aggrieved party" under Section 4(a).

**Intervention under Rule 24(a)(2) and 24(b)(2)**

The NAACP, Louis, and Diaz movant-intervenors all also seek intervention of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(2).  Aside from Section 4(a),

---

[3] The other pending bailout case is Essex County v. Gonzales, No. 06-1631 (D.D.C., filed Sept. 21, 2006). The Attorney General has not yet responded to the complaint in that case.

[4] Voters who have standing are aggrieved parties who may bring suit under the federal voting rights statutes.  See, e.g., S. Rep. No. 94-295, at 40 (1975); Allen v. State Board of Elections, 393 U.S. 544, 557 (1969); Association of Community Organizations for Reform Now v. Fowler, 178 F.3d 350, 363-64 (5th Cir. 1999); Roberts v. Wamser, 883 F.2d 617, 621 (8th Cir. 1989); Olagues v. Russoniello, 770 F.2d 791, 796 (9th Cir. 1985); Fairley v. Patterson, 493 F.2d 598, 601-04 (5th Cir. 1974).

[5] See, e.g., United States v. Presidio Investments, 4 F.3d 805, 808 n.1 (9th Cir. 1993) (42 U.S.C. § 3612(o) (2)); United States v. Marsten Apartments, 175 F.R.D. 265, 268-70 (E.D. Mich. 1997) (42 U.S.C. § 3614(e)); Equal Employment Opportunity Comm'n v. Century I, 142 F.R.D. 494, 495-96 (D. Kan. 1992) (42 U.S.C. § 2000e-5(f)(1)).

-6-

movants do not claim, nor could they, that any other provision of the Voting Rights Act affords a statutory right of intervention.  The Attorney General opposes Rule 24(a)(2) intervention of right, because he adequately represents the interests of the movants, but does not object to permissive intervention under Rule 24(b)(2).

Under the Voting Rights Act, the Attorney General is specifically charged with protecting the public interest in eradicating racial discrimination in voting, such as through making determinations of coverage under the Act, administering the Section 5 preclearance process, bringing affirmative suits to enforce the Act, and serving as the statutory defendant in cases brought in this Court under Sections 4(a), 5, and 14(b) of the Act.  See, e.g., 42 U.S.C. §§ 1973a, 1973c, 1973j(d), 1973*l*(b).  Likewise, the Attorney General is specifically charged by statute, 28 U.S.C. § 2403, with defending the constitutionality of Acts of Congress.  As the defendant in all Voting Rights Act cases in this Court, the Attorney General represents the interests of voters whom Congress sought to protect when it passed the Act.  As the D.C. Circuit has noted, "when the Justice Department defends a suit under section 5 it is acting on behalf of those whose rights are affected" and "[w]e will not lightly infer that the Justice Department has violated this statutory obligation."  Donnell v. United States, 682 F.2d 240, 246-47 (D.C. Cir. 1982); see also Apache County v. United States, 256 F. Supp. 903, 908 (D.D.C. 1966) ("Congress assigned to the Attorney General the primary role in vindicating the public interest under the Act.").[6]

---

[6] The nature of the specialized declaratory judgment actions under the Voting Rights Act in this Court is distinct.  It cannot be assumed from the readily distinguishable cases cited by movants, see, e.g., Trbovich v. United Mine Workers of America, 404 U.S. 528 (1972) (union worker, union, and Labor Department); Dimond v. District of Columbia, 792 F.2d 179 (D.C. Cir. 1986) (accident victim, insurance carriers, and local legislature); Natural Resources Defense Council v. Costle, 561 F.2d 904 (D.C. Cir. 1977) (rubber and chemical companies, private advocacy groups, and Environmental Protection Agency), that the Attorney General's interests in this case will not

-7-

In this case, the Attorney General has filed an Answer (Docket #8) denying that the Plaintiff is entitled to bailout under Section 4(a) and denying that it is entitled to a judgment that Section 5 is unconstitutional. The Attorney General has ably defended similar bailout claims and challenges to the constitutionality of the Voting Rights Act in numerous cases where he was the sole defending party.[7]

In their papers, movants argue that they may present evidence or arguments different from or in addition to those to be presented by the Attorney General to persuade this Court that the declaratory relief sought by Plaintiff should be denied. Such speculation does not support a finding of inadequacy of representation. The possibility that the Attorney General may defend the Act's constitutionality somewhat differently does not mean that his methods are inadequate.

In any case, this Court does not need to grapple with this issue of whether Rule 24(a)(2) intervention of right is appropriate. This Court has discretion to grant permissive intervention to movants, without inquiring into whether the Attorney General inadequately represents their interests. This Court has "routinely allowed intervention," <u>County Council of Sumter County</u> v. <u>United States</u>, 555 F. Supp. 694, 696-97 (D.D.C. 1983), to those similarly situated to movants in declaratory judgment actions brought under the Voting Rights Act by covered jurisdictions against the Attorney General as the statutory defendant.[8] While there are some recent instances

_____

be the same as those of the movants, since Congress has specifically charged him with the protection of those interests.

[7] <u>See</u>, <u>e.g.</u>, <u>Giles</u> v. <u>Ashcroft</u>, 193 F. Supp. 2d 258 (D.D.C. 2002); <u>City of Rome</u> v. <u>United States</u>, 446 U.S. 156 (1980); <u>Gaston County</u> v. <u>United States</u>, 395 U.S. 285 (1969); <u>Katzenbach</u> v. <u>Morgan</u>, 384 U.S. 641 (1966); <u>South Carolina</u> v. <u>Katzenbach</u>, 383 U.S. 301 (1966).

[8] <u>See e.g.</u>, <u>North Carolina State Board of Elections</u> v. <u>United States</u>, No. 02-1174 (D.D.C., Order of June 26, 2002); <u>Louisiana House of Representatives</u> v. <u>Ashcroft</u>, No. 02-0062 (D.D.C., Order of June 6, 2002); <u>State of Florida</u> v. <u>United States</u>, No. 02-0941 (D.D.C., Order of May 28, 2002); <u>Georgia</u> v. <u>Ashcroft</u>, 195 F. Supp. 2d 25, 32 (D.D.C. 2002), <u>aff'd in relevant part and vacated on other grounds</u>, 539 U.S. 461, 476-477 (2003); <u>Virginia</u> v. <u>Reno</u>,

-8-

where this Court has granted intervention of right under Rule 24(a)(2),[9] the majority of instances in which this Court has granted intervention in Voting Rights Act cases have been either permissively under Rule 24(b) or silent as to the basis for granting intervention.[10]

## Conclusion

The Attorney General does not oppose intervention as of right by the Louis and Diaz movant-intervenors under Rule 24(a)(1), Fed. R. Civ. P., as to the bailout claims, in light of the intervention provisions in Section 4(a)(4) of the Voting Rights Act.   The Attorney General likewise does not oppose permissive intervention by the Louis, Diaz, and NAACP movant-intervenors under Rule 24(b)(2), but does oppose intervention as of right under Rule 24(a)(2).

---

117 F. Supp. 2d 46 (D.D.C. 2000);  Castro County v. Crespin, 101 F.3d 121 (D.C. Cir. 1996); Bossier Parish School Board v. Reno, 157 F.R.D. 133 (D.D.C. 1994); Texas v. United States, 866 F. Supp. 20, 21 (D.D.C. 1994); Lee County v. United States, 1994 WL 238848 (D.D.C. May 18, 1994); Texas v. United States, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992); Mississippi v. United States, 1988 WL 58904 (D.D.C. May 20, 1988); South Carolina v. United States, 589 F. Supp. 757, 758 (D.D.C. 1984); City of Lockhart v. United States, 460 U.S. 125, 129 (1983); Commissioners Court of Medina County v. United States, 683 F.2d 435, 438 (D.C. Cir. 1982), appeal after remand, 719 F.2d 1179 (D.C. Cir. 1983); Donnell v. United States, 682 F.2d 240, 244 (D.C. Cir. 1982), cert. denied, 459 U.S. 1204 (1983);  Busbee v. Smith, 549 F. Supp. 494 (D.D.C. 1982), aff'd on other grounds, 459 U.S. 1166 (1983); City of Port Arthur v. United States, 517 F. Supp. 987, 991 n. 2 (D.D.C. 1981), aff'd on other grounds, 459 U.S. 159 (1982); Mississippi v. United States, 490 F. Supp. 569, 574 (D.D.C. 1979), aff'd on other grounds, 444 U.S. 1050 (1980); City of Dallas v. United States, 482 F. Supp. 183, 184 (D.D.C. 1979); Virginia v. United States, 386 F. Supp. 1319, 1321 (D.D.C. 1974), aff'd on other grounds, 420 U.S. 901 (1975); City of Richmond v. United States, 376 F.Supp. 1344, 1349 n. 23 (D.D.C. 1974), vacated on other grounds, 422 U.S. 358 (1975); New York v. United States, 65 F.R.D. 10 (D.D.C. 1974); Beer v. United States, 374 F. Supp. 363, 367 n. 5 (D.D.C. 1974), vacated on other grounds, 425 U.S. 130, 133 n.3 (1976); City of Petersburg v. United States, 354 F. Supp. 1021, 1024 (D.D.C.1972), aff'd, 410 U.S. 962 & aff'd sub nom. Diamond v. United States, 412 U.S. 901 (1973).

    [9] See, e.g., North Carolina State Board of Elections v. United States, No. 02-1174 (D.D.C., Order of June 25, 2002); Florida v. United States, No. 02-0941 (D.D.C., Orders of May 28 and June 4, 2002); Georgia v. Ashcroft, No. 01-2111 (D.D.C., Orders of January 10 and 30, 2002), aff'd in relevant part and vacated on other grounds, 539 U.S. 461, 476-77 (2003).   The Georgia and North Carolina cases involved a demonstrated clear divergence in the position taken by the Attorney General and the movants, while the Florida case was a fast-moving redistricting case in which this Court granted intervention prior to a response by the Attorney General.

    [10] See, e.g., Virginia v. Reno, No. 00-0751 (D.D.C. Orders of July 14, and Sept. 1, 2000) (permissive); Bossier Parish School Board v. Reno, 157 F.R.D. 133 (D.D.C. 1994) (permissive); Texas v. United States, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992) (permissive); Mississippi v. United States, 1988 WL 58904 (D.D.C. May 20, 1988) (permissive); City of Lockhart v. United States, 460 U.S. 125, 129 (1983) (silent).

Dated:  October 30, 2006

Respectfully submitted,

ALBERTO R. GONZALES
Attorney General

JEFFERY A. TAYLOR                    WAN J. KIM
United States Attorney               Assistant Attorney General
                                     Civil Rights Division

                                     JOHN K. TANNER (D.C. Bar No. 417585)
                                     Chief, Voting Section

                                      /s/  T. Christian Herren Jr
                                     _____
                                     H. CHRISTOPHER COATES
                                     Principal Deputy Chief
                                     T. CHRISTIAN HERREN JR
                                     Special Counsel
                                     chris.herren@usdoj.gov
                                     SARAH E. HARRINGTON
                                     sarah.harrington@usdoj.gov
                                     CHRISTY A. McCORMICK
                                     christy.mccormick@usdoj.gov
                                     Attorneys
                                     Civil Rights Division
                                     United States Department of Justice
                                     Room 7254 - NWB
                                     950 Pennsylvania Ave., N.W.
                                     Washington, DC 20530
                                     Phone: (800) 253-3931
                                     Fax:    (202) 307-3961

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2006, I caused to be served a copy of the foregoing response, proposed order and attachments through the Court's ECF filing system to the following:

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

*Counsel for Plaintiff*

Seth P. Waxman, Esq.
Wilmer Cutler Pickering Hale & Dorr
1875 Pennsylvania Avenue, NW
Washington, DC 20006
seth.waxman@wilmerhale.com

*Counsel for NAACP movant-intervenors*
Norman Jay Chachkin, Esq.
NAACP Legal Defense & Education Fund
99 Hudson Street, 16th Floor
New York, NY 10013
nchachkin@naacpldf.org

*Counsel for Louis movant-intervenors*

Joseph E. Sandler, Esq.
Sandler, Reiff & Young, P.C.
50 E Street, SE, Suite 300
Washington, DC 20003
sandler@sandlerreiff.com

*Counsel for Diaz movant-intervenors*

I also hereby certify that on October 30, 2006, I caused to be served a copy of the foregoing response, proposed order and attachments through email and first-class mail, postage prepaid, to the following:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway, Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

*Counsel for Plaintiff*

Debo P. Adegbile, Esq.
NAACP Legal Defense & Education Fund
99 Hudson Street, 16th Floor
New York, NY 10013
dadegbile@naacpldf.org

*Counsel for Louis movant-intervenors*

Kristen M. Clarke, Esq.
NAACP Legal Defense & Education Fund
1444 Eye Street NW, 10th Floor
Washington DC 20005
kclarke@naacpldf.org

*Counsel for Louis movant-intervenors*

Nina Perales, Esq.
MALDEF
110 Broadway, Suite 300
San Antonio, Texas 78205
nperales@maldef.org

*Counsel for Diaz movant-intervenors*

Jon M. Greenbaum, Esq.
Lawyers Committee for
Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
jgreenbaum@lawyerscommittee.org

*Counsel for NAACP movant-intervenors*

Dennis Hayes, Esq.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
dhayes@naacp.org

*Counsel for NAACP movant-intervenors*

*/s/ T. Christian Herren Jr*
_____
T. CHRISTIAN HERREN JR