## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NORTHWEST AUSTIN<br>MUNICIPAL UTILITY DISTRICT<br>NUMBER ONE,<br><br>       Plaintiff,<br><br>       v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States,<br><br>       Defendant,<br><br>PEPOLE FOR THE AMERICAN WAY<br><br>       Applicant for Intervention | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        Civil Action No. 1:06-CV-01384<br>       (PF, ES, DT) |

## <u>MOTION OF PEOPLE FOR THE AMERICAN WAY</u>

## <u>TO INTERVENE AS DEFENDANT</u>

People For the American Way, ("PFAW"), by its undersigned counsel, hereby submits this motion, the accompanying Memorandum of Points and Authorities, and Answer in accordance with Local Civil Rule 7(j), to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(1) and Section 4(a)(4) of the VRA, or pursuant to Fed. R. Civ. P. 24(a)(2). *See* 42 U.S.C. 1973b. In the alternative, PFAW seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b). PFAW seeks to intervene as Defendant in this action in order to assert defenses set forth in their proposed Answer, a copy of which is attached hereto.

PFAW represents the interests of its members, several of whom are Spanish-surnamed voters who reside within the Northwest Austin Municipal Utility District Number One ("NAMUDNO"), and who have a legally cognizable interest in the continued enforcement of

1

Section 5 of the Voting Rights Act ("VRA") in Texas in general, and in NAMUDNO specifically.  One of the remedies NAMUDNO seeks is a declaratory judgment striking down Section 5 of the VRA "as unconstitutional … on its face."  Complaint, at ¶ 23.  If granted, this remedy would immediately jeopardize PFAW's members' voting rights by removing federal oversight of election changes in Texas, a covered jurisdiction under Section 5.

PFAW states that if intervention is granted it will, among other things: (i) participate in the action on the schedule which will be established for the existing parties (and other proposed intervenors); (ii) use every effort to avoid delays or unnecessary duplication of effort in areas satisfactorily addressed and represented by the existing Defendant, or by other proposed intervenors; and (iii) coordinate any pretrial and trial proceedings with the existing Defendant and any propsed intervenors, to the extent possible.  Counsel for PFAW has conferred with counsel for the parties in accordance with Local Civil Rule 7(m). As of the time of this filing, counsel for Defendant Attorney General Gonzales, Chris Herren, has advised that the Attorney General has not yet formulated a position on PFAW's motion to intervene.  PFAW attempted to contact Plaintiff's counsel Erik S. Jaffe, and left a voicemail, but has not yet received a response.

WHEREFORE, PFAW respectfully requests that this Motion to Intervene as Defendants be granted.

Respectfully submitted,

/s/ Elliot M. Mincberg

_____

Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC  20036
(202) 467-4999
Attorneys for Proposed
Defendant-Intervenor
Dated: November 2, 2006

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE NORTHWEST AUSTIN | ) | |
| MUNICIPAL UTILITY DISTRICT | ) | |
| NUMBER ONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:06-CV-01384 |
| | ) | (PF, ES, DT) |
| ALBERTO GONZALES, | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| PEPOLE FOR THE AMERICAN WAY | ) | |
| | ) | |
| Applicant for Intervention | ) | |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

<u>**IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT**</u>

<u>**ON BEHALF OF PEOPLE FOR THE AMERICAN WAY**</u>

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DESCRIPTION OF APPLICANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

    I. PFAW IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT. . . . . . .2

        A. APPLICANT'S APPLICATION TO INTERVENE IS TIMELY. . . . . .2

        B. APPLICANT HAS AN UNCONDITIONAL RIGHT TO
        INTERVENE CONFERRED BY THE VOTING RIGHTS ACT. . . . . . .3

        C. APPLICANT SEEKS TO VINDICATE A PROTECTABLE
        INTEREST . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

            1. APPLICANT'S INTERESTS WOULD BE IMPAIRED
            IF INTERVENTION WERE DENIED . . . . . . . . . . . . . . . . . . . . . .5

            2. THE EXISTING DEFENDANT WILL NOT ADEQUATELY
            REPRESENT APPLICANT'S INTERESTS. . . . . . . . . . . . . . . . .6

    II. PFAW IS ENTITLED TO PERMISSIVE INTERVENTION. . . . . . . . . . . . . .8

CONCLUSION.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

# TABLE OF AUTHORITIES

## CASES

*Admiral Insurance Co. v. National Casualty Co.*, 137 F.R.D. 176 (D.D.C. 1991). . . . . . . 3

*Bossier Parish School Board v. Reno*, 157 F.R.D. 133 (D.D.C. 1994). . . . . . . . . . . . . . . 8

*Chiles v. Thornburgh*, 865 F.2d 1197 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dimond v. District of Columbia,* 792 F.2d 179 (D.C. Cir. 1986). . . . . . . . . . . . . . . . . . . .6

*Foster v. Gueory*, 655 F.2d 1319 (D.C. Cir. 1986).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318 (1980). . . . . . . . . . . . . . . . .6

*Georgia v. Ashcroft,* 539 U.S. 461, 476 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Hodgson v. United Mine Workers of America*, 473 F.2d 118 (D.C. Cir. 1972).. . . . . . . . . 4

*Johnson v. Mortham*, 915 F. Supp. 1529 (N.D. Fla. 1995).. . . . . . . . . . . . . . . . . . . . . . . .4

*League of United Latin American Citizens, Council No. 4434 v.*
*Clements*, 999 F.2d 831 (5th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4,5

*Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471 (11th Cir. 1993).. . . . . . . . . . . 4

*Natural Resources Defense Council v. Costle*, 561 F.2d 904 (D.C. Cir. 1977). . . . . . . . . .6

*Natural Resources Defense Council v. EPA*, 99 F.R.D. 607 (D.D.C. 1983). . . . . . . . . . . .4

*Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,5

*People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6 (D.D.C. 1993). . . .6

*Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972).. . . . . . . . . . . . . . . . .6

*United States v. American Telegraph & Telephone Co.*,
642 F.2d 1285 (D.C. Cir. 1980).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,6

**RULES**

Fed. R. Civ. P. 24. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 8

**STATUTES**

Voting Rights Act, 42 U.S.C. 1973. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

**MISCELLANEOUS**

7C Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1904, 1909 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7, 8

iii

## INTRODUCTION

On August 4, 2006, Plaintiff filed a Complaint for declaratory relief, pursuant to Section 4(a) of the Voting Rights Act ("VRA"), for bailout from the preclearance provisions of Section 5 of the VRA.  In the alternative, Plaintiff seeks a declaratory Judgment that continued application of Section 5 is unconstitutional.

## DESCRIPTION OF APPLICANT

Applicant People For the American Way ("PFAW") is a membership organization whose members include multiple Spanish-surnamed registered voters that reside within the Northwest Austin Municipal Utility District Number One ("NAMUDNO").  Indeed, PFAW maintains a permanent regional office in Austin, Texas, staffed by permanent employees, in order to better serve its members' interests in the area, as well as in the state.  In addition, PFAW worked actively with members of Congress and other organizations towards reauthorization of the VRA, and has long upheld the principles behind the VRA and its recent reauthorization.  PFAW and its counsel have substantial expertise and experience in the area of voting rights litigation in general, and litigation regarding the VRA specifically.

The Plaintiff in this case seeks declaratory relief that will remove the protections of the VRA from voters in Plaintiff's elections.  Plaintiff's complaint raises serious questions of law that are vital to the interests of PFAW and its members, including those who reside in NAMUDNO.

1

**ARGUMENT**

**I. PFAW IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT**

Upon timely application, anyone shall be permitted to intervene in an action when:

(1) a statute of the United States confers an unconditional right to intervene; or when (2) the applicant claims an interest relating to the property or transaction that is the subject of the action and is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest, unless the applicant's interest is represented adequately by existing parties.

Fed. R. Civ. P. 24(a). As stated in *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C.Cir. 1967), Rule 24(a) was "designed to liberalize the right to intervene in federal actions." On the facts set out above, and for the reasons that follow, PFAW fully meets each prong of the test for intervention as a matter of right under Fed. R. Civ. P. 24(a), and, therefore, the PFAW's Application to Intervene should be granted.

**A. Applicant's Application to Intervene is Timely**

In determining whether a motion for intervention is timely, this Court must consider "all of the circumstances**,** especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving [Applicants'] rights, and the probability of prejudice to those already parties in the case." *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980). Plaintiff filed its Complaint in this case on August 4, 2006. Defendant filed his answer on October 16, 2006. As such, no discovery has taken place and the only motions pending before the Court are motions to intervene. Because of the promptness of PFAW's Motion for Intervention, the existing parties will not be prejudiced if the Court permits intervention, no additional discovery will be necessary, and the proceeding will not be delayed. If intervention is granted, PFAW will, among other things: (i) participate in the action on the schedule which will

2

be established for the existing parties (and other proposed intervenors); (ii) use every effort to avoid delays or unnecessary duplication of effort in areas satisfactorily addressed and represented by the existing Defendant, or by other proposed intervenors; and (iii) coordinate any pretrial and trial proceedings with the existing Defendant and any propsed intervenors, to the extent possible. Applicants' intervention in these proceedings is therefore timely. *See, e.g., Admiral Ins. Co. v. Nat'l Cas. Co.*, 137 F.R.D. 176, 177 (D.D.C. 1991) (motion to intervene was timely where "[t]he major substantive issues . . . have not yet been argued or resolved, and the movants filed their motions promptly").

### B. Applicant Has an Unconditional Right to Intervene Conferred by the Voting Rights Act

The VRA provides a private right to intervene in any action filed by a state or political subdivision to bail out from coverage under Section 5:

> To assure that the right of citizens of the United States to vote is not denied or abridged on account of race or color, no citizen shall be denied the right to vote in any Federal, State, or local election because of his failure to comply with any test or device . . . unless the United States District Court for the District of Columbia issues a declaratory judgment under this section. . . . Any aggrieved party may as of right intervene in any stage in such action.

42 U.S.C. 1973b(a)(1) and (4). PFAW is an "aggrieved party" because its members are minority residents and voters of NAMUDNO who stand to lose the protections of Section 5 where they live and vote. Because of racially polarized voting patterns and the history across Texas of discrimination against minorities, minority voters, and those who support their interests, must be vigilant to preserve and expand their equal opportunity to participate in the electoral process. Any effort to affect the ability to participate in the electoral process, therefore, will unquestionably impede PFAW's members' interests as voters. Thus, under Rule 24(a)(1),

3

PFAW is entitled to intervene as of right in this action.

### C. Applicant Seeks to Vindicate a Protectable Interest

In the alternative, PFAW also meets the test set out in Rule 24(a)(2) for intervention as of right because it and its members have a protectable interest in the subject matter of the litigation that will be impaired by an adverse decision. The requisite interest for intervention "has been interpreted in broad terms" within this Circuit. *Natural Res. Def. Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983). *See Foster v. Gueroy*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (interest requirement is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."); *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1988) ("[t]he right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard."). PFAW has a strong and legally cognizable interest in this action. Its members are minority and non-minority registered voters who seek to preserve the protections of the VRA where they live and vote.

In the context of redistricting and vote dilution, courts routinely allow intervention by minority voters, finding that registered voters have a protectable interest that warrants intervention. *See Johnson v. Mortham*, 915 F. Supp. 1529 (N.D. Fla. 1995) (registered voters allowed to intervene in suit challenging constitutionality of a redistricting plan as a remedy for vote dilution); *Meek v. Metropolitan Dade County, Fla.*, 985 F.2d 1471 (11th Cir. 1993); *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831 (5th Cir. 1993). Moreover, PFAW and its members should not be required to wait until the conclusion of the litigation to decide whether their interests require intervention. Federal courts have recognized

4

that those seeking intervention would face a "practical disadvantage" in asserting their rights once a court has acted. *Chiles v. Thornburgh*, 865 F.2d 1197, 1214 (11th Cir. 1989).

**1. Applicant's Interests Would Be Impaired If Intervention Were Denied**

PFAW and its members are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). The Advisory Committe Notes for the 1966 amendments to Rule 24(a) are instructive: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 Advisory Committee's Note to 1966 Amendments. The D.C. Circuit has also noted that the emphasis in the rule is on "practical disadvantage" and was "designed to liberalize the right to intervene in federal actions." *Nuesse*, 385 F.2d at 701-702.

Plaintiff seeks to unravel decades of protections provided by Section 5 of the VRA. *See* Complaint (requesting that the Court declare Section 5 of the VRA inapplicable to them or unconstitutional). Plaintiff seeks to strip away the protection of Section 5 of the VRA from its voters. Therefore, the disposition of this case in favor of Plaintiff would substantially effect the conditions under which PFAW's members cast their votes in future elections by removing the requirement of federal approval of voting changes in NAMUDNO, and potentially elsewhere.

5

## 2. The Existing Defendant Will Not Adequately Represent Applicant's Interests

The burden under this prong is "satisfied if [Applicant] shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). Courts will deem representation inadequate where, as here, the interests of the party seeking intervention and those of the existing parties are "different," even if they are not "wholly 'adverse'" *Nuesse*, 385 F.2d at 703, or where they are "similar but not identical." *American Tel. & Tel. Co.*, 642 F.2d at 1293. Even in a situation where the parties may share broad strategic objectives, they may have different interests or goals with respect to particular issues and those differences can be the basis to support intervention. *Id.*

The D.C. Circuit has frequently recognized that governmental representation of private, non-governmental intervenors may be inadequate. For example, in *Dimond*, 792 F.2d at 192, the court held that because the government was responsible for representing a broad range of public interests rather than the more narrow interests of intervenors, the "application for intervention . . . falls squarely within the relatively large class of cases in this circuit recognizing the inadequacy of governmental representation of the interests of private parties in certain circumstances." *See also, e.g., Natural Res. Def. Council v. Costle*, 561 F.2d 904, 910-911 (D.C. Cir. 1977) (government does not adequately represent private organizations because intervenors' interests are different); *People for the Ethical Treatment of Animals v. Babbitt*, 151 F.R.D. 6 (D.D.C. 1993); *Gen. Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980) (granting individual aggrieved party's motion to intervene in order to protect their personal interests, which may at times be in conflict with those of the EEOC). Moreover, the burden is on those opposing

6

the intervention to show that representation of Applicants will be sufficient.  C. Wright & A.

Miller, *Federal Practice and Procedure*, § 1909 (1986).

PFAW's members' interests in this case cannot be adequately represented by the

government.  While the government may have a generalized interest in defending the

constitutionality of a statute enacted by Congress, PFAW and its members have highly specific

interest in protecting their voting rights and Section 5 of the VRA.  The VRA itself recognizes

that, in litigation under Section 5, the government's interests and minority voters' interests may

diverge to some degree, and therefore expressly contemplates the intervention of minority voters.

 42 U.S.C. 1973b(a)(1) and (4).  Indeed, federal courts, and this Court in particular, have

regularly permitted minority voters to intervene in cases involving Section 5.  *See Georgia v.*

*Ashcroft,* 539 U.S. 461, 476 (2003).

The stakes in this litigation are obviously high.  Not only could voters in NAMUDNO

find themselves cast out from under the protective cloak of Section 5, but if Plaintiff has its way,

millions of minority voters in other covered jurisdictions may also find themselves similarly

unprotected, and a key part of the crown jewel of the civil rights era (and what many believe to

be the single most effective piece of civil rights legislation in the history of our nation) – Section

5 of the Voting Rights Act – could be found to be outside the scope of Congress' powers.  In

light of this, it is important that all parties with interests at stake have an opportunity to

participate fully in this litigation, to help develop the record and arguments before this Court.

## II. PFAW IS ENTITLED TO PERMISSIVE INTERVENTION

Should the Court determine that PFAW is not entitled to intervene as a matter of right,

PFAW urges the Court to exercise its discretion and allow it to intervene under Fed. R. Civ. P.

Rule 24(b). Fed. R. Civ. P. 24(b) governs permissive intervention and provides:

> Upon timely application, anyone may be permitted to intervene in an action (1) when a
> statute of the United States confers a conditional right to intervene; or (2) when an
> applicant's claim or defense and the main action have a question of law or fact in
> common. When a party to an action relies for ground of claim or defense upon any statute
> or executive order administered by a federal or state governmental officer or agency upon
> timely application may be permitted to intervene in the action. In exercising its
> discretion, the court shall consider whether the intervention will unduly delay or
> prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).

This Circuit has recognized that permissive intervention may be granted in the court's

discretion if: (1) the motion is timely; (2) applicant's claim or defense has a question of law or

fact in common with the existing action; and (3) intervention will not delay or prejudice the

adjudication of the rights of the original parties. *Bossier Parish School Bd. v. Reno*, 157 F.R.D.

133 (D.D.C. 1994). Similar to the burden under Rule 24(a), permissive intervention is to be

granted liberally. *See* 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1904 (1986).

Rule 24(b) requires the Court to consider whether permissive intervention would cause

undue delay or would prejudice adjudication of the right of the original parties. In this instance,

as described above, there will be neither prejudice nor undue delay. First, PFAW's motion is

timely. *See* Part 1-A, *supra*. Second, PFAW's defenses will share substantial questions of law

and fact with the main action. Third, as discussed above, intervention will not create delay or

prejudice to the parties. Thus, at a minimum, PFAW should be granted permissive intervention.

8

**CONCLUSION**

For the foregoing reasons, PFAW respectfully requests that this Court grant its

motion to intervene.

Respectfully submitted,

/s/ Elliot M. Mincberg

_____
Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC  20036
(202) 467-4999
Attorneys for Proposed
Defendant-Intervenor
Dated: November 2, 2006

9