IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, § § § | | |
| *Plaintiff,* § § | | |
| vs. § § | CIVIL ACTION NO. 1:06-cv-01384 | |
| ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES, § § § § § | Three-judge court (PLF, DST, EGS) | |
| *Defendant.* § | | |

**DIAZ APPLICANTS' REPLY TO PLAINTIFF'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO MOTION BY DAVID
AND LISA DIAZ TO INTERVENE AS DEFENDANTS**

The Diaz Applicants respectfully submit this Reply in support of their Application to Intervene. This Reply is submitted in response to the Opposition filed by Plaintiff Northwest Austin Municipal Utility District Number One.

**INTRODUCTION**

The Diaz Applicants are registered, Latino voters in Travis County, Texas and in the Northwest Austin Municipal Utility District Number One. If the Plaintiff in this case is successful the Diaz Applicants will no longer be protected by the procedural safeguards contained in Section 5 of the Voting Rights Act, 42 U.S.C. §1973. Congress deemed these safeguards so vital that it reauthorized § 5 in July 2006.

The Diaz Applicants have an unconditional right to intervene in any action filed by a state or political subdivision to bail out from coverage under § 5 in accordance with that statute. Despite Plaintiff's suggestion otherwise, the plain meaning of the statute affords the Diaz

Applicants the right to intervene.

## ARGUMENT

**Diaz Applicants Have an Unconditional Right to Intervene**

The Diaz Applicants possess an unconditional right to intervene in this action under 42 U.S.C. 1973*b*(a)(1) and (4). "Any aggrieved party may as of right intervene at any stage in such [a § 4] action." 42 U.S.C. 1973*b*(a)(4). Federal Rule of Civil Procedure 24(a)(1) provides for intervention when "a statute of the United States confers an unconditional right to intervene." The Diaz Applicants meet each prong of the test for intervention as of right and should therefore be granted intervention. As stated in the United States' Response (Docket # 18) the Diaz Applicants fall within the definition of an "aggrieved party" because they are residents and voters who seek to oppose Plaintiff's bailout. ("The Louis and Diaz movant-intervenors, as residents and registered voters within the jurisdiction seeking bailout, and who oppose the granting of that bailout, have standing and fall within the intended scope of 'aggrieved party' under Section 4(a)."). United States' Response at 5.

Plaintiff relies on an incorrect legal standard when arguing to this Court that the Diaz Applicants should be denied intervention. Plaintiffs argue that the appropriate test for intervention in a bailout action requires the movant to meet prudential standards for standing. This strained analogy, however, is unnecessary. In the Voting Rights Act, Congress unambiguously provided that *any aggrieved party* may intervene at any stage in a bailout action. This Circuit has recognized the rights of aggrieved private citizens to enforce a regulatory system meant to benefit them. *See, Environmental Defense Fund, Inc. V. Hardin,* 428 F.2d 1093. 1097 (C.A.D.C. 1970) (consumers of regulated products and services have standing to

2

protect interest in proper administration of regulatory system enacted for their benefit); *Peoples v. U.S. Dept. Of Agriculture*, 427 F.2d 561 (C.A.D.C. 1970) (indigent allowed to bring suit against Secretary of Agriculture for departures from congressional plan under the Food Stamp Act).

The Diaz Applicants are aggrieved parties because they currently enjoy the protections of Section 5 in all elections in which they vote in the Plaintiff district and they seek to preserve those protections in the face of a lawsuit by the Plaintiff to end Section 5 coverage. The Diaz Applicants have no alternative means by which to ensure Section 5's continued protection of their voting rights in the Plaintiff District.[1]

**Diaz Applicants Are Entitled Intervene Pursuant to Rule 24(a)(2)**

As discussed above, the Diaz Applicants have a strong and cognizable interest in preserving the procedural safeguards contained in § 5. As the D.C. Circuit has observed, "[t]he right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.,* 473 F.2d 118, 130 (D.C. Cir. 1972).

As discussed in the memorandum in support of their Application, the Diaz Applicants also satisfy the final prong of intervention as of right because the Attorney General may not

---

[1] Plaintiff's suggestion that a separate provision of the Voting Rights Act of 1965, known as Section 2, can serve double-duty to protect minority voters in the event that Plaintiff obtains the desired bailout from Section 5. Nothing could be further from the truth. Congress enacted, and recently reauthorized, Section 5 independently from Section 2 in order to ensure that minority voters would not have to bring a private action under Section 2 to address racial discrimination in voting.

3

adequately represent the Diaz Applicants' interest. The inadequate representation prong "is satisfied if [Diaz Applicants] shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

In *People for the Ethical Treatment of Animals v. Babbitt*, this Circuit found that the Department of Interior which must "design and enforce an entire regulatory system in the public interest," could not adequately represent the proposed intervenor's concern over a single permit. 151 F.R.D. 6, 8 (D.D.C. 1993). *See also Natural Res. Def. Council v. EPA,* 99 F.R.D. 607. 610 (D.D.C. 1983) (agency's representation inadequate because intervenors' interests were more narrowly focused and, consequently, their interests "may" diverge).

**Diaz Applicants Are Entitled to Permissive Intervention**

As demonstrated in the memorandum in support of their Application, the Diaz Applicants are entitled to permissive intervention in this case. Three-judge courts empaneled under Section 5 of the Voting Rights Act have routinely granted permissive intervention to minority voters affected by an electoral change at issue in the litigation. *See, e.g. , Bossier Parish Sch. Bd. v. Reno*, 157 F.R.D. 133, 135 (D.D.C. 1994); *Texas v. United States*, 802 F. Supp. 481, 482 n.1 (D.D.C. 1992); *County Council of Sumter County v. United States*, 655 F. Supp. 694, 696-698 (D.D.C. 1983); *City of Port Arthur v. United States*, 517 F. Supp. 987, 991 n.2 (D.D.C. 1981), *aff'd*, 459 U.S. 159 (1982). In the case at hand, where the Diaz Applicants seek not only to address one election change under Section 5, but to preserve Section 5 coverage of all election changes in the Plaintiff district, permissive intervention is appropriate.

For these reasons the Diaz Applicants should be permitted to intervene in the above-captioned case.

DATED: November 6, 2006

Respectfully submitted,
MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND

BY: __/s/ Nina Perales__
NINA PERALES
*Application for Admission Pending*
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

BY: __/s/ Joseph E. Sandler__
JOSEPH E. SANDLER
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, I served a true and correct copy of the above document on all counsel of record by sending a copy via electronic mail and first-class mail, postage prepaid, addressed to all of the counsel listed below:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Norman Jay Chachkin, Esq.
Debo P. Adegbile, Esq.
NAACP Legal Defense & Educational Fund
99 Hudson Street, 16th Floor
New York, NY 10013
(212) 219-1900
nchachkin@naacpldf.org
dadegbile@naacpldf.org

Kristen M. Clarke, Esq.
NAACP Legal Defense & Educational Fund
1444 Eye Street, NW, 10th Floor
Washington, DC 20005
(202) 682-1300
kclarke@naacpldf.org

*Counsel for movant-intervenors Louis*

T. Christian Herren Jr.
Sarah E. Harrington
Christy A. McCormick
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
chris.herren@usdoj.gov
sarah.harrington@usdoj.gov
christy.mccormick@usdoj.gov

*Counsel for Alberto R. Gonzalez*

Seth P. Waxman, Esq.
John A. Payton (DC No. 282699)
Paul R.Q. Wolfson (DC No. 414759)
Ariel B. Waldman (DC No. 474429)
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
(202) 663-6363 - Fax
seth.waxman@wilmerhale.com

Jon M. Greenbaum, Esq.
Benjamin J. Blustein (DC No. 418930)
Jonah H. Goldman (DC No. 497507)
Lawyers Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 662-8600
(202) 628-2858 - fax
jgreenbaum@lawyerscommittee.org

*Counsel for movant-intervenors Texas State Conference of NAACP Branches and Austin Branch of the NAACP*

                                              /s/ Joseph E. Sandler
                                              Joseph E. Sandler