IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL § <br> UTILITY DISTRICT NUMBER ONE, § <br> § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> ALBERTO GONZALES, ATTORNEY § <br> GENERAL OF THE UNITED STATES, § <br> § <br> *Defendant*, § <br> § <br> TRAVIS COUNTY, TEXAS § <br> 314 W. 11th Street § <br> Austin, Texas 78701 § <br> § <br> *Applicant to Intervene.* § | Civil Action No. <br> 1:06cv1384 <br> Three-judge court (PLF, DST, EGS) |

**ANSWER OF TRAVIS COUNTY**

Travis County, Texas ("Travis County" or "County"), answers the Complaint of the Northwest Austin Municipal Utility District Number One ("NW Austin MUD" or "MUD") as follows:

1.   The County admits that ¶ 1 of the Complaint[*] describes the claims of the NW Austin MUD, but denies that the MUD is entitled to any relief on those claims.

2.   The County admits that the NW Austin MUD is a political subdivision of the State of Texas under state law, but otherwise denies the allegations in ¶ 2.

3.   The County admits the allegations in ¶ 3.

4.   The County denies the allegations of ¶ 4 because the MUD does not have legal standing under 42 U.S.C. § 1973b(a) to seek "bailout" nor does it have standing to

---

[*] All references denominated "¶" are to the numbered paragraphs of the MUD's Complaint.

challenge the constitutionality of the preclearance requirements of Section 5 of the Voting Rights Act.

5. The County admits in response to ¶ 5 that it is appropriate to convene a three-judge panel in this matter.

6. The County admits the allegations in the first sentence of ¶ 6. In response to the allegations in the second sentence of ¶ 6, the County admits that the NW Austin MUD was formed in the late 1980s and that the MUD exercises some limited functions of local government under state law; otherwise, the County denies the allegations of the second sentence of ¶ 6. In response to the allegations in the third sentence of ¶ 6, the County admits that periodic elections are conducted for positions on the MUD's Board of Directors; however, the County denies the allegations of this sentence insofar as it asserts that the MUD itself conducts all aspects of such elections. Because the County at this point lacks sufficient knowledge about all actions taken by the MUD in connection with the referenced elections, and how such actions might interact with state and federal elections laws, the County denies the remaining allegations of ¶ 6.

7. The County admits the allegations of ¶ 7's second sentence insofar as they describe what the MUD seeks in this lawsuit. The County denies the remaining allegations in ¶ 7 because it is unaware of all the facts concerning the topics addressed by the allegations.

8. The County admits the allegations in ¶ 8 insofar as they generally state determinations and dates concerning Section 5 of the Voting Rights Act with respect to Texas. Because these allegations do not fully describe the circumstances of the extension of Section 5 coverage to Texas, the County otherwise denies the allegations in ¶ 8.

9. In response to ¶ 9's allegations, the County admits that Congress passed, and the President signed, legislation in July of 2006 that reauthorizes the Voting Rights Act. The remainder of the allegations in ¶ 9 are denied.

10. The County admits the allegations in ¶ 10 that Texas and its political subdivisions are still covered by Section 5 of the Voting Rights Act and that the NW Austin MUD did not exist at the time Texas first was designated as being covered by Section 5. Otherwise, the County denies the allegations in ¶ 10, including (for lack of present knowledge on the subject) those in the third sentence concerning whether the MUD has ever been found to violate voting rights.

11. The County admits the allegations in ¶ 11 insofar as they generally indicate that covered jurisdictions must submit certain kinds of changes affecting voting practices and procedures to a District of Columbia forum, either administrative or judicial, for voting rights review before they may be implemented and insofar as they assert that local political subdivisions such as this particular MUD are subject to those preclearance requirements. Otherwise, to the extent they contain factual averments at all, the remaining allegations in ¶ 11 are denied.

12. The County denies the allegations of ¶ 12 concerning the costs and burdens of compliance with Section 5 of the Voting Rights Act because, due to their vagueness and over-generality, the County is without knowledge or information at this stage to provide a factual response. The County admits the allegations in ¶ 12 insofar as they allege that state and local governments have certain obligations under Section 5 to help further protection of the rights of minority voters and insofar as they allege that, sometimes, state or local governments do not make certain electoral-related changes

because of the possibility of Section 5 preclearance review. Otherwise, the County denies the allegations in ¶ 12.

13.     The County denies the allegations in ¶ 13 insofar as they aver that compliance with Section 5 of the Voting Rights Act is a vast waste of public money and resources. The County also denies the allegations in ¶ 13's first sentence insofar as they indicate that the discussed alternative is the only one available in the circumstances described. Additionally, the County denies the remaining allegations in ¶ 13 because, due to their vagueness and over-generality, the County is without knowledge or information at this stage to provide a factual response.

14.     The County admits the allegations in the first sentence of ¶ 14. The County denies the allegations in the second sentence of ¶ 14.

15.     The County is without sufficient present knowledge to admit or deny the allegations in ¶ 15, and, hence, denies those allegations.

16.     The County is without sufficient present knowledge to admit or deny the allegations in ¶ 16, and, hence, denies those allegations.

17.     The County is without sufficient present knowledge to admit or deny the allegations in ¶ 17, and, hence, denies those allegations.

18.     The County denies the allegations in ¶ 18.

19.     The County denies the allegations in ¶ 19.

20.     The County denies the allegations in ¶ 20.

21.     The County denies the allegations in ¶ 21.

22.     The County denies the allegations in ¶ 22.

23. The County admits the allegations in ¶ 23 that the Supreme Court has upheld Section 5 of the Voting Rights Act as constitutional. The County denies the remainder of the allegations in ¶ 23.

24. The County denies the allegations in ¶ 24.

25. The County is without knowledge or information sufficient at this time to admit or deny the allegation in the first sentence of ¶ 25 and, hence, denies it. The County denies the remaining allegations in ¶ 25.

26. The County denies the allegations in ¶ 26.

27. The County denies the allegations in the "Prayer for Relief" paragraph concluding the MUD's Complaint, except insofar as they are simply statements of the relief that the NW Austin MUD is seeking in this lawsuit.

Respectfully submitted,

_/s/ Renea Hicks_____
Max Renea Hicks
Attorney at Law

1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
e-mail: rhicks@renea-hicks.com

_/s/ J. Gerald Hebert_____
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676
e-mail: jghebert@comcast.net

ATTORNEYS FOR TRAVIS COUNTY

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of November, 2006, a copy of the foregoing pleading was e-mailed to the Clerk of the Court at dcd_cmecf@dcd.uscourts.gov. The electronic filing constitutes service of the filing to all counsel of record in this case who have obtained CM/ECF passwords. I also certify that on this 5th day of November, 2006, I copy of the foregoing pleading was served through e-mail on the following:

Gregory S. Coleman  
Christian T. Ward  
Weil, Gotshal, & Manges LLP  
8911 Capital of Texas Highway  
Suite 1350  
Austin, Texas 78756  
greg.coleman@weil.com  
chris.ward@weil.com  

                                    _/s/ J. Gerald Hebert_____  
                                    J. Gerald Hebert