## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NORTHWEST AUSTIN MUNICIPAL                  §
UTILITY DISTRICT NUMBER ONE,                §
                                            §
      *Plaintiff,*                               §
                                            §
vs.                                         §    CIVIL ACTION NO. 1:06-cv-01384-PLF
                                            §
ALBERTO GONZALES,                           §    Three-judge court (PLF, DST, EGS)
ATTORNEY GENERAL OF THE                     §
UNITED STATES,                              §
                                            §
      *Defendant.*                               §

### ANSWER OF DIAZ INTERVENORS

NOW COME Lisa Diaz, David Diaz and Gabriel Diaz, Defendant-Intervenors ("Diaz

Intervenors") in the above-captioned action, and answer Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

Plaintiff has failed to state a claim on which relief can be granted under 42 U.S.C. §

1973b.  Furthermore, Plaintiff lacks standing to sue under 42 U.S.C. § 1973b.

AND NOW, in response to the specific allegations of Plaintiffs' Complaint, Diaz

Intervenors respond as follows:

1.     Diaz Intervenors admit that Plaintiff NW Austin Municipal Utility District Number One

seeks to bailout from coverage under the preclearance requirements of §5 of the voting

Rights Act, 42 U.S.C. §1973c, or, in the alternative, seeks a declaratory judgment that

continued application of §5 is unconstitutional.  Diaz Intervenors deny that Plaintiff is

entitled to any relief on its claims.

2.      Diaz Intervenors admit that Plaintiff municipal utility district, as an entity created under

Texas Constitution article XVI, section 59, is a political subdivision of the State of

Texas.  Diaz Intervenors deny that Plaintiff is a political subdivision as that term is

defined by the Voting Rights Act of 1965, 42 U.S.C. 1973l (c)(2).

3.      Diaz Intervenors admit the allegations contained in paragraph 3.

4.      Diaz Intervenors deny that this court has jurisdiction pursuant to 42 U.S.C. §§ 1973b and

1973l.

5.      Diaz Intervenors admit that Plaintiff requests the appointment of a three-judge panel to

hear and resolve its complaint and that the convening of a three-judge panel is

appropriate under 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284(a).

6.      Diaz Intervenors admit the allegations in the first sentence of paragraph 6.  Diaz

Intervenors deny that Plaintiff has long been considered a political subdivision under the

Voting Rights Act.  Diaz Intervenors deny for lack of sufficient information to justify a

belief therein the remaining allegations in paragraph 6.

7.      Diaz Intervenors admit that Plaintiff seeks to terminate its obligation under Section 5 of

the Voting Rights Act to seek preclearance of voting changes in the future.  Diaz

Intervenors deny for lack of sufficient information to justify a belief therein the

remaining allegations in paragraph 7.  Diaz Intervenors aver that Section 5 is

constitutional and necessary.

8.      With respect to the allegations contained in paragraph 8, Diaz Intervenors admit that

Texas is covered by Section 5 of the Voting Rights Act.  Diaz Intervenors deny the

remaining allegations in paragraph 8, because they do not accurately describe the timing

of Section 5 coverage in Texas or the mechanism by which Texas became covered by Section 5.

9.    With respect to the allegations contained in paragraph 9, Diaz Intervenors admit that on July 27, 2006 President Bush signed into the law the Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006. Diaz Intervenors deny the remaining allegations in paragraph 9.

10.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegation that Plaintiff did not exist at the time that Texas was designated a covered jurisdiction under § 5 and has never been found to violate voting rights.  Diaz Intervenors deny the remaining allegations contained in paragraph 10.

11.    With respect to the allegations contained in the first sentence of paragraph 11, Diaz Intervenors admit that Section 5 of the Voting Rights Act requires Texas and its political subunits to obtain preclearance from either the Attorney General or the U.S. District Court for the District of Columbia for changes in voting practices and procedures.  Diaz Intervenors deny the remaining allegations in paragraph 11.

12.    Diaz Intervenors deny the allegations contained in paragraph 12.

13.    Diaz Intervenors deny the allegations contained in paragraph 13.

14.    Diaz Intervenors admit that the Voting Rights Act permits eligible political subdivisions to file an action in the U.S. District Court for the District of Columbia seeking to bail out from coverage under Section 5.  Diaz Intervenors deny the remaining allegations contained in paragraph 14.

15.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 15.

16.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 16.

17.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in paragraph 17.

18.    Diaz Intervenors deny the allegations contained in paragraph 18.

19.    Diaz Intervenors deny the allegations contained in paragraph 19.

20.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in the third and fourth sentences in paragraph 20.  Diaz Intervenors deny the remaining allegations contained in paragraph 20.

21.    Diaz Intervenors deny the allegations contained in paragraph 21.

22.    Diaz Intervenors deny the allegations contained in paragraph 22.

23.    Diaz Intervenors admit the allegations contained in the first and second sentences of paragraph 23. Diaz Intervenors deny the allegations contained in the third and fourth sentences of paragraph 23.

24.    Diaz Intervenors deny the allegations contained in paragraph 24.

25.    Diaz Intervenors deny for lack of sufficient information to justify a belief therein the allegations contained in the first sentence of paragraph 25.  Diaz Intervenors deny the allegations contained in the second and third sentences of paragraph 25.

26.    Diaz Intervenors deny the allegations contained in paragraph 26.

In response to the Prayer for Relief contained in Plaintiff's complaint, Diaz Intervenors respond as follows:

Diaz Intervenors deny that Plaintiff is entitled to a declaratory judgment that it has met the bailout requirements of Section 4(a) of the Voting Rights Act.  Diaz Intervenors deny that the Plaintiff is entitled to a declaratory judgment that the preclearance requirements of Section 5 of the Voting Rights Act no longer apply to Plaintiff.  Diaz Intervenors deny that the Plaintiff is entitled to a declaratory judgement that Section 5 of the Voting Rights Act is unconstitutional. Diaz Intervenors deny that the Plaintiff is entitled to any relief.

Any and all allegations not specifically admitted herein are denied.

## REQUEST FOR ATTORNEYS FEES

Pursuant to 42 U.S.C. 1973*l*(e) and Fed. R. Civ. P. 54,  Diaz Intervenors request that the Court adjudge all costs against Plaintiff, including reasonable attorneys fees and expenses.

DATED: November 6, 2006                     Respectfully submitted,
                                            MEXICAN AMERICAN LEGAL DEFENSE &
                                            AND EDUCATIONAL FUND


                                     BY:    /s/ Nina Perales
                                            NINA PERALES
                                            *Application for Admission Pending*
                                            Texas State Bar No. 240054046
                                            110 Broadway, Suite 300
                                            San Antonio, Texas 78205
                                            (210) 224-5476 (telephone)
                                            (210) 224-5382 (facsimile)
                                            nperales@maldef.org

BY:     /s/ Joseph E. Sandler
JOSEPH E. SANDLER
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, I served a true and correct copy of the above document on all counsel of record by sending a copy via electronic mail and first-class mail, postage prepaid, addressed to all of the counsel listed below:

Gregory S. Coleman, Esq.
Christian T. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

*Counsel for Plaintiff*

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

T. Christian Herren Jr.
Sarah E. Harrington
Christy A. McCormick
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
chris.herren@usdoj.gov
sarah.harrington@usdoj.gov
christy.mccormick@usdoj.gov

*Counsel for Alberto R. Gonzalez*

6

Norman Jay Chachkin, Esq.
Debo P. Adegbile, Esq.
NAACP Legal Defense & Educational Fund
99 Hudson Street, 16th Floor
New York, NY 10013
(212) 219-1900
nchachkin@naacpldf.org
dadegbile@naacpldf.org

Kristen M. Clarke, Esq.
NAACP Legal Defense & Educational Fund
1444 Eye Street, NW, 10th Floor
Washington, DC 20005
(202) 682-1300
kclarke@naacpldf.org

*Counsel for movant-intervenors Louis*
Seth P. Waxman, Esq.
John A. Payton (DC No. 282699)
Paul R.Q. Wolfson (DC No. 414759)
Ariel B. Waldman (DC No. 474429)
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000
(202) 663-6363 - Fax
seth.waxman@wilmerhale.com

Jon M. Greenbaum, Esq.
Benjamin J. Blustein (DC No. 418930)
Jonah H. Goldman (DC No. 497507)
Lawyers Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 662-8600
(202) 628-2858 - fax
igreenbaum@lawyerscommittee.org

*Counsel for movant-intervenors Texas State Conference
of NAACP Branches and Austin Branch of the NAACP*

_____/s/ Joseph E. Sandler_____
Joseph E. Sandler
