# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States,<br><br>    Defendant,<br><br>and<br><br>ANGIE GARCIA, JOVITA CASARES, and OFELIA ZAPATA,<br><br>    Defendants-Intervenors. | No. 1:06-cv-01384<br><br>Three-judge court (PLF, DST, EGS) |

**ANSWER OF DEFENDANTS-INTERVENORS GARCIA et al.**

<u>First Defense</u>

Plaintiff lacks standing to seek bail out from the preclearance requirements of Section 5 of the Voting Rights Act in that it is neither a county nor a parish and does not conduct registration for voting as provided in 42 U.S.C. § 1973l(c)(2).

<u>Second Defense</u>

Plaintiff does not have the capacity to prosecute its claim seeking bail out or a declaratory judgment that the 2006 extension of Section 5 is unconstitutional, because plaintiff failed to authorize the filing of this challenge pursuant to the laws of the State of Texas. *See* Attachment 1

(Minutes of May 23, 2006 meeting of the Board of Directors of the Northwest Austin Municipal Utility District No. 1, stating that the resolution to authorize this litigation "was not passed").

Answers to Allegations

1. Garcia Intervenors admit the allegations in paragraph 1 of the complaint.

2. Garcia Intervenors admit the allegations in paragraph 2 of the complaint, but deny that plaintiff is a political subdivision entitled to bring an action for bail out within the meaning of 42 U.S.C. § 1973b.

3. Garcia Intervenors admit the allegations in paragraph 3 of the complaint.

4. Garcia Intervenors deny the allegations in paragraph 4 that the Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1973b & 1973l.

5. Garcia Intervenors admit the allegations of paragraph 5 that plaintiff requests the appointment of a three-judge court, but deny that such a court is proper pursuant to 42 U.S.C. § 1973b and 28 U.S.C. § 2284.

6. Garcia Intervenors admit the allegations in paragraph 6 that plaintiff is a municipal utility district that provides public services, but deny that it is a political subdivision for purposes of seeking bail out from Section 5. As for the remaining allegation in paragraph 6, intervenors are without knowledge or information sufficient to form a belief as to their truth and demand strict proof thereof.

7. Garcia Intervenors deny the allegations of paragraph 7.

8. Garcia Intervenors admit the allegations of paragraph 8, but deny that plaintiff's description is accurate, and deny that plaintiff's description provides an explanation for why Congress expanded Section 5 coverage to the state of Texas and its political subdivisions.

9. Garcia Intervenors deny the allegations of paragraph 9, other than the fact that Congress reauthorized Section 5 in July 2006.

10. Garcia Intervenors deny the allegations of paragraph 10.

11. Garcia Intervenors admit the allegations of paragraph 11.

12. Garcia Intervenors deny the allegations of paragraph 12.

13. Garcia Intervenors deny the allegations of paragraph 13.

14. Garcia Intervenors deny the allegations of paragraph 14.

15. Garcia Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and accordingly deny them.

16. Garcia Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and accordingly deny them.

17. Garcia Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and accordingly deny them.

18. Garcia Intervenors deny the allegations of paragraph 18.

19. Garcia Intervenors deny the allegations of paragraph 19.

20. Garcia Intervenors deny the allegations of paragraph 20.

21. Garcia Intervenors deny the allegations of paragraph 21.

22. Garcia Intervenors deny the allegations of paragraph 22.

23. Garcia Intervenors deny the allegations of paragraph 23.

24. Garcia Intervenors deny the allegations of paragraph 24.

25. Garcia Intervenors deny the allegations of paragraph 25.

26. Garcia Intervenors deny the allegations of paragraph 26.

In response to the Prayer for Relief, Garcia Intervenors deny that plaintiff is entitled to a declaratory judgment that it has met the bailout requirements of the Voting Rights Act; deny that plaintiff is entitled to declaratory judgment that the preclearance requirements of Section 5 of the Voting Rights Act no longer apply to plaintiff; and deny that plaintiff is entitled to a declaratory judgment that Section 5 of the Voting Rights Act is unconsitutional.

Dated: November 8, 2006                     Respectfully submitted,

                                                         /s/ Jose Garza_____
Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78840
830-775-1535
830-768-0997 (fax)


                                                         /s/ Michael T. Kirkpatrick_____
Michael T. Kirkpatrick (DC Bar No. 486293)
Brian Wolfman (DC Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)

Attorneys for Defendant-Intervenors

ATTACHMENT NO. 1

Minutes
Board of Directors
Northwest Austin Municipal Utility District No. 1

May 23, 2006

THE STATE OF TEXAS §
§
COUNTY OF TRAVIS §

The Board of Directors of the Northwest Austin Municipal Utility District No. 1 met in a regular meeting, open to the public, on May 23, 2006, at Peace Lutheran Church, 10625 North F.M. 620, Austin, Texas, pursuant to notice duly given in accordance with the law. A copy of the certificates of posting of the notices is attached hereto as Exhibit "A".

The meeting was called to order at 7:36 p.m. by Board president Don Zimmerman, and the roll was called of the members of the Board as follows:

| | | |
|---|---|---|
| Don Zimmerman | - | President |
| William C. Ferguson | - | Vice President |
| Karen Temborius | - | Secretary |
| Edward L. Swarthout | - | Treasurer |
| George Frederickson | - | Assistant Secretary/Treasurer |

All Board members were present, except Karen Temborius, and a quorum was announced. Also present were Kaye Markette and Tanya Emmons of RealManage, David Rogers of Texas Legal Foundation, Christian Ward and J.P. Lund of Weil, Gotshal & Manges, Frank Reilly of Potts & Reilly, L.L.P., newly elected Director Rob Ratcliff, and residents, Nathan Moore, Roxan Swenson, and Amy Tabash.

The first item addressed was Item 1 (with attachment), to approve the minutes of the April 19, 2006 board of directors regular meeting. Director Swarthout moved to approve the minutes, Director Frederickson seconded and the minutes were unanimously approved.

No action was taken regarding Item 2, reports on matters considered during the April 19, 2006 District board meeting.

President Zimmerman announced Item 3 (with attachment), on reports from the District's general manager regarding the status of operations of the District, monthly financial reports, status of annual audit, consideration of and possible final action to approve payment of bills. Ms. Markette reported that a bid of $5,420 had been received from Viking Fence for the fence for Trailhead Park. She noted that the initial results of the survey are reported on page two of the general manager's report, with 297 responses received, which is about 25% of the residents, and more responses are expected. She noted that the financials begin on page 13 of the report with totals of bank balances on page 14. The new signature cards will be available for the next board meeting. The balance sheet is on pages 16 and 17. Ms. Markette noted that the budget process will begin next month. Ms. Tabash said she and her husband, Larry, are beginning a Canyon Creek Soccer Camp for the summer, to be neighborhood based. The pavilion and fields have been reserved for June 19 to June

23. She noted that the Skyhawks will be running a camp around the same time. The soccer camp has received about 20 applications, but no more than 25 applicants will be accepted. Parents will be required to sign releases. Five percent of the proceeds will be donated to Canyon Creek Elementary School. This matter will be deliberated at the next board meeting. Ms. Markette then explained checks 5204-5214, and two additional checks for $92.35 to William Ferguson and George Frederickson, which were not included in the packet. President Zimmerman moved to approve the disbursements, Director Swarthout seconded and the motion carried unanimously. Director Ferguson asked for direction from the Board regarding fence bids. Director Frederickson moved to allow Director Ferguson a budget of up to $6,000 for the fence. President Zimmerman seconded and the motion carried unanimously.

Item 4, regarding results of a poll of District residents regarding improvements at Trailhead Park, including possible final action to authorize expenditures for recreation improvements, including improvements to the soccer field, was addressed with Item 3. No further action was taken.

President Zimmerman announced Item 5 (with attachment), regarding authorizing the president of the District to execute an agreement to transfer certain rights and ownership in the District's conservation lands in exchange for a water rate reduction to the District's residents; regarding results of the District's Freedom of Information Act request of reports and studies from the U.S. Fish & Wildlife Service concerning the District's conservation lands; regarding reports from a professional biologist or wildlife scientist regarding the District's conservation lands; and regarding negotiations with U.S. Fish & Wildlife Service, the City of Austin, and possible other governmental entities regarding public access to conservation lands owned by the District. President Zimmerman explained that he and Mr. Reilly went to the City at the Board's director to seek a bilateral agreement with the City. The City was initially receptive, but later hedged. The developer has proposed a date no later than November for an agreement to be reached and has agreed in principal with the existing drafts. There was general discussion regarding negotiations. Mr. Reilly briefly explained the biological studies that were received from the U.S. Fish & Wildlife Service.

No action was taken on Item 6, regarding trapping and control of feral hogs on the District's conservation lands and authorizing expenditures or reimbursement of same incurred in trapping feral hogs.

By unanimous consent, the Board again addressed Item 3. Director Swarthout moved to approve a $42,789.31 wire transfer from the Tax Account to the operating fund, and $80,000 to the Debt Service Account. The motion was approved unanimously.

Regarding Item 7 (with attachment), at 8:55 p.m. the board adjourned to reconvene in executive session pursuant to Texas Government Code, Section 551.071, to discuss matters subject to the attorney-client privilege and/or pending and contemplated litigation in: (1) *Northwest Austin Municipal Utility District, et al vs. City of Austin, et al*, in the District Court of Travis County, Texas and before the Court of Appeals for the Third District of the State of Texas; (2) *Canyon Creek Option, Ltd. v. Northwest Austin Municipal Utility District No. 1*, before the 200th Judicial District Court of Travis County, Texas; (3) the District's various contractual obligations to the City of Austin and developers within the District; (4) potential litigation against the U.S. Department of Justice and appropriate federal officials regarding continued enforcement of Section 5 of the Federal Voting Rights Act, including possibly authorizing the institution of that litigation; and (5) any other item posted on this agenda.

Regarding Item 8, at 9:16 the Board adjourned from executive session to re-convene in open session for consideration of and possible final action regarding any item discussed in executive session in the preceding agenda item. It was reported that the resolution to approve potential litigation against the U.S. Department of Justice and appropriate federal officials regarding continued enforcement of Section 5 of the Federal Voting Rights Act, including possibly authorizing the institution of that litigation was not passed.

Item 9 was addressed, to canvass the votes from the May 13, 2006 general election of District directors. President Zimmerman moved to approve the reports, Director Swarthout seconded and the motion carried unanimously.

The Board proceeded with Item 10, to swear in and administer the oath of office of newly elected District board members. Oaths of Office and Statements of Elected Officer were executed and notarized for William Ferguson, George Frederickson and Robert Ratcliff.

Item 11 was announced, to discuss and approve matters for possible addition to the next meeting agenda, and date of future meetings.

1. Election of officers for the District for 2006-2007;

2. Consideration of and possible final action to adopt a resolution to appoint the committees of the board of directors;

3. On a report from the District board of directors' finance committee, financial advisor, and general manager regarding the District's annual budget and ad valorem tax rates;

4. The next Board of Directors meeting will be held on June 14, 2006.

There were no comments under Item 12, public comments (at the Board's discretion, public comment may be entertained by the Board during each of the previous agenda items, or alternatively or conjunctively reserved for this item).

There being no further business, President Zimmerman moved and Director Frederickson seconded to adjourn the meeting. Upon unanimous vote, the meeting was adjourned at approximately 9:37 p.m.

George Frederickson
Assistant Secretary, Board of Directors

Date: 6-14-06