IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,  Plaintiff,  v.  ALBERTO GONZALES, Attorney General of the United States,  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:06-cv-1384  Three-judge court (PLF, DST, EGS) |

**DEFENDANT'S COMBINED RESPONSE TO MOTIONS TO INTERVENE**

Defendant Attorney General of the United States respectfully submits the following combined response to the motions to intervene as defendants filed by People for the American Way ("PFAW") (Docket #19); Nathaniel Lesane (Docket #28), and Travis County, Texas (Docket #23). These motions were served on November 2, 3, and 5, 2006, respectively.

Nathaniel Lesane, PFAW, and Travis County, all seek intervention of right under Section 4(a)(4) of the Voting Rights Act, 42 U.S.C. 1973b(a)(4), and Rule 24(a)(1), Fed. R. Civ. P., as well as intervention of right under Rule 24(a)(2), and permissive intervention under Rule 24(b)(2).

**Lesane Motion to Intervene**

Nathaniel Lesane has filed a motion to intervene (Docket #28). Mr. Lesane, like the Louis and Diaz movant-intervenors, is a resident and registered voter in the Plaintiff Northwest Austin Municipal Utility District Number One ("Plaintiff") who contends that the Plaintiff is not legally entitled to bailout under Section 4(a) of the Voting Rights Act, 42 U.S.C. 1973b.

For the reasons stated in his response (Docket #18) to the original motions to intervene,

-2-

the Attorney General believes Mr. Lesane (like the Louis and Diaz movant-intervenors) has standing to intervene of right under Section 4(a)(4) of the Voting Rights Act, and Rule 24(a)(1), Fed. R. Civ. P., as to the bailout claims.  Likewise, the Attorney General does not oppose his permissive intervention under Rule 24(b)(2), but does oppose intervention as of right under Rule 24(a)(2), because the Attorney General adequately represents his interests.

**PFAW Motion to Intervene**

PFAW claims standing to intervene as a defendant in this action (Docket #19), among other reasons, because it has several members who are residents and registered voters in the Plaintiff.  The Attorney General does not oppose PFAW's permissive intervention under Rule 24(b)(2), but does oppose intervention as of right under Rule 24(a)(2), because the Attorney General adequately represents their interests.

**Travis County Motion to Intervene**

Travis County, Texas, as the county wherein Plaintiff is located, has moved to intervene as a defendant in this action (Docket #23), and claims standing on the ground that it is the only jurisdiction in Travis County that is legally entitled to seek bailout and opposes the Plaintiff's effort to usurp that authority, on the ground that the County conducts voter registration and elections for Plaintiff, and on the ground that the County alleges the Plaintiff is not entitled to the relief sought in its complaint.  While intervention by local political subunits in Voting Rights Act cases in this Court is relatively unusual, the Attorney General has not opposed intervention in some instances in light of the interest articulated, and this Court has likewise allowed intervention in some instances.  See, e.g., Virginia v. Reno, No. 00-0751 (D.D.C. Order of Sept. 1, 2000) (unpublished order granting permissive intervention filed as an attachment to Docket

-3-

#18). For the reasons stated in his response to the previous motions to intervene, the Attorney General does not oppose permissive intervention under Rule 24(b)(2) by Travis County, but does oppose intervention as of right under Rule 24(a)(2), because the Attorney General adequately represents the county's interests.

**Conclusion**

The Attorney General does not oppose intervention of right under Rule 24(a)(1), Fed. R. Civ. P., by Mr. Lesane as to the bailout claims in light of the intervention provisions of Section 4(a)(4) of the Voting Rights Act, and does not oppose permissive intervention under Rule 24(b)(2) by the Lesane, PFAW and Travis County intervenors.[1]

The Attorney General will be prepared to discuss at the Rule 26(f) planning conference with the other parties what possible steps can be taken to avoid duplication of effort on the defendant's side of the case in the course of the litigation, and will be prepared to discuss such possible steps with the Court at the Rule 16 scheduling conference.

---

[1] Because the Attorney General does not oppose permissive intervention by PFAW and Travis County, the Court need not reach the question of whether they are aggrieved parties entitled to intervene as of right under Section 4(a)(4) of the Voting Rights Act, and Rule 24(a)(1), Fed. R. Civ. P.

November 13, 2006

                                               Respectfully submitted,

JEFFERY A. TAYLOR          WAN J. KIM
United States Attorney         Assistant Attorney General
                                        Civil Rights Division

                                        */s/  T. Christian Herren Jr*
                                      _____
                                      JOHN K. TANNER (D.C. Bar No. 417585)
                                      Chief, Voting Section
                                      H. CHRISTOPHER COATES
                                      Principal Deputy Chief
                                      T. CHRISTIAN HERREN JR
                                      Special Counsel
                                      chris.herren@usdoj.gov
                                      SARAH E. HARRINGTON
                                      sarah.harrington@usdoj.gov
                                      CHRISTY A. McCORMICK
                                      christy.mccormick@usdoj.gov
                                      Attorneys
                                      Civil Rights Division
                                      United States Department of Justice
                                      Room 7254 - NWB
                                      950 Pennsylvania Ave., N.W.
                                      Washington, DC 20530
                                      Phone: (800) 253-3931
                                      Fax:    (202) 307-3961

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I caused to be served a copy of the foregoing response and proposed order through the Court's ECF filing system to the following:

Ferdose al-Taie, Esq.
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
ferdose.al-taie@weil.com

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Christian J. Ward, Esq.
Gregory S. Coleman, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
chris.ward@weil.com
greg.coleman@weil.com

Seth P. Waxman, Esq.
Wilmer Cutler Pickering Hale & Dorr
1875 Pennsylvania Avenue, NW
Washington, DC 20006
seth.waxman@wilmerhale.com

Norman Jay Chachkin, Esq.
NAACP Legal Defense & Education Fund
99 Hudson Street, 16th Floor
New York, NY 10013
nchachkin@naacpldf.org

Joseph E. Sandler, Esq.
Sandler, Reiff & Young, P.C.
50 E Street, SE, Suite 300
Washington, DC 20003
sandler@sandlerreiff.com

Elliot M. Mincberg, Esq.
People For the American Way Foundation
2000 M Street, NW
Washington, DC 20036-3315
emincberg@pfaw.org

J. Gerald Hebert, Esq.
5019 Waple Lane
Alexandria, VA 22304
jghebert@comcast.net

Arthur B. Spitzer, Esq.
ACLU
1400 20th Street, NW, Suite 119
Washington, DC 20036
artspitzer@aol.com

Michael J. Kator, Esq.
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
mkator@katorparks.com

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009-1001
mkirkpatrick@citizen.org

/s/ T. Christian Herren Jr
_____
T. CHRISTIAN HERREN JR