IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06-CV-1384 |
| ALBERTO GONZALES, Attorney General of the United States, | ) ) ) ) | Three-Judge Court (PLF, DST, EGS) |
| Defendant. | ) ) ) | |

### DEFENDANTS' REPORT IN RESPONSE TO THE COURT'S ORDERS OF NOVEMBER 16-17, 2006

Pursuant to this Court's Orders of November 16-17, 2006 [Dkt. Nos. 44, 46], Defendant Attorney General Alberto Gonzalez and all Defendant Intervenors respectfully submit the following report. This Court's Orders required that the Defendant and Defendant Intervenors:

> ... shall submit a report on or before November 28, 2006 discussing what steps will be taken to avoid duplication of effort by defendants, to reduce redundant filings and discovery requests, and to promote efficiency in the litigation of this matter. Specifically, the defendant and intervenor-defendants will address coordination of their efforts through a lead counsel.

Dkt. #s 44, 46.

Following these Orders, Defendant and Defendant Intervenors ("Defendants") conferred via teleconferences. All Defendants have agreed that they will work together to the greatest extent possible to avoid duplication and promote litigation efficiency and have considered specific coordination steps. After discussing a variety of possible options, Defendants collectively have agreed upon the recommendations contained herein.

### I.     Limitations on Discovery

All Defendants will coordinate in advance of serving written discovery and deposition requests to avoid duplicative requests.  Defendants further propose the following procedural limitations designed to reduce redundant discovery requests:

1. *Written Discovery*.  Defendants propose that for the purposes of the limits on written discovery under Fed. R. Civ. P. 33, 34, and 36 and the Local Rules of this Court (interrogatories, requests for production of documents, and requests for admissions), the private Defendant Intervenors (the NAACP parties, the Diaz parties, the Louis parties, Nathaniel Lesane, the Garcia parties, and People for the American Way) shall be treated collectively as if they were a single party.  Thus, for example, absent leave of Court the private Defendant Intervenors will collectively serve no more than 25 written interrogatories on any other party, as provided by Rule 33(a).

2. *Depositions*.  The private Defendant Intervenors will collectively be subject to the ordinary numerical limitations on depositions under Fed. R. Civ. P. 30(a) (more than 10 depositions requires leave of court), as if they were a single party.  Although Defendants do not propose a strict numerical limit on the number of lawyers who may appear and ask questions at any deposition, Defendants will coordinate to minimize the possibility that any deposition might exceed the ordinary time constraints imposed by Fed. R. Civ. P. 30(d) (seven-hour limitation absent party stipulation or leave of court).

### II.     Efforts to Reduce Duplicative Filings

Defendants recognize the need to avoid burdening the Court with duplicative filings.  Thus, all Defendants will consult in advance of any filing in this Court to determine whether a

consolidated filing may be made on behalf of all Defendants. However, there may be times—in particular during the dispositive briefing period—where it would be impracticable for all Defendants to file a consolidated brief, and where it may also be necessary for individual private Defendant Intervenors to file separately in order to represent effectively their clients' interests. To avoid duplicative filings to the extent feasible, however, counsel for all defendant parties will confer to determine whether a consolidated filing in this Court is feasible.

This proposal is not intended to govern the parties' briefing or other actions in any other Court.

### III.     Primary Contact Counsel for Private Defendant Intervenors

With respect to the coordination of efforts through a lead counsel, the private Defendant Intervenors believe that a natural separation of interests exists between the governmental and private defendants in this case. Accordingly, private Defendant Intervenors believe that it could further enhance efficiency if a counsel serves as primary contact counsel to communicate consensus decisions that are reached by the private Defendant Intervenors. At this time, private Defendant Intervenors propose that Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer Hale") serve as primary contact counsel for the private Defendant Intervenors. Each party will continue to be represented by their own attorneys, but the primary contact counsel proposal could serve as an efficient mechanism through which the private Defendant Intervenors would relay those decisions that have been reached by consensus, including decisions regarding scheduling, the conduct of and need for discovery, and the plan for orderly presentation of any oral argument or testimony. In some situations, however, the private Defendant Intervenors may need to designate an additional or different counsel, because there may be circumstances in which the claims and interests at stake in this case may affect or bear differently upon various

private Defendant Intervenors. In such circumstances, the private Defendant Intervenors, while remaining mindful of the Court's efficiency concerns, would notify the Court and the other parties.

The private Defendant Intervenors believe that their interests may at times differ from the interests of the Defendant Attorney General. Indeed, the potential divergence of interests between the Defendant Attorney General and Intervenors was a central element cited in each and every one of the intervention motions filed in this case, which the Court subsequently granted. *See* Memorandum in Support of Motion of NAACP Texas State Conference and NAACP Austin Chapter to Intervene as Defendants [Dkt. 9-1], at 15-19; Motion of Rodney Louis, et al., to Intervene as Defendants [Dkt. 10-1], at 6-8; Memorandum in Support of Application of David and Lisa Diaz to Intervene as Defendants [Dkt. 13], at 5-6; Memorandum of Points and Authorities in Support of Motion of People for the American Way to Intervene as Defendant [Dkt. 19-1], at 6-7; Brief in Support of Motion of Nathaniel Lesane for Leave to Intervene as Defendant [Dkt. 28-3], at 6-10; Travis County's Motion to Intervene as Defendant [Dkt. 23-1], at 10-11; Memorandum in Support of Motion of Angie Garcia, Jovita Casares, and Ofelia Zapata to Intervene as Defendants [Dkt. 32-2], at 6-9. The private Defendant Intervenors also believe that their interests may diverge in some respects from the interests of Defendant Intervenor Travis County. Accordingly, private Defendant Intervenors do not propose that primary contact counsel (as described above) be empowered to speak for either the Attorney General or Travis County, and likewise do not propose that the Attorney General or Travis County be empowered to speak for the private Defendant Intervenors.

To the maximum extent possible, the private Defendant Intervenors, who represent, in some cases, organizational interests, and in others, the interests of individuals, will endeavor to

make decisions collectively and by consensus and, where a consensus is reached, will communicate those decisions through one document filed with the Court or through primary contact counsel or through other counsel designated for that purpose.  There may be occasions on which the private Defendant Intervenors find it necessary to speak or file papers separately in order to effectively represent their respective clients' interests, but the private Defendant Intervenors will endeavor to the maximum extent possible to minimize those occasions.

Defendant Attorney General agrees that the designation of a single lead counsel to speak for all Defendants in this case would be impractical, but he will coordinate with all the Defendant Intervenors to the greatest extent possible.

### IV.     Proposed Schedule

The Defendants collectively believe that it would be most efficient for the parties to engage in one period of discovery directed to all issues in this case, followed by one round of briefing on dispositive motions concerning all issues, rather than any sequencing of the issues. Hence, the Court need review only one round of briefs, oppositions and replies, and can consider and decide all issues in this case at one time.  Defendants believe that the entire case can be efficiently resolved by such cross-motions for summary judgment and that no trial will be necessary in this action.  Accordingly, Defendants propose the following schedule:

- December 15, 2006: Fed. R. Civ. P. 26(a)(1) initial disclosures due.
- December 18, 2006: Fact discovery begins.
- January 16, 2007:  Identification by all parties of retained experts, if any, respective vitae and contractual agreements regarding the nature and scope of expert services.

- February 16, 2007: Identification by all parties of retained rebuttal experts, if any, respective vitae and contractual agreements regarding the nature and scope of expert services.

- March 1, 2007: Close of fact discovery.

- March 1, 2007: Expert reports due from all parties.

- April 2, 2007: Rebuttal expert reports due from all parties.

- April 9, 2007: Close of expert discovery.

- April 16, 2007: Cross motions for summary judgment on all issues due.

- May 16, 2007: Oppositions to summary judgment motions due.

- June 6, 2007: Replies in support of motions for summary judgment due.

Respectfully submitted,

| | |
|---|---|
| JEFFERY A. TAYLOR<br>United States Attorney | WAN J. KIM<br>Assistant Attorney General<br>Civil Rights Division |

   /s/  T. Christian Herren Jr
_____
JOHN K. TANNER (D.C. Bar No. 318873)
Chief, Voting Section
H. CHRISTOPHER COATES
Principal Deputy Chief
T. CHRISTIAN HERREN JR
Special Counsel
chris.herren@usdoj.gov
SARAH E. HARRINGTON
sarah.harrington@usdoj.gov
CHRISTY A. McCORMICK
christy.mccormick@usdoj.gov
Attorneys
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Phone: (800) 253-3931
Fax:    (202) 307-3961

*Counsel for Defendant Alberto Gonzales*
*Attorney General of the United States*

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND

BY: */s/ Nina Perales*
_____
NINA PERALES
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org


BY:  */s/ Joseph E. Sandler*
_____
JOSEPH E. SANDLER
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors*
*Lisa Diaz, David Diaz and Gabriel Diaz*

Respectfully submitted,

*/s/ Norman J. Chachkin*

_____
Theodore Shaw
Director-Counsel
Jacqueline A. Berrien
Associate Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)
Debo P. Adegbile
NAACP Legal Defense and
Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke
NAACP Legal Defense and
Educational Fund, Inc.
444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

*Counsel for Defendant-Intervenors*
*Rodney and Nicole Louis*

Respectfully submitted,


*/s/ Seth P. Waxman*

_____
Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE and
DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes (Indiana Bar No. 7601-49)
(motion to be admitted *pro hac vice* to be filed)
General Counsel
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT
OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858


*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and Austin Branch of the NAACP*

Respectfully submitted,

*/s/ Laughlin McDonald*
_____

Moffatt Laughlin McDonald
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
(404) 523-2721

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
(202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU Foundation of Texas
1210 Rosewood Avenue
Austin, Texas 78702


*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Respectfully submitted,

*/s/ Renea Hicks*

_____
Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
rhicks@renea-hicks.com


*/s/ J. Gerald Hebert*

_____
J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676
jghebert@comcast.net

*Counsel for Defendant-Intervenor*
*Travis County, Texas*

Respectfully submitted,

*/s/ Elliot M. Mincberg*

---

Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999
emincberg@pfaw.org

*Counsel for Defendant-Intervenor*
*People for the American Way*

Respectfully submitted,

*/s/ Jose Garza*

_____
Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)


Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78840
830-775-1535
830-768-0997 (fax)


*/s/ Michael T. Kirkpatrick*

_____
Michael T. Kirkpatrick (DC Bar No. 486293)
Brian Wolfman (DC Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors*
*Angie Garcia, Jovita Casarez, Ofelia Zapata*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 28, 2006, I caused to be served a copy of the foregoing through the Court's ECF filing system to the following:

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Seth P. Waxman, Esq.
Wilmer Cutler Pickering Hale & Dorr, LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
seth.waxman@wilmerhale.com

Norman Jay Chachkin, Esq.
Debo P. Adegbile, Esq.
NAACP Legal Defense & Education Fund
99 Hudson Street, 16th Floor
New York, NY 10013
nchachkin@naacpldf.org
dadegbile@naacpldf.org

Kristen M. Clarke, Esq.
NAACP Legal Defense & Education Fund
1444 Eye Street, NW
Washington, DC 20005
kclarke@naacpldf.org

Joseph E. Sandler, Esq.
Sandler, Reiff & Young, P.C.
50 E Street, SE, Suite 300
Washington, DC 20003
sandler@sandlerreiff.com

Elliot M. Mincberg, Esq.
People For the American Way Foundation
2000 M Street, NW
Washington, DC 20036-3315
emincberg@pfaw.org

J. Gerald Hebert, Esq.
5019 Waple Lane
Alexandria, VA 22304
jghebert@comcast.net

Max Renae Hicks
1250 Norwood Tower
114 West 7th Street
Austin, TX 78801
rhicks@renea-hicks.com

Arthur B. Spitzer, Esq.
ACLU
1400 20th Street, NW, Suite 119
Washington, DC 20036
artspitzer@aol.com

Michael J. Kator, Esq.
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
mkator@katorparks.com

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009-1001
mkirkpatrick@citizen.org

   */s/ T. Christian Herren Jr*
_____
T. CHRISTIAN HERREN JR