IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
                                            )
NORTHWEST AUSTIN MUNICIPAL    )
UTILITY DISTRICT NUMBER ONE,      )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )        Civil Action No. 1:06-cv-1384
                                            )
ALBERTO GONZALES,                   )        Three-judge court (PLF, DST, EGS)
Attorney General of the United States,   )
                                            )
            Defendant.                    )
———————————————————)

## LOCAL RULE 16.3 REPORT

Pursuant to this Court's Orders of November 15 and 17, 2006 (Docket #'s 40, 46), Fed R.

Civ. P. 26(f) and Local Rule 16.3, Plaintiff Northwest Austin Municipal Utility District Number

One, Defendant Attorney General of the United States Alberto Gonzales, and the Defendant-

Intervenors (Texas State Conference of NAACP Branches, Austin Branch of the NAACP,

Rodney and Nicole Louis, and David, Lisa and Gabriel Diaz, People for the American Way,

Nathaniel Lesane, Angie Garcia, Jovita Casarez, Ofelia Zapata, and Travis County, Texas)

respectfully submit this joint report outlining the parties' discovery plan, agreements reached

between the parties, matters upon which the parties disagree, and proposed scheduling orders.

A telephone conference between the parties was held on November 16, 2006, with the

following participants:

Gregory S. Coleman, Erik S. Jaffe, and Christian J. Ward for Plaintiff Northwest Austin

Municipal Utility District Number One;

T. Christian Herren Jr. for Defendant Attorney General Alberto Gonzales;

Debo P. Adegbile and Kristen M. Clarke for Defendant-Intervenors Rodney and Nicole

Louis;

Nina Perales for Defendant-Intervenors David, Lisa and Gabriel Diaz;

Jon M. Greenbaum, Benjamin J. Blustein, Marcia Johnson-Blanco, Paul R.Q. Wolfson

and Michael J. Gottlieb for Defendant-Intervenors Texas State Conference of NAACP Branches

and Austin Branch of the NAACP;

M. Laughlin McDonald for Defendant-Intervenor Nathaniel Lesane; and,

J. Gerald Hebert and Max Renea Hicks for Defendant-Intervenor Travis County, Texas.

Subsequent discussions have been held by and between the parties, including with Elliott

Mincberg, as counsel for Defendant-Intervenor People for the American Way (who had

consented to the counsel for the NAACP representing their interests at the telephone conference)

and with Jose Garza as counsel for Defendant-Intervenors Angie Garcia, Jovita Casarez, Ofelia

Zapata (who were allowed to intervene after the telephone conference had occurred), to produce

this Report.  Consistent with Local Rule 16.3(c), the parties jointly report to the Court on their

discussions as follows:

1.      **STATEMENT OF FACTS AND STATUTORY GROUNDS**

This is an action brought by the Plaintiff Northwest Austin Municipal Utility District

Number One seeking a declaratory judgment from this Court, pursuant to Section 4(a) of the

Voting Rights Act, 42 U.S.C. §1973b(a), that it is entitled to bailout from the preclearance

requirement of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, or, in the alternative, if

Plaintiff cannot bailout, seeking a declaratory judgment that continued application of Section 5 is

thereby unconstitutional.  This is the only Court in which an action can be brought seeking

bailout under Section 4(a) of the Voting Rights Act, or seeking a determination that Section 5 of

the Voting Rights Act is unconstitutional.

Defendant and Defendant-Intervenors contend that the Plaintiff is not a "political

subdivision" that is eligible to file a bailout action under Section 4(a) of the Voting Rights Act,

and contend that the constitutionality of Section 5 of the Voting Rights Act is well-settled by

decisions of the United States Supreme Court.

## II.     DISCOVERY PLAN

The parties agree that initial disclosures pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall

occur no later than December 15, 2006.  The parties have agreed that a brief period of fact

discovery shall commence on December 18, 2006 and shall close on March 1, 2007.  The parties

disagree on the schedule for expert discovery, as outlined in Item 9 below and as outlined in their

attached alternative proposed orders.

## III.    LOCAL RULE 16.3 MATTERS

The parties hereby report to the Court on the 14 matters listed in Local Rule 16.3, as

follows:

1.      *Whether the case is likely to be disposed of by dispositive motion; and whether,*

*if a dispositive motion has already been filed, the parties should recommend to the court that*

*discovery or other matters should await a decision on the motion.*

The parties agree that all of the issues in this case can be resolved through the filing of

cross-motions for summary judgment.  The parties disagree on the schedule for filing such

motions, as outlined in Item 6 below and as outlined in their attached alternative proposed

orders.  The parties agree that a brief period of discovery should precede the filing of cross-

motions for summary judgment.

2.      *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties disagree on the date for amending pleadings and joining additional parties: Plaintiff proposes a date of February 1, 2007, while Defendant and Defendant-Intervenors propose a date of December 15, 2006.  The parties agree that all the issues involved in this case can be resolved through cross-motions for summary judgment.  The parties agree that they will work to stipulate to as many facts as possible in order to expedite the resolution of this matter.

3.      *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

As required by 42 U.S.C. § 1973b, and pursuant to 28 U.S.C. § 2284, the Chief Judge of the United States Court of Appeals for the District of Columbia Circuit, on September 6, 2006, appointed a three-judge district court to hear and decide this case.  Accordingly, the parties agree that this case should not be assigned to a magistrate judge.

4.      *Whether there is a realistic possibility of settling the case.*

The parties agree that there is no realistic possibility of settling the case.

5.      *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

The parties agree that the Court's ADR procedures will not assist in resolving the issues in this case.

6.      *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The parties agree that this case can be resolved by the filing of cross-motions for summary judgment.  The parties disagree on the schedule for filing such cross-motions.

Plaintiff proposes that the Court set a date for the filing of dispositive motions no earlier than 60 days after the completion of discovery in this case.  If expert discovery is required because Defendant or Defendant-Intervenors designate experts in this case, Plaintiff proposes a dispositive motion deadline no earlier than October 1, 2007.  Oppositions to any dispositive motions should be due within 30 days, and any reply within 21 days of the opposition.

Defendant and Defendant-Intervenors propose that the Court set a single date for the filing of cross-motions for summary judgment addressing all issues in the case, so that the Court need consider only one round of briefs, oppositions and replies, and can thereafter issue a decision resolving all issues.  Defendant and Defendant-Intervenors propose that the cross-motions on all issues be due on April 16, 2007, with oppositions due 30 days after the initial cross-motions, and replies due 21 days after the oppositions.

7.      *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The initial disclosures required by Rule 26(a)(1) will be made by all parties by no later than December 15, 2006.

8.      *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

The parties have agreed that a brief period of fact discovery will occur beginning on December 18, 2006 and closing on March 1, 2007.   If experts are designated, the parties agree that there should be a period of expert discovery, but disagree as to the schedule for that expert discovery period, as outlined in Item 9 below and as outlined in the attached alternative proposed orders.  The parties do not believe that discovery will be extensive, and agree that no limits or protective orders appear necessary at this time.

9.      *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

The parties are uncertain at this time whether experts will be engaged in this case. Plaintiff believes that expert testimony is unnecessary in this case.  Plaintiff proposes that if Defendant or Defendant-Intervenors retain experts, they will disclose the identification of those retained experts, respective vitae, reports of their expert opinions, and contractual agreement regarding the nature and scope of expert's services by March 1, 2007, pursuant to Rule 26(a)(2)(A), Fed. R. Civ. P.   Plaintiff proposes that if Defendant or Defendant-Intervenors designate any experts, Plaintiff may designate rebuttal experts and disclose any such rebuttal experts and exchange reports of any such rebuttal experts by May 1, 2007.   Plaintiff proposes that depositions of experts shall occur after May 1, 2007, and no later than August 1, 2007.

Defendant and Defendant-Intervenors propose that all parties shall identify retained experts, if any, respective vitae and contractual agreements regarding the nature and scope of expert services by January 16, 2007.  Defendant and Defendant-Intervenors further propose that all parties shall identify retained rebuttal experts, if any, respective vitae and contractual agreements regarding the nature and scope of expert services by February 16, 2007.   Defendant and Defendant-Intervenors further propose that all parties shall exchange their expert reports by March 1, 2007, and that all parties shall exchange their rebuttal expert reports by April 2, 2007. Defendant and Defendant-Intervenors propose that expert discovery close on April 9, 2007.

10.      *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

Since this is not a class action, this item is inapplicable.

11.      *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties do not believe that any bifurcation of discovery is necessary, and the parties do not anticipate a need for a trial.

12.      *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties agree that the pretrial conference should be scheduled for December 11, 2007, in the event that any issues remain after the Court's decision on the cross-motions for summary judgment.

13.     *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

As the parties believe that it will not be necessary for the Court to hold a trial in this matter, the parties believe that the Court need not set a firm trial date at the initial scheduling conference.

14.     *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

The parties respectfully request a conference with the Court to discuss their differing positions on the scheduling issues after filing this document with the Court and before the entry of a scheduling order.

## IV.    PROPOSED SCHEDULING ORDER

The Plaintiff's Proposed Scheduling Order is attached as Exhibit 1.  The Defendant's and Defendant Intervenors' Proposed Scheduling Order is attached as Exhibit 2.


Dated: November 28, 2006

Respectfully submitted,

*/s/ Erik S. Jaffe*

_____

Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008
[Tel.] (202) 237-8165
[Fax] (202) 237-8166

Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
8911 Capital of Texas Hwy., Ste. 1350
Austin, Texas 78759
[Tel.] (512) 349-1930
[Fax] (512) 527-0798

*Counsel for Plaintiff*
*Northwest Austin Municipal Utility District Number One*

Respectfully submitted,


JEFFERY A. TAYLOR                      WAN J. KIM
United States Attorney                 Assistant Attorney General
                                       Civil Rights Division



 */s/  T. Christian Herren Jr*
_____
JOHN K. TANNER (D.C. Bar No. 318873)
Chief, Voting Section
H. CHRISTOPHER COATES
Principal Deputy Chief
T. CHRISTIAN HERREN JR
Special Counsel
chris.herren@usdoj.gov
SARAH E. HARRINGTON
sarah.harrington@usdoj.gov
CHRISTY A. McCORMICK
christy.mccormick@usdoj.gov
Attorneys
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Phone: (800) 253-3931
Fax:    (202) 307-3961

*Counsel for Defendant Alberto Gonzales*
*Attorney General of the United States*

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND

BY: */s/ Nina Perales*

_____

NINA PERALES
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org


BY:  */s/ Joseph E. Sandler*

_____

JOSEPH E. SANDLER
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors*
*Lisa Diaz, David Diaz and Gabriel Diaz*

Respectfully submitted,

*/s/ Norman J. Chachkin*

_____

Theodore Shaw
Director-Counsel
Jacqueline A. Berrien
Associate Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)
Debo P. Adegbile
NAACP Legal Defense and
Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke
NAACP Legal Defense and
Educational Fund, Inc.
444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

*Counsel for Defendant-Intervenors*
*Rodney and Nicole Louis*

Respectfully submitted,


*/s/ Seth P. Waxman*

_____

Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE and
DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363


Dennis C. Hayes (Indiana Bar No. 7601-49)
(motion to be admitted *pro hac vice* to be filed)
General Counsel
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT
OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350


Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858


*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and Austin Branch of the NAACP*

Respectfully submitted,

*/s/ Laughlin McDonald*

_____

Moffatt Laughlin McDonald
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
(404) 523-2721

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
(202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU Foundation of Texas
1210 Rosewood Avenue
Austin, Texas 78702

*Counsel for Defendant-Intervenor*
*Nathaniel Lesane*

Respectfully submitted,

*/s/ Renea Hicks*

_____

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
rhicks@renea-hicks.com


*/s/ J. Gerald Hebert*

_____

J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676
jghebert@comcast.net

*Counsel for Defendant-Intervenor*
*Travis County, Texas*

Respectfully submitted,

*/s/ Elliot M. Mincberg*

_____
Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999
emincberg@pfaw.org

*Counsel for Defendant-Intervenor*
*People for the American Way*

Respectfully submitted,

*/s/ Jose Garza*

_____

Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)


Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78840
830-775-1535
830-768-0997 (fax)


*/s/ Michael T. Kirkpatrick*

_____

Michael T. Kirkpatrick (DC Bar No. 486293)
Brian Wolfman (DC Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors*
*Angie Garcia, Jovita Casarez, Ofelia Zapata*

### CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2006, I caused to be served a copy of the foregoing through the Court's ECF filing system to the following:

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Seth P. Waxman, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
seth.waxman@wilmerhale.com

Norman Jay Chachkin, Esq.
Debo P. Adegbile, Esq.
NAACP Legal Defense & Education Fund
99 Hudson Street, 16th Floor
New York, NY 10013
nchachkin@naacpldf.org
dadegbile@naacpldf.org

Kristen M. Clarke, Esq.
NAACP Legal Defense & Education Fund
1444 Eye Street, NW
Washington, DC 20005
kclarke@naacpldf.org

Joseph E. Sandler, Esq.
Sandler, Reiff & Young, P.C.
50 E Street, SE, Suite 300
Washington, DC 20003
sandler@sandlerreiff.com

Elliot M. Mincberg, Esq.
People For the American Way Foundation
2000 M Street, NW
Washington, DC 20036-3315
emincberg@pfaw.org

J. Gerald Hebert, Esq.
5019 Waple Lane
Alexandria, VA 22304
jghebert@comcast.net

Max Renae Hicks
1250 Norwood Tower
114 West 7th Street
Austin, TX 78801
rhicks@renea-hicks.com

Arthur B. Spitzer, Esq.
ACLU
1400 20th Street, NW, Suite 119
Washington, DC 20036
artspitzer@aol.com

Michael J. Kator, Esq.
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
mkator@katorparks.com

Michael T. Kirkpatrick, Esq.
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009-1001
mkirkpatrick@citizen.org

*/s/ T. Christian Herren Jr*

_____
T. CHRISTIAN HERREN JR