IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br><br>                Plaintiff,<br>     v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br><br>                Defendant,<br><br>RODNEY LOUIS, et al.<br><br>                Intervenors. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

**LOUIS INTERVENORS' MOTION TO JOIN ADDITIONAL PARTIES AS DEFENDANT INTERVENORS**

Defendant Intervenors Rodney and Nicole Louis, (collectively "Louis Intervenors"), by their undersigned counsel, and pursuant to Federal Rule of Civil Procedure ("Federal Rule") 21, and Section 1 of this Court's December 1, 2006 Scheduling Order, hereby submit this Motion to Join Additional Parties as Defendant Intervenors. The Motion seeks to join five additional persons as defendant intervenors: Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson and Marisa Richardson (collectively "additional parties"). The additional parties are African-American residents of the Northwest Austin Municipal Utility District Number One in Austin, Texas and are thus, similarly situated to Rodney Louis and Nicole Louis. The additional parties seek to join this action in order to adopt and assert the same defenses,

1

positions and arguments that, to date, have been set forth in the Louis Intervenors' pleadings.

The grounds for this motion, more fully described in the accompanying Statement of Points and Authorities, are set forth below:

1. Plaintiff brought this declaratory judgment action seeking to terminate the Northwest Austin Municipal Utility District's covered status or to "bailout" under Section 4(a) of the Voting Rights Act of 1965, as amended (VRA). In the alternative, Plaintiff's Complaint challenges the constitutionality of the Section 5 preclearance provision of the VRA.

2. The additional parties have filed this motion, along with supporting memorandum, in a timely manner. Section 1 of this Court's December 1, 2006 Scheduling Order states that motions to join additional parties shall be made by February 1, 2007. Moreover, this motion is filed at the threshold of the discovery period, which begun on December 18, 2006. The joinder of additional parties, at this early stage of the litigation, will not unduly delay or prejudice the adjudication of the rights of the original parties.

3. Federal Rule of Civil Procedure 20(a), which governs permissive joinder, provides that: "All persons… may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). Thus, parties are properly joined where there are (1) questions of law or fact common to all [defendants] that will arise in the action and (2)

where those questions "aris[e] out of the same transaction or occurrence, or series of transactions or occurrences.

    4. Joinder is appropriate here because the additional parties have an interest in the subject matter of this litigation that is consistent with that of the Louis Intervenors.  The additional parties, African-American residents of the Northwest Austin Municipal Utility District Number One, seek to adopt and advance the Louis Intervenors' defenses to those claims raised by Plaintiff in its Complaint and seek to address the very questions of fact and law that are implicated by that Complaint.  For these reasons, the prerequisites for joinder under Rule 20 are satisfied.

    5. Like the Louis Intervenors, the additional parties have a strong interest in ensuring that that the statutory provisions of the VRA that protect minority voting rights are vindicated following Congress' recent renewal of its temporary provisions.  These parties also have a substantial interest in mounting defenses that will help maintain the recently renewed Section 5 preclearance provision as a tool to help address Texas's well-documented and continuing history of voting discrimination against African American and other minority voters.   Indeed, this history of discrimination is far from dormant as the Supreme Court recently recognized in *LULAC v. Perry*, 548 U.S. 34 (2006)(noting that features of a challenged Texas state redistricting plan "bear[] the mark of intentional discrimination that could give rise to an equal protection violation" and recognizing persistent levels of racially polarized voting throughout state).

    6. The additional parties have direct and legally protectable interests in this action that mirror those of the Louis Intervenors.  They seek to raise defenses to the questions of law and fact that are raised by Plaintiff's claims.  Moreover, the interpretation and

application of the Section 4(a) bailout provision, and the constitutionality of Section 5 are questions of law and fact that benefit from the perspective of African-American voters who are members of a class of citizens that the VRA is designed to protect.

7. The additional parties' interest in this litigation is substantial. Like the Louis Intervenors, the additional parties' voting rights are directly implicated by the Plaintiff's request for relief.

8. If joined, the additional parties adopt the same defenses, positions and arguments advanced by Louis Intervenors in all of their pleadings to date including their Motion to Intervene, Statement of Points and Authorities in Support of Motion to Intervene, Answer and Local Rule 16.3 Report.

9. For the reasons outlined above, joinder of the additional parties here is appropriate pursuant to Fed. R. Civ. P. 20(a)(1). The additional parties aver that if their motion for permissive joinder is granted they, along with the Louis Intervenors, will (i) participate in the action in accordance with the terms set forth in this Court's December 1 Scheduling Order and abide by the rules governing the participation of the private intervenors; and will (ii) avoid delays or unnecessary duplication of effort as in accordance with Defendant-Intervenors' November 28, 2006, Local 16.3 Report and the Court's December 1, 2006, Scheduling Order.

10. Counsel for the Louis Intervenors have conferred with other parties in accordance with Local Civil Rule 7(m). As of the time of this filing, Defendant Attorney General Gonzales adopts the same position for purposes of this motion reflected in the Defendant's Combined Response to Motions to Intervene, October 30, 2006. In summary, Defendant does not oppose this Rule 20 motion to join additional parties on the

basis of Section 4(a) of the Voting Rights Act which creates a right of intervention in bailout cases for an "aggrieved party". Nor does Defendant oppose the joinder motion under Rule 24(b)(2) but opposes joinder under Rule 24(a)(2). Plaintiff's counsel has advised that he opposes this motion.

Respectfully submitted,

\_\_\_/s/\_Debo\_P.\_Adegbile_____
Debo P. Adegbile
Theodore Shaw
President and Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)

NAACP Legal Defense
   and Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

_____
Kristen M. Clarke
NAACP Legal Defense
   and Educational Fund, Inc.
1444 Eye St., N.W., 10th Fl.
Washington, D.C. 20005
(202) 682-1300

Attorneys for Louis Defendant-Intervenors

Dated: December 22, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2006, I caused to be served a copy of the Louis Defendant Intervenors' Motion to Join Additional Parties as Defendant Intervenors with supporting Statement of Points and Authorities, through the Court's ECF system:

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

John K. Tanner (D.C. Bar No. 318873)
Chief, Voting Section
H. Christopher Coates
Principal Deputy Chief
T. Christian Herren Jr.
Special Counsel
chris.herren@usdoj.gov
Sarah E. Harrington
sarah.harrington@usdoj.gov
Christy A. McCormick
christy.mccormick@usdoj.gov
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Phone: (800) 253-3931
Fax: (202) 307-3961

Nina Perales
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

Seth P. Waxman (D.C. Bar No. 257337)
seth.waxman@wilmerhale.com
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
Wilmer Cutler Pickering Hale and Dore LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes (Indiana Bar No. 7601-49)
National Association for the Advancement of Colored People, Inc.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

Laughlin McDonald
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
(404) 523-2721

Arthur B. Spitzer
American Civil Liberties Union

1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Michael J. Kator
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
(202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

Jeremy Wright
Kator, Parks & Weiser, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU Foundation of Texas
1210 Rosewood Avenue
Austin, Texas 78702

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
(512) 480-8231
fax: (512) 480-9105
rhicks@renea-hicks.com

J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676
jghebert@comcast.net

Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999
emincberg@pfaw.org

8

Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78840
830-775-1535
830-768-0997 (fax)

Michael T. Kirkpatrick (DC Bar No. 486293)
Brian Wolfman (DC Bar No. 427491)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org


*/s/ Debo P. Adegbile*
_____
Debo P. Adegbile
NAACP Legal Defense
    and Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br><br>                Plaintiff,<br>     v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br><br>                Defendant,<br><br>RODNEY LOUIS, et al.<br><br>                Intervenors. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF LOUIS INTERVENORS' MOTION TO JOIN ADDITIONAL PARTIES AS DEFENDANT INTERVENORS**

Defendant Intervenors Louis, et al., by its undersigned counsel and pursuant to Federal Rules of Civil Procedure ("Federal Rules") 15 and 21, and Section 1 of this Court's December 1, 2006 Scheduling Order, respectfully submit this memorandum in support of its Motion to Join Additional Parties. This Motion seeks to join five additional persons as defendant intervenors: Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson and Marisa Richardson ("additional parties"). These individuals, like Rodney Louis and Nicole Louis, are African-American residents of the Canyon Creek subdivision which lies within the Northwest Austin Municipal District Number One in Travis County, Texas.

This motion is filed at the threshold of fact discovery, scheduled to commence on December 18, 2006. Moreover, the Court's December 1, 2006 Scheduling Order requires that any motion to join additional parties and amend the pleadings be filed by February 1, 2007. Finally, no potentially dispositive motions have yet been submitted. For these reasons, this Motion is submitted in a timely manner.

## ARGUMENT

**The Additional Parties Should be Permitted to Join Pursuant to Federal Rule of Civil Procedure 20(a)**

Federal Rule of Civil Procedure 20(a), which governs permissive joinder, provides that:

> All persons… may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).

"The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits." *Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y.1999). Generally, the joinder of additional parties is a matter left to the sound discretion of the court. *American Directory Service Agency, Inc. v. Beam,* 1988 WL 33502, *3 (D.D.C. March 28, 1988).

This Court and others have liberally construed the requirements of Fed. R. Civ. P. 20(a), establishing a two-prong analysis of a motion for joinder. In order to satisfy the first prong of this equation, the claims must be logically related. *Moore v. New York Cotton Exchange,* 270 U.S. 593, 610 (1926). The logical relationship test is flexible

because "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 724 (1966). *See also Disparte v. Corporate Exec. Bd.,* 223 F.R.D. 7, 10 (D.D.C. 2004). As to the first prong of the Rule 20 test, the voting rights of the additional parties are directly implicated by the Plaintiff's claim, and thus the parties' interest is "logically related" and in fact, is identical to the interest of the Louis Intervenors.

The second prong requires that the parties' claim involve some question of law or fact common to all defendants. *See Disparte,* 223 F.R.D. 7, 11 (D.D.C. 2004) (articulating the necessity of a "common question of law or fact" for the joinder of parties); *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1334 (8th Cir.1974) (finding defendant's alleged racially discriminatory policy sufficient to show a common question of fact). Here, the Louis Intervenors and additional parties are similarly situated as African-American residents of the Northwest Austin Municipal Utility District Number One. Thus, the resolution of the Plaintiff's claim will naturally involve questions of law and fact that similarly impact the voting rights of the existing defendants and the additional parties thus, satisfying the condition required by the second prong of the test. In addition, the additional parties seek to advance the same defenses, arguments and positions with respect to core claims at issue in this suit concerning the appropriate application of the VRA's Section 4(a) bailout provision and the constitutionality of Section 5.

The movants aver that if this motion to join the suit is granted they, adopt all pleadings filed by the Louis Intervenors, including the terms set forth in the Defendant-

Intervenors' November 28, 2006, Local 16.3 Report and the Court's December 1, 2006, Scheduling Order.

WHEREFORE, Louis Intervenors respectfully request that their Motion to Join Additional Parties be granted.

Respectfully submitted,

\_\_\_/s/\_Debo\_P.\_Adegbile_____     _____
Debo P. Adegbile
Theodore Shaw                                      Kristen M. Clarke
President and Director-Counsel                     NAACP Legal Defense
Norman J. Chachkin (D.C. Bar No. 235283)           and Educational Fund, Inc.
NAACP Legal Defense                                1444 Eye St., N.W., 10th Fl.
and Educational Fund, Inc.                         Washington, D.C. 20005
99 Hudson Street, Suite 1600                       (202) 682-1300
New York, New York 10013
(212) 219-1900

                          Attorneys for Defendant-Intervenors

Dated: December 22, 2006.

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br><br>     Plaintiff,<br>  v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br><br>     Defendant,<br><br>RODNEY LOUIS, et al.<br><br>     Intervenors. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

## ORDER GRANTING LOUIS INTERVENORS' MOTION TO JOIN ADDITIONAL PARTIES

This matter is before the Court on the Louis Intervenors' Motion to Join Additional Parties as Defendant Intervenors. In particular, Louis Intervenors seek to join five additional persons as defendant intervenors: Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson and Marisa Richardson (collectively "additional parties"), pursuant to Federal Rule of Civil Procedure 21, and Section 1 of this Court's December 1, 2006 Scheduling Order. Having considered this Motion and other materials on file in the record, the Court in its discretion finds that just cause exists for the granting of such motion.

Accordingly, it is ORDERED, that the Louis Intervenors' Motion to Join Additional Parties as Defendant Intervenors is hereby GRANTED pursuant to Fed. R. Civ. P. 20.

_____

This _____ day of _____, 2006.