UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT, )<br><br>Plaintiff, )<br><br>v. )<br><br>ALBERTO GONZALES, )<br>Attorney General of the United States, et al., )<br><br>Defendants. ) | Civil Action No. 06-1384 (DST, PLF, EGS) |

ORDER

This matter is before the Court on defendants Rodney and Nicole Louis' motion to join additional parties as defendant-intervenors pursuant to Rule 21 of the Federal Rules of Civil Procedure. Defendants Nicole and Rodney Louis moved to intervene as defendants in this case on October 18, 2006. The Court granted their motion on November 9, 2006. The Louis defendants now seek to add five new defendants to this action -- Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson -- who are African-American residents of Northwest Austin Municipal Utility District 1 and are similarly situated to the Louis defendants.

The Louis defendants cite Rule 21 of the Federal Rules of Civil Procedure and this Court's December 1, 2006 Scheduling Order as the basis for this motion. See Motion at 1; Statement of Points and Authorities in Support of Motion at 10; Proposed Order at 14. The substance of their argument in support of granting this motion, however, is that the five named

persons should be permissively joined pursuant to Rule 20(a) of the Federal Rules of Civil Procedure.  <u>See</u> Mot. at 2, 3, 4;  Statement of Points and Authorities in Support of Motion at 11-12.  In addition, although the Louis defendants are purportedly the movants in the title of the motion and throughout the motion, at other points the proposed additional parties are referred to as the movants.  <u>See</u> Statement of Points and Authorities in Support of Motion at 12 ("The movants aver that if this motion to join the suit is granted they, adopt all pleadings filed by the Louis Intervenors . . .").  Finally, the motion's title and references throughout to the five proposed defendants as "defendant-intervenors" suggest that this motion also has some unarticulated basis in Rule 24, which provides for intervention and permissive intervention.  Such a motion, however, must be brought by the person seeking to become a party to the case, not an existing party.  In sum, the Louis defendants provide no articulable reason why these five non-parties should be joined pursuant to Rule 20 or 21, and are not the proper movants under Rule 24.

   The Court therefore will deny this motion in its discretion, as it sees no reason to join these five persons as defendants where they are not necessary to the action and have not themselves requested such joinder.  If Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson themselves move to intervene as defendants in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure or any other relevant Rule, the Court will consider such motion at that time.  Insofar as the Court's December 1, 2006 Scheduling Order sets a deadline for joinder of parties, it does so only for the parties currently part of this case, and does not apply to those non-party movants who may independently move to intervene.

Accordingly, it is hereby

ORDERED that the Rodney and Nicole Louis' motion to join additional parties as defendant-intervenors [63] is DENIED.

SO ORDERED.

_____/s/_____
DAVID S. TATEL
United States Circuit Judge

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

_____/s/_____
EMMET G. SULLIVAN

DATE: February 5, 2007                United States District Judge