**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

NORTHWEST AUSTIN MUNICIPAL UTILITY
DISTRICT NUMBER ONE,
401 W. 15th Street
Suite 850
Austin, Texas 78701,
   *Plaintiff*,

v.

ALBERTO GONZALES,
Attorney General of the United States,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530,
   *Defendant*.

Civil Action No. 1:06-CV-01384
(DST, PLF, EGS)

### PLAINTIFF'S MOTION TO STRIKE EXPERT DESIGNATION

   Plaintiff Northwest Austin Municipal Utility District No. 1 moves to strike the expert designation of Terry L. Musika pursuant to rule 37 because defendant-intervenors the Texas State Conference of NAACP Branches and Austin Branch of the NAACP failed to timely provide an expert report for Mr. Musika. That failure has prejudiced the district, which is unable to retain a rebuttal expert to respond to Mr. Musika, because he has never provided an expert report that would permit the district to retain a rebuttal expert, have that expert prepare a report, and disclose that report by this Friday, February 16, as required by the Court's scheduling order. D.52.

   In November, the Court requested the parties to prepare submissions regarding a proposed scheduling order. D.33 The district indicated to defendant and defendant-intervenors that it was not likely to designate expert witnesses but wanted to retain the right to designate rebuttal experts if defendant or defendant-intervenors chose to designate one or more expert witnesses.

Defendant and defendant-intervenors proposed an accelerated schedule that would tightly compress the time to designate experts and conduct both fact and expert discovery. D.48-3. That proposal intentionally required the designation and disclosures of expert witnesses before the conclusion of fact discovery. The district proposed additional time to allow both sides to evaluate the factual discovery and conduct a more measured expert designation and discovery process. D.48-2. With some slight modifications, the court adopted the scheduling process proposed by defendant and defendant-intervenors. D.52.

Having insisted upon an accelerated schedule, intervenor NAACP is unwilling to live by it. In mid-January, counsel for the NAACP contacted the undersigned to request that the district waive compliance with rule 26(a) to allow the NAACP to designate its expert witness without disclosure of an expert report because it would be difficult to prepare a report without having completed fact discovery. The district declined to waive the requirements of the rule.

The NAACP designated their expert on January 16, 2007, but did not disclose the information required by rule 26(a). Ex. A. Today, nearly a month later, and with the rebuttal expert designation deadline looming just days away, the NAACP still has not disclosed any opinion or other information required by rule 26(a). The district is unable to retain a rebuttal expert to respond to Mr. Musika because, even now, just days away from its own deadline, the district has no information about Mr. Musika's expert opinion or its relevance or impact on the issues raised in this case. As a result of the NAACP's failure to comply with the rules and the Court's scheduling order, it has become impossible for the district to comply with the rebuttal expert designation deadline contained in the Court's scheduling order.

The scheduling order's requirement that expert witnesses be disclosed prior to the conclusion of fact discovery is a product of intervenors' own proposal. They were the ones who insisted upon a tight discovery deadline that would require strict adherence to the deadlines set

out in the scheduling order.  More importantly, intervenors' failure to comply with the rules and the scheduling order has prejudiced the district by making it impossible for the district itself to retain an expert witness, analyze Mr. Musika's as-yet-nonexistent expert opinions, and prepare a rebuttal expert report that could then be disclosed by this Friday.

Under these circumstances, the sanction of exclusion is "automatic and mandatory." Rule 37(c)(1); *see Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996).

For these reasons, the district requests the Court to strike the expert designation of Mr. Musika, which is not in compliance with rule 26(a) or the Court's scheduling order.

### STATEMENT OF CONFERENCE

Counsel for the district has conferred with Paul Wolfson, counsel for defendant-intervenors the Texas State Conference of NAACP Branches and Austin Branch of the NAACP, the parties on whose behalf Mr. Musika was designated.  Mr. Wolfson has advised counsel for the district that those parties oppose this motion.

DATED:  February 13, 2007                    Respectfully submitted:

*/s/ Gregory S. Coleman*
Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
8911 Capital of Texas Hwy., Ste. 1350
Austin, Texas  78759
[Tel.] (512) 349-1930
[Fax] (512) 527-0798

*/s/ Erik S. Jaffe*
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008

[Tel.] (202) 237-8165
[Fax]  (202) 237-8166

*Attorneys for Plaintiff*
*Northwest Austin Municipal*
*Utility District No. One*

## CERTIFICATE OF SERVICE

I hereby certify that I served true copies of Plaintiff's Motion to Strike Expert Designation and the proposed Order granting the motion upon counsel for the parties indicated below through the Court's electronic filing system on February 13, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

*Counsel for Defendant*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland  21215

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
    EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas  78205

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York  10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Elliott M. Mincberg
emincberg@pfaw.org
David J. Becker
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C.  20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple Lane
Alexandria, Virginia  22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C.  20003

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
    FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C.  20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Max Renea Hicks
rhicks@renea-hicks.com
1250 Norwood Tower
114 West 7th Street
Austin, Texas  78701

*Counsel for Intervenor Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia  30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*

<div style="columns:2">

Lisa Graybill
Legal Director
courtfilings@aclu-nca.org
ACLU FOUNDATION OF TEXAS
1210 Rosewood Ave.
Austin, Texas 78702

*Counsel for Applicant Nathaniel Lesane*

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Jose Garza
jgarza@trla.org
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Michael T. Kilpatrick
mkirkpatrick@citizen.org
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Art Spitzer
artspitzer@aol.com
courtfilings@aclu-nca.org
Legal Director
ACLU OF THE NATIONAL CAPITAL AREA
1400 20th Street N.W., Suite 119
Washington, D.C. 20036

*Counsel for Applicant Nathaniel Lesane*

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Alpha Hernandez
ahernandez@trla.org
Eloy Padilla
epadilla@trla.org
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia,
Jovita Casarez and Ofelia Zapata*

</div>

*/s/ Christian J. Ward*
Christian J. Ward

7