IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br>Plaintiff,<br>v.<br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br>Defendant,<br><br>WINTHROP GRAHAM, et al.<br>Applicants for Intervention. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

## MOTION OF WINTHROP GRAHAM, YVONNE GRAHAM, WENDY RICHARDSON, JAMAL RICHARDSON AND MARISA RICHARDSON TO INTERVENE AS DEFENDANTS

Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson and Marisa Richardson (collectively "Proposed Defendant Intervenors"), by their undersigned counsel, hereby submit this motion, the accompanying statement of Points and Authorities, and Answer in accordance with Local Civil Rule 7(j), to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(1) and Section 4(a)(4) of the Voting Rights Act of 1965 (VRA or Act), 42 U.S.C. §1973b(a)(4). In the alternative, Proposed Defendant Intervenors seek permissive intervention pursuant to Fed. R. Civ. P. 24(b). Proposed Defendant Intervenors seek to intervene as Defendants in this action in order to assert defenses set forth in their proposed Answer, a copy of which is hereto attached.

Proposed Defendant Intervenors are similarly situated to the Louis Defendant Intervenors, are represented by the same counsel, and aver that if intervention is granted

1

they will, among other things: (i) participate in the action on the schedule which has been established for the existing parties; (ii) avoid delays or unnecessary duplication of effort in areas satisfactorily addressed and represented by the existing Defendant, to the extent possible; (iii) coordinate any pretrial and trial proceedings with the existing Defendant and existing Defendant-Intervenors, to the extent possible; (iv) abide by those terms set forth in existing Defendant-Intervenors' Local 16.3 Report; and (v) work with Plaintiff's counsel to be available for depositions on a schedule that is convenient.

These Proposed Defendant Intervenors are African-American residents of the Northwest Austin Municipal Utility District Number One located in Travis County, Texas.

The grounds for this motion, more fully described in the accompanying Statement of Points and Authorities, are set forth below:

1. Plaintiff brought this declaratory judgment action seeking to terminate the Northwest Austin Municipal Utility District's covered status or to "bailout" under Section 4(a) of the Voting Rights Act. In the alternative, Plaintiff's Complaint challenges the constitutionality of the Section 5 preclearance provision of the VRA.

2. After Defendant Gonzales filed an answer, a number of individuals, organizations, and Travis County filed requests to intervene as defendants, which this Court granted. *See, e.g., Northwest Austin Municipal Utility District Number One v. Gonzales*, No. 06-01384 (D.D.C. Nov. 9, 2006) (order granting motions to intervene of, *inter alia*, Rodney and Nicole Louis). On December 22, 2006, the Louis Intervenors moved to join the Proposed Defendant Intervenors. On February 5, 2007, the Court denied this joinder motion, stating that, if Proposed Defendant Intervenors "themselves

2

move to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure or any other relevant Rule, the Court will consider such motion at that time." *Northwest Austin Municipal Utility District Number One v. Gonzales*, No. 06-01384, at 2 (D.D.C. Feb. 5, 2007).

3. On February 1, 2007, Plaintiff moved to file an amended complaint.[1] Written discovery in this action has commenced, but no deposition has yet been taken.

4. The Voting Rights Act grants aggrieved parties the statutory right to intervene, "*at any stage*," in all matters arising under the Section 4(a) bailout provision. 42 U.S.C. § 1973b(a)(4) (emphasis added). Here, Proposed Defendant Intervenors have interests that are clearly implicated by the claims raised in Plaintiff's Complaint and are thus entitled to exercise this statutory right of intervention.

5. Proposed Defendant Intervenors have filed this motion to intervene, along with supporting briefs and pleadings, in a timely manner.

6. Intervention by Proposed Defendant Intervenors, at this stage of the litigation, will not unduly delay or prejudice the adjudication of the rights of the original parties inasmuch as they are aligned with the Louis Defendant Intervenors, are represented by the same counsel, and take the same position with respect to the issues presented in this litigation as the Louis Defendant Intervenors. These circumstances support a finding of timeliness.

7. Proposed Defendant Intervenors have an interest in the subject matter of this litigation that supports their intervention. So long as Plaintiff Utility District is subject to Section 5 preclearance, Proposed Defendant Intervenors have an assurance that any

---

[1] Because the Court has not yet acted on Plaintiff's motion, the attached Statement of Points and Authorities cites the Plaintiff's initial Complaint.

3

changes that Plaintiff may propose affecting voting must take account of the possible impact upon voters from the classes protected by the VRA, and must be reviewed by this Court or the Attorney General to assure that such changes will not have a negative impact upon such voters, including Proposed Intervenors. Moreover, so long as Plaintiff Utility District is subject to Section 5 preclearance, Proposed Defendant Intervenors may also obtain judicial relief from a federal district court in Texas to prevent the implementation of any changes affecting voting that have not been submitted for preclearance and been approved either by the Attorney General or this Court. However, if Plaintiff is not subject to Section 5 preclearance, then Proposed Defendant Intervenors and others similarly situated within the Northwest Austin Municipal Utility District Number One must bear the burden of bringing litigation on their own to protect themselves from measures that may negatively impact them.

8. Proposed Defendant Intervenors also have a strong interest in ensuring that that the statutory provisions of the VRA that protect minority voting rights are vindicated following Congress' recent renewal of its temporary provisions. In particular, Proposed Defendant Intervenors have an interest in ensuring that the bailout process is construed in a manner that promotes the system of deterrence and incentives that Congress initially established in 1965 and has repeatedly reaffirmed.

9. Proposed Defendant Intervenors have direct and legally protectable interests in this action. The questions of interpretation and application of the Section 4(a) bailout provision, and whether Section 5 withstands a constitutional challenge are questions of law and fact that would benefit from the perspective of African-American residents of the

Northwest Austin Municipal Utility District Number One as they are members of a class of citizens that the VRA is designed to protect.

10. Furthermore, Plaintiff's constitutional claims would, if successful, cause harm to Proposed Defendant Intervenors' federally protected voting rights, and to similarly situated minority voters elsewhere in Texas. Proposed Defendant Intervenors have a substantial interest in maintaining the recently renewed Section 5 preclearance provision to address Texas's well-documented and continuing history of voting discrimination against African-American and other minority voters.

11. Indeed, this history of discrimination is far from dormant as the Supreme Court recently noted in *LULAC v. Perry,* 548 U.S. 34 (2006) (observing that features of a challenged Texas state redistricting plan "bear[] the mark of intentional discrimination that could give rise to an equal protection violation" and recognizing persistent levels of racially polarized voting throughout state).

12. Accordingly, just last term the United States Supreme Court recognized that the VRA remains an important and effective tool in safeguarding minority voters in Texas against continuing and new threats in *LULAC v. Perry. Id.*

13. The disposition of this case, therefore, may impair Proposed Defendant Intervenors' interests in ensuring the appropriate interpretation and application of the VRA's Section 4(a) bailout provision, including but not limited to the statutory rationale for permitting only governmental entities which bear responsibility for voter registration to bailout out from coverage after satisfying certain prerequisites.

14. This Court and others have recognized the significant impact of voting rights cases on the exercise of fundamental rights, and routinely grant intervention to minority

voters in such cases, including declaratory judgment actions, among other matters. *See, e.g., Georgia v. Ashcroft*, 539 U.S. 461 (2003) (upholding D.C. District Court's grant of private parties' motion to intervene on grounds that intervenors' interests were not adequately represented by the existing parties); *Louisiana House of Representatives v. Ashcroft et. al*, Civ. No. 02-62 (D.D.C. June 6, 2002) (granting coalition of African-American and other voters' motion to intervene in a Section 5 declaratory judgment action seeking preclearance of redistricting plan where constitutional claims were asserted and voters were represented by the NAACP Legal Defense and Educational Fund, Inc.); *Bossier Parish Sch. Bd. v. Reno*, 907 F. Supp 434 (D.D.C. 1994) (making extensive reference to arguments presented by Defendant Intervenors, African-American voters, in Section 5 declaratory judgment action); *Busbee v. Smith*, 549 F. Supp. 494 (D.D.C. 1982) (recognizing arguments presented by Intervenors, African-American voters, in Section 5 declaratory judgment action), *aff'd* 459 U.S. 1166 (1983).

15. Like the Louis Defendant Intervenors, Proposed Defendant Intervenors' interests may not be adequately represented by Defendant Attorney General Gonzales in light of the nature of the Complaint in this action. Defendant Attorney General Gonzales is bound by institutional constraints that are likely to shape his litigation strategy, including the type of evidence presented or arguments proffered. Indeed, it is well-settled that government entities often cannot adequately represent the interests of private parties. *See, e.g., Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (private party seeking to protect its financial interest allowed to intervene despite presence of government which represented general public interest); *accord Natural Resources Defense Council, Inc. v. United States Environmental Protection Agency*, 99 F.R.D. 607,

610 n.5 (D.D.C. 1983) (pesticide manufacturers allowed to intervene because even though both EPA and intervenors wanted to uphold regulations, their interest cannot always be expected to coincide -- recognizing that "EPA represents the public interest not solely that of the . . . industry").

16. While the President pledged that the United States would defend the renewed VRA in court during the signing of the bill on July 27, 2006, there have been a number of circumstances in which the United States has shifted and/or reversed its position in cases that lie at the nexus between civil rights issues and constitutional law. The issues which may be litigated in this case implicate the legal validity of what is widely regarded as the nation's most effective civil rights statute, and its adjudication should be shielded from any potential vacillations that could undermine the thorough presentation of complex legal questions. More than 40 years of experience teaches that the interests of minority voters in the enforcement of the VRA transcend considerations of partisanship and periodic changes in administrations.

17. Accordingly, Defendant Attorney General Gonzales does not have the same stake in this matter as African-American or other minority voters who, both historically and more recently, have experienced voting discrimination that has impaired their ability to participate fully and equally in Texas's political process.

18. The NAACP Legal Defense and Educational Fund, Inc., counsel for the Proposed Defendant Intervenors, has substantial experience in VRA litigation generally including, but not limited to, constitutional challenges to the VRA, Section 5 declaratory judgment actions before three-judge panels in this jurisdiction, and with respect to the circumstances that led both to the initial Congressional enactment and subsequent

7

renewals of the VRA. This experience would aid counsel in its representation of its clients, and very likely the Court in the adjudication of the issues presented in this case.

19. Intervention here is appropriate as of right pursuant to Fed. R. Civ. P. 24(a)(1) and Section 4(a)(4) of the VRA, 42 U.S.C. §1973b(a)(4). In the alternative, intervention may also be granted permissively pursuant to Fed. R. Civ. P. 24(b).

20. Counsel for the Proposed Defendant Intervenors have conferred with counsel for the parties in accordance with Local Civil Rule 7(m). Defendant Attorney General Gonzales does not oppose this intervention motion on the grounds asserted herein. Plaintiff's counsel has advised that he opposes this motion. All existing private and governmental Defendant-Intervenors have indicated that they do not oppose this motion.

WHEREFORE, Proposed Intervenors respectfully request that this Motion to Intervene as Defendants be granted.

Respectfully submitted,

/s/ Debo P. Adegbile
_____
Director-Counsel Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin (D.C. Bar No.235283)
Debo P. Adegbile
NAACP Legal Defense and
   Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke
NAACP Legal Defense and
   Educational Fund, Inc.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

8

                                                Danielle C. Gray
Four Times Square
New York, NY 10036-6522

Samuel Spital
Holland & Knight
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

Attorneys for Proposed Defendant-Intervenors

Dated: February 14, 2007

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2007, I caused to be served a copy of the Motion to Intervene as Defendants and supporting Statement of Points and Authorities of Winthrop Graham, *et al.* through the ECF filing system:

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

*Counsel for Plaintiff Northwest Austin Utility District Number One*

T. Christian Herren Jr.
Special Counsel
chris.herren@usdoj.gov
Sarah E. Harrington
sarah.harrington@usdoj.gov
Christy A. McCormick
christy.mccormick@usdoj.gov
Suzanne Stafford
suzanne.Stafford@usdoj.gov
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Tel: (800) 253-3931
Fax: (202) 307-3961

*Counsel for the Defendant*

Nina Perales
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
Tel: (210) 224-5476
Fax: (210) 224-5382
nperales@maldef.org

Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Intervenors-Defendants*
*Lisa and Gabriel Diaz*

Seth P. Waxman (D.C. Bar No. 257337)
seth.waxman@wilmerhale.com
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
Michael J. Gottlieb
Wilmer Cutler Pickering Hale and Dore LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dennis C. Hayes
National Association for the Advancement of Colored People, Inc.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Tel: 202-662-8600
Fax: 202-628-2858

*Counsel for Intervenors-Defendants Texas State*
*Conference of NAACP and Austin Branch of the NAACP*

Laughlin McDonald
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
Tel: (404) 523-2721

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
Tel: (202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Michael J. Kator
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
Tel: (202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

*Counsel for Applicant Nathaniel Lesane*

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Tel: (512) 480-8231
Fax: (512) 480-9105
rhicks@renea-hicks.com

J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
Tel: (703) 567-5873
Fax: (703) 567-5876
DC Bar No. 447676
jghebert@comcast.net

*Counsel for Intervenor-Defendant*
*Travis County*

Elliot M. Mincberg
emincberg@pfaw.org
David J. Becker (D.C. Bar No. 496318)
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999

*Counsel for Intervenor-Defendant*
*People for the American Way*

Jose Garza
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez, and Ofelia Zapata*

/s/ Debo P. Adegbile

_____
Debo P. Adegbile
NAACP Legal Defense
    and Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200