# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTHWEST     AUSTIN     MUNICIPAL
UTILITY DISTRICT NUMBER ONE,

     Plaintiff,

  v.

ALBERTO GONZALES, Attorney General of
the United States, et al.,

     Defendants.

Civil Action No. 1:06-CV-01384
(DST, PLF, EGS)

**DEFENDANT-INTERVENORS TEXAS STATE CONFERENCE
OF NAACP BRANCHES AND AUSTIN BRANCH OF THE NAACP'S
DISCLOSURE OF EXPERT TESTIMONY OF TERRY L. MUSIKA**

Pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, Local Rule

26, and the Court's Scheduling Order of December 1, 2006 [Dkt. No. 52], Private

Defendant-Intervenors Texas State Conference of NAACP Branches and Austin Branch

of the NAACP ("NAACP Defendants") make the following disclosures concerning the

expert opinion testimony to be provided by Terry L. Musika.[1]  Mr. Musika is the CEO of

Invotex Group, which has offices in Baltimore, Maryland, and Washington, D.C.

Plaintiff Northwest Austin Municipal Utility District Number 1 ("the District")

relies in its Complaint on the allegedly excessive burden to the District caused by

compliance with Section 5.  *See, e.g.,* Complaint [Dkt. No. 1] at ¶ 7 ("The District . . .

does not believe that continued submission to the burdensome and costly preclearance

---

[1] Mr. Musika is being proffered as an expert solely by, and on behalf of, the NAACP
Defendants.  The NAACP Defendants have coordinated their retainer of Mr. Musika as
an expert with the other Private Defendant-Intervenors to ensure that any testimony
offered by Mr. Musika will not duplicate other testimony that may be offered.  *See*
Defendants' Report in Response to the Court's Orders of November 16-17 [Dkt. No. 49].

provisions is either necessary or constitutionally proper"); *see also id.* ¶¶ 12, 13, 20, &
25. Mr. Musika—a CPA with 32 years of business experience and experience testifying
in forty different federal district courts—will provide expert testimony on the absolute
financial burdens on the MUD of complying with Section 5, and also on the financial
burdens of compliance relative to the MUD's total financial obligations.

This expert testimony will be based on Mr. Musika's review of data produced by
the District in discovery, principally the District's responses to the Document Requests
and Interrogatories served on the District by counsel for the NAACP Defendants on
December 29, 2006. The data will include annualized information produced in discovery
by Northwest Austin MUD for the period since its inception, including to the extent
available:

- Annual financial statements;
- Statement of Net Assets;
- Statement of Revenues, Expenses, and Changes in Net Assets;
- Statement of Cash Flows;
- Notes to Financial Statements;
- All Supplementary Information (e.g., budgetary comparison schedules);
- Demographic data;
- Total number of residents by year since inception of MUD;
- Total number of registered voters by year since inception of MUD; and
- Total number of actual voters per election since inception of MUD.

Based on the District's discovery responses, Mr. Musika will prepare an expert
report, which NAACP Defendants will provide to the District sufficiently in advance of
the April 9, 2007 date for the close of expert discovery to review and conduct a
deposition of Mr. Musika should the District elect to do so. The NAACP Defendants

anticipate that Mr. Musika will be compensated for his work at $450 per hour, and that he may be assisted by others at Invotex Group under his supervision, whose compensation may vary from $90-$300 per hour.  Attached hereto as Exhibits are Mr. Musika's *curriculum vitae* (Exhibit A) and a list of litigation matters since 2002 (Exhibit B).

*/s/ Seth P. Waxman*
Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Michael J. Gottlieb (appearing *pro hac vice*)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE
        and DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes (appearing *pro hac vice*)
General Counsel
NATIONAL ASSOCIATION FOR THE
        ADVANCEMENT OF COLORED
        PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS UNDER LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and*
*Austin Branch of the NAACP*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2007, a copy of the foregoing

DEFENDANT-INTERVENORS TEXAS STATE CONFERENCE OF NAACP

BRANCHES AND AUSTIN BRANCH OF THE NAACP'S DISCLOSURE OF

EXPERT TESTIMONY OF TERRY L. MUSIKA was served in pdf format by electronic

mail and by first class mail, postage prepaid, to the following counsel of record:

Debo Patrick Adegbile
NAACP Legal Defense and
Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, NY 10013
dadegbile@naacpldf.org

Kristen M. Clarke
NAACP Legal Defense and
Educational Fund, Inc.
1444 Eye Street, NW
Washington, D.C. 20005
kclarke@naacpldf.org

Joseph E. Sandler
SANDLER, REIFF & YOUNG, P.C.
50 E Street, SE
Suite 300
Washington, DC 20003
sandler@sandlerreiff.com

Elliot M. Mincberg
David J. Becker
PEOPLE FOR THE AMERICAN
  WAY FOUNDATION
2000 M Street, NW
Washington, DC 20036-3315
emincberg@pfaw.org

J. Gerald Hebert
5019 Waple Lane
Alexandria, VA 22304
JGHEBERT@COMCAST.NET

Max Renae Hicks
1250 Norwood Tower
114 West 7th Street
Austin, TX 78801
rhicks@renea-hicks.com

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES
UNION
1400 20th Street, NW
Suite 119
Washington, DC 20036
artspitzer@aol.com

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW
#350
Washington, DC 20036-6101
mkator@katorparks.com

5

Moffatt Laughlin McDonald
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
lmcdonald@aclu.org

Michael T. Kirkpatrick
PUBLIC CITIZEN LITIGATION
GROUP
1600 20th Street, NW
Washington, DC 20009-1001
mkirkpatrick@citizen.org

T. Christian Herren, Jr.
Special Counsel
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
chris.herren@usdoj.gov

Adam P. Strochak
Weil, Gotshal & Manges LLP
1300 Eye Street, NW
Washington, D.C. 20005
adam.strochak@weil.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com

Erik Scott Jaffe
ERIK S. JAFFE, P.C.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Nina Perales
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

Jose Garza
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

_/s/ Daniel A. Zibel_____
Daniel A. Zibel



EXHIBIT A

# Terry L. Musika, CPA, MPA

Terry L. Musika
CEO

Invotex Group
1637 Thames Street
Baltimore, Maryland 21231
Tel  410 824-0145
Fax 410 752-7227

tmusika@invotexgroup.com

**Education and professional**

- BS, 1970, Indiana University
- Master of Public Affairs in Public Finance, 1974, Indiana University Graduate School of Public and Environmental Affairs
- Certified Public Accountant (CPA), licensed in MD

**Employment**

- Invotex Group
- Maryland First Financial Services Corp. and Intellectual Property Management & Finance, LLC
- Navigant Consulting, Inc.
- PENTA Advisory Services, LLC
- C.W. Amos & Company, LLC
- Maryland First Financial Services Corp.
- Coopers & Lybrand
- Peat Marwick & Mitchell

**Professional associations**

- American Institute of Certified Public Accountants
- Association of Insolvency and Restructuring Advisors
- Association of University Technology Managers
- Maryland Association of Certified Public Accountants
- Licensing Executives Society
- Intellectual Property Owners' Damages Committee
- Maryland Court-Appointed Special Advocate
- Health Technology Assessment International

## Current Position

Mr. Musika is the current Chief Executive Officer of Invotex Group which was formed by the merger of Maryland First Financial Services Corp. ("MFFS") and Intellectual Property Management & Finance, LLC ("IPM&F").  As CEO, Mr. Musika has overall responsibility for the management and strategic direction of the firm.  In addition to his duties as CEO, Mr. Musika serves a broad range of client engagements involving matters of accounting, finance, valuation and general business planning and restructuring.

## Professional Experience

Mr. Musika has served the accounting profession in a variety of roles and responsibilities for over 30 years.  His experience includes every level of the accounting and auditing profession from staff level auditor to National Audit Partner in one of the world's largest international accounting firms.  Mr. Musika's experience includes 15 years as an auditor and consultant in a wide range of industries for two international accounting firms and one regional accounting firm.  Mr. Musika's prior "Big 4" public accounting background includes five years with Peat, Marwick and Mitchell (predecessor of KPMG) as auditor and consultant and seven years with Coopers & Lybrand (predecessor of PricewaterhouseCoopers) as a national research consultant, audit partner and Partner-In-Charge of the Firm's Baltimore Business Investigative Services Practice.  Mr. Musika's audit and consulting experience includes both private and public companies from various industries and numerous governmental entities.  Mr. Musika also established and served as the Member-in-Charge of the consulting practice for C.W. Amos & Company, a regional accounting firm.

## Federal And State Court Appointments

Mr. Musika has been appointed by both Federal and State Court Judges on numerous occasions to provide the court systems with a range of trustee duties and services.  Mr. Musika has served the Federal Court system as a Court Appointed Chapter 11 Operating Trustee, Liquidating Chapter 7 Trustee, Operating Chapter 7 Trustee, Examiner, Liquidating and Paying Agent.  Mr. Musika has served the state court system as Receiver, Special Master and Court Appointed Special Advocate.  Mr. Musika also served as a member of the Panel of Chapter 7 Trustees for the U.S. Trustee in Maryland for eight years.

Terry L. Musika, CPA, MPA                                                   Page 2

### Business Founder, Owner And Operator

Mr. Musika has formed, owned and operated four separate companies. Mr. Musika founded both MFFS and IPM&F, which were recently combined and now operate as Invotex Group. Previously, Mr. Musika owned and operated Central Data Technologies, a proprietary database company that maintained a private database of financial information and regional economic data on Chapter 11 bankruptcies. Mr. Musika also founded and served as President and CEO of PENTA Advisory Services ("PENTA"), a national financial and economic consulting firm. Mr. Musika began PENTA as the first employee and eventually built the company into 125 accounting, economic and legal professionals with offices in Washington DC, Baltimore, Richmond, Wilmington, New York and Atlanta.     Mr. Musika eventually sold PENTA to Navigant Consulting, Inc.

### Expert Testimony

During the past 32 years Mr. Musika has provided expert testimony in over 150 separate proceedings before 39 different Federal District Courts throughout the U.S., eight separate state courts, numerous proceedings before the U.S. Court of Federal Claims, four separate U.S. Bankruptcy Courts, numerous arbitration matters and the United States International Trade Commission.     Mr. Musika's intellectual property experience encompasses patent, trademark, trade secret and copyright matters.  He has performed numerous damage analyses including both reasonable royalty and lost profit calculations.   Mr. Musika's antitrust damage opinion and expert qualifications were recently cited in a published opinion by The United States Court of Appeals for the Third Circuit.

### Papers, Publications, And Presentations

- "IP Valuation," November 16, 2004, presentation to the UMBC Technology Center (with Debora R. Stewart, CPA).

- "Strategic Valuation Issues Related to the Sale and Purchase of IP Out of Bankruptcy," September 18, 2003, presentation to the BioAlliance Network of the Tech Council of Maryland (with Charles R. Goldstein, CPA).

- "Tax Implications of Intellectual Asset Management," March 12, 2002, Kilpatrick Stockton LLP's <u>IP Masters Teleconference Series</u> (with John K. Lyons, CPA).

- "Valuation of Intellectual Property," May 22, 2001, presentation at the Licensing Intellectual Property Conference of the American Conference Institute.

- "Don't Shoot the Messenger!  A Response to the Bankruptcy

Terry L. Musika, CPA, MPA                                                                          Page 3

Information on the Internet Debate," <u>Bankruptcy Court Decisions Weekly News & Comment</u>, September 15, 1998.

- "Creating A Company to Capitalize on Your Technology," January 14, 1998, presentation to the Washington, DC Chapter of the Licensing Executives Society.

- "How Creditors Can Use Regional Bankruptcy Data," <u>Business Credit</u>, October 1997. (with Charles R. Goldstein, CPA).

- "Valuation of Intellectual Properties – Case Studies," 1997, Licensing Executives Society (LES) Annual Meeting.

- "Approaches to Prejudgment Interest Awards Vary by Court," <u>Legal Times Special Report on Intellectual Property</u>, April 7, 1997 (with Gregory E. Smith, CPA).

- "Valuation of Intellectual Property Assets," 1996, presentation to the Greater Richmond Intellectual Property Law Association (GRIPLA).

- "Prejudgment Interest in Patent Damage Decisions, A Quantitative Analysis," <u>ALI-ABA Trial of A Patent Case Study Materials</u>, September 1995.

- "Trial of A Patent Case," 1993-1995, faculty member and presenter for the American Law Institute — American Bar Association (ALI-ABA), sponsored with the cooperation of the Intellectual Property Law Association of Chicago.

- "Implementing SOP 90-7 for Bookkeeping and Financial Reporting of Companies in Chapter 11." <u>The Journal of Professional Bookkeeping and Management</u>, May 1992 (with Jalal Soroosh, Ph.D.).

- "Financial Reporting Under Chapter 11," <u>The CPA Journal</u>, December 1991.

- "AICPA's Statement of Position on 'Financial Reporting By Entities in Reorganization Under Bankruptcy Code'" <u>NABTALK</u> 1991, pp. 15-20.

- "Montgomery's Auditing - Tenth Edition," 1985 (contributing author).



EXHIBIT B

TERRY L. MUSIKA, CPA, MPA
TESTIMONY, AFFIDAVITS AND EXPERT REPORTS
2002 - PRESENT

**Litigation Cases**

- Expert Report in Elite Logistics Services, Inc., Elite Logistics, Inc., and Harold Pace, II v. ATX Technologies, Inc., and Bobby Ford, Inc., Civil Action No. G-22-866, U.S. District Court for the Southern District of Texas (Galveston Division) (report filed in 2006).

- Deposition Testimony and Expert Reports in United States of America, Ex. rel. Richard F. Miller v. Philipp Holzmann A.G., et al., Case No. 1:95-cv-01231, U.S. District Court for the District of Columbia (deposition testimony given and reports filed in 2006).

- Deposition Testimony and Expert Reports in G. David Jang, M.D. v. Boston Scientific Corporation; Scimed Life Systems, Inc., Case No. EDCV 05-00426 VAP (CTx), U.S. District Court for the Central District of California (Eastern Division – Riverside) (deposition testimony given and reports filed in 2006).

- Expert Reports in Brighton Pharmaceuticals, Inc. v. Atley Pharmaceuticals, Inc., Civil Action No. 3:06CV301, U.S. District Court for the Eastern District of Virginia (reports filed in 2006).

- Expert Report in TRPB LLC v. Seacoast Capital Partners II, L.P. and Patriot Capital, L.P., Chancery No. 193095, Circuit Court for Fairfax County, Virginia (report filed in 2006).

- Deposition Testimony and Expert Reports in Rasterex Holdings, LLC v. Research in Motion, Ltd., Arizan Corporation, Darrell Knight, and Olav A. Sylthe, Case No. 2003-cv-76785, Superior Court of Fulton County, State of Georgia (deposition testimony given and reports filed in 2006).

- Deposition Testimony and Expert Report in Telcordia Technologies, Inc. v. CISCO Systems, Inc., Case No. 04-876-GMS, U.S. District Court for Delaware (Wilmington) (deposition testimony given and report filed in 2006).

- Arbitration Testimony and Expert Reports in the arbitration between Syngenta Crop Protection, Inc. (Claimant) and Oxon Italia, S.p.A. and Sipcam Agro USA, Inc. (Respondents), Docket No. AAA 16 171 00180 05 before the American Arbitration Association (arbitration testimony and reports filed in 2006).

- Trial and Deposition Testimony and Expert Report in Talisman Capital Talon Fund, Ltd. v. Rudolf W. Gunnerman and SulphCo, Inc., Case No. 3:05-cv-00354-BES-RAM, U.S. District Court for the District of Nevada (Reno) and EcoEnergy Systems, Inc. v. Rudolf W. Gunnerman, Peter Gunnerman, SulphCo, Inc., RWG, Inc. and DOES I-X, Case No. CV-05-01346, Dept. 9, in the Second Judicial District Court of the State of Nevada in and for the County of Washoe (trial and deposition testimony given and report filed in 2006).

- Deposition Testimony and Expert Report in Charles Schwab & Co., Inc. v. Brian D. Carter, et al., Case No. 1:04-cv-07071, U.S. District Court for the Northern District of Illinois (Eastern Division) (deposition testimony given and report filed in 2006).

- Arbitration Testimony and Expert Testimony Statement in Makhteshim Agan of North America, Inc. in an arbitration against BASF Corporation (arbitration testimony given and statement filed in 2006).

- Expert Reports in Wilmington Trust Company, et al. v. Michael L. Strauss, Index No. 601192/03, State Supreme Court of New York (reports filed in 2005 and 2006).

- Deposition Testimony and Expert Reports in Warrior Lacrosse, Inc. v. STX LLC, Inc., Case No. 2:04-cv-70363-JAC-WC, U.S. District Court for the Eastern District of Michigan (Detroit) (deposition testimony given and reports filed in 2005).

- Expert Reports in Joseph Farda and Ann C. Farda, Farda Outlets, LLC, Farda Realty Associates, LP v. Chelsea Property Group, Inc., CPG Partners, LP and William G. Reddinger, Case No. 000926, Philadelphia County Court of Common Pleas, Trial Division (reports filed in 2005 and 2006).

- Expert Report in Maden Tech Consulting, Inc. v. Pappas et al., Case No. 1:05-cv-00777-CMH-TCB, U.S. District Court for the Eastern District of Virginia (Alexandria) (report filed in 2005).

- Deposition Testimony and Expert Report in Windy City v. America Online, Inc., Case No. 1:04-cv-04240, U.S. District Court for the Northern District of Illinois (Chicago) (deposition testimony given and report filed in 2005).

- Deposition Testimony and Expert Reports in MedPointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc. dba Health Care Products, Case No. 3:03-cv-05550-MLC-JJH, U.S. District Court for the District of New Jersey (Trenton) (deposition testimony given in 2006; reports filed in 2005 and 2006).

- Expert Report in Ole K. Nilssen and Geo Foundation, Ltd. v. Universal Lighting Technologies, Inc., Case No. 3:04-cv-00080, U.S. District Court for the Middle District of Tennessee (Nashville) (report filed in 2005).

- Deposition Testimony and Expert Reports in Steri-Lube Intl. Ltd., et al. v. Western Phase Change, et al., Case No. 99-CV-127, U.S. District Court for the District of Arizona (Phoenix) (deposition testimony given and reports filed in 2005).

- Expert Report in Joseph A. Robinson and Motorworks, Inc. and AR22, Inc. v. Berwind Financial, LP and Berwind Securities Corp., Case No. 000220, Philadelphia County Court of Common Pleas (report filed in 2005).

- Expert Report in Chase Mortgage Corp. v. Advanta Corp., Case No. 1:04-cv-00113-KAJ, U.S. District Court of Delaware (Wilmington) (report filed in 2005).

- Deposition Testimony and Expert Report in Kaiser Tool Company, Inc. v. Thomas K. Weaver, Circle Machine Company and Kennametal, Inc., Cause No. 02D01-0210-PL-498, Circuit and Superior Courts, 38th Judicial Court, Allen County, Indiana (deposition testimony given and report filed in 2005).

- Deposition Testimony and Expert Report in Mangosoft, Inc., et al. v. Oracle Corporation, Case No. 1:02-cv-00545-SM, U.S. District Court for the District of New Hampshire (Concord) (deposition testimony given and report filed in 2005).

- Deposition Testimony and Expert Reports in Softcard Systems v. Target Corporation, et al., Case No. 1:03-cv-03585-ODE, U.S. District Court for the Northern District of Georgia (Atlanta) (deposition testimony given and reports filed in 2005).

- Deposition Testimony and Expert Reports in C. Graham Berwind, Jr. v. Royal Van Lent Shipyard B.V., Case No. 2:03-cv-03576-RB, U.S. District Court for the Eastern District of Pennsylvania (Philadelphia) (deposition testimony given and reports filed in 2005).

- Deposition Testimony, Declaration and Expert Report in Solvay Pharmaceuticals, Inc. v. Global Pharmaceuticals and Impax Laboratories, Inc., Case No. 03-2854 DWF/SRN, U.S. District Court for the District of Minnesota (declaration filed in 2006; deposition testimony given and report filed in 2005).

- Deposition Testimony and Expert Report in MMI Products, Inc. v. Long et al., Case No. 1:03-cv-02711-PJM, U.S. District Court for the District of Maryland (Baltimore) (deposition testimony given and report filed in 2005).

- Arbitration and Deposition Testimony and Expert Report in the Matter of the Arbitration between TurboChef Technologies, Inc. and Maytag Corporation, No. 71 133 00185 02 (arbitration and deposition testimony given and report filed in 2005).

- Expert Report in Melea Ltd. et al v. Alliance Gas Systems Inc. et al., Case No. 2:04-cv-70530-GER-DAS, U.S. District Court for the Eastern District of Michigan (Detroit) (report filed in 2005).

- Deposition Testimony in Charles A. Stanziale, Jr. v. Ernst & Young LLP, Case No. 1:03—cv-00981-MJG, U.S. District Court for the District of Maryland (Baltimore) (deposition testimony given in 2005).

- Deposition Testimony and Expert Report in T. Rowe Price Group, Inc. v. Charles Schwab & Co., Inc., Civil Action No. 03-03396 (MJG), U.S. District Court for the District of Maryland (Greenbelt) (deposition testimony given and report filed in 2004).

- Expert Report in Dow Agrosciences LLC v. Crompton Corporation and Uniroyal Chemical Co., Inc., Case No. 1:03-CV-0654-SEB-JPG, U.S. District Court for the Southern District of Indiana, Indianapolis Division (report filed in 2004).

- Declarations in Warner-Lambert Company, et al. v. Purepac Pharmaceuticals, et al., Case No. 2:00-cv-02931-JCL-MF, U.S. District Court for the District of New Jersey (declarations filed in 2004).

- Deposition Testimony and Expert Report in Metropolitan Medical Services of NC, Inc., et al. v. Draegerwerk AG, et al., Case No. 1:04CV266, U.S. District Court for the Eastern District of Texas, Beaumont Division (deposition testimony given and report filed in 2004).

- Deposition Testimony and Expert Report in Syngenta Seeds, Inc. v. Monsanto Company; DeKalb Genetics Corp.; Pioneer Hi-Bred International, Inc.; Dow Agrosciences, LLC; Mycogen Plant Science, Inc. and Agrigenetics, Inc., Civil Action No. 02-1331-SLR, U.S. District Court for the District of Delaware (deposition testimony given and report filed in 2004).

- Deposition Testimony and Expert Report in Modern Engineering, Inc. v. CDI Corporation, Civil Action No. 03-5504, U.S. District Court for the Eastern District of Pennsylvania (deposition testimony given and report filed in 2004).

- Deposition Testimony and Expert Reports in Simon Wagman, Ruth Wagman and Richard S. Cohen v. Ronald J. Cohen, et al., Case No. 205147 consolidated with Case No. 206441, Circuit Court of Montgomery County, Maryland (deposition testimony given and reports filed in 2004).

- Expert Reports in Agere Systems, Inc. v. Broadcom Corporation, Case No. 03-3138-BMS, U.S. District Court for the Eastern District of Pennsylvania (reports filed in 2004).

- Expert Report in N. Douglas Fluke v. Heidrick & Struggles, Inc., Civil Action No. 02-8385, U.S. District Court for the Eastern District of Pennsylvania (report filed in 2004).

- Deposition Testimony and Expert Reports in Globe Savings Bank and Phoenix Capital Group v. United States, Civil Action No. 91-1550 C, U.S. Court of Federal Claims (deposition testimony given and reports filed in 2004).

- Trial and Deposition Testimony and Expert Report in Naturopathic Laboratories International, Inc. v. Dermal Research Laboratories, Inc., Case No. 4-02-00604-GAF, U.S. District Court, Western District of Missouri, Western Division (trial and deposition testimony given in 2005; report filed in 2004).

- Deposition Testimony and Expert Report in Capital Funding VI, LP v. Chase Manhattan Bank USA, National Association, Civil Action No. 01-CV-6093, U.S. District Court for the Eastern District of Pennsylvania (deposition testimony given and report filed in 2004).

4

- Trial and Deposition Testimony and Expert Reports in Immersion Corporation v. Sony Computer Entertainment America et al., Case No. C-02-0710 CW (WDB), U.S. District Court, Northern District of California, Oakland Division (trial and deposition testimony given and reports filed in 2004).

- Deposition Testimony and Expert Report in Alfred Dana III v. E.S. Originals, Inc. et al., Case No.: 96-6688-CIV-Huck-Turnoff, U.S. District Court, Southern District of Florida (deposition testimony given and report filed in 2004).

- Expert Report in Mylan Pharmaceuticals, Inc. and Esteve Quimica, S.A. v. Kremers Urban Development Company et al., C.A. No. 02-1628-GMS, U.S. District Court for the District of Delaware (report filed in 2004).

- Expert Report in AAI Corporation v. SRN, Inc. et al., Civil No. 03-C-02-012880, Circuit Court for Baltimore County, Maryland (report filed in 2004).

- Deposition Testimony and Expert Report in Sunbeam Products, Inc. v. 148977 Canada, Inc., and Robert Hale, Civil No. C-2002-85666DJ, Circuit Court for Anne Arundel County, Maryland (deposition testimony given and report filed in 2003).

- Expert Report in Ned Bade, et al. v. Lincoln National Corp. and Swiss RE Life & Health America, Inc., Cause No. 02D01-02060CT-258, Allen County Superior Court, State of Indiana (report filed in 2003).

- Trial and Deposition Testimony and Expert Report in Brine, Inc. and Sports Licensing, Inc. v. STX, Inc. and Warrior Lacrosse, Inc., Civil Action No. 99-40167, U.S. District Court, District of Massachusetts, Worcester Division (trial and deposition testimony given and report filed in 2003).

- Trial and Deposition Testimony and Expert Report in Imagexpo LLC v. Microsoft Corporation, Case No. 3:02CU751, U.S. District Court for the Eastern District of Virginia, Richmond Division (trial and deposition testimony given and report filed in 2003).

- Trial and Deposition Testimony in Transcore Holdings v. Rocky Mountain Mezzanine Fund II LP et al., Case No. 1410003193, JAMS Arbitration (trial and deposition testimony given in 2003).

- Expert Report in Pacific International Tool & Shear v. CertainTeed Corporation, Civil Action Case No. CV-020839Z, U.S. District Court, Western District of Washington at Seattle (report filed in 2003).

- Trial and Deposition Testimony and Expert Reports in II-VI, Inc. v. Saint-Gobain Industrial Ceramics, Inc., dba Bicron, Case No. 00-1794 (related to Civil Action No. 98 CV 1528H (CGA), U.S. District Court, Southern District of California), U.S. District Court, Western District of Pennsylvania (trial and deposition testimony given and reports filed in 2003).

- Expert Report in The City of Philadelphia Board of Pensions and Retirement et al. v. Ballard Spahr Andrews & Ingersoll LLP, Confidential Mediation (report filed in 2003).

- Deposition Testimony and Expert Report in Air Turbine Technology, Inc. v. Atlas Copco Tools and Assembly Systems AB, et al., Case No. 01-8288-CIV, U.S. District Court, Southern District of Florida (deposition testimony given and report filed in 2003).

- Deposition Testimony and Expert Report in Turbocare Division of Demag Delaval Turbomachinery Corp. v. General Electric Company, Civil Action No. 95-30069-MAP, U.S. District Court, District of Massachusetts (deposition testimony given in 1996, 1997 and 2003; report filed in 1997).

- Trial Testimony and Expert Report in Brown Manufacturing Corporation v. Alpha Lawn & Garden et al., Case No. 4:02-cv-02951-TLW-TER, U.S. District Court, District of South Carolina, Florence Division (trial testimony given in 2005; report filed in 2003).

- Trial and Deposition Testimony and Expert Report in Sigma Tool & Machine v. Nagayama Electronic Industry Company, Ltd., Case No. 01-cv-02936, U.S. District Court, District of Columbia (trial and deposition testimony given in 2003; report filed in 2002).

- Deposition Testimony and Expert Report in Oklahoma Medical Research Foundation v. Eli Lilly and Company, Case No. CIV-01-456-C, U.S. District Court, Western District of Oklahoma (deposition testimony given and report filed in 2003).

- Deposition Testimony and Expert Report in Genlyte Thomas Group, LLC v. NSI Enterprises, Inc., d/b/a Lithonia Lighting Co., Civil Action No. 3:00-CV-174-S, U.S. District Court, District of Delaware (deposition testimony given in 2003; report filed in 2002).

- Expert Report in Ecompex, Inc. v. Radian Systems, Inc., Case No. 02-1084-A, U.S. District Court, Eastern District of Virginia (report filed in 2002).

- Trial and Deposition Testimony and Expert Report in NTP, Inc. v. Research in Motion, Ltd., Case No. 3:01cv767, U.S. District Court, Eastern District of Virginia, Richmond Division (trial and deposition testimony given and report filed in 2002).

- Deposition Testimony and Expert Report in Datacom Warranty Corporation v. ABC Communications Corp, d/b/a ABC Telephone Systems, Case No. 1:01-CV-2303-TWT, U.S. District Court, Northern District of Georgia, Atlanta Division (deposition testimony given and report filed in 2002).

- Expert Report in Honeywell International, Inc. and Honeywell Intellectual Properties, Inc. v. Solutia, Inc., Case No. 01-423, U.S. District Court, District of Delaware (report filed in 2002).

- Trial and Deposition Testimony and Expert Report in Accucorp, Inc. and J.W.S. Delavau Company, Inc. v. Kalish, Inc., Case No. 01-cv-592, U.S. District Court, Eastern District of Pennsylvania (trial and deposition testimony given in 2002; report filed in 2001).

- Deposition Testimony and Expert Report in Structural Preservation Systems, Inc. v. Gerald Valente, Case No. C-1999-60027CN, Circuit Court of Maryland for Anne Arundel County (deposition testimony given and report filed in 2002).

6

- Deposition Testimony and Expert Report in D&N Bank, et al. v. United States of America, Civil Action No. 95-539-C, U.S. Court of Federal Claims (deposition testimony given in 2002; report filed in 2001).

- Deposition Testimony and Expert Report in Hill-Rom, Inc. and Hill-Rom Services, Inc. v. Ohmeda Medical and Datex-Ohmeda, Inc., Civil Action No. IP00-1500-C Y/G, U.S. District Court, Southern District of Indiana (deposition testimony given and report filed in 2002).

- Trial and Deposition Testimony and Expert Reports in Granite Management Corporation v. United States of America, Civil Action No. 95-515-C, U.S. Court of Federal Claims (trial and deposition testimony given and supplemental report filed in 2006; deposition testimony given and report filed in 2002).

- Expert Report in Becton Dickinson and Company v. Inverness Medical Technology, Inc., Civil Action No. 00-001-RRM, U.S. District Court, District of Delaware (report filed in 2002).

- Deposition Testimony and Expert Report in Superguide Corporation v. Directv Enterprises, Inc., Echostar Communications Corporation, et al., Case No. 00-144T, U.S. District Court, Western District of North Carolina, Asheville Division (deposition testimony given in 2002; report filed in 2001).

- Deposition Testimony and Expert Report in David Cain, et al. and the Federal Deposit Insurance Corporation (FDIC) v. United States, Case No. 95-499C, U.S. Court of Federal Claims (deposition testimony given in 2002; report filed in 2001).

- Trial Testimony and Expert Report in Nisus Corporation v. Perma-Chink Systems, Inc., Case No 3:98-CV-433, U.S. District Court, Eastern District of Tennessee, Knoxville Division (trial testimony given in 2005; report filed in 2001).

**Bankruptcy Cases**

- Trial Testimony, Expert Report and Declaration in re: Bob Nicholas Enterprises, Inc. (Debtor), W. Steve Smith, Trustee of the Estate of Bob Nicholas Enterprises, Inc. v. Nicholas/Earth Printing, LLC, et al., Bankruptcy Case No. 03-39036-H1-7, U.S. Bankruptcy Court, Southern District of Texas (Houston Division) (trial testimony given and declaration and report filed in 2006).

- Hearing Testimony and Declaration in re: Medical Technology, Inc., d/b/a Bledsoe Brace Systems (Debtor), Bankruptcy Case No. 05-47377-RFN-11, U.S. Bankruptcy Court, Northern District of Texas, Fort Worth Division (hearing testimony given and declaration filed in 2005).

- Deposition Testimony and Expert Reports in re: Merry-Go-Round Enterprises, Inc., MGR Distribution Corporation, MGRR, Inc. and Almeda Chess King, Inc., et al., Bankruptcy Case Nos. 94-50161 through 94-50163 and 94-53774; Deborah H. Devan, Chapter 7 Trustee v. AEI Music Networks, Inc., Adversary No. 98-5336, U.S. Bankruptcy Court, District of Maryland, Northern Division (deposition testimony given in 2004; reports filed in 2003).

- Deposition Testimony and Expert Report in re: Nelco, Ltd.; Estate of Nelco, Ltd. v. KPMG Peat Marwick, LLP, Adversary Proceeding No. 99-3109-T, U.S. Bankruptcy Court, Eastern District of Virginia, Richmond Division (deposition testimony given in 2002; report filed in 2001).

*Last updated 1.2.07*

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES, Attorney General of the United States, et al.,<br><br>Defendants. | Civil Action No. 1:06-CV-01384<br>(DST, PLF, EGS) |

### PRIVATE DEFENDANT-INTERVENORS' JOINT
### FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO
### PLAINTIFF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure,[1] Local Rule 26, and the Court's Scheduling Order of December 1, 2006 [Dkt. No. 52], Private Defendant-Intervenors Lisa Diaz, David Diaz, Gabriel Diaz, Rodney Louis, Nicole Louis, Texas State Conference of NAACP Branches, Austin Branch of the NAACP, Nathaniel Lesane, People for the American Way, Angie Garcia, Jovita Casarez, and Ofelia Zapata ("Private Defendant-Intervenors") request that plaintiff Northwest Austin Municipal Utility District No. 1, through an officer or authorized agent, produce the following documents within 30 days of service of these requests ("Requests").

---

[1]    As used throughout, references to the Federal Rules of Civil Procedure refer to the rules, as amended, effective December 1, 2006.

## INSTRUCTIONS

1.      These Requests seek all documents in your possession, custody, or control, and where appropriate in the context, in the possession, custody, or control of your agents, representatives, employees, attorneys, and affiliates, wherever located.

2.      In order to satisfy your obligation to respond fully and completely to these Requests, you are required to make a diligent search of your records and other papers and materials in your possession or available to you or your agents, representatives, employees, attorneys, and affiliates.

3.      In producing the documents called for herein, you are requested to produce them as they are kept in the ordinary course of business and to identify or organize them so as to make it clear to which paragraph(s) of this request their production responds.  If documents are so identified (rather than physically organized with respect to individual requests), you should do so by Bates number for each request.

4.      If any document or thing requested is not produced for whatever reason, including, but not limited to, if it has been destroyed or discarded, you should submit a list stating:

    1)      the name of the creator(s) of the document;

    2)      the date the document was created;

    3)      the name and location of the present or last known custodian(s) of the document and of all copies thereof;

    4)      a description of the subject matter(s) of the document;

    5)      all persons or entities known to have been furnished the document or a copy of the document, or informed of its substance; and

    6)      the reason the document is not being produced.

2

5.    If any document requested is withheld because of a claim of attorney-client privilege, work product doctrine, or any other claimed privilege, identify the document or thing with particularity, and provide all of the information necessary to substantiate your claim of privilege in accordance with the rules of this Court, including:

1)    the document's date;

2)    its author(s);

3)    the business title or position of its author(s);

4)    its recipient(s);

5)    the business title or position of its recipient(s);

6)    the number of pages in the document;

7)    its subject matter;

8)    the legal basis upon which Plaintiff claims privilege, including the identity of the attorney(s) and/or client(s) involved and whether or not any other person(s) had access to the document and the identities of those people; and

9)    the specific portion of the request to which the document is responsive.

Additionally, if any document is withheld because of a claim of work product doctrine, identify the litigation or threat of litigation or investigation or threat of investigation to which the document relates. You are further requested to state whether you will permit *in camera* inspection by the Court to determine the validity and appropriateness of any claims of privilege.

6.    This request is continuing in character, and, in accordance with Federal Rule of Civil Procedure 26(e), requires you to produce documents promptly if you obtain or discover additional responsive documents prior to or during the final hearing.

3

## DEFINITIONS

The Definitions set forth in Private Defendant-Intervenors' Joint First Set of Interrogatories to Plaintiff Northwest Austin Municipal Utility District No. 1 ("the Interrogatories") apply to all of the following Requests and are incorporated herein.

## REQUESTS

1.    Produce all documents identified in your responses to the Interrogatories.

2.    Produce all documents concerning the creation or inception of the District, including but not limited to the administrative, legal and electoral processes that led to the establishment of the District.

3.    Produce all documents concerning the racial and ethnic composition of (a) the population of the District at all times since the District's inception, (b) the voting age population of the District at all times since the District's inception, (c) the population of the District that is or has been registered to vote at all times since the District's inception, and (d) the population of the District that actually voted in every election since the District's inception.

4.    Produce all documents concerning every change affecting voting by residents of the District with respect to voter registration, voting, or elections in the District that, since the inception of the District, has been implemented, proposed to be implemented, sought to be implemented, or the implementation of which was considered (whether or not actually implemented), even if such implementation or proposed, considered or sought implementation was done or considered by a body other than the District.

4

5.      Produce all documents relating to the District's compliance with, or efforts to comply with, the requirements of laws or regulations relating to discrimination in voting on the basis of race, color, and/or Hispanic origin, including, but not limited to, the United States Constitution, the Voting Rights Act (including Sections 2, 4, 5, 203 and 208 of the VRA), the laws of the State of Texas, and the laws of Travis County.

6.      Produce all documents, including but not limited to minutes and audio or video recordings, from meetings of the governing body, or any other policymaking, administrative, or other government body of the District since the District's inception, including all documents that were reviewed by or presented for consideration by the body's members in advance of or during any such meetings.

7.      Produce all ordinances, rules, regulations, resolutions, policies or other laws passed or enacted by the District since the District's inception.

8.      Produce all records of all litigation, administrative proceedings, and any other formal or informal proceedings that have been brought by, against, or concerning the District, or by or against any of its officers, employees, or agents in connection with their official duties since the District's inception, including records sufficient to demonstrate any response by or on behalf of the District to such proceedings and the disposition of any such proceedings.

9.      Produce all records of litigation concerning the inception, creation or establishment of the District.

10.     Produce all documents concerning any actual or proposed expansion, contraction, or other change of any kind in the territorial boundaries of the District since the District's inception.

11.    Produce all documents concerning the duties or position of any official, employee, or agent of the District, including any attorney for the District, who is or has been responsible for administering elections in or by the District or for administering voting by residents of the District, whether for District officers or otherwise.

12.    Produce all documents concerning the duties or position of any official, employee, or agent of the District, including but not limited to any attorney for or on behalf of the District, who is or has been responsible for preparing the District's preclearance submissions.

13.    Produce all documents concerning the salary or compensation paid to any official, employee, or agent of the District, including any attorney for the District, who is or has been responsible for administering elections in or by the District or voting by residents of the District, whether for District officers or otherwise.

14.    Produce all documents concerning the salary or compensation paid to any official, employee, or agent of the District, including any attorney for the District, who is or has been responsible for preparing preclearance submissions.

15.    Produce all records of all attorneys' bills, invoices presented for payment, and records of payment of such bills or invoices, concerning the administration of elections in or by the District or voting by residents of the District.

16.    Produce all records of all expenditures concerning the preparation or presentation of all preclearance submissions by or on behalf of the District, including but not limited to, attorneys' bills, invoices presented for payment, and records of payment of such bills or invoices concerning the preparation or presentation of all such preclearance submissions.

6

17.    Produce all records of all expenditures concerning the administration of elections in or by the District or voting by residents of the District.

18.    Produce all records of the budget or budgets prepared and/or approved by the District in every year since the District's inception and documents sufficient to show actual expenditures as compared to any approved budget by the District for each of those years.

19.    Produce all records evidencing election results for all elections that have occurred in the District since the District's inception, including but not limited to records for each such election reflecting the total number of persons registered to vote, the total number of persons voting, and the total number of votes counted for or against each candidate, proposition or other item on the ballot.

20.    Produce all records concerning the race and ethnicity of every candidate for office in the District since the District's inception.

21.    Produce—for every candidate for office in the District since the District's inception—all records of the home addresses and telephone numbers or other contact addresses or telephone numbers.

22.    Produce all records concerning the race and ethnicity of each member of the governing board of the District since the District's inception.

23.    Produce all records concerning the race and ethnicity of each person who has worked as an election official in District elections since the District's inception.

24.    Produce all documents concerning efforts by the District to (a) eliminate voting procedures and methods of election which inhibit or dilute equal access to the electoral process, (b) eliminate intimidation and harassment of persons exercising rights

7

protected under the VRA; (c) engage in expanded opportunities for convenient registration and voting for every person of voting age; and/or (d) appoint minority persons as election officials in District elections.

25.    Produce all documents the District has distributed to voters with respect to elections and/or voting procedures since the District's inception, including any such materials printed in any language other than English.

26.    Produce all ballots or other election-related materials used in all elections held in the District since the District's inception, including any ballots printed in any language other than English.

27.    Produce all documents concerning polling place locations, appointment of election officials, and balloting procedures with respect to all elections held in the District since the District's inception.

28.    Produce all records, including but not limited to, petitions, letters, or memoranda of understanding, contracts or agreements, concerning the legal relationship, division of official duties, and/or cooperation in carrying out official duties, between or among the District, Travis County, the City of Austin, and the State of Texas (and any of its offices or agencies).

29.    Produce all records, including but not limited to, petitions, letters, or memoranda of understanding, contracts or agreements, concerning the legal relationship, duties, and/or cooperation in carrying out official duties, between the District and any homeowner's association, neighborhood association, political club, or any other similar organization.

30.     Produce all documents, including but not limited to, notes, memoranda, audio recordings, and video recordings, concerning or reflecting any communications with, by, or among the District or members of the governing Board of the District, concerning the decision to initiate or authorize this litigation.

31.     Produce all records, including notes, memoranda, or contracts, concerning any attorney's fee arrangement, arrangement for reimbursement of attorney's fees, or arrangement for responsibility for litigation costs with respect to this litigation, between or among the District and its attorneys or any other individual or entity.

32.     Produce all State and Local Government Information Report EEO-4 documents filed, submitted, or prepared by the District since its inception.

33.     Produce all documents concerning or reflecting the District's compliance with 42 U.S.C. § 1973b(a)(4).

Private Defendant-Intervenors Lisa
Diaz, David Diaz, Gabriel Diaz,
Rodney Louis, Nicole Louis, Texas
State Conference of NAACP
Branches, Austin Branch of the
NAACP, Nathaniel Lesane, People
for the American Way, Angie Garcia,
Jovita Casarez, and Ofelia Zapata

By:

*/s/ Nina Perales*
Nina Perales (D.C. District Court Bar No. TX0040)
MEXICAN AMERICAN LEGAL DEFENSE
     AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

*/s/ Joseph E. Sandler*
Joseph E. Sandler (D.C Bar # 255919)
SANDLER REIFF & YOUNG. P.C.
50 E St, S.E., Suite 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors*
*Lisa Diaz, David Diaz and Gabriel Diaz*

_/s/ Norman J. Chachkin_
Theodore Shaw
Director-Counsel
Jacqueline A. Berrien
Associate Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)
Debo P. Adegbile (appearing _pro hac vice_)
NAACP LEGAL DEFENSE AND
     EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke (appearing _pro hac vice_)
NAACP LEGAL DEFENSE AND
     EDUCATIONAL FUND, INC.
444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

_Counsel for Defendant-Intervenors_
_Rodney and Nicole Louis_

11

*/s/ Seth P. Waxman*

Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Michael J. Gottlieb (appearing *pro hac vice*)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE
    and DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes (appearing *pro hac vice*)
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED
    PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS UNDER LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and*
*Austin Branch of the NAACP*

*/s/ Laughlin McDonald*
Moffatt Laughlin McDonald (appearing *pro hac vice*)
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
        FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303
Telephone: (404) 523-2721

Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION
    OF THE NATIONAL CAPTIAL AREA
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Telephone: (202) 457-0800
Facsimile: (202) 452-1868
artspitzer@aol.com

Michael J. Kator (D.C. Bar No. 366936)
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036
Telephone: (202) 898-4800
Facsimile: (202) 289-1389
mkator@katorparks.com

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU FOUNDATION OF TEXAS
1210 Rosewood Avenue
Austin, Texas 78702

*Counsel for Defendant-Intervenor*
*Nathaniel Lesane*

13

/s/ Elliot M. Mincberg
Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
PEOPLE FOR THE AMERICAN WAY
        FOUNDATION
2000 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone: (202) 467-4999
Facsimile: (202) 293-2672
emincberg@pfaw.org

*Counsel for Defendant-Intervenor*
*People for the American Way*

Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Street
San Antonio, Texas 78212
Telephone:210-212-3700
Facsimile: 210-212-3772

Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
TEXAS RIOGRANDE LEGAL AID, INC.
309 Cantu Street
Del Rio, Texas 78840
Telephone: 830-775-1535
Facsimile: 830-768-0997


*/s/ Michael T. Kirkpatrick*
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Brian Wolfman (D.C. Bar No. 427491)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, N.W.
Washington, D.C. 20009
Telephone: 202-588-7728
Facsimile: 202-588-7795
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors*
*Angie Garcia, Jovita Casarez, Ofelia Zapata*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of December, 2006, a copy of the foregoing

**PRIVATE DEFENDANT-INTERVENORS' JOINT FIRST SET OF REQUESTS**

**FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF NORTHWEST AUSTIN**

**MUNICIPAL UTILITY DISTRICT NO. 1** was served in pdf format by electronic mail

to counsel for all parties of record and, in addition, by first class mail to:

Gregory S. Coleman
Christian T. Ward
 8911 Capital of Texas Highway, Suite 1350
Austin, Texas  78756
greg.coleman@weil.com
chris.ward@weil.com

Erik S. Jaffe
Erik S. Jaffe, P.C.
5101 34th Street, N.W.
Washington, D.C.  20008
jaffe@esjpc.com


*/s/  Paul R.Q. Wolfson*
Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue N.W.
Washington D.C.  20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
paul.wolfson@wilmerhale.com

16

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES, Attorney General of the United States, et al.,<br><br>Defendants. | Civil Action No. 1:06-CV-01384<br>(DST, PLF, EGS) |

**PRIVATE DEFENDANT-INTERVENORS' JOINT
FIRST SET OF INTERROGATORIES TO PLAINTIFF
NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure[1] and the Court's Scheduling Order of December 1, 2006 [Dkt. No. 52], Private Defendant-Intervenors Lisa Diaz, David Diaz, Gabriel Diaz, Rodney Louis, Nicole Louis, Texas State Conference of NAACP Branches, Austin Branch of the NAACP, Nathaniel Lesane, People for the American Way, Angie Garcia, Jovita Casarez, and Ofelia Zapata ("Private Defendant-Intervenors") request that plaintiff Northwest Austin Municipal Utility District No. 1, through an officer or authorized agent, answer the following Joint First Set of Interrogatories ("Interrogatories") under oath and serve them upon all parties in the above-captioned action within 30 days.

---

[1]     As used throughout, references to the Federal Rules of Civil Procedure refer to the rules, as amended, effective December 1, 2006.

## INSTRUCTIONS

1.    In answering these Interrogatories, furnish all information that is available to you (not merely such information within your own personal knowledge). As such, these Interrogatories seek information in your possession, custody, or control, and where appropriate in the context, in the possession, custody, or control of your agents, representatives, employees, attorneys, and affiliates, wherever located.

2.    In answering these Interrogatories, make a diligent search of your records and other papers and materials in your possession or available to you or your agents, representatives, employees, attorneys, and affiliates.

3.    If you cannot answer any Interrogatory in full, answer it to the fullest and most complete extent possible, explain why you cannot answer the remainder, state the nature of the information or knowledge that you cannot furnish, and state whatever information or knowledge you have concerning the unanswered portion.

4.    If an Interrogatory has subparts, answer each subpart in full.

5.    When identifying or describing any oral statement(s) made, any document(s) written, or any act(s) committed by a corporation or business entity, also specify the natural person or persons who made the statement(s), authored the document(s), or committed the act(s).

6.    When an Interrogatory seeks specific information, such as a date or an amount, and the specific information requested is not known to you, deem the Interrogatory to request that you estimate to the best of your abilities the information requested, provided that you indicate in your response to the Interrogatory that the information being provided is an approximation or is incomplete in certain respects.

2

7.    Where you supply facts set forth in an Interrogatory answer or portion thereof on information and belief rather than actual knowledge, so state and specifically and describe or identify the source or sources of such information and belief.

8.    Where appropriate as necessary to bring within the scope of the Interrogatories all responses that might otherwise be considered to be beyond their scope, the use of the singular shall include the plural, the use of the plural shall include the singular, and the use of the masculine shall include the feminine.

9.    The paragraphs and subparagraphs herein shall not be construed by or with reference to any other paragraph or subparagraph in a manner that limits the scope of any particular Interrogatory or the subject matter thereof.

10.    The connectives "and" as well as "or" shall be construed either in the disjunctive or in the conjunctive as necessary to bring within the scope of the Interrogatories all responses that might otherwise be considered to be beyond their scope.

11.    The words "each" and "every," and the words "any" and "all," shall be construed as interchangeable as necessary to bring within the scope of the Interrogatories all responses that might otherwise be considered to be beyond their scope.

12.    The term "including" shall be construed to mean " including but not limited to."

13.    The present tense of a verb shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

14.    If, with respect to any Interrogatory or part or subpart thereof, you exercise your option under Rule 33(d) of the Federal Rules of Civil Procedure to produce business records *in lieu* of otherwise answering such Interrogatory, do so in accordance with the following procedures and provide the following information:

3

     a.     Specify and identify by production number all documents from which the

answer to such Interrogatory may be derived or ascertained; and

     b.     Produce such documents separately and designate the Interrogatory to

which each such document relates.

    15.    These Interrogatories shall be deemed continuing in nature so as to require

supplemental answers, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, if you

obtain further information or documents between the time you respond and the time of trial.

    16.    If you withhold anything covered by these Interrogatories or any subpart thereof

for reason of a claim of privilege, and you do not provide an answer on the basis of such

assertion of privilege, furnish a list at the time the responses are produced identifying the

following information:

     a.     the Interrogatory number and the language of the Interrogatory to which

such withheld response relates;

     b.     the basis upon which privilege is claimed (including work product);

     c.     for documents: (i) the type of document; (ii) general subject matter of

document; (iii) date of the document; and (iv) author and addressee of the

document, or, if no such author and addressee are identified on the

document, such other information as is sufficient to identify the document

in a subpoena *duces tecum*;

     d.     for oral communications: (i) the name of the person making the

communication and the names of other persons present when the

4

communication was made; (ii) the date and place of the communication; and (iii) the general subject matter of the communication.

## DEFINITIONS

The following terms used in these Interrogatories have the following meanings:

1.     A "document" means any legal documents, business records, letters, memoranda, notes, work papers, drafts, copies, interoffice and intraoffice communications and messages, audio and video recordings, drawings, and graphic materials, whether created or stored in handwritten, printed, tangible, electronic, mechanical, or electrical form of any kind, including material on computer hard drives, tapes, disks, files, and other memories, backup copies and deleted files, whether located on-site or off-site. A draft or non-identical copy is a separate document within the meaning of this term.

2.     A "communication" means all oral conversations, discussions, letters, telegrams, memoranda, e-mail, facsimile transmissions, and any other transmission of information in any form, either oral or written.

3.     When used in reference to communications, the terms "identify", "identity" and "identification" shall mean to give, to the extent known, (1) the nature of the communication, (2) the general subject matter, (3) the date of the communication, (4) the place of the communication, (5) and the identity of the persons involved in the communication.

4.     When used in reference to persons, the terms "identify", "identity" and "identification" shall mean to give, to the extent known, (1) the person's full name, (2) the person's present or last known address, (3) the person's race and ethnicity, and, when referring to a natural person, (4) the person's present or last known place of employment. Once a person has

5

11.    As used herein, the term "change affecting voting" is defined to be synonymous in scope to the term as defined in 28 C.F.R. § 51.2.

12.    As used herein, the term "language minorities" or "language minority group" is defined to be synonymous in scope to the term as defined in 28 C.F.R. § 51.2.

13.    As used herein, the term "preclearance" is defined to be synonymous in scope to the term as defined in 28 C.F.R. § 51.2.[2]

14.    As used herein, the term "submission" is defined to be synonymous in scope to the term as defined in 28 C.F.R. § 51.2.  The terms "preclearance submission" and "preclearance submissions" each refer to any documents submitted to obtain preclearance for a proposed change affecting voting.

15.    As used herein, the term "political subdivision" is defined to be synonymous in scope to the term as defined in 42 U.S.C. § 1973l(c)(2).

16.    As used herein, the term "Voting Rights Act" or "VRA" is defined as those laws codified at 42 U.S.C. § 1973 through 42 U.S.C. § 1973aa6.

17.    As used herein, the phrase "race and ethnicity" means status as a person as among the categories of non-Hispanic white or caucasian, black or African American, Asian American or Pacific Islander, Native American or American Indian, or Hispanic or Latino.  As used herein, the phrase "racial or ethnic composition" as used in connection with a group of persons refers to the race and ethnicity of the group of persons in question.

---

[2] 28 C.F.R. § 51.2 provides in part that "Preclearance is used to refer to the obtaining of the declaratory judgment described in Section 5, to the failure of the Attorney General to interpose an objection pursuant to Section 5, or to the withdrawal of an objection by the Attorney General pursuant to § 51.48(b)."

been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

5.    When used in reference to documents, the terms "identify," "identity" and "identification" shall mean to give the name and identity of any custodians of the document and either: [A] identify to the extent known, (1) the title of any document; (2) the name of the individual or individuals who prepared the document; (3) the date or dates on which the document or documents was or were prepared; and (4) where a copy or copies of the document may be located; or [B] identify the document by bates range.

6.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

7.    The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

8.    The terms "District," "you," and "your" refer to the plaintiff in this action—the Northwest Austin Municipal Utility District No. 1. The terms "creation", "inception" or "establishment" each mean the year 1986 or such earlier date as the District first came into existence, and are intended where appropriate to include the legal, administrative and electoral processes that preceded the District's creation.

9.    As used herein, the term "vote" or "voting" is defined to be synonymous in scope to the term as defined in 42 U.S.C. § 1973l(c)(1).

10.    As used herein, the term "Attorney General" is defined to be synonymous in scope to the term as defined in 28 C.F.R. § 51.2.

6

18.    As used herein, the phrase "racial or ethnic minority group" means a group of individuals who share a common race or ethnicity other than non-Hispanic white or caucasian.

19.    As used herein, the term "concerning" means referring to, relating to, describing, evidencing, or constituting.

20.    As used herein, the phrases "state the basis," "stating the basis," "state all facts," and "stating all facts" each mean:

a.    identify each and every document (and, where pertinent, the section, article or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

b.    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

c.    state separately the acts or omissions to the act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory;

d.    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory; and where appropriate, provide the legal support for your contentions, including citations to any relevant statutes, regulations, ordinances, and judicial decisions that you contend support your

contentions.

21.    As used herein, the term "State and Local Government Information Report EEO-4" is defined to be synonymous with the scope of that term as used in 29 C.F.R. § 1602.30-38.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Do you contend that the District is a political subdivision as that term is defined in the Voting Rights Act?  If so, state the basis for that contention.

**INTERROGATORY NO. 2:**  Do you contend that at any time since November 1972, Travis County, Texas has not supervised voter registration?  If so, state the basis for that contention.

**INTERROGATORY NO. 3:**  Identify all changes affecting voting that the District has, since the District's inception, implemented, proposed to implement, sought to implement, or considered implementing (even if not ultimately implemented), and state all facts relating to all such changes affecting voting that were implemented, proposed, or considered.

**INTERROGATORY NO. 4:**  State all efforts, if any, that the District has made to include members of racial or ethnic minority groups or to reflect the concerns of members of racial or ethnic minority groups in considering, designing, planning, or implementing any change affecting voting, and state all facts relevant to such efforts.

**INTERROGATORY NO. 5:**  State all facts relating to the District's costs and expenses associated with administering all activities related to voting since the District's inception, including, but not limited to, stating the basis for the District's contention that the Section 5

9

preclearance process is "costly and burdensome" and "represents a vast waste of public monies and resources." (Complaint at ¶¶ 12-13).

**INTERROGATORY NO. 6:** State the basis for the District's contention that "[t]he conditions that caused Texas to be covered by § 5 have long been remedied." (Complaint at ¶ 10).

**INTERROGATORY NO. 7:** State the basis for the District's contention that no test or device has been used within the District for the purpose, or with the effect, of denying or abridging the right to vote on account of race or color or membership in a language minority group. (*See* Complaint at ¶¶ 14-15, 18).

**INTERROGATORY NO. 8:** State the basis for the District's contention that the District has fully complied with Section 5 of the VRA, including compliance with the requirement that no change covered by Section 5 has been enforced without preclearance. (*See* Complaint at ¶¶ 14-15, 18).

**INTERROGATORY NO. 9:** State the basis for the District's contention that the District has eliminated all voting procedures and methods of election which inhibit or dilute equal access to the electoral process. (*See* Complaint at ¶¶ 14-15, 18).

**INTERROGATORY NO. 10:** State the basis for the District's contention that the District has engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under the VRA. (*See* Complaint at ¶¶ 14, 16, 18).

**INTERROGATORY NO. 11:** Do you contend that the District has "engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials

throughout the [District] and at all stages of the election and registration process," as that phrase is used in 42 U.S.C. § 1973b(a)(1)(F)? If so, state the basis for that contention.

**INTERROGATORY NO. 12:** State all facts relating to the appointment of members of a racial or ethnic minority group as election officials of or in the District, including, but not limited to, poll workers, election judges, election clerks and counting station managers.

**INTERROGATORY NO. 13:** State all facts that you contend present evidence of participation by members of a racial or ethnic minority group in voting in the District, including evidence of the levels of racial or ethnic minority group registration and voting, changes in such levels over time, and disparities between racial or ethnic minority group participation and the participation by persons who are not members of a racial or ethnic minority group.

**INTERROGATORY NO. 14:** State the basis for your contention that "minority voters in covered jurisdictions like the district are harmed, not aided, by § 5 coverage." (Complaint at ¶ 20).

**INTERROGATORY NO. 15:** State all facts that you contend demonstrate any instances in which the District has refrained from making a change with respect to voting because of the preclearance requirements of Section 5 of the VRA.

**INTERROGATORY NO. 16:** State the basis for your contention that Section 5 of the VRA "hinders the right of voters in the district to decide the manner in which their representation at the local level will be determined." (Complaint at ¶ 25).

**INTERROGATORY NO. 17:** Identify each member of the Board of Directors (or any other governing board) of the District who has served (whether by election or appointment) on the Board at any time since the inception of the District, including for each individual member

11

the name, the year or years in which he or she served on the Board, his or her race and ethnicity, and his or her home address and telephone number or other contact address or telephone number.

**INTERROGATORY NO. 18:** Identify each person who has been a candidate for election to the Board of Directors (or any other governing board) of the District, including the year or years in which the individual or individuals ran for election, each individual's race and ethnicity, and each individual's home address and telephone number or other contact address or telephone number.

**INTERROGATORY NO. 19:** With respect to the administration, design, or amendment of all election laws, standards, practices, and procedures concerning voting in the District since the District's inception, identify by name and home or other contact address and telephone number each person who is or has been responsible for administering, designing, or amending such laws, standards, practices, or procedures, and each person has worked on behalf of the District to provide advice, counsel, consultation or strategy regarding the same.

**INTERROGATORY NO. 20:** In relation to each of the District's preclearance submissions, identify each person who has submitted, been responsible for submitting, or has otherwise worked on behalf of the District since the District's inception in connection with, such preclearance submissions, and provide each person's home or other contact address or telephone number.

**INTERROGATORY NO. 21:** Identify all amounts in salary, compensation of any kind, attorney's fees, or costs or expenses that the District has ever paid, or caused to be paid, since the District's inception to any person, including any attorneys, for tasks associated with preparing preclearance submissions, and in so doing specifically identify the portion or amounts that were attributable to such tasks.

12

**INTERROGATORY NO. 22:**  Identify all amounts in salary, compensation of any kind, attorney's fees, and costs or expenses that the District has ever paid or caused to be paid since the District's inception to any person, including any attorneys, for any tasks involving the administration of voting or elections, and in so doing specifically identify the portion or amounts attributable to such tasks.

**INTERROGATORY NO. 23:**  Identify all persons who have been involved in providing information relevant to your responses to these Interrogatories, and for each such person, identify the subject areas of his or her knowledge and identify the particular interrogatory or interrogatories for which that person provided information relevant to the response.

Private Defendant-Intervenors Lisa Diaz,
David Diaz, Gabriel Diaz, Rodney Louis,
Nicole Louis, Texas State Conference of
NAACP Branches, Austin Branch of the
NAACP, Nathaniel Lesane, People for the
American Way, Angie Garcia, Jovita
Casarez, and Ofelia Zapata

By:


*/s/ Nina Perales*
Nina Perales (D.C. District Court Bar No. TX0040)
MEXICAN AMERICAN LEGAL DEFENSE
      AND EDUCATION FUND
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org


*/s/ Joseph E. Sandler*
Joseph E. Sandler (D.C Bar # 255919)
SANDLER REIFF & YOUNG. P.C.
50 E St, S.E., Suite 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors*
*Lisa Diaz, David Diaz and Gabriel Diaz*

/s/ Norman J. Chachkin
Theodore Shaw
Director-Counsel
Jacqueline A. Berrien
Associate Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)
Debo P. Adegbile (appearing *pro hac vice*)
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke (appearing *pro hac vice*)
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

*Counsel for Defendant-Intervenors
Rodney and Nicole Louis*

15

*/s/ Seth P. Waxman*
Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Michael J. Gottlieb (appearing *pro hac vice*)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE
        and DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Dennis C. Hayes (appearing *pro hac vice*)
General Counsel
NATIONAL ASSOCIATION FOR THE
        ADVANCEMENT OF COLORED
        PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS UNDER LAW
1401 New York Avenue, N.W., Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and*
*Austin Branch of the NAACP*

*/s/ Laughlin McDonald*
Moffatt Laughlin McDonald (appearing *pro hac vice*)
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303
Telephone: (404) 523-2721

Arthur B. Spitzer (D.C. Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION
   OF THE NATIONAL CAPTIAL AREA
1400 20th Street, N.W., Suite 119
Washington, D.C. 20036
Telephone: (202) 457-0800
Facsimile: (202) 452-1868
artspitzer@aol.com

Michael J. Kator (D.C. Bar No. 366936)
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036
Telephone: (202) 898-4800
Facsimile: (202) 289-1389
mkator@katorparks.com

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU FOUNDATION OF TEXAS
1210 Rosewood Avenue
Austin, Texas 78702

*Counsel for Defendant-Intervenor*
*Nathaniel Lesane*

_/s/ Elliot M. Mincberg_
Elliot M. Mincberg (D.C. Bar No. 941575)
David J. Becker (D.C. Bar No. 496318)
PEOPLE FOR THE AMERICAN WAY
     FOUNDATION
2000 M Street, N.W., Suite 400
Washington, D.C.  20036
Telephone: (202) 467-4999
Facsimile: (202) 293-2672
emincberg@pfaw.org

_Counsel for Defendant-Intervenor_
_People for the American Way_

18

Jose Garza
Judith A. Sanders-Castro
George Korbel
(Local Rule 83.2(g) certificates to be filed)
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Street
San Antonio, Texas 78212
Telephone:210-212-3700
Facsimile: 210-212-3772

Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
TEXAS RIOGRANDE LEGAL AID, INC.
309 Cantu Street
Del Rio, Texas 78840
Telephone: 830-775-1535
Facsimile: 830-768-0997


*/s/ Michael T. Kirkpatrick*
Michael T. Kirkpatrick (D.C. Bar No. 486293)
Brian Wolfman (D.C. Bar No. 427491)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, N.W.
Washington, D.C. 20009
Telephone: 202-588-7728
Facsimile: 202-588-7795
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors*
*Angie Garcia, Jovita Casarez, Ofelia Zapata*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of December, 2006, a copy of the foregoing

**PRIVATE DEFENDANT-INTERVENORS' JOINT FIRST SET OF**

**INTERROGATORIES TO PLAINTIFF NORTHWEST AUSTIN MUNICIPAL UTILITY**

**DISTRICT NO. 1** was served in pdf format by electronic mail to counsel for all parties of

record and, in addition, by first class mail to:

Gregory S. Coleman
Christian T. Ward
8911 Capital of Texas Highway, Suite 1350
Austin, Texas  78756
greg.coleman@weil.com
chris.ward@weil.com

Erik S. Jaffe
Erik S. Jaffe, P.C.
5101 34th Street, N.W.
Washington, D.C.  20008
jaffe@esjpc.com


*/s/   Paul R.Q. Wolfson*
Paul R.Q. Wolfson
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington D.C.  20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
paul.wolfson@wilmerhale.com

20

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTHWEST AUSTIN MUNICIPAL            §
UTILITY DISTRICT NUMBER ONE,          §
401 W. 15th Street                    §
Suite 850                             §          CIVIL ACTION NO.
Austin, Texas 78701                   §
                        Plaintiff,    §          1:06CV01384
                                      §          The Hon. Paul L. Friedman
                                      §
        v.                            §
                                      §
ALBERTO GONZALES,                     §
ATTORNEY GENERAL OF THE               §
UNITED STATES,                        §
U.S. Department of Justice            §
950 Pennsylvania Avenue, NW           §
Washington, DC 20530                  §
                                      §
                        Defendant     §
                                      §

**PLAINTIFF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1'S ANSWERS TO PRIVATE DEFENDANT-
INTERVENOR'S JOINT FIRST SET OF INTERROGATORIES**

TO:    Defendants Lisa Diaz, David Diaz, Gabriel Diaz, Rodney Louis, Nicole Louis, Texas
       State Conference of NAACP Branches, Austin Branch of the NAACP, Nathaniel Lesane,
       People for the American Way, Angie Garcia, Jovita Casarez, and Ofelia Zapata by and
       through their attorneys Nina Perales, 110 Broadway, Suite 300, San Antonio, Texas
       78205, nperales@maldef.org; Joseph E. Sandler, 50 E St., S.E., Suite 300, Washington,
       D.C. 20003, sandler@sandlerreiff.com; Theodore Shaw, Jacqueline A. Berrien, Norman
       J. Chachkin, Debo P. Adegbile, 99 Hudson Street, Suite 1600, New York, New York
       10013; Kristen M. Clarke, 444 Eye Street, N.W., 10th Floor, Washington, D.C. 20005;
       Seth P. Waxman, John A. Payton, Paul R.Q. Wolfson, Ariel B. Waldman, Michael J.
       Gottlieb, Daniel A. Zibe, 1875 Pennsylvania Ave. N.W. Washington, D.C. 20006;
       Dennis C. Hayes, 4805 Mt. Hope Drive Baltimore, MD 21215; Jon M. Greenbaum,
       Benjamin J. Blustein, Jonah H. Goldman, 1401 New York Avenue, N.W., Suite 400,
       Washington, D.C. 20005; Moffatt Laughlin McDonald, Neil Bradley, 2600 Marquis One
       Tower, 245 Peachtree Center Avenue, Atlanta, GA 30303; Arthur B. Spitzer, 1400 20th
       Street, N.W., Suite 119, Washington, D.C. 20036, artspitzer@aol.com; Michael J. Kator,
       1020 19th Street, N.W., Suite 350, Washington, D.C. 20036, mkator@katorparks.com;
       Jeremy Wright, 812 San Antonio Street, Suite 100, Austin, Texas 78701; Lisa Graybill,
       1210 Rosewood Avenue, Austin, Texas 78702; Elliot M. Mincberg, David J. Becker,
       2000 M Street, N.W., Suite 400, Washington, D.C. 20036, emincberg@pfaw.org; Jose
       Garza, Judith A. Sanders-Castro, George Korbel, 1111 N. Main Street, San Antonio,

Texas 78212; Alpha Hernandez, Eloy Padilla, 309 Cantu Street, Del Rio, Texas 78840; and Michael T. Kirkpatrick, Brian Wolfman, 1600 20th Street, N.W., Washington, D.C. 20009, mkirkpatrick@citizen.org

Pursuant to Rule 33 of the Federal Rules of Civil Procedure[1] and the Court's Scheduling Order of December 1, 2006 [Dkt. No. 52], plaintiff Northwest Austin Municipal Utility District No. 1 responds to the interrogatories served by Private Defendant-Intervenors Lisa Diaz, David Diaz, Gabriel Diaz, Rodney Louis, Nicole Louis, Texas State Conference of NAACP Branches, Austin Branch of the NAACP, Nathaniel Lesane, People for the American Way, Angie Garcia, Jovita Casarez, and Ofelia Zapata ("Private Defendant-Intervenors"). Plaintiff reserves the right to supplement and amend its answers as allowed by the Federal Rules of Civil Procedure.

DATED: January 31, 2007

Respectfully submitted:

Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
8911 Capital of Texas Hwy., Ste. 1350
Austin, Texas 78759
[Tel.] (512) 349-1930
[Fax] (512) 527-0798

*/s/ Erik S. Jaffe*
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008

---

[1]    As used throughout, references to the Federal Rules of Civil Procedure refer to the rules, as amended, effective December 1, 2006.

[Tel.] (202) 237-8165
[Fax] (202) 237-8166
*Attorneys for Plaintiff*
*Northwest Austin Municipal*
*Utility District No. One*

## GENERAL OBJECTIONS

1.    The District objects to the Private Defendant-Intervenors' instructions regarding the method and means for responding to interrogatories.  The District will respond under the rules.

2.    The District objects to the instruction relating to privileged information because it is beyond the scope of the rules.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Do you contend that the District is a political subdivision as that term is defined in the Voting Rights Act? If so, state the basis for that contention.

### ANSWER:

Yes.  The District objects to the remainder of this contention interrogatory because it requests information beyond the scope of discovery.  This interrogatory demands legal contentions, not properly discoverable. The District has adequately pleaded its claim, and, therefore, the District refers the Private Defendant-Intervenors to the complaint as is filed in this case as well as any amendments made hereafter.  In addition, the Court has already set out a briefing schedule regarding cross-motions for summary judgment after designated discovery has been completed, and the question of law posed by this interrogatory will be answerable at that time.  To the extent necessary, the District incorporates all of its pleadings, motions, and briefs to the fullest extent, as if set out in full here.

**INTERROGATORY NO. 2:**

Do you contend that at any time since November 1972, Travis County, Texas has not supervised voter registration? If so, state the basis for that contention.

**ANSWER:**

The District objects to this interrogatory because it is irrelevant and goes beyond scope of information possibly discoverable in this action. In any event, the District does not have in its possession, custody, or control information pertaining to whether Travis County, Texas has not supervised voter registration at any time since November 1972.

**INTERROGATORY NO. 3:**

Identify all changes affecting voting that the District has, since the District's inception, implemented, proposed to implement, sought to implement, or considered implementing (even if not ultimately implemented), and state all facts relating to all such changes affecting voting that were implemented, proposed, or considered.

**ANSWER:**

The District objects to this interrogatory to the extent it requests information beyond the scope of discovery. Detailed information regarding changes affecting voting that the District has, over the past ten years, implemented, proposed to implement, sought to implement, or considered implementing is contained within the information being provided to the Private Defendant-Intervenors and other parties. Subject to the District's right to amend as necessary during the course of these proceedings, the minutes of various board meetings over the years and produced documents pertaining to preclearance submissions contain all relevant and discoverable information regarding such changes.

**INTERROGATORY NO. 4:**

State all efforts, if any, that the District has made to include members of racial or ethnic minority groups or to reflect the concerns of members of racial or ethnic minority groups in considering, designing, planning, or implementing any change affecting voting, and state all facts relevant to such efforts.

**ANSWER:**

The District objects to this interrogatory to the extent it requests information beyond the scope of discovery. The District further objects that this interrogatory is too broad, general, and all-inclusive. The District states, however, subject to the District's right to amend as necessary during the course of these proceedings, that the District's board meetings (and other meetings) provide an open forum for all residents of the District, including members of racial or ethnic minority groups, to communicate their concerns regarding any matter affecting the governance of the District to the board and to other residents in attendance. The District takes into account the concerns of all residents when considering any change affecting voting. Further, individual residents or groups in this small residential community are free to communicate their concerns to individual board members as they see fit. The District is not aware of any instance in which any resident, including a member of a racial or ethnic minority, has been prevented from communicating his or her concerns regarding any change affecting voting to the board or an individual board member.

## INTERROGATORY NO. 5:

State all facts relating to the District's costs and expenses associated with administering all activities related to voting since the District's inception, including, but not limited to, stating the basis for the District's contention that the Section 5 preclearance process is "costly and burdensome" and "represents a vast waste of public monies and resources." (Complaint at ¶¶ 12-13).

**ANSWER:**

The District objects to this interrogatory because it is irrelevant, not appropriately time limited, and goes beyond the scope of discovery. Subject to those objections and subject to the District's right to amend as necessary during the course of these proceedings, detailed information regarding costs and expenses associated with administering activities related to voting is contained within the information being provided to the Private Defendant-Intervenors and other parties. In particular, the minutes of various board meetings over the years and bills and invoices attached thereto contain all relevant and discoverable information regarding such costs and expenses.

## INTERROGATORY NO. 6:

State the basis for the District's contention that "[t]he conditions that caused Texas to be covered by § 5 have long been remedied." (Complaint at 10).

**ANSWER:**

The District objects to this interrogatory because it requests information beyond the scope of discovery. Subject to this objection and subject to the District's right to amend as necessary during the course of these proceedings, the District states that the coverage formula for preclearance under the VRA has not been updated since 1975, and the continuing coverage of Texas by §5 is based on findings regarding conditions existing no later than 1972.

**INTERROGATORY NO. 7:**

State the basis for the District's contention that no test or device has been used within the District for the purpose, or with the effect, of denying or abridging the right to vote on account of race or color or membership in a language minority group. (*See* Complaint at ¶ ¶ 14-15, 18).

**ANSWER:**

The District has no information in its possession, custody, or control indicating that any test or device has been used within the District for the purpose of, or with the effect of, denying or abridging the right to vote on account of race or color or membership in a language minority group.

**INTERROGATORY NO. 8:**

State the basis for the District's contention that the District has fully complied with Section 5 of the VRA, including compliance with the requirement that no change covered by Section 5 has been enforced without preclearance. (*See* Complaint at ¶ ¶ 14-15, 18).

**ANSWER:**

Detailed information regarding changes affecting voting that the District has, over the past ten years, submitted for preclearance under Section 5 is contained within the information being provided to the Private Defendant-Intervenors and other parties. In particular, the minutes of various board meetings over the years and produced documents pertaining to preclearance submissions contain all relevant and discoverable information regarding such changes.

**INTERROGATORY NO. 9:**

State the basis for the District's contention that the District has eliminated all voting procedures and methods of election which inhibit or dilute equal access to the electoral process.

(*See* Complaint at ¶¶ 14-15, 18).

**ANSWER:**

The District has never used any voting procedure or method of election that inhibited or diluted equal access to the electoral process within the District. The District states, however, subject to the District's right to amend as necessary during the course of these proceedings, that it has always sought to ensure full and equal access to the electoral process and, in particular, that it has provided Spanish-language materials in connection with its elections during the last ten years and, in 2004 and after preclearance was obtained, the District's polling place was moved from a private residence to the public elementary school where other local elections are held.

## INTERROGATORY NO. 10:

State the basis for the District's contention that the District has engaged in constructive efforts to eliminate intimidation and harassment of persons exercising rights protected under the VRA. (*See* Complaint at ¶¶ 14, 16, 18).

**ANSWER:**

The District is not aware that any intimidation or harassment of persons exercising rights protected under the VRA has ever occurred within the District. The District states, however, subject to the District's right to amend as necessary during the course of these proceedings, that it has always conducted its elections in accordance with the applicable laws so as to prevent intimidation or harassment of any person and, in particular, it has provided Spanish-language materials in connection with its elections during the last ten years and that, in 2004 and after preclearance was obtained, the District's polling place was moved from a private residence to the public elementary school where other local elections are held.

## INTERROGATORY NO. 11:

Do you contend that the District has "engaged in other constructive efforts, such as expanded opportunity for convenient registration and voting for every person of voting age and the appointment of minority persons as election officials throughout the [District] and at all stages of the election and registration process," as that phrase is used in 42 U.S.C. § 1973b(a)(1)(F)? If so, state the basis for that contention.

**ANSWER:**

Yes. The District objects to the remainder of this contention interrogatory to the extent it requests information beyond the scope of discovery. This interrogatory demands legal contentions, not properly discoverable. The District has adequately pleaded its claim, and, therefore, the District refers the Private Defendant-Intervenors to the complaint as is filed in this case as well as any amendments made hereafter. In addition, the Court has already set out a briefing schedule regarding cross-motions for summary judgment after designated discovery has been completed, and the question of law posed by this interrogatory will be answerable at that time. To the extent necessary, the District incorporates all of its pleadings, motions, and briefs to the fullest extent, as if set out in full here. The District states, however, subject to that objection and subject to the District's right to amend as necessary during the course of these proceedings, that the means by which the District conducts its elections are intended to ensure free and open access to all voters and to preserve and expand opportunity for convenient registration and voting for every person of voting age throughout the District. The District further notes, also subject to the objection and subject to the District's right to amend as necessary during the course of these proceedings, that it has provided Spanish-language materials in connection with its elections during the last ten years and that, in 2004 and after preclearance was obtained, the District's polling place was moved from a private residence to the public elementary school where other local elections are held. The District further states, also subject to the objection and to the District's right to amend as necessary during the course of these proceedings, that the District has throughout its existence provided for full and open opportunity for appointment of minority persons as election officials throughout the District and at all stages of the election and registration process.

**INTERROGATORY NO. 12:**

State all facts relating to the appointment of members of a racial or ethnic minority group as election officials of or in the District, including, but not limited to, poll workers, election judges, election clerks and counting station managers.

**ANSWER:**

The District objects to this interrogatory to the extent it requests information beyond the scope of discovery. The District further objects that this interrogatory is too broad, general, and all-inclusive. Subject to these objections and subject to the District's right to amend as necessary during the course of these proceedings, information relating to the conduct of individual elections is contained within the information being provided to the Private Defendant-Intervenors and other parties.

**INTERROGATORY NO. 13:**

State all facts that you contend present evidence of participation by members of a racial

or ethnic minority group in voting in the District, including evidence of the levels of racial or

ethnic minority group registration and voting, changes in such levels over time, and disparities

between racial or ethnic minority group participation and the participation by persons who are

not members of a racial or ethnic minority group.

> **ANSWER:**
>
> The District objects to this interrogatory because it requests information beyond
> the scope of discovery. The District further objects that this interrogatory is too
> broad, general, and all-inclusive. Subject to these objections and subject to the
> District's right to amend as necessary during the course of these proceedings, the
> District states that any information it has on this subject is contained in the
> materials being produced and that the District has not actively tracked this kind of
> information.

**INTERROGATORY NO. 14:**

State the basis for your contention that "minority voters in covered jurisdictions like the

district are harmed, not aided, by § 5 coverage." (Complaint at ¶ 20).

> **ANSWER:**
>
> The District objects to this contention interrogatory to the extent it requests
> information beyond the scope of discovery. This interrogatory demands legal
> contentions, not properly discoverable. The District has adequately pleaded its
> claim, and, therefore, the District refers the Private Defendant-Intervenors to the
> complaint as is filed in this case as well as any amendments made hereafter. In
> addition, the Court has already set out a briefing schedule regarding cross-motions
> for summary judgment after designated discovery has been completed, and the
> question of law posed by this interrogatory will be answerable at that time. To the
> extent necessary, the District incorporates all of its pleadings, motions, and briefs
> to the fullest extent, as if set out in full here. The District further objects that this
> interrogatory is too broad, general, and all-inclusive. The District states, however,
> subject to those objections and subject to the District's right to amend as
> necessary during the course of these proceedings, the District believes that
> minority voters in covered jurisdictions are harmed by §5 coverage to the same
> extent nonminority voters in the same jurisdictions are harmed by factors
> including but not limited to the attendant waste of taxpayer and governmental
> resources, the infringement of the federal government on local control of local

elections, the present-day stigmatization of jurisdictions and the people living in them based on historical conditions that no longer exist, and the increased transaction costs imposed on changes designed to increase access for all voters.

## INTERROGATORY NO. 15:

State all facts that you contend demonstrate any instances in which the District has refrained from making a change with respect to voting because of the preclearance requirements of Section 5 of the VRA.

### ANSWER:

The District objects to this interrogatory because it requests information beyond the scope of discovery. The District states, however, subject to that objection and subject to the District's right to amend as necessary during the course of these proceedings, that it is presently unaware of any particular instance in which the District has explicitly considered and then refrained from making a change with respect to voting because of the preclearance requirements of Section 5 of the VRA.

## INTERROGATORY NO. 16:

State the basis for your contention that Section 5 of the VRA "hinders the right of voters in the district to decide the manner in which their representation at the local level will be determined." (Complaint at ¶ 25).

### ANSWER:

The District objects to this contention interrogatory to the extent it requests information beyond the scope of discovery. This interrogatory demands legal contentions, not properly discoverable. The District has adequately pleaded its claim, and, therefore, the District refers the Private Defendant-Intervenors to the complaint as is filed in this case as well as any amendments made hereafter. In addition, the Court has already set out a briefing schedule regarding cross-motions for summary judgment after designated discovery has been completed, and the question of law posed by this interrogatory will be answerable at that time. To the extent necessary, the District incorporates all of its pleadings, motions, and briefs to the fullest extent, as if set out in full here.

## INTERROGATORY NO. 17:

Identify each member of the Board of Directors (or any other governing board) of the District who has served (whether by election or appointment) on the Board at any time since the inception of the District, including for each individual member the name, the year or years in which he or she served on the Board, his or her race and ethnicity, and his or her home address and telephone number or other contact address or telephone number.

### ANSWER:

The District objects to this interrogatory to the extent it requests information beyond the scope of discovery. Subject to that objection and subject to the District's right to amend as necessary during the course of these proceedings, the District lists below the names of persons who have served on the board of directors by election or appointment. Whatever additional relevant and discoverable information the District has regarding board members is contained within the information being provided to the Private Defendant-Intervenors and other parties, in particular the minutes of various board meetings and canvass reports and other documents relating to individual elections.

Scott Storm
Clifton Spillar
Chester Collingsworth
Ron Patterson
William R. Britton
Joe E. Ventura
James Cox
Thomas M. Mays
Ronald Hay
Edward Swarthout
Karen Temborius
Kenneth Ragsdale
Allen Jensen
Don Zimmerman
William C. Ferguson
George Fredrickson

## INTERROGATORY NO. 18:

Identify each person who has been a candidate for election to the Board of Directors (or

any other governing board) of the District, including the year or years in which the individual or individuals ran for election, each individual's race and ethnicity, and each individual's home address and telephone number or other contact address or telephone number.

### ANSWER:

The District objects to this interrogatory to the extent it requests information beyond the scope of discovery. Subject to that objection and subject to the District's right to amend as necessary during the course of these proceedings, the District lists below the names of persons who have been candidates for election to the board of directors. Whatever additional relevant and discoverable information the District has regarding candidates for election to the board of directors is contained within the information being provided to the Private Defendant-Intervenors and other parties, in particular canvass reports and other documents relating to individual elections.

Scott Storm
Clifton Spillar
Chester Collingsworth
Ron Patterson
William R. Britton
Joe E. Ventura
Walter J. Trant, III
Thomas M. Mays
Ronald Hay
Alan R. Weiss
Paul Gunn
Anthony Brush
William C. Ferguson
Allen Jensen
Don Zimmerman
Oliver K. Ban
Ed Swarthout
Karen Temborius
Franklin Mark Lassandro
Russell Scott Hill
Robert R. Ratcliff
George A. Fredrickson

### INTERROGATORY NO. 19:

With respect to the administration, design, or amendment of all election laws, standards, practices, and procedures concerning voting in the District since the District's inception, identify

by name and home or other contact address and telephone number each person who is or has been responsible for administering, designing, or amending such laws, standards, practices, or procedures, and each person has worked on behalf of the District to provide advice, counsel, consultation or strategy regarding the same.

**ANSWER:**

The District objects to this interrogatory because it is irrelevant, not appropriately time limited, and goes beyond the scope of discovery. The District further objects that this interrogatory is too broad, general, and all-inclusive. Subject to those objections and subject to the District's right to amend as necessary during the course of these proceedings, the District states that the District's board and counsel to the District are involved in the process of administering, designing, or amending practices and procedures concerning voting in the District. The District, as a political subdivision of the State of Texas, does not enact election laws.

**INTERROGATORY NO. 20:**

In relation to each of the District's preclearance submissions, identify each person who has submitted, been responsible for submitting, or has otherwise worked on behalf of the District since the District's inception in connection with, such preclearance submissions, and provide each person's home or other contact address or telephone number.

**ANSWER:**

The District objects to this interrogatory because it is irrelevant, not appropriately time limited, and goes beyond the scope of discovery. Subject to those objections and subject to the District's right to amend as necessary during the course of these proceedings, the District states that the identity of each attorney who was responsible for the District's preclearance submissions is contained within the information pertaining to those preclearance submissions that is being provided to the Private Defendant-Intervenors and other parties.

**INTERROGATORY NO. 21:**

Identify all amounts in salary, compensation of any kind, attorney's fees, or costs or expenses that the District has ever paid, or caused to be paid, since the District's inception to any person, including any attorneys, for tasks associated with preparing preclearance submissions,

and in so doing specifically identify the portion or amounts that were attributable to such tasks.

**ANSWER:**

The District objects to this interrogatory because it is irrelevant, not appropriately time limited, and goes beyond the scope of discovery. Subject to those objections and subject to the District's right to amend as necessary during the course of these proceedings, detailed information regarding payments to persons for tasks associated with preparing preclearance submissions is contained within the information being provided to the Private Defendant-Intervenors and other parties. In particular, the minutes of various board meetings over the years and bills and invoices attached thereto contain all relevant and discoverable information regarding such payments.

**INTERROGATORY NO. 22:**

Identify all amounts in salary, compensation of any kind, attorney's fees, and costs or expenses that the District has ever paid or caused to be paid since the District's inception to any person, including any attorneys, for any tasks involving the administration of voting or elections, and in so doing specifically identify the portion or amounts attributable to such tasks.

**ANSWER:**

The District objects to this interrogatory because it is irrelevant, not appropriately time limited, and goes beyond the scope of discovery. Subject to those objections and subject to the District's right to amend as necessary during the course of these proceedings, detailed information regarding payments to persons for tasks involving the administration of voting or elections is contained within the information being provided to the Private Defendant-Intervenors and other parties. In particular, the minutes of various board meetings over the years and bills and invoices attached thereto contain all relevant and discoverable information regarding such payments.

**INTERROGATORY NO. 23:**

Identify all persons who have been involved in providing information relevant to your responses to these Interrogatories, and for each such person, identify the subject areas of his or her knowledge and identify the particular interrogatory or interrogatories for which that person

provided information relevant to the response.

**ANSWER:**

The District objects to this interrogatory to the extent that it requests information beyond that permitted by the scope of the rule. Subject to this objection, the District's litigation counsel assisted in the preparation of these responses. In addition, assistance was also given by: Bill Ferguson, president of the District's board of directors.

## **VERIFICATION**

STATE OF TEXAS            §
                          §
COUNTY OF TRAVIS          §

BEFORE ME, the undersigned authority, on this day personally appeared, William Ferguson, the duly authorized agent of NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, known to me to be the person who has answered the foregoing RESPONSES TO INTERROGATORIES and, who after being duly sworn, deposes and says that the statements in this pleading are true and correct.

NORTHWEST    AUSTIN    MUNICIPAL    UTILITY DISTRICT NUMBER ONE

By: _William C. Ferguson_

Authorized Agent

SWORN AND SUBSCRIBED TO this 31st day of January 2007, to certify which witness my hand and seal of office.

_Sonja Hanna_

NOTARY PUBLIC

My Commission Expires: _June 21, 2008_

SONJA HANNA
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 21, 2008

## CERTIFICATE OF SERVICE

I hereby certify that I served true copies of Plaintiff's Responses to Private Defendant-Intervenors' First Set of Interrogatories upon counsel for the parties indicated below by United States First Class postage-paid mail on January 31, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

*Counsel for Defendant*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas
State Conference of NAACP and Austin
Branch of the NAACP*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State
Conference of NAACP and Austin Branch of the
NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland 21215

*Counsel for Intervenors-Defendants Texas State
Conference of NAACP and Austin Branch of the
NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
 EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas 78205

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Elliott M. Mincberg
emincberg@pfaw.org
David J. Becker
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C. 20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple Lane
Alexandria, Virginia 22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C. 20003

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
 FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Max Renea Hicks
rhicks@renea-hicks.com
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

*Counsel for Intervenor Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
 UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia 30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*

Lisa Graybill
Legal Director
courtfilings@aclu-nca.org
ACLU FOUNDATION OF TEXAS
1210 Rosewood Ave.
Austin, Texas 78702

*Counsel for Applicant Nathaniel Lesane*

Art Spitzer
artspitzer@aol.com
courtfilings@aclu-nca.org
Legal Director
ACLU OF THE NATIONAL CAPITAL AREA
1400 20th Street N.W., Suite 119
Washington, D.C. 20036

*Counsel for Applicant Nathaniel Lesane*

Jose Garza
jgarza@trla.org
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Alpha Hernandez
ahernandez@trla.org
Eloy Padilla
epadilla@trla.org
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Michael T. Kilpatrick
mkirkpatrick@citizen.org
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036

*Counsel for Defendant-Intervenor Nathaniel Lesane*

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

*Counsel for Defendant-Intervenor Nathaniel Lesane*

Christian J. Ward