IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br><br>    Plaintiff,<br> v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br><br>    Defendant,<br><br>WINTHROP GRAHAM, ET AL.<br><br>    Applicants for Intervention. | Civil Action No. 1:06-CV-01384<br>   (PF, ES, DT) |

**REPLY STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS ON BEHALF OF WINTHROP GRAHAM, YVONNE GRAHAM, WENDY RICHARDSON, JAMAL RICHARDSON AND MARISA RICHARDSON**

               Theodore M. Shaw
               Director-Counsel
               Jacqueline A. Berrien
               Norman J. Chachkin (D.C. Bar No. 235283)
               Debo P. Adegbile
               NAACP Legal Defense and
                Educational Fund, Inc.
               99 Hudson Street, Suite 1600
               New York, New York 10013
               (212) 219-1900

               Kristen M. Clarke
               NAACP Legal Defense and
                Educational Fund, Inc.
               1444 Eye Street, N.W., 10th Floor
               Washington, D.C. 20005
               (202) 682-1300

Danielle C. Gray
Four Times Square
New York, NY 10036-6522

Samuel Spital
Holland & Knight
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br><br>Plaintiff,<br>v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br><br>Defendant,<br><br>WINTHROP GRAHAM, ET AL.<br><br>Applicants for Intervention. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

**REPLY STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANTS ON BEHALF OF WINTHROP GRAHAM, YVONNE GRAHAM, WENDY RICHARDSON, JAMAL RICHARDSON AND MARISA RICHARDSON**

Proposed Defendant-Intervenors, Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson and Marisa Richardson, (collectively "Proposed Defendant Intervenors"), by their undersigned counsel, respectfully submit this reply to Plaintiff's Response to their motion to intervene. Plaintiff opposes Proposed Defendant Intervenors' Motion arguing that they fail to satisfy the requirements for intervention as of right pursuant to Rule 24(a)(1) or for permissive intervention pursuant to Rule 24(b)(2). Notwithstanding Plaintiff's arguments, as the Proposed Defendant Intervenors explained in their initial memorandum, they are aggrieved individuals within the meaning of Section 4(a)(4) of the Voting Rights Act ("VRA"), 42 U.S.C. § 1973b(a)(4), which authorizes their intervention "at any stage in [a bailout] action." Proposed Defendant Intervenors seek to invoke their statutory right to intervene in order to participate in

1

the proceedings before this Court and in any appeals that may follow. Moreover, the Proposed Defendant Intervenors have filed a timely application to intervene. As such, the Proposed Defendant Intervenors satisfy the prerequisites for intervention under Rules 24(a)(1) and (b)(2), and intervention should be granted.

## ARGUMENT

Federal Rule of Civil Procedure 24(a)(1), intervention as a matter of right, states that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) where a statute of the United States confers an unconditional right." Here, Section 4(a)(4) of the VRA, which is part of the statutory bailout section, provides that "any aggrieved party may as of right intervene at any stage in such action," 42 U.S.C. § 1973b(a)(4). As explained in their initial memorandum, Proposed Defendant Intervenors are aggrieved parties within the meaning of the statute. *See* Statement of Points and Authorities in Support of Motion to Intervene as Defendants on Behalf of Winthrop Graham et al. ("February 14, 2007 Memorandum") at 11-12. Therefore, they satisfy the requirements for intervention as of right. Moreover, as explained below, Proposed Defendant Intervenors' exercise of their statutory rights will not prejudice Plaintiff in this litigation.

**A. <u>Plaintiff Will Not Be Prejudiced By The Proposed Defendant Intervenors' Intervention As of Right In This Action</u>**

The Proposed Defendant Intervenors satisfy the timeliness requirement of Rule 24(a)(1). As a result, the Plaintiff will not be prejudiced by the addition of the Proposed Defendant Intervenors. This Motion to Intervene was filed shortly after the Court denied the December 22, 2006 Motion to Join Proposed Defendant Intervenors as parties defendant in this action.[1] While

---

[1] The Proposed Defendant Intervenors made a good faith effort to join the litigation as a party under the Federal Rules on December 22, 2006. The Court denied the motion on February 5, 2006 but noted that Rule 24 was a proper

2

the fact discovery period ends on March 1 under the scheduling order, that order contemplates a period of expert discovery and depositions over the next five weeks during which time the Proposed Defendant Intervenors would make themselves available for depositions in Austin, Texas.

      Significantly, the scope of discovery sought from the Intervenors to date also undercuts the Plaintiff's assertion of prejudice. Proposed Defendant Intervenors adopt the prior discovery requests served on behalf of, *inter alia*, the Louises as Defendant Intervenors (whom counsel for Proposed Defendant Intervenors represent). Thus far, Plaintiff's discovery from the private intervenors has been limited to depositions; Plaintiff has not served any written discovery. The depositions of private intervenors have been brief; indeed, most have lasted no more than one hour and none over two hours. Both Louis Intervenors were deposed in ninety-five minutes total. Moreover, because Plaintiff's counsel have already deposed several private intervenors, including the Louises,[2] they have already undertaken much of the preparation needed to depose the Proposed Defendant Intervenors. In light of this information and the short list of Defendant Intervenor experts that could possibly be subject to discovery regardless of how this Court resolves a pending motion to strike, the Proposed Defendant Intervenors are confident that their depositions, if sought, could be conducted prior to the April 9 expert discovery deadline.

      The weakness of the Plaintiff's argument is underscored by the fact that Plaintiff cites no case law to support the proposition that, in circumstances similar to those presented in this case,

---

vehicle through which the Proposed Defendant Intervenors could seek participation in the action.

[2] Notwithstanding Plaintiff's statement to the contrary, the Louises have coordinated with Plaintiff's counsel to make themselves available for deposition and did not delay in responding to Plaintiff's request to find a deposition date. On February 15, 2007, as part of a series of communications between counsel regarding the discovery schedule, and before any deposition in the case had been taken, the Louises offered to be available on March 1, 2007, a date on which no other depositions had been scheduled. Significantly, this is the same date on which the Louises' depositions actually occurred.

3

a Proposed Defendant Intervenor's motion was deemed untimely. Additionally, as noted above, Section 4(a)(4) of the VRA provides that aggrieved parties may intervene as of right "at *any stage* in [a bailout] action," 42 U.S.C. §1973b(a)(4) (emphasis added). Plaintiff's interpretation of the statutory right to intervene renders the words "at any stage" meaningless, which is powerful evidence that its interpretation is incorrect. *See, e.g., U.S. ex rel. Totten v. Bombadier Corp.*, 380 F.3d 488, 499 (D.C. Cir. 2004) ("It is, of course, a 'cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'") (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 489 n.13 (2004)).

### B. **Plaintiff's Arguments Concerning Adequacy of Representation and Article III Standing Are Unpersuasive**

Plaintiff argues that the interests of the Proposed Defendant Intervenors are adequately represented by existing parties to this suit. *See* Plaintiffs' Memorandum at 8, 13-15. Without conceding this point, it is simply not relevant: as the text of the rules make clear, adequacy of representation is a relevant factor only under Rule 24(a)(2), upon which Proposed Defendant Intervenors do not rely; it is not a relevant factor under Rule 24(a)(1) or Rule 24(b)(2). Similarly, Section 4(a)(4) of the Voting Rights Act says nothing about adequacy of representation.

In addition, Plaintiff maintains that Proposed Defendant Intervenors lack Article III standing. For the reasons explained in Proposed Defendant Intervenors' February 14 Memorandum, *see* Memorandum at 12-13, this is incorrect. Indeed, Plaintiff's assertion is inconsistent with this Court's grants of intervention to numerous other parties who, as minority voters residing in the Northwest Austin Municipal Utility District Number One, have an identical

interest in this suit as do the Proposed Defendant Intervenors. *See, e.g., Northwest Austin Municipal District Number One v. Gonzales*, No. 06-01384 (D.D.C. Nov. 9, 2006) (order granting motions to intervene of, *inter alia*, Rodney and Nicole Louis).

### C. In the Alternative, Permissive Intervention Should Be Granted Because the Proposed Defendant Intervenors Entry Into This Case Will Not Prejudice the Parties Already Participating In The Suit

Rule 24(b) makes clear that permissive intervention can be granted "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). As demonstrated in their opening memorandum, Proposed Defendant Intervenors satisfy that requirement here. *See* February 14, 2007 Memorandum at 13-14. In response to the Proposed Defendant Intervenors' request for permissive intervention, Plaintiff asserts that it will be prejudiced if permissive intervention is granted. Proposed Defendant Intervenors have made and are making a commitment to be available for depositions as soon as practicable in Austin, Texas, which is where Plaintiff's counsel's office is located. *See, e.g.* February 14, 2007 Memorandum at 2. Therefore, this Court should grant the alternative request for permissive intervention in the event that it declines to grant intervention as of right.

## CONCLUSION

For all the reasons stated in the moving brief, as well as this reply brief, the Proposed Defendant Intervenors' Motion to Intervene should be granted.

Respectfully submitted,

/s/ Debo P. Adegbile

_____
Theodore M. Shaw
Director-Counsel
NAACP Legal Defense and Educational
      Fund, Inc.
Jacqueline A. Berrien
Associate Director-Counsel
Norman J. Chachkin (D.C. Bar No. 235283)
Debo P. Adegbile
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

*Attorneys for Proposed*
*Defendant-Intervenors*

Date: March 1, 2007

Kristen Clarke
NAACP Legal Defense and Educational
      Fund, Inc.
1444 Eye St., N.W., 10th Fl.
Washington D.C. 20005
(202) 682-1300

Danielle C. Gray
Four Times Square
New York, NY 10036-6522

Samuel Spital
Holland & Knight
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2007, I caused to be served a copy of the Reply Statement of Points and Authorities to Intervene as Defendants of Winthrop Graham, *et al.* through the ECF filing system:

Erik Scott Jaffe, Esq.
5101 34th Street, NW
Washington, DC 20008-2015
jaffe@esjpc.com

Gregory S. Coleman, Esq.
Christian J. Ward, Esq.
Weil, Gotshal & Manges LLP
8911 Capital of Texas Highway
Suite 1350
Austin, TX 78759
greg.coleman@weil.com
chris.ward@weil.com

Counsel for Plaintiff Northwest
Austin Utility District Number One

T. Christian Herren Jr.
Special Counsel
chris.herren@usdoj.gov
Sarah E. Harrington
sarah.harrington@usdoj.gov
Christy A. McCormick
christy.mccormick@usdoj.gov
Suzanne Stafford
suzanne.Stafford@usdoj.gov
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Tel: (800) 253-3931
Fax: (202) 307-3961

Counsel for the Defendant

Nina Perales
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
Tel: (210) 224-5476
Fax: (210) 224-5382

nperales@maldef.org

Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

Counsel for Intervenors-Defendants
*Lisa and Gabriel Diaz*

Seth P. Waxman (D.C. Bar No. 257337)
seth.waxman@wilmerhale.com
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
Michael J. Gottlieb
Wilmer Cutler Pickering Hale and Dore LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dennis C. Hayes
National Association for the Advancement of Colored People, Inc.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Tel: 202-662-8600
Fax: 202-628-2858



Counsel for Intervenors-Defendants Texas State
Conference of NAACP and Austin Branch of the NAACP

Laughlin McDonald
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
Tel: (404) 523-2721

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
Tel: (202) 457-0800
Fax: (202) 452-1868
artspitzer@aol.com

Michael J. Kator
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
Tel: (202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

Counsel for Applicant Nathaniel Lesane

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Tel: (512) 480-8231
Fax: (512) 480-9105
rhicks@renea-hicks.com

J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
Tel: (703) 567-5873
Fax: (703) 567-5876
DC Bar No. 447676
jghebert@comcast.net

Counsel for Intervenor-Defendant
Travis County

Elliot M. Mincberg
emincberg@pfaw.org
David J. Becker (D.C. Bar No. 496318)

People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999

*Counsel for Intervenor-Defendant*
*People for the American Way*

Jose Garza
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Intervenors-Defendants Angie*
Garcia, Jovita Casarez, and Ofelia Zapata

*/s/ Debo P. Adegbile*

_____
Debo P. Adegbile
NAACP Legal Defense
   and Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200