**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br>401 W. 15th Street<br>Suite 850<br>Austin, Texas 78701,<br>　　　　　*Plaintiff*,<br><br>v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States,<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530,<br>　　　　　*Defendant*. | Civil Action No. 1:06-CV-01384<br>(DST, PLF, EGS) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE EXPERT DESIGNATION BY NAACP INTERVENORS**

The expert designation of Terry L. Musika by defendant-intervenors the Texas State Conference of NAACP Branches and Austin Branch of the NAACP should be stricken because the NAACP failed to timely serve an expert report in compliance with the Court's scheduling order. D.52. The NAACP must live by the schedule it and the other defendants demanded and received. D.48-3. Because of the NAACP's gamesmanship in failing to provide an expert report in time for plaintiff Northwest Austin Municipal Utility District No. 1 to retain a rebuttal expert and have that expert prepare a report by the Court's February 16, 2007 deadline, D.52, the district has been prejudiced and the sanction of striking the expert designation is warranted.

Any difficulty that the NAACP's expert had in complying with rule 26(a) by preparing a report by the time he was designated was of defendants' own making. It was defendants' own schedule that proposed making expert designations due before fact discovery was completed. D.48-3. Further, the private defendant-intervenors served their discovery requests by mail on

1

December 29, 2006, making the district's responses due two weeks after the expert designation deadline the NAACP and other defendants demanded. NAACP Exs. B, C.[1]

Having demanded a compressed discovery schedule, the NAACP cannot now be heard to complain that it cannot perform under it. Nor can it deny that the district is prejudiced by the inability to designate a rebuttal expert without seeing Mr. Musika's report first. Notice of the general topic on which an expert is expected to opine cannot substitute for the opportunity to see and evaluate that expert's report in making the judgment whether to retain a rebuttal expert or who that rebuttal expert should be. More fundamentally, it is clearly impossible for a rebuttal expert to rebut a report that does not yet exist, and the district, unlike the NAACP, would have appointed any rebuttal expert in compliance with rule 26(a)(2)(B)'s requirement that an expert's report accompany the expert disclosure.

Finally, the district's motion is not a "discovery motion" appropriate for a prior conference with the Court under the scheduling order. D.52. The district seeks neither to compel nor to resist any discovery. The deadline for the district to designate a rebuttal expert has now passed, and the deadlines for completing expert discovery and filing dispositive motions are fast approaching, so disclosure of Mr. Musika's report now would not remedy the prejudice to the district. The district informed counsel for the NAACP intervenors in mid-January that it

---

[1] Contrary to the NAACP intervenors' assertion, the district's discovery responses were timely served. The discovery requests were served by first class mail, NAACP Exs. B, C, adding three days to the 30-day response time. FED. R. CIV. P. 6(e). (The certificates of service also purported to "serve" the responses by e-mail. NAACP Exs. B, C. Although all parties to this case have consistently—as a courtesy—e-mailed electronic copies of discovery documents to each other, those courtesy transmissions do not effect service in the absence of written consent. FED. R. CIV. P. 5(b)(2)(D) (providing that service by electronic means is effective only if "consented to in writing by the person served"); *see* LCvR 5.4(d)(1) (providing that "[e]lectronic *filing* of any document operates to effect service" on parties with CM/ECF passwords (emphasis added)). In any event, effective electronic service also results in adding three days to the response time, just as does service by regular mail. FED. R. CIV. P. 6(e).)

would insist on its right to review any expert report before the deadline for designating rebuttal experts. And the district's waiting until February 13—more than a month after the expert report was due and two weeks after serving discovery responses—to file this motion was the farthest thing from "procedural gamesmanship." NAACP Opp. 7  Rather, it was an extension of courtesy, providing the NAACP the opportunity to alleviate its own procedural defect and perhaps make this motion unnecessary. The NAACP has now made clear that it has no intention of disclosing an expert report until March 9, seven weeks after it was due and three weeks after the district's deadline to disclose a rebuttal expert.

For these reasons, the district requests the Court to strike the expert designation of Mr. Musika, which is not in compliance with rule 26(a) or the Court's scheduling order.

DATED:  March 5, 2007                     Respectfully submitted:

/s/ Gregory S. Coleman
Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
8911 Capital of Texas Hwy., Ste. 1350
Austin, Texas  78759
[Tel.] (512) 349-1930
[Fax] (512) 527-0798

/s/ Erik S. Jaffe
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008
[Tel.] (202) 237-8165
[Fax]  (202) 237-8166

*Attorneys for Plaintiff
Northwest Austin Municipal
Utility District No. One*

## CERTIFICATE OF SERVICE

I hereby certify that I served true copies of Plaintiff's Reply in Support of Motion to Strike Expert Designation upon counsel for the parties indicated below through the Court's electronic filing system on March 5, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

*Counsel for Defendant*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland  21215

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
    EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas  78205

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York  10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Elliott M. Mincberg
emincberg@pfaw.org
David J. Becker
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C.  20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple Lane
Alexandria, Virginia  22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C.  20003

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
    FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C.  20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Max Renea Hicks
rhicks@renea-hicks.com
1250 Norwood Tower
114 West 7th Street
Austin, Texas  78701

*Counsel for Intervenor Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia  30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*

Lisa Graybill
Legal Director
courtfilings@aclu-nca.org
ACLU FOUNDATION OF TEXAS
1210 Rosewood Ave.
Austin, Texas 78702

*Counsel for Applicant Nathaniel Lesane*

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Jose Garza
jgarza@trla.org
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Michael T. Kilpatrick
mkirkpatrick@citizen.org
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Art Spitzer
artspitzer@aol.com
courtfilings@aclu-nca.org
Legal Director
ACLU OF THE NATIONAL CAPITAL AREA
1400 20th Street N.W., Suite 119
Washington, D.C. 20036

*Counsel for Applicant Nathaniel Lesane*

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Alpha Hernandez
ahernandez@trla.org
Eloy Padilla
epadilla@trla.org
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia,
Jovita Casarez and Ofelia Zapata*


                                                    */s/ Christian J. Ward*
                                                    Christian J. Ward