IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br>    Plaintiff,<br>  v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br>    Defendant. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF DEFENDANT-INTERVENORS TO EXTEND BRIEFING SCHEDULE**

Dated: March 15, 2007

**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE<br>　　　　Plaintiff,<br>　　v.<br><br>ALBERTO GONZALES, in his official capacity as Attorney General of the United States of America<br>　　　　Defendant. | Civil Action No. 1:06-CV-01384<br>(PF, ES, DT) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION OF DEFENDANT-INTERVENORS TO EXTEND BRIEFING SCHEDULE**

　　　This is an action brought by Plaintiff Northwest Austin Municipal Utility District Number One seeking a declaratory judgment from this Court that it is entitled to bailout from the preclearance requirement of Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, as amended by the Fannie Lou Hamer, Rosa Parks, and Coretta Scott King Voting Rights Act Reauthorization and Amendments Act of 2006, Public Law 109-246 ("VRARA") or, in the alternative, that continued application of Section 5 is unconstitutional.  The VRARA was signed into law July 27, 2006, and, among other things, it reauthorized Section 5.  The Plaintiff filed this suit on August 4, 2006, only eight days later.  Pursuant to Local Civil Rule 16.3(a), Defendant-Intervenors now move to extend the deadlines for filing of dispositive motions in this matter by five weeks. Defendant-Intervenors aver that this extension of the briefing schedule would not cause

2

prejudice to any party in this matter, would not disrupt the schedule that has been set by this court for oral argument, would facilitate the orderly presentation of the case, and would have no effect on any other aspect of the pre-trial or trial schedules.

On November 28, 2006, pursuant to this Court's Orders of November 15 and 17, 2006, Docket Nos. 40, 46, Plaintiff, Defendant Attorney General of the United States Alberto Gonzales, and the Defendant-Intervenors (Texas State Conference of the NAACP Branches; Austin Branch of the NAACP; Rodney and Nicole Louis; David, Lisa, and Gabriel Diaz; People for the American Way; Nathaniel Lesane, Angie Garcia, Jovita Casarez, Ofelia Zapata; and Travis County, Texas) submitted a joint report outlining, inter alia, the parties' proposed scheduling orders. Local Rule 16.3 Report. Dkt. No. 49.

At the time the action was filed, and when the parties later conferred in November 2006 regarding the briefing schedule, the parties to this motion expected that the official legislative record would be fully assembled and printed by the end of calendar year 2006, and certainly no later than February 2007. The parties submitted their respective scheduling proposals to the Court in light of that expectation. It appears, however, that the process of compiling, indexing, and printing the record was more complicated than anticipated, perhaps due, in part, to recent personnel changes in the Congress, and the length of the legislative record underlying the VRARA, which stands at an approximate length of 15,000 pages. Although the record in the House of Representatives is fully compiled and printed, it appears that significant portions of the record in the Senate were not transmitted to the GPO until approximately March 2007. The parties to this motion have made diligent inquiries as to when the complete Senate record will be printed and

3

available. Based upon available information, movants expect that the complete and official Senate record will be available at some point between the end of March and the end of April.

Initially, Defendant and Defendant-Intervenors proposed that all parties file cross-motions for summary judgment by April 16, 2007, with oppositions due on May 16, 2007, and replies due on June 6, 2007. Dkt. Nos. 49. Plaintiff proposed that all parties file any dispositive motions within 60 days after the completion of discovery on March 1, 2007; accordingly, all dispositive motions would have been due on April 30, 2007. In the case, however, where the Defendant or Defendant-Intervenors designated experts, Plaintiff proposed that all parties file dispositive motions by October 1, 2007. Under either scenario, Plaintiff proposed that oppositions be due within 30 days of the filing of a dispositive motion, and any reply be due within 21 days of filing an opposition brief.

On December 1, 2006, this Court entered a scheduling order based upon the Rule 16.3 Joint Report. As relevant to this motion, the Court ordered that all dispositive motions be filed on or before April 16, 2007; oppositions by May 16, 2007; and replies, if any, by June 6, 2007.

In accordance with the order, scheduled fact discovery concluded on March 1, 2007. The parties have conducted fact discovery, during which Plaintiff produced more than 10,000 pages of documents. The Defendant-Intervenors collectively reviewed the documents, took and defended approximately 16 depositions over 18 sessions, and produced to Plaintiff the expert designations of Rolando Rios and Terry L. Musika, and Mr. Musika's expert report. As of the time of this request, Motions seeking to bar expert

4

testimony remain pending as does Plaintiff's Motion to Amend the Complaint, Dkt. No. 65, and the Graham Motion to Intervene. Dkt. No. 70.

## An Extension is Warranted in the Circumstances Presented

Local Civil Rule 16.3(a) states that "any party may move to extend the deadline of a time fixed by the court … for sufficient reasons." Here, a sufficient reason exists where the complete congressional record implicated by Plaintiff's claims has not yet been finalized and published. This court has determined that, where circumstances beyond the parties' control interfere with the filing of a timely motion, a time extension is warranted. *See, e.g., Lemmons v. Georgetown University Hosp.*, ___ F.Supp.2d ___, 2007 WL 619508, *3 (D.D.C. Mar. 1, 2007) (noting that multiple time extension were granted due to illness of counsel). The Government Printing Office ("GPO"), the office with responsibility for publishing the official record, is expecting to receive transmission of the final portions of the record this week, and thus has not yet made the complete, official legislative record publicly available. GPO is making efforts to expedite this process however, and it appears that the record will be completed and published at some point between the end of March and the end of April, 2007.

Although the parties made good faith estimates with respect to the proposed schedule for the orderly disposition of this case prior to filing the Rule 16.3 Joint Report, neither side was aware of the timeline for the publication of the completed record. The parties, however, expected that the congressional record would have been publicly available by this point. The publication of the record is a process that substantially affects the litigation of this case that the parties to this action do not control. The congressional record that was developed in both houses of Congress is very voluminous.

5

Moreover, while review of a record of approximately 15,000 pages is a formidable task in itself, this analysis requires access to the complete official record in the first instance.

The need for a completed legislative record in this case is apparent. Plaintiff has challenged the constitutionality of the continued application of Section 5 of the Voting Rights Act. Specifically, Plaintiff contends that:

> Congress cannot forever rely on findings of conditions that existed thirty years ago to continue to justify the use of its Fifteenth (or Fourteenth) Amendment enforcement power in a way that infringes on the rights of an entire generation of voters who were not even alive when those discriminatory practices were ended. Unlike other provisions of the Voting Rights Act, §5 is no longer a "congruent and proportional" remedial exercise of Congress's enforcement power.

Amended Complaint ¶24.

Accordingly, it is clear that the congressional record will play a central role in this case. It may be anticipated that a key element of plaintiff's legal theory—that Congress has exceeded its enforcement power in reauthorizing the Voting Rights Act—will be the claim that the Act lacks a "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997). Resolution of that claim will necessarily turn, in part, on an evaluation of the legislative record that was before the Congress that re-authorized the Voting Rights Act. *See City of Rome v. United States*, 446 U.S. 156, 161 (1980) (upholding 7-year extension of Section 5 in light of evidence before Congress concerning objections interposed by the Attorney General under statute); *South Carolina v. Katzenbach*, 383 U.S. 301, 308-313 (1966) (upholding constitutionality of Section 5 in light of extensive record evidence of discrimination before Congress); *see also Tennessee v. Lane*, 541 U.S. 509 (2004) (holding that Congress's finding that "'discrimination

6

against individuals with disabilities persists in such critical areas as ... education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services'. . . together with the extensive record of disability discrimination that underlies it, makes clear beyond peradventure that inadequate provision of public services and access to public facilities was an appropriate subject for prophylactic legislation"); *Nevada Dep't of Human Resources v. Hibbs*, 538 U.S. 721, 735 (2003) ("In sum, the States' record of unconstitutional participation in, and fostering of, gender-based discrimination in the administration of leave benefits is weighty enough to justify the enactment of prophylactic § 5 legislation").

**Conclusion**

Given the importance of a complete legislative record to the legal analysis, the significance of the issues presented in this case, Plaintiff's pending February 1, 2007, Motion for Leave to Amend its Complaint, and present unavailability of the completed congressional record, Defendant-Intervenors respectfully request that this Court grant their unopposed motion to extend the time for filing dispositive motions by five weeks to May 22, 2007, with oppositions due June 22, 2007, and replies, if any, due July 13, 2007. It is now apparent that this minor modification would facilitate a more orderly and complete presentation of the issues to this Court for disposition.

Dated: March 15, 2007

Respectfully Submitted,

*/s/ Debo P. Adegbile*
_____
Debo P. Adegbile

Theodore Shaw
Director-Counsel
Jacqueline A. Berrien
Norman J. Chachkin (D.C. Bar No.235283)
NAACP Legal Defense and
   Educational Fund, Inc.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 219-1900

Kristen M. Clarke
NAACP Legal Defense and
   Educational Fund, Inc.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

Danielle C. Gray
Four Times Square

New York, NY 10036-6522

Samuel Spital
Holland & Knight
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

*Counsel for Defendant-Intervenors*
*Rodney and Nicole Louis*
Respectfully submitted,


*/s/ Nina Perales*
_____

Nina Perales
Texas State Bar No. 240054046
Mexican American Legal Defense and Educational Fund, Inc.
110 Broadway, Suite 300
San Antonio, Texas 78205
Tel: (210) 224-5476
Fax: (210) 224-5382
nperales@maldef.org


*/s/ Joseph E. Sandler*
_____

Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com


*Counsel for Defendant-Intervenors*
*Lisa and Gabriel Diaz*

Respectfully submitted,

*/s/ Seth P. Waxman*
_____

Seth P. Waxman (D.C. Bar No. 257337)

9

seth.waxman@wilmerhale.com
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Daniel A. Zibel (D.C. Bar No. 491377)
Michael J. Gottlieb
Wilmer Cutler Pickering Hale and Dore LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Dennis C. Hayes
National Association for the Advancement of
Colored People, Inc.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
Fax: (410) 358-9350

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Tel: 202-662-8600
Fax: 202-628-2858

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP and Austin*
*Branch of the NAACP*
Respectfully submitted,

*/s/ Laughlin McDonald*
_____

Laughlin McDonald
American Civil Liberties Union Foundation, Inc.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
Tel: (404) 523-2721

Arthur B. Spitzer
American Civil Liberties Union
1400 20th Street, NW, Suite 119
Washington, DC 20036
Tel: (202) 457-0800
Fax: (202) 452-1868

artspitzer@aol.com

Michael J. Kator
Kator, Parks & Weiser, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
Tel: (202) 898-4800
Fax: (202) 289-1389
mkator@katorparks.com

*Counsel for Defendant-Intervenor Nathaniel Lesane*

Respectfully submitted,

*/s/ David J. Becker*
_____

David J. Becker (D.C. Bar No. 496318)
dbecker@pfaw.org
People For the American Way Foundation
2000 M Street NW, Suite 400
Washington, DC 20036
(202) 467-4999

*Counsel for Defendant-Intervenor People for the American Way*

Respectfully submitted,

*/s/ Jose Garza*
_____

Jose Garza
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)


*/s/ Michael T. Kirkpatrick*
_____

Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728

11

202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors
Angie Garcia, Jovita Casarez, and Ofelia Zapata*
Respectfully submitted,

*/s/ Renea Hicks*
_____

Max Renea Hicks
Attorney at Law
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701
Tel: (512) 480-8231
Fax: (512) 480-9105
rhicks@renea-hicks.com

*/s/ J. Gerald Hebert*
_____

J. Gerald Hebert
Attorney at Law
5019 Waple Lane
Alexandria, VA 22304
Tel: (703) 567-5873
Fax: (703) 567-5876
DC Bar No. 447676
jghebert@comcast.net

*Counsel for Defendant-Intervenor
Travis County*

12