IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States,<br><br>    Defendant. | No. 1:06-cv-01384<br><br>(PLF, DST, EGS) |

### GARCIA INTERVENORS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXPERT DESIGNATION

Defendant-Intervenors Angie Garcia, Jovita Casares, and Ofelia Zapata ("Garcia Intervenors") submit this memorandum in opposition to plaintiff's motion to strike their designation of Rolando Rios as a potential expert witness. Plaintiff seeks to preclude Mr. Rios's testimony because a clerical error resulted in a failure to timely serve the designation by regular mail. Plaintiff's motion to strike should be denied because plaintiff has not been prejudiced by any irregularity in the service of the designation.

### BACKGROUND

Plaintiff brought this case to challenge the constitutionality of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. The Garcia Intervenors joined the case to defend the constitutionality of Section 5. In its original Complaint, plaintiff alleged that compliance with Section 5 imposes an excessive financial burden. *See, e.g.,* Complaint (Doc. 1) ¶¶ 7, 12, 13, 20, and 25. Plaintiff has moved for leave to file an Amended Complaint (Doc. 65) to drop its claim that Section 5 compliance is "costly," although its proposed Amended Complaint continues to allege that such compliance is "burdensome." *Compare, e.g.,* Complaint ¶ 15 *with* proposed Amended Complaint ¶ 12.

Disclosures of expert testimony under Fed. R. Civ. P. 26(a)(2)(A) were due by January 16, 2007. Scheduling Order (Doc. 52) ¶ 7. Because plaintiff's original Complaint alleged that the Section 5 preclearance process is "costly and burdensome," the Garcia Intervenors identified Mr. Rios as a potential witness to rebut this allegation. Mr. Rios is an attorney with extensive experience in handling Section 5 preclearance submissions for political jurisdictions in Texas. Mr. Rios would testify that, in his experience, compliance with Section 5 involves minimal cost and burden to a covered jurisdiction. *See* Expert Report of Rolando Rios, attached as Exh. A to Pl. Motion to Strike.

On January 16, 2007, George Korbel, counsel for Garcia Intervenors, served by e-mail a disclosure of Mr. Rios's potential testimony, accompanied by Mr. Rios's report, to each of the e-mail addresses that appear on the certificate of service attached to the disclosure. Korbel Decl. (Attached as Exhibit 1) ¶ 4. These e-mail addresses include those of the three counsel for plaintiff: Mr. Coleman, Mr. Ward, and Mr. Jaffe. *See* Exh. A to Pl. Motion to Strike (Doc. 77). Mr. Korbel intended that the disclosure and accompanying report also be served by first class mail on January 16, 2007, and Mr. Korbel believed that the documents had been mailed by his office staff. Korbel Decl. ¶ 5.

On February 15, 2007, during a conversation between Mr. Korbel and Mr. Coleman, Mr. Korbel learned that Mr. Coleman had not received the Rios designation and report. *Id.* ¶ 6. Subsequent investigation revealed that the designation and report had not been sent by regular mail, apparently due to a clerical error in Mr. Korbel's office, and that Mr. Coleman's spam filter had rejected Mr. Korbel's e-mail. *Id.* Mr. Coleman did confirm, however, that other counsel of record for plaintiff did receive Mr. Korbel's e-mail of January 16, 2007, with the attached disclosure and accompanying report. *Id.* ¶ 7. On February 16, 2007, Mr. Korbel faxed Mr. Coleman a copy of the disclosure and accompanying report. *Id.* ¶ 6; *see also* Exh. A to Pl. Motion to Strike (Doc. 77).

## ARGUMENT

Plaintiff argues that the Rios designation should be stricken because it was not served by regular mail by the January 16 deadline. The Garcia Intervenors do not dispute that, due to an

apparent clerical error, the designation was not timely served by regular mail. This error does not, however, require that the Rios designation be stricken, because the error was inadvertent, has been cured, and caused no harm to plaintiff. Indeed, in its motion, plaintiff does not claim to have been prejudiced by the error in service.

Rule 37(c)(1) permits the Court to exclude information not properly disclosed pursuant to Rule 26(a), but it does not require that the Court impose such sanction, particularly where "such failure is harmless." Fed. R. Civ. P. 37(c)(1); *see also, e.g., Samos Imex Corp. v. Nextel Communications, Inc.*, 194 F.3d 301, 305 (1st Cir. 1999) (explaining that district court is not obligated to exclude evidence based on a failure to properly disclose "when it occurs long before trial and is likely subject to correction without much harm to the opposing party"); *Collins v. Beazer Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1371 (N.D. Ga. 2004) (denying motion to strike expert witness designation where moving parties "presented no evidence to demonstrate that they have been prejudiced by [the opposing party's] failure to disclose their expert earlier"); *Riverhawks v. Zepeda*, 228 F. Supp. 2d 1173, 1181 (D. Or. 2002) (denying motion to strike where no prejudice resulted from failure to properly disclose expert opinions); *White v. Meador*, 215 F. Supp. 2d 215, 221-22 (D. Me. 2002) (denying motion to strike expert designations where the moving party "failed to demonstrate any concrete harm from the insufficient designation and tardy provision of [the expert] report"). In assessing the harmlessness of a failure to disclose, the court's discretion is guided by the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *accord Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Each of these factors militates against striking the Rios designation.

First, plaintiff has suffered no prejudice from the failure to serve the Rios designation by regular mail. The error was discovered and cured in time to avoid any potential harm. At least one

of plaintiff's counsel of record received the disclosure by e-mail on January 16, 2007, and Mr. Coleman received it by fax on February 16, 2007. Thus, plaintiff's counsel have been on notice for at least four weeks as to the information that the Garcia Intervenors may offer through the testimony of Mr. Rios. There is no likelihood that the irregularity in service will disrupt the scheduled proceedings. Indeed, under the current scheduling order, expert discovery continues until April 9, 2007. Thus, plaintiff has sufficient time to take the deposition of Mr. Rios, should it wish to do so. Moreover, Mr. Rios's testimony will be offered, if at all, only to rebut a claim by plaintiff that compliance with Section 5 is costly and burdensome. Plaintiff's proposed Amended Complaint indicates that it no longer alleges that such compliance is "costly," and plaintiff has not designated an expert on this issue. Finally, as described in detail in the Korbel declaration, there was no bad faith or willfulness involved in the failure to serve the designation by mail.

## CONCLUSION

Plaintiff's motion to strike the expert designation of Garcia Intervenors should be denied.

Dated: March 16, 2007

Respectfully submitted,

 /s/ Jose Garza
Jose Garza
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

 /s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)

Attorneys for Garcia Intervenors