**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

|  |  |  |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:06-cv-01384 |
| ALBERTO GONZALES, Attorney General of the United States, | ) ) ) | (PLF, DST, EGS) |
| Defendant. | ) ) ) | |

---

**DECLARATION OF GEORGE KORBEL IN SUPPORT OF
GARCIA INTERVENORS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE EXPERT DESIGNATION**

I, George Korbel, declare:

1.  I am an attorney with Texas RioGrande Legal Aid, Inc., and one of the counsel for the Garcia Intervenors.  I submit this Declaration in support of the Garcia Intervenors' Memorandum in Opposition to Plaintiff's Motion to Strike Expert Designation.

2.  It was my responsibility to prepare and serve the Garcia Intervenors' disclosure of the potential expert testimony of Rolando Rios.  Pursuant to this Court's Scheduling Order, disclosures under Fed. R. Civ. P. 26(a)(2)(A) were due by January 16, 2007.

3.  Because plaintiff's original Complaint alleged that the Section 5 preclearance process is "costly and burdensome," the Garcia Intervenors identified Mr. Rios as a potential witness to rebut this allegation.  Mr. Rios is an attorney with extensive experience in handling Section 5 preclearance submissions for political jurisdictions in Texas.  If called as a witness, Mr. Rios would testify that, in his experience, compliance with Section 5 involves minimal cost and burden to a covered jurisdiction.  Although it is arguable whether Mr. Rios's proposed testimony is of a nature that requires a disclosure pursuant to Rule 26(a)(2)(A), I decided to serve such a disclosure out of an abundance of caution.

4.    On January 16, 2007, I served a disclosure of Mr. Rios's potential testimony, accompanied by Mr. Rios's report, by e-mail to each of the e-mail addresses that appear on the certificate of service attached to the disclosure.  These e-mail addresses include those of the three counsel for plaintiff, Mr. Coleman, Mr. Ward, and Mr. Jaffe.  *See* Exh. A to Pl. Motion to Strike (Doc. 77).  I know that the e-mail was sent because I included myself as an addressee and I received the e-mail on January 16, 2007.

5.    I intended that the disclosure and accompanying report also be served by first class mail on January 16, 2007.  The process in my office is to give a copy of a document that is to be served by mail to a secretary.  The documents are then placed in an addressed envelope, stamped using a postage meter, and placed in the "out box."  Materials in the "out box" are collected late in the afternoon and given to the post office.  I share my secretary with five other lawyers.  Because of the volume of mail generated in my office, and because of the passage of time, neither I nor my secretary has an independent recollection of the mailing of the Rios designation.  I believed that the designation had been served by regular mail using my office's usual process, until about February 15, 2007, when Mr. Coleman told me that he had not received the Rios designation.

6.    On February 15, 2007, I had a conversation with Mr. Coleman regarding the scheduling of depositions.  During that conversation, I asked Mr. Coleman whether he wanted to schedule a deposition of Mr. Rios.  Mr. Coleman told me that he was acquainted with Mr. Rios but that he did not recall having been served with a disclosure and report.  I told Mr. Coleman that I recalled personally sending a courtesy copy of the disclosure and accompanying report by e-mail, but I was not able to immediately confirm that the documents were sent by regular mail.  Mr. Coleman asked me to again send the documents to him by e-mail.  I did so, but received a message indicating that the e-mail had not been received by Mr. Coleman because it had been caught in his spam filter.  I tried to send the documents by e-mail again, and I received the same message.  On February 16, 2007, I sent the disclosure and accompanying

2

report to Mr. Coleman by fax, with a note explaining the problem I had encountered using e-mail.

7.      During a later conversation, Mr. Coleman told me that one of his co-counsel had received the courtesy e-mail that I sent on January 16, 2007, but had not received the documents by regular mail.

8.      I cannot explain the failure of our attempt to serve the documents by regular mail.  It is always possible that a mistake was made by our office.  I am ultimately responsible for any mistake that was made.  It was my intention to serve the disclosure and accompanying report by regular mail, and I believed that such service had been perfected until I learned otherwise in mid-February.  In any event, I do not believe that plaintiff has suffered any prejudice from the error in service.   At least one of plaintiff's counsel received the disclosure and accompanying report by e-mail on January 16, 2007, and Mr. Coleman received the documents by fax one month later.   There remains sufficient time under the current scheduling order for plaintiff to depose Mr. Rios.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 16, 2007, at San Antonio, Texas.


                                                                 _/s/ George Korbel_____
                                                                 George Korbel

3