**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br>401 W. 15th Street<br>Suite 850<br>Austin, Texas 78701,<br>   *Plaintiff*,<br><br>v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States,<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530,<br>   *Defendant*. | Civil Action No. 1:06-CV-01384<br>(DST, PLF, EGS) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO**
**STRIKE EXPERT DESIGNATION OF**
**GARCIA INTERVENORS**

The attempted designation by intervenor-defendants Angie Garcia *et al.* of Rolando Rios as an expert witness should be stricken because it has never been served and the prejudice to the plaintiff district is apparent. Because the designation was never served, the district's lead counsel was unaware of the attempted designation practically until the deadline for designating rebuttal experts. Particularly in this expedited case, the Garcia intervenors' failure to serve their expert designation warrants the standard sanction of striking the unserved designation.

The Garcia intervenors concede that the expert designation and report were never served by mail. And they do not dispute that the attempted transmission of the designation by e-mail, in the absence of written consent to electronic service, did not constitute service. *See* FED. R. CIV. P. 5(b)(2)(D). As the Garcia intervenors' own authority recognizes, "the civil procedure rules make clear that exclusion of evidence is a standard sanction for a violation of the duty of

1

disclosure under Rule 26(a)." *Samos Imex Corp. v. Nextel Communs., Inc.*, 194 F.3d 301, 305 (1st Cir. 1999).

It is indisputable that the Garcia intervenors did not serve their expert designation by January 16, 2007, as required by the Court's scheduling order, D.52, or at any time. Because the Garcia intervenors failed to mail the expert designation, the district's Austin-based lead counsel did not learn of its existence until February 15 and did not receive a copy of the designation and report until February 16, the day the district's disclosure of any rebuttal experts was due. *Id.* Although the district's D.C.-based counsel, Erik Jaffe, received the e-mail courtesy transmission on January 16, he had no way of knowing that the district's Austin-based counsel—the two attorneys who are actively managing this litigation on behalf of the district—did not receive the e-mail and were thus unaware of the attempted designation. Had the Garcia intervenors served the designation by United States mail by January 16, the district's lead counsel would have received it within days and had sufficient time before the February 16 deadline to determine if a rebuttal expert was needed and locate one. The delay in notifying the district's Austin-based counsel of the attempted expert designation made securing a rebuttal expert by the district's deadline impossible, a concrete harm to the district.

The Garcia intervenors' reliance on *Samos Imex*'s suggestion that a court may waive the standard sanction of exclusion when a failure to disclose "occurs long before trial and is likely subject to correction without much harm to the opposing party," 194 F.3d at 305, is misplaced in this expedited proceeding. The parties and the Court have anticipated that this case will be resolved on cross-motions for summary judgment and require no trial. Under the Court's scheduling order, the deadline for the district to appoint a rebuttal expert had effectively already passed when the Garcia intervenors attempted to cure their failure to disclose; the April 9

deadline for close of expert discovery is fast approaching; and the exchange of dispositive motions that will substitute for a trial in this case will occur within weeks.[1]

Simply put, the Garcia intervenors' failure to serve their expert designation and report on the district was a clear violation of the federal rules, and the district has been prejudiced by its lack of any real opportunity to rebut Mr. Rios's report. The Garcia intervenors' unserved expert designation and report should be stricken.

DATED: March 21, 2007                Respectfully submitted:

*/s/ Gregory S. Coleman*
Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
8911 Capital of Texas Hwy., Ste. 1350
Austin, Texas  78759
[Tel.] (512) 349-1930
[Fax] (512) 527-0798

*/s/ Erik S. Jaffe*
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008
[Tel.] (202) 237-8165
[Fax]  (202) 237-8166

*Attorneys for Plaintiff
Northwest Austin Municipal
Utility District No. One*

---

[1] At the time of the Garcia intervenors' failure to serve their expert designation, the deadline for dispositive motions was April 16. D.52. The Court has since extended that deadline until May 15, D.80, for reasons unrelated to the Garcia intervenors' failure to serve their designation. Even with that enlargement, the schedule for this case remains a tight one.

## CERTIFICATE OF SERVICE

I hereby certify that I served true copies of Plaintiff's Reply in Support of Motion to Strike Expert Designation of Garcia Intervenors and the proposed Order granting the motion upon counsel for the parties indicated below through the Court's electronic filing system on March 21, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

*Counsel for Defendant*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland  21215

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
    EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas  78205

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York  10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Elliott M. Mincberg
emincberg@pfaw.org
David J. Becker
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C.  20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple Lane
Alexandria, Virginia  22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C.  20003

*Counsel for Intervenors-Defendants Lisa and Gabriel Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
    FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C.  20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis*

Max Renea Hicks
rhicks@renea-hicks.com
1250 Norwood Tower
114 West 7th Street
Austin, Texas  78701

*Counsel for Intervenor Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia  30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*


Lisa Graybill
Legal Director
courtfilings@aclu-nca.org
ACLU FOUNDATION OF TEXAS
1210 Rosewood Ave.
Austin, Texas  78702

*Counsel for Applicant Nathaniel Lesane*

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas  78701

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Jose Garza
jgarza@trla.org
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas  78212

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Michael T. Kilpatrick
mkirkpatrick@citizen.org
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC  20009

*Counsel for Intervenors-Defendants Angie
Garcia, Jovita Casarez and Ofelia Zapata*

Art Spitzer
artspitzer@aol.com
courtfilings@aclu-nca.org
Legal Director
ACLU OF THE NATIONAL CAPITAL AREA
1400 20th Street N.W., Suite 119
Washington, D.C.  20036

*Counsel for Applicant Nathaniel Lesane*

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C.  20036

*Counsel for Defendant-Intervenor
Nathaniel Lesane*

Alpha Hernandez
ahernandez@trla.org
Eloy Padilla
epadilla@trla.org
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas  78212

*Counsel for Intervenors-Defendants Angie Garcia,
Jovita Casarez and Ofelia Zapata*

*/s/ Christian J. Ward*
Christian J. Ward