IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06-CV-1384 |
| ALBERTO GONZALES, Attorney General of the United States, | ) ) ) | Three-Judge Court (PLF, DST, EGS) |
| Defendant. | ) ) ) | |

## JOINT SUPPLEMENTAL REPORT IN RESPONSE TO THE COURT'S ORDER OF MAY 7, 2007

Pursuant to this Court's Minute Order of May 7, 2007, the parties report as follows:

### Joint Submission

1.      Under this Court's Order of March 16 (Docket #80), dispositive motions are due on or before May 15, 2007, oppositions are due on or before June 15, 2007, and replies, if any, are due on or before July 6, 2007.

2.      The parties presently anticipate that on May 15, motions for summary judgment will be filed by Plaintiff, by Defendant Attorney General of the United States, by Defendant-Intervenor Travis County, and by two groups of Private Defendant-Intervenors.  The parties also presently anticipate that parties on both the plaintiff and defendant side will be filing opposition briefs on June 15 and replies on July 6.

3.      Under Local Civil Rule 7(e), a memorandum in support of or in opposition to a motion shall not exceed 45 pages and a reply memorandum shall not exceed 25 pages, without prior approval of the court.

4.      On May 2, the parties filed a joint motion (Docket #90) seeking an order

allowing:

a) on May 15 that opening memoranda in support of motions for summary judgment in

excess of 45 pages, but not to exceed 90 pages, may be filed by (a) Plaintiff, (b) Defendant

Attorney General Gonzales, and (c) one consolidated group of Private Defendant-Intervenors, in

addition to briefs not to exceed 45 pages to be filed by (a) Travis County; and (b) another

individual Private Defendant-Intervenor or group of Private Defendant-Intervenors, and

b) on June 15 that Plaintiff would be allowed leave to file a memorandum in opposition

to the Defendants' motions for summary judgment, in excess of 45 pages and up to the number

of pages equal to or less than the total number of pages that are filed by Defendants collectively

in Defendants' opening memoranda in support of Defendants' motions for summary judgment.

### Defendants' Submission

5.      Defendants have worked diligently throughout this litigation to coordinate their

efforts, avoid duplication, and minimize the burden on this Court caused by the presence of eight

separately-represented groups of defendants (two of which are governmental entities and

therefore have unique constraints).  To that end, the six separately represented groups of Private

Defendant-Intervenors served consolidated discovery requests as though they were a single

party, coordinated the taking of depositions, filed a consolidated Answer to the Amended

Complaint, and presently anticipate filing only two briefs on May 15 in support of their motions

for summary judgment, only one of which would exceed the usual 45-page limit should this

Court grant leave to exceed those page limits.  (The Attorney General and Travis County will be

filing separate briefs; Travis County anticipates that its brief will be considerably less than 45

pages in length.)  The Defendant-Intervenors have also coordinated the preparation of a single

consolidated Statement of Material Facts to provide the Court with their collective position about

the material facts that are undisputed in this case, including the salient features of the evidence

before Congress that, in their view, supports the 2006 reauthorization of Section 5 of the Voting

Rights Act.  The Attorney General and Travis County have further coordinated their efforts, to

the extent possible, with the Private Defendant-Intervenors in this process, especially with

respect to discovery.  These collective efforts have facilitated a coordinated and vigorous defense

in this complex litigation.

6.      At present, it is difficult for Defendants to state with certainty how many separate

opposition briefs to Plaintiff's Motion for Summary Judgment they intend to file on June 15, and

how many pages they would need for those briefs.  The answer to this question may in part

depend on whether Plaintiff's brief will make arguments that are unique to particular Defendants

(such as the standing of Defendant-Intervenors), to which separate responses may be required.

Further, the governmental defendants, by virtue of their status, have different concerns and

different perspectives on this case from that of the Private Defendant-Intervenors (as well as

from each other), which prevent all of the Defendants from collectively filing a single or even

only two briefs.  In addition, without having read the Plaintiff's brief, the Defendants cannot be

certain about the extent to which they will agree on legal positions to be taken in response to that

brief.

7.      Nonetheless, Defendants remain keenly aware of the Court's Order of November

28, 2006, directing all parties to take steps to avoid duplication of efforts and reduce redundant

filings, and remain committed to endeavoring to the extent possible to avoiding duplication and

minimizing filings in this case.  To that end, the eight groups of Defendants collectively state that

they do not presently believe that it is likely that more than four opposition briefs to Plaintiff's

Motion for Summary Judgment will be necessary on June 15.

8.      Due to a longstanding policy of the Department of Justice prohibiting the sharing

of its draft briefs, the Attorney General is limited in his ability to substantively coordinate with

the Defendant-Intervenors regarding the content of supporting memoranda and oppositions. The

Attorney General intends to file his own motion for summary judgment on May 15, and has

sought leave to file an oversized brief, not in excess of 90 pages. The Attorney General also

intends to file his own opposition to the Plaintiff's motion for summary judgment on June 15.

The Attorney General presently expects to file an opposition that is within the normal 45-page

length limit.  However, the Attorney General may determine, after reading Plaintiff's motion for

summary judgment, that more pages are necessary for a full response; in such a case, the

Attorney General will seek leave of the Court to file an opposition in excess of 45 pages, but not

in excess of 65 pages. Finally, the Attorney General presently anticipates filing a reply on July 6

to Plaintiff's opposition to the Attorney General's motion for summary judgment that is within

the Court's normal 25-page length limit.

9.      Subject to the possibility that Plaintiff may make arguments directed at particular

Defendant-Intervenors that require extended responses, the seven groups of Defendant-

Intervenors (including Travis County) do not presently believe that it is likely that they will

collectively need to file more than three opposition briefs. Defendant-Intervenors also believe

that, at most, they would seek leave for one of those briefs to exceed 45 pages (but probably not

in excess of 65 pages).

10.      Defendants also propose, if granted leave from this Court to do so, to file a

supplemental statement with the Court no later than 10 days after service of Plaintiff's motion

for summary judgment, stating at that time how many briefs they would anticipate filing and what page limitations they would request.

### Plaintiff's Submission

11.      Plaintiff Northwest Austin Municipal Utility District No. 1 reports that its summary judgment memorandum will likely not exceed 75 pages.  The district does not believe that its arguments will invoke any defendant-specific issues and, therefore, believes it would be appropriate for the Court to order the defendants (or at least the private defendant-intervenors) to file a single consolidated response to its motion for summary judgment.  Given the defendant-intervenors' statement that they intend to file up to three separate responses to the district's motion for summary judgment, in addition to the response filed by the Attorney General, the Court should at the very least ensure that the district is given sufficient space to respond to those arguments.  The district anticipates filing a single, consolidated reply in support of its motion for summary judgment and would ask for up to one-half of the number of pages that defendant and defendant-intervenors collectively use in their combined or individual responses to the district's motion for summary judgment.

12.      Defendant and defendant-intervenors have requested a combined total of up to 270 pages to set out their summary judgment arguments (separate and apart from the approximately 300 pages for their statement of material facts that they have previously indicated they intend to file), and the district has chosen not to oppose that request conditioned on it being granted an equal number of pages to respond.

Respectfully submitted.

*/s/ Gregory S. Coleman*
Gregory S. Coleman
Christian J. Ward
Yetter & Warden LLP
221 West Sixth Street, Ste. 750
Austin, TX  78701
(512) 533-0150
(512) 533-0120 (fax)

*Counsel for Plaintiff Northwest Austin Municipal Utility District Number One*

Wan J. Kim                                   Jeffery A. Taylor
Assistant Attorney General                   United States Attorney
Civil Rights Division

John K. Tanner (D.C. Bar #318873)
Chief, Voting Section

*/s/  T. Christian Herren Jr.*
H. Christopher Coates
Principal Deputy Chief
T. Christian Herren Jr.
Richard Dellheim
Sarah E. Harrington
Christy A. Mccormick
Attorneys

Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
Phone: (800) 253-3931
Fax:    (202) 307-3961

*Counsel for Defendant Attorney General*

*/s/ J. Gerald Hebert*
J. Gerald Hebert
5019 Waple Lane
Alexandria, VA 22304
Telephone: (703) 628-4673
Facsimile: (202) 736-2222

Kristen M. Clarke
5019 Waple Lane
Alexandria, VA 22304
Telephone: (703) 628-4673
Facsimile: (202) 736-2222

Max Renea Hicks
1250 Norwood Tower
114 West 7th Street
Austin, TX 78801
Telephone: (512) 480-8231
Facsimile: (512) 480-9105

*Counsel for Defendant-Intervenors Travis County, Texas*

*/s/ Seth P. Waxman*
Seth P. Waxman (D.C. Bar No. 257337)
John A. Payton (D.C. Bar No. 282699)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
Michael J. Gottlieb (admitted *pro hac vice*)
Daniel A. Zibel (D.C. Bar No. 491377)
WILMER CUTLER PICKERING HALE and
        DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jon M. Greenbaum (D.C. Bar No. 489887)
Benjamin J. Blustein (D.C. Bar No. 418930)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
        RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

Dennis C. Hayes (admitted *pro hac vice*)
General Counsel
NATIONAL ASSOCIATION FOR THE ADVANCEMENT
        OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and Austin Branch of the NAACP*

*/s/ Debo P. Adegbile*
Debo P. Adegbile

*/s/ Norman J. Chachkin*
Norman J. Chachkin (D.C. Bar No.235283)
Theodore Shaw
President and Director-Counsel
Jacqueline A. Berrien
Ryan P. Haygood
Jenigh J. Garrett
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Kristen M. Clarke
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

Samuel Spital
HOLLAND & KNIGHT
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

*Counsel for Defendant-Intervenors*
*Rodney and Nicole Louis; Winthrop and Yvonne Graham;*
*Wendy Richardson, Jamal Richardson, and Marisa Richardson*

*/s/ Laughlin McDonald*
Moffatt Laughlin McDonald
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
       FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
Telephone: (404) 523-2721

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW, Suite 119
Washington, DC 20036
Telephone: (202) 457-0800
Facsimile: (202) 452-1868

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
Telephone: (202) 898-4800
Facsimile: (202) 289-1389

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU FOUNDATION OF TEXAS
1210 Rosewood Avenue
Austin, Texas 78702

*Counsel for Defendant-Intervenor Nathaniel Lesane*

11

_/s/ David J. Becker_____
David J. Becker (D.C. Bar No. 496318)
PEOPLE FOR THE AMERICAN WAY FOUNDATION
2000 M Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 467-4999

_Counsel for Defendant-Intervenor People for the American Way_

*/s/ Jose Garza*
Jose Garza
Judith A. Sanders-Castro
George Korbel
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Street
San Antonio, Texas 78212
210-212-3700
210-212-3772 (fax)

Alpha Hernandez
Eloy Padilla
(Local Rule 83.2(g) certificates to be filed)
TEXAS RIOGRANDE LEGAL AID, INC.
309 Cantu Street
Del Rio, Texas 78840
830-775-1535
830-768-0997 (fax)

*/s/ Michael T. Kirkpatrick*
Michael T. Kirkpatrick (DC Bar No. 486293)
Brian Wolfman (DC Bar No. 427491)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-7728
202-588-7795 (fax)
mkirkpatrick@citizen.org

*Counsel for Defendant-Intervenors Angie Garcia, Jovita Casarez, Ofelia Zapata*

*/s/ Nina Perales*

Nina Perales
MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

*/s/ Joseph E. Sandler*

Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors Lisa Diaz, David Diaz and Gabriel Diaz*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 10, 2007, I caused to be served a copy of the foregoing Joint Supplemental Report in Response to the Court's Order of May 7, 2007 to all counsel of record via the Court's CM/ECF filing system.


*/s/ Paul R.Q. Wolfson*
Paul R.Q. Wolfson