THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
NORTHWEST AUSTIN MUNICIPAL             )
UTILITY DISTRICT NUMBER ONE,            )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )        Civil Action No. 1:06-cv-1384
                                                    )
ALBERTO GONZALES,                          )        Three-judge court (PLF, DST, EGS)
Attorney General of the United States, *et al.* )
                                                    )
                    Defendants.                    )
_____)

## <u>ORDER</u>

Upon consideration of the cross-motions for summary judgment filed under Rule 56, Fed.

R. Civ. P., by all parties to this action, and upon consideration of the record as a whole in this

action, the Court hereby concludes that:

This is an action brought by the Plaintiff Northwest Austin Municipal Utility District

Number One seeking a declaratory judgment from this Court, pursuant to Section 4(a) of the

Voting Rights Act, 42 U.S.C. §1973b(a), that it is entitled to bail out from the preclearance

requirement of Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, or, in the alternative, if

Plaintiff cannot bailout, seeking a declaratory judgment that continued application of Section 5 is

unconstitutional.

This is the only Court in which an action can be brought seeking to bail out under Section

4(a) of the Voting Rights Act, or seeking a determination that Section 5 of the Voting Rights Act

is unconstitutional.  42 U.S.C. 1973b(a), 1973*l*(b).

The parties have agreed that all of the issues in this case can be resolved through the filing of cross-motions for summary judgment, Docket #48 at 3. The Court agrees that this case is appropriate for summary judgment.

Based on the language of the Voting Rights Act and its legislative history, Plaintiff Northwest Austin Municipal Utility District Number One is not a "political subdivision" as defined by Section 14(c)(2) of the Voting Rights Act, 42 U.S.C. 1973*l*(c)(2), and thus is not eligible to seek to bail out under Section 4(a) of the Act, 42 U.S.C. 1973b(a).

The preclearance requirement of Section 5 of the Voting Rights Act, 42 U.S.C. 1973c, is a constitutional exercise of Congress' power. *Lopez* v. *Monterey County*, 525 U.S. 266, 282-285 (1999); *City of Rome* v. *United States*, 446 U.S. 156, 177-178 (1980); *Georgia* v. *United States*, 411 U.S. 526, 535 (1973); *South Carolina* v. *Katzenbach*, 383 U.S. 301, 337 (1966); *Reaves* v. *United States Department of Justice*, 355 F. Supp. 2d 510, 516 (D.D.C. 2005); *Giles* v. *Ashcroft*, 193 F. Supp. 2d 258 (D.D.C. 2002)*; County Council of Sumter County* v. *United States*, 555 F. Supp. 694, 707 (D.D.C. 1983).

There is no genuine issue of material fact, and Defendant and Defendant-Intervenors are entitled to judgment as a matter of law.

Accordingly, it is hereby ORDERED that:

The Motions for Summary Judgment filed by Defendant and Defendant-Intervenors are hereby GRANTED.

The Motion for Summary Judgment filed by Plaintiff is hereby DENIED.

The clerk is directed to enter judgment under Rule 58 in accordance with this Order.

SO ORDERED.


_____
The Honorable David S. Tatel
United States Circuit Judge


_____
The Honorable Paul L. Friedman
United States District Judge


_____
Judge Emmet G. Sullivan
United States District Judge


DATED: _____