NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

March 21, 1988

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

U. S. Department of Justice
Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D.C. 20035-6128

  Re: SUBMISSION UNDER SECTION 5, VOTING RIGHTS ACT
    Northwest Austin Municipal Utility District No. 1

Ladies and Gentlemen:

  The undersigned is President of the Board of Directors and Chief Executive Officer of Northwest Austin Municipal Utility District No. 1 (the "District"). This submission pursuant to Section 5, Voting Rights Act of 1965, as amended, is made under the provisions of 28 C.F.R. § 51 (1984).

Background and History

  The District, a municipal utility district, was created on March 16, 1988, by the Texas Water Commission, an agency of the State of Texas, pursuant to the provisions of Chapter 54 of the Texas Water Code, as amended. There have been no annexations since that time. The District established the location of its polling places subsequent to November 1, 1972.

  The District proposes to hold a confirmation and director election, bond election, and maintenance tax election on May 7, 1988, one of the four (4) precleared election dates in Texas. Chapter 54 of the Texas Water Code, as amended, requires a municipal utility district to hold a confirmation and director election in order to function fully as a legal entity and a bond election before issuing any bonds or other obligations.

  There is one (1) person of voting age residing within the District. There are no black families and no families with Spanish surnames within the District.

U. S. Department of Justice
March 21, 1988
Page 2

<u>Changes Affecting Voting</u>

    A.   <u>Creation</u>.  As noted above, the District was created subsequent to November 1, 1972. A map of the District, which I certify to be a true and correct copy, is attached hereto as Exhibit "A".

        1.   Information called for in 28 C.F.R. § 51.25:

           (a)   A copy of the Order Granting Petition for Creation of Northwest Austin Municipal Utility District No. 1 (the "Order") adopted by the Texas Water Commission (the "Commission") on March 16, 1988, which Order embodies the change affecting voting, is attached hereto as Exhibit "B".

           (b)   The difference between the submitted change affecting voting and the law or practice existing prior to the change (<u>i.e.</u>, creation of the District) is that a voting unit now exists where no such unit existed previously.

           (c)   Clifton D. Spillar, President, Board of Directors, Northwest Austin Municipal Utility District No. 1, c/o Armbrust & Brown, 2600 One American Center, 600 Congress Avenue, Austin, Texas 78701.

           (d)   The name of the submitting jurisdiction is Northwest Austin Municipal Utility District No. 1. The State of Texas, through its agency, the Commission, is the jurisdiction responsible for the change affecting voting.

           (e)   The submitting authority is located within Travis County, Texas.

           (f)   See (d) above. The body responsible for the change is the Commission, which adopted the Order creating the District on March 16, 1988.

           (g)   The District was created pursuant to the authority of Article XVI, Section 59, Texas Constitution, and Chapter 54 of the Texas Water Code, as amended. Chapter 54 provides that a municipal utility district located within one or more counties must be created according to the following procedure: the majority in value of the holders of land within a proposed district submit a petition for creation of a district, accompanied by a preliminary engineering report and other

U. S. Department of Justice
March 21, 1988
Page 3

studies, to the Commission. The Executive Director of the Commission reviews the petition and makes a recommendation for action to the Commission. The Commission then conducts a public hearing, of which notice is given by posting and by publication. Following the hearing, the Commission enters an order granting or denying the petition, and, if granting the creation petition, the Commission appoints five (5) persons to serve as temporary directors until such time as the newly created district conducts a confirmation and director election. See attached Exhibit "B".

(h)  The date of the adoption of the change affecting voting was March 16, 1988. See attached Exhibit "B".

(i)  The change affecting voting will take place at the time the District holds its first elections, the confirmation and director election, bond election, and maintenance tax election proposed to be held on May 7, 1988.

(j)  The change affecting voting has not yet been enforced or administered because the District has not conducted an election.

(k)  The scope of the change is limited to that 707.19 acres of undeveloped, sparsely-populated land that is identified in the Order as Northwest Austin Municipal Utility District No. 1. No other area in the State of Texas or in Travis County, Texas, will be affected by the change affecting voting, nor will the creation of the District result in any change in existing voting precincts and polling places of any political subdivision in Travis County, Texas.

(l)  The change affecting voting is a result of the creation of the District as a political subdivision of the State of Texas to provide water, wastewater, and drainage facilities to the area within the District.

(m)  The creation of the District is anticipated to have no effect on members of racial or language minority groups.

(n)  There is no past or pending litigation concerning the creation of the District.

U. S. Department of Justice
March 21, 1988
Page 4

(o)    No prior practice exists for which pre-clearance is necessary since the change affecting voting is the creation of a new voting jurisdiction. I am unaware of whether the procedures of Travis County have been precleared or are subject to the preclearance requirement.

2.    Information required by 28 C.F.R. § 51.26:

(a)    Demographic information:

(1)    The total population of the District before the change is not known. Based on personal knowledge, the current population is estimated to be one (1), of whom none are black and none of Spanish origin. All of the residents of the District are of voting age.

(2)    The number of voters in the precinct is one (1), of whom none are black and none of Spanish origin. Prior to the creation of the District, no District voting precincts existed with which this comparison can be made.

(3)    No estimates of population were made in connection with the change affecting voting, nor were any such estimates required by Texas law.

(b)    Maps:

(1)    A map of the District showing its relationship to Travis County, Texas, is attached hereto as Exhibit "C". The boundaries of the newly created District are shown on this map.

(2)    Exhibit "C" indicates the boundaries of the single District voting precinct. This is the only precinct ever established by the District.

(3)    No minorities reside in the District.

(4)    No natural boundaries or geographical features influence the selection of the boundaries of the District.

(5)    The District polling places are shown on Exhibit "C". These are the only polling places ever established by the District.

U. S. Department of Justice
March 21, 1988
Page 5

(6)   The Travis County Tax Assessor/Collector's office, located in Austin, Texas, was the voter registration site for Travis County before the creation of the District and will continue as such for Travis County and the District.

(c)   Subsections (c) through (f) are not applicable to this submission.

B.   Polling Place. The District will use one (1) polling place in its confirmation and director election, bond election, and maintenance tax election on May 7, 1988, the first elections to be held within the District since its creation. The polling place for absentee voting as well as on the day of the election will be located at 11408 Boulder Lane, Austin, Texas 78726. See attached Exhibit "C".

1.   Information required by 28 C.F.R. § 51.25:

(a)   The order embodying the change affecting voting (i.e., the establishment of a District polling place) is the Order Calling Confirmation and Director Election, Bond Election and Maintenance Tax Election for May 7, 1988 (the "Election Order") attached hereto as Exhibit "D". I certify that the attachment is a true copy of the Election Order.

(b)   See A.1(b) above. The difference between the submitted change affecting voting and the law or practice existing prior to the submitted change is that one (1) polling place has been created to serve voters of a newly-created voting unit.

(c)   See A.1(c) above.

(d)   Northwest Austin Municipal Utility District No. 1 is the submitting authority and is also the jurisdiction responsible for the change.

(e)   See A.1(e) above.

(f)   The body responsible for making the change is the Board of Directors of the District. The mode of decision was the adoption of an Election Order upon majority vote of the Board of Directors.

(g)   The District undertakes the change pursuant to the requirements of Chapter 54, Texas Water Code, as amended, and the Texas Election Code, as amended. Section 54.206, Texas

U. S. Department of Justice
March 21, 1988
Page 6

Water Code, as amended, requires the District to hold an election within the boundaries of the District to confirm the creation of the District and to elect five (5) directors at the election held to confirm the creation of the District. Section 42.061, Texas Election Code, as amended, requires the District to establish election precincts and designate the polling places for elections held within the District.

(h) The date of adoption of the change affecting voting was March 21, 1988, when the Board adopted the Election Order.

(i) The change affecting voting will take place on May 7, 1988, the date of the confirmation and director election, bond election, and maintenance tax election.

(j) The change affecting voting has not yet been enforced or administered.

(k) The change affecting voting will affect the entire jurisdiction equally.

(l) See B.1(g) above.

(m) The change affecting voting is anticipated to have no effect on members of racial or language minorities.

(n) There is no past or pending litigation concerning the change affecting voting or related voting practices.

(o) These are the first elections held by the District, so no prior practice exists to which preclearance is applicable. I am unaware of whether the procedure for the adoption of the change has been precleared or is not subject to the preclearance requirement.

2. Information called for in 28 C.F.R. § 25.26:

For supplemental information, see A.2 above.

C. <u>Bilingual Election Procedures</u>. The minority language group that brought Texas under the Voting Rights Act of 1965, as amended, is Spanish-speaking. The bilingual election procedures that the District follows are:

U. S. Department of Justice
March 21, 1988
Page 7

1.   Those set forth in Chapter 213, Acts of the 64th Legislature, 1975 (S.B. 165), previously submitted by the State of Texas, which submission is incorporated herein by reference.

2.   Those set forth in the Voting Rights Act Amendments of 1975, Public Law 94-73.

3.   Those set forth in 28 C.F.R. Part 55. The following corresponds to the paragraphs of 28 C.F.R. §§ 55.19 and 55.20.

   (a)   Written materials:

      (1)   Types of materials:

         (i)   Notice of District Board of Directors Meetings Dealing with Elections - those portions of meeting notices dealing with elections are posted in English and Spanish at the places required by State law.

         (ii)   Notices of Elections - all notices of elections required to be published by State law are published in English and Spanish in a paper of general circulation within the county in which the District is located.

         (iii)   Ballots and Other Election Materials That Will Be Used By The Voter - these are printed in English and Spanish.

         (iv)   Absentee Voting Materials - bilingual packets printed in English and Spanish are made available to persons voting absentee.

      (2)   Accuracy, completeness: All materials other than those prepared as standard forms are translated into Spanish by Mr. Freddy Castro. Mr. Castro is bilingual in English and Spanish.

      (3)   Ballots: See (1)(iii) and (iv) above.

      (4)   Voting machines: Not applicable.

   (b)   Oral Assistance and Publicity:

U. S. Department of Justice
March 21, 1988
Page 8

(1) General - announcements, publicity, and assistance will be given in oral form to the extent necessary.

(2) Assistance - the District will make provision for oral assistance in Spanish should it appear that members of the Spanish-speaking minority cannot effectively read English and Spanish.

(3) Helpers - it is the District's intention, pursuant to Sections 61.031-61.036 of the Texas Election Code, as amended, to allow any voter unable to speak or read English to be assisted at the polls by any individual of the voter's choice.

D. Legislative Changes. There have been numerous legislative changes in Texas statutory law affecting elections since November 1, 1972. Since we are informed that it is the responsibility of the Secretary of the State of Texas to make all submissions of statutory changes on behalf of the State of Texas, no submission of statutory changes affecting voting is made herewith, whether or not previously submitted by Texas. These are the only changes affecting voting as defined in 28 C.F.R. § 51.2(d) relating to the District.

E. Clearances Requested. You are hereby respectfully requested to make an executive determination that denial or abridgement of the right to vote on account of race or color in contravention of the guarantees set forth in Section 4(f)(2) of Public Law 89-110, as amended by Public Law 94-73, was not the purpose and is not the effect of such changes as they relate to:

(a) the existence of the District;

(b) the confirmation and director election, bond election, and maintenance tax election to be held by the District on May 7, 1988;

(c) subsequent elections held by the District.

F. Procedural Matters. This is the first submission by the District under Section 5 of the Voting Rights Act, as amended. In the event that further information would be helpful or for any other reason connected with this request for clearance, please telephone the District's counsel, Ms. Sharlene N. Collins at (512) 499-3600. Correspondence regarding this submission should be sent to the following address: c/o Armbrust & Brown, P.C., 2600 One American Center, 600 Congress Avenue, Austin, Texas 78701.

U. S. Department of Justice
March 21        , 1988

Page 9

      G.    <u>Request for Expedited Consideration</u>. Pursuant to 28 C.F.R. § 51.32, the District requests that this submission be given expedited consideration and that the executive determination requested be made prior to the May 7, 1988 elections.

      A conference is respectfully requested in the event that clearance is not anticipated or in the event such conference would be of assistance in the consideration of this request for clearances.

                    Very truly yours,

                    NORTHWEST AUSTIN MUNICIPAL
                    UTILITY DISTRICT NO. 1

          By: _____
                Clifton D. Squibb    , President
                Board of Directors

2-388.89

THE STATE OF TEXAS
COUNTY OF TRAVIS
I hereby certify that this is a true and correct copy of a Texas Water Commission document, the original of which is filed in the permanent records of the Commission. Given under my hand and seal of office on MAR 2 3 1988

*Karen A. Phillips*

Karen A. Phillips, Chief Clerk
Texas Water Commission

THE STATE OF TEXAS     §
                    §
COUNTY OF TRAVIS     §

TEXAS WATER COMMISSION
STEPHEN F. AUSTIN STATE OFFICE BUILDING
AUSTIN, TEXAS

ORDER GRANTING PETITION FOR CREATION OF NORTHWEST AUSTIN
MUNICIPAL UTILITY DISTRICT NO. 1; APPOINTING TEMPORARY
DIRECTORS THEREFOR; CONTAINING PROPOSED FINDINGS OF
FACT AND RULINGS THEREON; CONTAINING CONCLUSIONS OF
LAW; AND GRANTING OTHER RELIEF PRAYED FOR IN SUCH PETITION

On March 16, 1988, at 10 o'clock a.m., the Texas Water Commission (the "Commission") convened in duly called session at its regular meeting place at the Stephen F. Austin State Office Building, Austin, Travis County, Texas, and the roll was called of the duly constituted members of said Commission, to-wit:

       Paul Hopkins - Chairman
       John O. Houchins - Commissioner
       B. J. Wynne, III - Commissioner

with all such members being present, thus constituting a quorum, when, among other business, there came on for hearing a Petition for Creation of Northwest Austin Municipal Utility District No. 1 (herein the "District") situated wholly within Travis County, Texas, the appointment of five (5) temporary directors for the District, and such other orders, acts, procedure and relief as may be necessary and proper in connection therewith. The Commission had previously entered an Order Granting the Petition for Creation on April 18, 1986. That Order was appealed by the City of Austin, a party to the hearing to the Travis County District Court. On January 22, 1988, the Court, upon an agreed motion, remanded the matter of creation back to the Texas Water Commission for further proceedings.

Upon the hearing being convened, the following persons entered their appearances in their respective capacities on behalf of the Petitioners: Armbrust & Brown and Biggart & Soward, attorneys for Petitioner; Royston Lanning appeared on behalf of the Executive Director of the Texas Water Commission (the "TWC") and Lee Jones appeared on behalf of the Public Interest Advocate of the TWC. Although all interested persons were invited and given full opportunity to appear and offer testimony on the sufficiency of the Petition and on whether the District was feasible and practicable, and was necessary and would be a benefit to all or any part of the land proposed to be included in the District, no other appearances were entered.

Following the administration of oaths to all persons appearing, petitioners presented an Inventory of Exhibits listing documents and data previously submitted and on file with the

**Exhibit B**

Commission in connection with the subject matter of the hearing and requested that all such documents and data be entered into evidence and made a part of the official record of the hearing. Petitioners then requested that the official record of the hearing also reflect that the Commission had given notice of the hearing to all parties requesting such notice: the City of Austin, Texas; the Travis County Commissioner's Court; Honorable Bob Richardson, State Representative; Mr. Richard Bean, Executive Director, Capital Area Planning Council. Petitioners then moved and the Commission duly ordered that official notice be taken and that the official record of the hearing include the following matters:

1. The status of The Austin American-Statesman as a newspaper of general circulation within Travis County; and

2. The receipt, filing and sufficiency of a deposit of $600.00 and filing fee of $60.00 by the Petitioners as required by 31 TAC 293.12 of the Rules of the TWC.

The Commission then invited any interested person, agency or party to offer testimony or other evidence on the sufficiency of the Petition and the allegations contained therein and whether the proposed District's projects are feasible, practicable and necessary and would be a benefit to all or any part of the land and properties proposed to be included within the District. Thereupon, the persons appearing on behalf of the Petitioners offered testimony, exhibits and documentary evidence in favor of the allegations contained in the Petition, the form thereof, the necessity and feasibility of the District's proposed projects and the benefits to accrue therefrom.

After official notice of the foregoing matters had been taken and following receipt of all testimony, other evidence, exhibits and statements of counsel for all persons, agencies and parties, the Commission received and reviewed the following proposed findings of fact submitted by the Petitioners and the form of a proposed order submitted by the Petitioners for adoption by the Commission:

## PROPOSED FINDINGS OF FACT

1. All petitions, certificates, resolutions, statements of consent, ratifications, ordinances, computations, reports and related documents and data required of Petitioners pursuant to 31 TAC 293.11 of the Rules of the TWC have been duly and timely submitted to and filed with the Executive Director of the TWC.

2. All prepared testimony offered into evidence has been filed with the Chief Clerk of the Commission with copies furnished to the Petitioners and to the Executive Director and Public Interest Advocate of the

TWC, and no objections have been made to the introduction of any such evidence.

3.   Copies of the Petition and amendments thereto have been submitted to the City Clerk of the City of Austin and to the Commissioners' Court of Travis County.

4.   No city having extraterritorial jurisdiction in Travis County has formally requested notice of the creation of all districts in such county, as provided by Section 54.019 of the Texas Water Code, as amended, except the City of Austin.

5.   The Chief Clerk of the Texas Water Commission pursuant to an Order of the Texas Water Commission set the time, date, subject and place of this hearing which was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

6.   Notice of this hearing and meeting of the Commission was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

7.   The territory sought to be included in the District comprises 707.19 acres, more or less, lying wholly within Travis County, Texas, and within the corporate boundaries of the City of Austin. The boundaries of such parcels of land form a closure and are described by metes and bounds on Exhibit "A" attached hereto and made a part hereof for all purposes.

8.   Notice of this hearing containing a statement of the nature and purpose of the Petition, the date, time and place of this hearing, a vicinity map showing the location of the proposed District in relation to roads and other landmarks, and informing all persons of their right to appear and present evidence and testify for or against the allegations in the Petition, the form of the Petition, the necessity and feasibility of the District's projects and the benefits to accrue and stating that any prepared testimony to be offered into evidence at this hearing should be filed five (5) days prior to the hearing date, has been published in a newspaper with general circulation in Travis County, Texas, once a week for two (2) consecutive weeks, with the first such publication occurring at least thirty (30) days before the original date of this hearing, all

as required by Section 54.019(a) of the Texas Water Code, as amended, and 31 TAC 293.14(c) of the Rules of the TWC.

9.    Notice of this hearing was sent, at least 30 days before the date of the hearing, by certified mail, return receipt requested, to all fee simple landowners, as reflected on the counts tax rolls, whose property was located within the proposed District, except property owners who had signed the petition for creation, as required by Section 54.019(e), Texas Water Code.

10.   Notice of this hearing has been sent by the Commission to every city in whose extraterritorial jurisdiction any portion of the District is located and to the Commissioner's Court of the county in which the proposed District is located.

11.   All of the requirements of Section 54.016(a)-(d) of the Texas Water Code relating to the procedure to obtain authorization to initiate proceedings before the Commission to include land within the District were met.

12.   The Petition contains the matters required by Section 54.015, Texas Water Code, as amended, and has been executed by the duly authorized representatives of the Petitioners, who constitute a majority in value of the holders of title of the land to be included within the proposed District, as indicated by the tax rolls and deed records of Travis County, Texas.

13.   There is no other municipal utility district within Travis County, Texas, with the same name as is proposed for the District in the Petition.

14.   There are presently no waterworks, sanitary sewer or drainage and storm sewer systems or facilities situated within the proposed District or otherwise available within the immediate vicinity for serving the needs of the proposed District.

15.   The nature of the works and projects proposed to be done and accomplished by the proposed District and the estimated costs for such works and projects are generally as set forth in the Petition and in the accompanying preliminary engineering report on file with the Commission, and same are consonant with the purposes for which the proposed District is to be created.

16.   There is a reasonable expectancy of an adequate market demand for the development proposed within the District

and of the production, growth and maintenance of tax revenues and operating revenues within the proposed District at reasonable rates of charge and taxation.

17.   No significant adverse effects will result from the District's proposed works and systems and from the proposed development on land elevations, subsidence, groundwater levels within the region, recharge capabilities of groundwater levels within the region, recharge capabilities of groundwater sources, natural run-off rates, drainage, and water quality, and the creation of the District will not unreasonably affect total tax assessments on all land and properties located within the proposed District.

18.   Upon review of the proposed agreement concerning creation and operation of the District between the City of Austin and the District, it appears to the Commission that Section 3.6 of such agreement is in violation of Commission Rule 31 TAC 293.13(5) and should be severed from the agreement.

19.   Each of the following named persons is over the age of eighteen (18) years, is a resident citizen of the State of Texas, owns land subject to taxation within the proposed District, has completed and filed with the Commission affidavits in form and substance as required by 31 TAC 311.31 of the Rules of the TWC, and has no disqualifying relationship or interest as described in such rule.

       Scott Storm
       Clifton Spillar
       Chester Collinsworth
       Ron Patterson
       William R. Britton

Following consideration of all issues of fact and law relative to the aforesaid hearing, the Commission rules on the proposed findings of fact and form of order submitted by the Petitioners as follows:

## RULINGS ON PROPOSED FINDINGS OF FACT

1.   The Commission rules that all of the foregoing proposed findings of fact and each specific proposed finding of fact are true, complete and correct; and

2.   The form and substance of the proposed order submitted by the Petitioners for the Commission's consideration is true, complete and correct and should be adopted.

Based upon the foregoing matters officially noticed and the findings of fact and rulings of the Commission, the Commission concludes and sets forth its conclusions of law as follows:

## CONCLUSIONS OF LAW

1. The Commission has duly received, filed, set a hearing upon and heard all testimony and evidence for or against the Petition, and the Commission has jurisdiction of this proceeding and authority to make and enter its findings of fact, rulings and orders with respect to the creation of the proposed District.

2. The Petition submitted to and filed with the Commission is in due, proper and sufficient form and has been duly and properly executed, approved and ratified by the appropriate holders of title to or interests in the land proposed to be included within the District.

3. All of the allegations contained in the Petition and each of same are true, complete and correct and, taken as a whole, entitle the Petitioners to the relief prayed for in the Petition.

4. All notices of all actions, proceedings and matters had incident to this hearing and the creation of the proposed district have been made, given, published and posted as required by applicable law.

5. All of the lands and properties proposed to be included within the District may properly be included within the District.

6. All of the requirements of Section 54.016 of the Texas Water Code, as amended, have been fully complied with, met and accomplished.

7. This hearing has been set, called, convened and conducted in full compliance with all applicable laws of the State of Texas and the Rules of the Commission.

8. The creation and organization of the proposed District and the proposed works and projects of the District are feasible and practicable and are necessary and will be a benefit and public utility to all of the land proposed to being included within such District, and none of the land proposed to be included in such District should be excluded therefrom.

9. Section 3.6 of the proposed agreement between the City of Austin and the District is in violation of Commission Rule 31 TAC 293.13(5) and should be severed from the agreement.

2-388.91 - 6

10. The five (5) persons named above who have requested to be appointed as temporary directors of the proposed District are each and all fully qualified in all respects to serve as temporary directors of the proposed District.

11. The Petition should be granted by the Commission.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER COMMISSION, THAT:

1. The Order of the Commission of April 18, 1986 granting the Petition for creation is withdrawn, and this Order is substituted.

2. The Petition is hereby in all things granted and Northwest Austin Municipal Utility District No. 1 is hereby created, organized and established as prayed for in the Petition.

3. The District is created and established under the terms and conditions of Article XVI, Section 59, of the Constitution of Texas and Chapter 54 of the Texas Water Code, together with all amendments and additions thereto.

4. The District shall have all the rights, powers, privileges, authority and functions conferred by and shall be subject to all duties imposed by the TWC and the general law of the State of Texas relating to municipal utility districts.

5. The District shall be composed of the area situated wholly within Travis County, Texas, described by metes and bounds in Exhibit "A" hereto.

6. Section 3.6 of the proposed agreement between the City of Austin and the District is severed from the agreement.

7. The following five persons are hereby named and appointed as temporary directors of the District to serve until their successors are elected or have been appointed in accordance with applicable law:

      Scott Storm
      Clifton Spillar
      Chester Collinsworth
      Ron Patterson
      William R. Britton

8. The foregoing temporary directors shall, as soon as practicable after the date of entry of this Order, execute their official bonds and take their official

oaths of office, and all such bonds shall be approved by the Board of Directors of the District, and each bond and oath shall be filed with the District and retained in its records.

9. This Order shall in no event be construed as an approval of any proposed agreement or of any particular items in any documents provided in support of the creation petition, nor as a commitment or requirement of the Commission in the future to approve or disapprove any particular items or agreements in future applications submitted by the District for Commission consideration.

10. This Order shall not constitute approval or recognition of the validity of any provisions in City of Austin Ordinance No. 870514-X and the other ordinances incorporated therein by reference to the extent that such provisions exceed the authority granted to the City of Austin by the laws of the State of Texas.

Upon the foregoing proposed Order being considered by the Commission, it was duly moved and seconded that the same be passed and adopted, and upon the question being called, said motion, carrying with it the adoption of said Order, was duly passed and adopted, with all members of the Commission present voting "Aye" and no member voting "No".

Signed this the ___16th___ day of ___March___, 1988.

TEXAS WATER COMMISSION


_____
Paul Hopkins, Chairman

ATTEST:


_____
Karen A. Phillips, Chief Clerk

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3864 (JJM)
May 11, 1987
EH&A Job No. 10159-04

## NORTHWEST AUSTIN M.U.D NO. 1

A FIELD NOTE DESCRIPTION, PREPARED FROM RECORD INFORMATION AND
SURVEYS BY OTHERS, OF 707.19 ACRES OF LAND OUT OF THE A.E.
LIVINGSTON SURVEY NO. 155, THE A.E. LIVINGSTON SURVEY NO. 455, THE
W.P. MOORE SURVEY NO. 708 AND THE JOHN T. SMITH SURVEY NO. 154, IN
TRAVIS COUNTY, TEXAS, BEING ALL OF THAT CERTAIN 79.96-ACRE TRACT
OF LAND REFERRED TO AS "TRACT 5", AND A PORTION OF THAT CERTAIN
1120.91-ACRE TRACT OF LAND REFERRED TO AS "TRACT 1", AS DESCRIBED
IN A DEED OF TRUST FROM NASH PHILLIPS COPUS, INC., TO ROYCE C. LEE,
TRUSTEE, EXECUTED AUGUST 16, 1985, AND RECORDED IN VOLUME 9318,
PAGE 451 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID
"TRACT 5" ALSO BEING KNOWN AS CANYON CREEK, SECTION ONE, A
SUBDIVISION OF RECORD IN BOOK 85, PAGES 150B-151B OF THE PLAT
RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID 707.19 ACRES BEING MORE
PARTICULARLY DESCRIBED BY METES AND BOUNDS, AS FOLLOWS:

BEGINNING at a point, being the intersection of the east right-of-way line of FM
Highway 620 and the south right-of-way line of Boulder Lane, a street as dedicated
to the public by the plat of 620 Oaks, a subdivision of record in Book 76, Page 239 of
the Plat Records of Travis County, also being the most westerly corner of the said
620 Oaks, said point of beginning also being the northwest corner of the said
79.96-acre "Tract 5", and of the herein described tract;

THENCE with the north line of the said "Tract 5", being consecutively, the south
and east right-of-way lines of the said Boulder Lane, also being the south and east
lines of the said 620 Oaks, the two (2) courses and distances which follow:

1. S 61° 12' 45" E, a distance of 1934.05 feet, and

2. N 29° 40' 00" E, a distance of 60.01 feet to a point on the north
   right-of-way line of the said Boulder Lane, being the southeast
   corner of Lot 6, Block B of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks,
being the east lines of the said Lot 6, Block B and Lot 7, Block B of the said
620 Oaks, consecutively, the four (4) courses and distances which follow:

1. N 29° 40' 00" E, a distance of 223.82 feet,

2. N 30° 27' 00" E, a distance of 264.97 feet,

3. N 30° 39' 15" E, a distance of 278.58 feet, and

4. N 30° 30' 00" E, a distance of 114.83 feet to a point, being the
   northeast corner of the said Lot 7, Block B, also being a point
   on the south right-of-way line of Hare Trail, a street as
   dedicated to the public by the said plat of 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks,
being the east right-of-way line of the said Hare Trail, N 30° 30' 00" E, a distance of
52.50 feet to a point on the north right-of-way line of the said Hare Trail, being the
southeast corner of Lot 1, Block C of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks,
being the east line of the said Lot 1, Block C, N 29° 25' 00" E, a distance of
294.49 feet to a point, being the southwest corner of that certain 73.52 acre tract of
land as described in a deed to James H. Arnold, Jr., of record in Volume 3274,
Page 2101 of the Deed Records of Travis County, also being the west northerly
corner of the said "Tract 5" and of the herein described tract;

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

THENCE leaving the said east line of 620 Oaks, continuing with the said north line of "Tract 5", being the south line of the said 73.52-acre Arnold tract, the five (5) courses and distances which follow:

1. S 58° 41' 00" E, a distance of 369.95 feet,

2. S 58° 29' 15" E, a distance of 199.99 feet,

3. S 58° 43' 00" E, a distance of 511.80 feet,

4. S 60° 18' 00" E, a distance of 399.17 feet, and

5. S 58° 57' 15" E, a distance of 366.13 feet to a point, being the intersection of the said south line of the 73.52-acre Arnold tract and the west line of Anderson Mill Estates, Section 3, a subdivision of record in Book 75, Page 117 of the Plat Records of Travis County;

THENCE leaving the said south line of the 73.52-acre Arnold tract, continuing with the said north line of "Tract 5", being the said west line of Anderson Mill Estates, Section 3, also being the west lines of Lot 3, Lot 2, and Lot 1, Block H, of the said Anderson Mill Estates, Section 3, consecutively, the five (5) courses and distances which follow:

1. S 30° 14' 00" W, a distance of 150.27 feet,

2. S 59° 22' 15" E, a distance of 89.92 feet,

3. S 59° 21' 45" E, a distance of 41.89 feet,

4. S 59° 43' 45" E, a distance of 169.51 feet,

5. S 59° 24' 45" E, a distance of 249.02 feet, and

6. S 59° 07' 00" E, a distance of 75.19 feet to a point, being the most southerly corner of the said Lot 1, Block H, also being a point on the northwest right-of-way line of Pagoss Trail, a street as dedicated to the public by the said plat of Anderson Mill Estates, Section 3;

THENCE continuing with the said north line of "Tract 5" and west line of Anderson Mill Estates, Section 3, being the southwest right-of-way line of the said Pagoss Trail, the two (2) courses and distances which follow:

1. S 59° 07' 00" E, a distance of 25.00 feet, and

2. S 59° 24' 15" E, a distance of 25.00 feet to a point on the southeast right-of-way line of the said Pagoss Trail, being the most westerly corner of Lot 27, Block D, of the said Anderson Mill Estates, Section 3;

THENCE continuing with the said north line of "Tract 5", being the southwest line of the said Anderson Mill Estates, Section 3, also being the southwest lines of Lot 27, Lot 26, Lot 12, and Lot 11, Block D, of the said Anderson Mill Estates, Section 3, consecutively, the nine (9) courses and distances which follow:

1. S 59° 24' 15" E, a distance of 71.71 feet,

2. S 59° 14' 00" E, a distance of 309.22 feet,

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EM&A Job No. 10189-04

3. S 59° 21' 00" E, a distance of 63.80 feet,

4. S 59° 43' 00" E, a distance of 19.69 feet,

5. S 65° 09' 00" E, a distance of 86.41 feet,

6. S 72° 33' 00" E, a distance of 299.35 feet,

7. S 69° 09' 00" E, a distance of 96.13 feet,

8. S 47° 37' 00" E, a distance of 28.04 feet, and

9. S 44° 35' 00" E, a distance of 118.60 feet to a point, being the most easterly corner of the said "Tract 5", also being an angle point on the north line of the aforesaid 1120.91-acre "Tract 1";

THENCE continuing with the said southwest line of Anderson Mill Estates, Section 3, and southwest lines of Lot 11 and Lot 10, Block D, consecutively, being the northeast line of the said "Tract 1", the five (5) courses and distances which follow:

1. S 44° 34' 39" E, a distance of 37.56 feet,

2. S 40° 08' 00" E, a distance of 38.56 feet,

3. S 35° 17' 00" E, a distance of 143.73 feet,

4. S 53° 55' 00" E, a distance of 138.27 feet, and

5. N 88° 41' 00" E, a distance of 62.31 feet to a point, being the southeast corner of the said Lot 10, Block H, also being the southeast corner of the said Anderson Mill Estates, Section 3, said point also being the most westerly corner of that certain 36.7153-acre tract of land, referred to as "Tract One", as described in a deed to Triland/Western Spicewood Joint Venture, of record in Volume 8500, Page 691 of the Deed Records of Travis County, Texas;

THENCE leaving the said southwest line of Anderson Mill Estates, Section 3, continuing with the said northeast line of "Tract 1", being the southwest line of the said 36.7153-acre Triland tract, the six (6) courses and distances which follow:

1. S 59° 11' 00" E, a distance of 67.25 feet,

2. N 72° 58' 00" E, a distance of 51.26 feet,

3. S 17° 06' 45" E, a distance of 337.25 feet,

4. S 17° 03' 45" E, a distance of 200.53 feet,

5. S 09° 02' 45" E, a distance of 630.65 feet, and

6. S 02° 42' 15" W, a distance of 187.39 feet to a point, being the southwest corner of the said 36.7153-acre Triland tract, also being the northwest corner of Spicewood At Bullcreek, Section Two, a subdivision of record in Book 83, Pages 80A-80C of the Plat Records of Travis County;

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

THENCE leaving the said southwest line of the 36.7153-acre Triland tract, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek, Section Two, the two (2) courses and distances which follow:

1.   S 02° 42' 15" W, a distance of 351.11 feet, and

2.   S 03° 21' 15" W, a distance of 463.61 feet to a point, being the southwest corner of the said Spicewood At Bullcreek, Section Two, also being the northwest corner of Spicewood Garden Homes PUD, a subdivision of record in Book 83, Pages 79A-79D of the Plat Records of Travis County;

THENCE leaving the said west line of Spicewood At Bullcreek, Section Two, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek Garden Homes PUD, the five (5) courses and distances which follow:

1.   S 03° 21' 15" W, a distance of 40.60 feet,

2.   S 45° 01' 15" W, a distance of 565.62 feet,

3.   S 00° 29' 15" W, a distance of 247.27 feet,

4.   S 30° 18' 45" E, a distance of 616.44 feet,

5.   S 47° 11' 45" E, a distance of 153.03 feet to a point, being the southwest corner of the said Spicewood At Bullcreek Garden Homes PUD, also being the northwest corner of Spicewood At Bullcreek, Section Three, Phase C, a subdivision of record in Book 85, Pages 120B-120D of the Plat Records of Travis County;

THENCE leaving the said west line of Spicewood At Bullcreek Garden Homes PUD, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek, Section Three, Phase C, the four (4) courses and distances which follow:

1.   S 47° 11' 45" E, a distance of 13.82 feet,

2.   S 16° 18' 15" W, a distance of 269.27 feet,

3.   S 17° 55' 15" W, a distance of 210.52 feet, and

4.   S 13° 48' 15" W, a distance of 635.72 feet to a point, being the intersection of the said west line of Spicewood At Bullcreek, Section Three, Phase C, and the northeast line of that certain 138.733-acre tract of land as described in a deed to Roger S. Banks, of record in Volume 6958, Page 2381 of the Deed Records of Travis County, also being the southeast corner of the herein described tract;

THENCE leaving the said west line of Spicewood At Bullcreek, Section Three, Phase C, continuing with the east line of the said "Tract 1", being the northeast line of the said 138.733-acre Banks tract, the eleven (11) courses and distances which follow:

1.   N 62° 17' 45" W, a distance of 60.80 feet,

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

2.    N 32° 13' 45' ' W, a distance of 94.24 feet,

3.    N 66° 15' 45' W, a distance of 100.37 feet,

4.    N 88° 52' 45' W, a distance of 83.67 feet,

5.    N 63° 54' 45' W, a distance of 37.97 feet,

6.    N 63° 53' 45' W, a distance of 222.76 feet,

7.    N 63° 05' 45' W, a distance of 161.93 feet,

8.    N 61° 02' 45' W, a distance of 260.95 feet,

9.    N 61° 31' 45' W, a distance of 380.59 feet,

10.   N 62° 03' 45' W, a distance of 325.08 feet, and

11.   N 63° 43' 15' W, a distance of 206.17 feet to a point, being the
      most northerly corner of the said 138.733-acre Hanks Tract,
      also being an interior corner on the said east line of "Tract 1";

THENCE leaving the said east line of "Tract 1" and northeast line of the
138.733-acre Hanks tract, over and across the said "Tract 1", the nine (9) courses
and distances which follow:

1.    N 88° 44' 03" W, a distance of 2466.22 feet,

2.    N 66° 36' 24" W, a distance of 739.87 feet,

3.    N 66° 11' 45" W, a distance of 584.45 feet,

4.    S 23° 48' 15" W, a distance of 423.28 feet,

5.    S 49° 10' 00" W, a distance of 256.14 feet,

6.    S 63° 50' 00" W, a distance of 555.00 feet,

7.    S 70° 18' 19" W, a distance of 1183.33 feet to a point for the
      non-tangent beginning of a curve,

8.    along said curve, to the left, having a central angle of
      31° 42' 30", a radius of 2000.00 feet, an arc length of
      1106.83 feet, and a chord, bearing N 56° 25' 45" W, a distance
      of 1092.76 feet, to a point for the end of said curve, and

9.    N 72° 17' 00" W, a distance of 700.34 feet to a point on the
      west line of the said "Tract 1", also being a point on the east
      right-of-way line of the aforesaid FM Highway 620;

THENCE with the said west line of "Tract 1", being the said east right-of-way line
of FM Highway 620, N 17° 43' 00" E, a distance of 1649.61 feet to a point, being the
southwest corner of that certain 18.51-acre tract of land, as described in a deed to
Hovsep Melik-Hovseplan and wife, of record in Volume 10073, Page 317 of the Deed
Records of Travis County;

THENCE leaving the said east right-of-way line of FM Highway 620, continuing with
the said west line of "Tract 1", being the south and east lines of the said 18.51-acre
Hovseplan tract, the four (4) courses and distances which follow:

Page 5 of 8

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3864 (JJM)
May 11, 1987
EH&A Job No. 10159-04

1.  S 80° 24' 15" E, a distance of 1153.80 feet,

2.  S 80° 23' 30" E, a distance of 597.66 feet,

3.  S 80° 25' 45" E, a distance of 710.40 feet, and

4.  N 31° 02' 00" E, a distance of 335.61 feet to a point, being the
    northeast corner of the said 18.51-acre Noverplan tract, also
    being the southeast corner of that certain 18.51-acre tract of
    land as described in a deed to Michael H. Shefman, of record in
    Volume 9372, Page 641 of the Deed Records of Travis County;

THENCE continuing with the said west line of "Tract 1", the eighteen (18) courses
and distances which follow:

1.  N 30° 39' 45" E, a distance of 185.29 feet,

2.  N 28° 16' 30" E, a distance of 131.69 feet to a point, being the
    the northeast corner of the said 18.51-acre Shefman tract, also
    being the southeast corner of the certain 18.51-acre tract of
    land, as described in a deed to Indru Malkani and wife, of record
    in Volume 8030, Page 921 of Deed Records of Travis County,

3.  N 28° 13' 15" E, a distance of 47.66 feet,

4.  N 31° 37' 45" E, a distance of 213.67 feet,

5.  N 30° 40' 00" E, a distance of 80.37 feet to a point, being the
    northeast corner of the said 18.51-acre Malkani tract, also
    being the southeast corner of that certain 9.95-acre tract of
    land as described in a deed to Mary Jane Carvel, of record in
    Volume 8451, Page 36 of the Deed Records of Travis County,

6.  N 31° 15' 45" E, a distance of 178.31 feet to a point, being the
    northeast corner of the said 9.95-acre Carvel tract, also being
    the southeast corner of that certain 18.737-acre tract of land,
    as described in a deed to Pete Martinez, of record in
    Volume 2251, Page 10 of the Deed Records of Travis County,

7.  N 36° 50' 30" E, a distance of 353.80 feet,

8.  N 27° 29' 45" E, a distance of 111.62 feet to a point, being the
    northeast corner of the said 18.737-acre Martinez tract, also
    being the southeast corner of that certain 18.758-acre tract of
    land, as described in a deed to the Veteran's Land Board of
    Texas, of record in Volume 2252, Page 94 of the Deed Records
    of Travis County,

9.  N 27° 59' 30" E, a distance of 266.66 feet to a point, being the
    northeast corner of the said 18.758-acre Veteran's Land Board
    tract, also being the southeast corner of that certain
    18.75-acre tract of land, as described in a deed to Harry
    Montandon, of record in Volume 3479, Page 2105 of the Deed
    Records of Travis County,

10. N 30° 40' 15" E, a distance of 294.67 feet to a point, being the
    northeast corner of the said 18.75-acre Montandon tract, also
    being the southeast corner of that certain 10.71-acre tract of
    land, as described in a deed to W. R. Dickerson and wife, of

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

record in Volume 9462, Page 643 of the Deed Records of Travis County,

11. N 31° 12' 30" E, a distance of 151.51 feet,

12. N 28° 51' 30" E, a distance of 171.97 feet to a point, being the northeast corner of the said 10.71-acre Dickerson tract, also being the southeast corner of that certain 2.97-acre tract of land as described in a deed to J. Tommy Read and wife, of record in Volume 6258, Page 2377 of the Deed Records of Travis County,

13. N 29° 41' 00" E, a distance of 25.24 feet,

14. N 34° 10' 30" E, a distance of 333.75 feet,

15. N 32° 28' 30" E, a distance of 126.40 feet to a point, being the northeast corner of the said 2.97-acre Read tract, also being the southeast corner of that certain 3.00-acre tract of land, as described in a deed to Vicki T. Griffin, of record in Volume 6579, Page 1492 of the Deed Records of Travis County,

16. N 33° 05' 00" E, a distance of 257.83 feet,

17. N 27° 02' 30" E, a distance of 49.72 feet, and

18. N 28° 19' 30" E, a distance of 178.58 feet to a point, being the most easterly corner of the said 3.00-acre Griffin tract, also being an interior corner on the said west line of "Tract 1" and of the herein described tract;

THENCE with the northwest line of the said "Tract 1", being the northeast line of the said 3.00-acre Griffin tract, N 58° 03' 30" W, a distance of 264.76 feet to a point, being the most northerly corner of the said 3.00-acre Griffin tract, also being the most easterly corner of that certain 4.466-acre tract of land, as described in a deed to Neal A. Rhea and wife, of record in Volume 6578, Page 881 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.466-acre Rhea tract, N 58° 03' 30" W, a distance of 388.97 feet to a point, being the most northerly corner of the said 4.466-acre Rhea tract, also being the most easterly corner of that certain 5.00-acre tract of land, as described in a deed to L. R. Slusser and wife, of record in Volume 6263, Page 543 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 5.00-acre Slusser tract, N 58° 04' 15" W, a distance of 424.44 feet to a point, being the most northerly corner of the said 5.00-acre Slusser tract, also being the most easterly corner of that certain 4.943-acre tract of land as described in a deed to Vincent M. Harris, Bishop, of record in Volume 7814, Page 843 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.943-acre Harris tract, N 58° 15' 00" W, a distance of 410.59 feet to a point, being the most northerly corner of the said 4.943-acre Harris tract, also being the most easterly corner of that certain 4.979-acre tract of land, as described in a deed to Anderson Mill Church of the Nazarene, of record in Volume 7844, Page 126 of the Deed Records of Travis County;

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.979-acre Church of the Nazarene tract, N 58° 15' 30" W, a distance of 616.74 feet to a point, being the most northerly corner of the said 4.979-acre Church of the Nazarene tract, also being a point on the aforesaid east right-of-way line of FM Highway 620;

THENCE continuing with the said northwest line of "Tract 1", being the said east right-of-way line of FM Highway 620, N 24° 11' 00" E, a distance of 253.66 feet to a point, being the most northerly corner of the said "Tract 1", also being the most westerly corner of the aforesaid "Tract 5";

THENCE leaving the said northwest line of "Tract 1", continuing with the said east right-of-way FM Hwy 620, being the northwest line of the said "Tract 5", N 24° 11' 00" E, a distance of 46.37 feet to the POINT OF BEGINNING, containing 707.19 acres of land.

THE STATE OF TEXAS    |
                      |    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TRAVIS      |

That I, Roger Wheat, a Registered Public Surveyor, do hereby certify that the above description was prepared from public records and surveys by others for Municipal Utility District creation, and should not be used for title transfer, and is true and correct to the best of my knowledge.

WITNESS MY HAND AND SEAL at Austin, Travis County, Texas this the 11 day of _____ MAY _____, 1987, A.D.

ESPEY, HUSTON & ASSOCIATES, INC.
Engineering & Environmental Consultants
P.O. Box 519
Austin, Texas 78767

Roger Wheat
Registered Public Surveyor
No. 4039 - State of Texas



**U.S. Department of Justice**

Civil Rights Division

WBR:MAP:ACJ:dvs
DJ 166-012-3
T8639-8642
W1689

*Voting Section*
*P.O. Box 66128*
*Washington, D.C. 20035-6128*

June 10, 1988

Sharlene N. Collins, Esq.
Armbrust & Brown
2600 One American Center
600 Congress Avenue
Austin, Texas  78701

Dear Ms. Collins:

This refers to the March 16, 1988, creation of Northwest Austin Municipal Utility District No. 1; the procedures for conducting the May 7, 1988, confirmation, directors, bond and maintenance tax election; the establishment of a polling place; bilingual election procedures; and the use of paper ballots for the district in Travis County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c.  We received your submission on April 11, 1988.  Although we noted your request for expedited consideration, we have been unable to respond until now.

The Attorney General does not interpose any objection to the change in question.  However, we feel a responsibility to point out that Section 5 of the Voting Rights Act expressly provides that the failure of the Attorney General to object does not bar any subsequent judicial action to enjoin the enforcement of such change.  See the Procedures for the Administration of Section 5 (28 C.F.R. 51.41).

Sincerely,

Wm. Bradford Reynolds
Assistant Attorney General
Civil Rights Division

By:

*for* Gerald W. Jones
Chief, Voting Section



**U.S. Department of Justice**

DJ 166-012-3
DJ 166-012

*Washington, D.C. 20530*

June 30, 1987

<u>S P E C I A L   N O T I C E</u>

Effective July 1, 1987, the mailing address for the Voting Section, Civil Rights Division, Department of Justice, will be as follows:

Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D. C.  20035-6128

All correspondence dealing with voting related matters, including submissions and comments related to submissions under Section 5 of the Voting Rights Act, should be addressed in this manner.

GERALD W. JONES
Chief, Voting Section
Civil Rights Division



Postage and Fees Paid
U.S. Department
of Justice
JUS-431

U.S. MAIL

NO VA MSC 220
PM
11 JUN
1988

**U.S. Department of Justice**

*Washington, D.C. 20530*

Official Business
Penalty for Private Use $300

Sharlene N. Collins, Esq.
Armbrust & Brown
2600 One American Center
600 Congress Avenue
Austin, Texas 78701

20