STRASBURGER & PRICE, L.L.P.

ATTORNEYS AND COUNSELORS
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

2600 ONE AMERICAN CENTER
600 CONGRESS AVENUE
AUSTIN, TEXAS 78701-3268
(512) 499-3600

TELECOPIER (512) 499-3660

SHARLENE N. COLLINS
(512) 499-3608

DALLAS
SUITE 4300
901 MAIN STREET
DALLAS, TEXAS 75202
(214) 651-4300

HOUSTON
SUITE 2600
1221 MCKINNEY STREET
HOUSTON, TEXAS 77010
(713) 951-5600

MEXICO CITY
EDIFICIO HEWLETT-PACKARD
MONTE PELVOUX NO. III, PISO 5
LOMAS DE CHAPULTEPEC
11000 MEXICO D.F., MEXICO
011-525-202-8796

June 6, 1996

CERTIFIED MAIL,
RETURN RECEIPT REQUESTED

Chief, Civil Rights Division
Voting Section
U.S. Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128

Submission Under Section 5, Voting Rights Act

Re: Northwest Austin Municipal Utility District No. 1, of Travis County, Texas (the "District")

Ladies and Gentlemen:

The undersigned is the Attorney for the District's Board of Directors. The District makes this submission under the Voting Rights Act of 1965, Section 5, as amended, and Title 28 CFR 51: Procedures for the Administration of Section 5 of the Voting Rights Act of 1965 as amended. Before the election, the District contacted the Texas Secretary of State's office and determined that the changes addressed in this submission had been submitted for preclearance by the Texas Secretary of State shortly after each change had been enacted by the Legislature. The District discussed the changes stated in this submission with the Department of Justice's staff recently. Based upon that conversation, the District determined that it erred in assuming that preclearance was not needed because the Secretary of State submitted the changes. We now understand that the District needed to make a separate submission. Consequently, the District makes this submission and apologizes for any inconvenience its mistake may have caused.

STRASBURGER & PRICE, L.L.P.

June 6, 1996
Page 2

### Background and History.

The District is a municipal utility district and was created on April 18, 1986 by the Texas Water Commission under the provisions of Chapter 54 of the Texas Water Code. The District provides water, sanitary sewer and storm drainage services to the area within its boundaries.

The District has made four (4) prior submissions to the Department of Justice that are described as follows:

| Date | Changes Affecting Voting |
|---|---|
| November 25, 1986 | Creation, Polling Place, Bilingual Election Procedure |
| March 21, 1988 | Polling Place |
| March 6, 1990 | Polling Place |
| April 4, 1996 | Polling Place |

Please refer to the prior submissions for information regarding previous changes affecting voting within the District.

The District has a population of approximately 5,400 people, approximately one-half of whom are of voting age. To the best of my knowledge, there are less than 2.5% Black families in the District and less than 5% families with Spanish surnames, none of whom would be considered language minorities. Population figures and the percentage of families with Spanish surnames were obtained from the general manager of the District who maintains names and numbers of occupied residences within the District. The percentage of Black families within the District is an estimate made by the general manager.

### Changes Affecting Voting

#### Notice Requirements for Election

Formerly, the Texas Water Code §54.122 required the District to publish notice of the election once per week for two consecutive weeks beginning no later than 14 days before the election. However, in 1995, the Texas Legislature repealed Texas Water Code §54.122. The District is now governed by the Texas Election Code §4.003 for election notices. The District must publish notice once in a newspaper of general circulation within the District, post the notice at a public place in the District, or mail

STRASBURGER & PRICE, L.L.P.

June 6, 1996
Page 3

---

the notice to each registered voter in the District. The notice must also be posted on the bulletin board used for posting notices of District meetings. Texas Election Code §4.003 is attached as Exhibit "A". The District adopted the Order Calling May 4, 1996 Director Election and elected to post notice of the election. A copy of the Order is attached as Exhibit "B".

### Cancellation of Election

In 1995, the Texas Legislature adopted Texas Election Code §§2.051-2.054, which authorized the District to cancel an election when the candidate for each position is unopposed. Texas Election Code §§2.051-2.054 are attached as Exhibit "C". Before Texas Election Code §§2.051-2.054 were adopted, the law required the District to hold the election even though the candidates were unopposed. Pursuant to the new law, the District cancelled the May 4, 1996, Director Election. A copy of the Order Declaring Election of Unopposed Candidates and Canceling May 4, 1996 Director Election is attached as Exhibit "D".

The above are the only "changes affecting voting" as defined in 28 CFR 51.2 relating to the District. There is no past or pending litigation concerning the changes or related voting practices.

### Clearance Requested.

The District respectfully requests that you make an executive determination that denial or abridgement of the right to vote on account of race or color or in contravention of the guarantees set forth in Section 4(f)(2) of P.L. 89-110 as amended by P.L. 94-73 was not the purpose and is not the effect of such changes as they relate to:

(a) The May 4, 1996 director's election cancelled by the District as required by state law; and

(b) Subsequent elections to be held by the District.

B0279.1/SPA/LRP/1097//060696

STRASBURGER & PRICE, L.L.P.

June 6, 1996
Page 4

**Procedural Matters.**

In the event that further information would be helpful or for any other reason connected with this request for clearance, please telephone the District's counsel, Sharlene N. Collins at (512) 499-3604. Correspondence regarding this submission should be sent to the District at the following address: 2600 One American Center, 600 Congress Avenue, Austin, Texas 78701.

Pursuant to 28 CFR 51.34, the District further requests that this submission be given expedited consideration in order that the executive determination requested above be made as soon as possible.

The District requests a conference in the event clearance is not anticipated or in the event a conference would assist in the consideration of this request for clearance.

Sincerely,

STRASBURGER & PRICE, L.L.P.

Sharlene N. Collins
Attorney for the District

Enclosures

80279.1/SPA/LRP/1097//060696

ELECTION CODE                                                Sec. 4.003.

**Sec. 3.007. Failure to order general election.** Failure to order a general election does not affect the validity of the election.

**Sec. 3.008. Preservation of election order.** (a) The authority ordering an election shall preserve the order, proclamation, or other document ordering the election for the period for preserving the precinct election records.

(b) For an election ordered by an authority of a political subdivision, the date and nature of each election shall be entered in the official records of the political subdivision's governing body. For an election on a measure, the entry must include a description of the measure.

Period for preserving precinct election records, see Sec. 66.058.

## CHAPTER 4. NOTICE OF ELECTION

Sec. 4.001. Notice required
Sec. 4.002. Authority responsible for giving notice
Sec. 4.003. Method of giving notice
Sec. 4.004. Contents of notice
Sec. 4.005. Record of notice
Sec. 4.006. Failure to give notice of general election
Sec. 4.007. Notice to election judge

**Sec. 4.001. Notice required.** Notice of each general and special election shall be given as provided by this chapter.

**Sec. 4.002. Authority responsible for giving notice.** Except as otherwise provided by law, the following authority shall give notice of an election:

(1) the county judge of each county wholly or partly in the territory covered by the election, for an election ordered by the governor;

(2) the presiding officer of the governing body of a political subdivision, for an election ordered by the presiding officer or the governing body; and

(3) the authority ordering the election, for an election ordered by any other authority.

**Sec. 4.003. Method of giving notice.** (a) Except as provided by Subsection (c), notice of an election must be given by any one or more of the following methods:

(1) by publishing the notice at least once, not earlier than the 30th day or later than the 10th day before election day:

19

EXHIBIT A

Sec. 4.003. ELECTION CODE

   (A) in a newspaper published in the territory that is covered by the election and is in the jurisdiction of the authority responsible for giving the notice; or

   (B) in a newspaper of general circulation in the territory if none is published in the jurisdiction of the authority responsible for giving the notice; or

  (2) by posting, not later than the 21st day before election day, a copy of the notice at a public place in each election precinct that is in the jurisdiction of the authority responsible for giving the notice; or

  (3) by mailing, not later than the 10th day before election day, a copy of the notice to each registered voter of the territory that is covered by the election and is in the jurisdiction of the authority responsible for giving the notice.

 (b) In addition to any other notice given for an election under Subsection (a), not later than the 21st day before election day, the authority responsible for giving notice of the election shall post a copy of the notice, which must include the location of each polling place, on the bulletin board used for posting notices of the meetings of the governing body of the political subdivision that the authority serves. For each precinct that is combined to form a consolidated precinct under Section 42.008, not later than the 10th day before election day, the authority shall also post, at the polling place used in the preceding general election, notice of the precinct's consolidation and the location of the polling place in the consolidated precinct. A notice posted under this subsection must remain posted continuously through election day.

 (c) In addition to any other notice given, notice of an election ordered by a commissioners court or by an authority of a city or school district must be given by the method prescribed by Subsection (a)(1).

 (d) If other law prescribes the method of giving notice of an election, that law supersedes this section, except that Subsection (c) applies regardless of the notice requirements prescribed by other law with respect to an election covered by that subsection.

 (e) The authority responsible for giving notice of the election shall deliver to the secretary of state a copy of the notice of a consolidated precinct required by Subsection (b) not later than the date of the election.

  Newspaper eligible for publication of notice. See Sec. 2051.044, Government Code, for the criteria that a newspaper must satisfy in order to be eligible for publication of official notices.

EXHIBIT A

ELECTION CODE                         Sec. 4.005.

Location of bulletin board for posting notice. See Sec. 551.048 et seq., Government Code (Open Meetings Law), for the place for posting notice of meetings of governmental bodies.

Sec. 4.004. **Contents of notice.** (a) The notice of a general or special election must state:

(1) the nature and date of the election;

(2) except as provided by Subsection (c), the location of each polling place;

(3) the hours that the polls will be open; and

(4) any other information required by other law.

(b) The notice of a special election must also state each office to be filled or the proposition stating each measure to be voted on. This subsection does not apply to an election on a proposed constitutional amendment.

(c) If notice of an election is given by posting the notice in the various election precincts, the notice posted in a precinct is not required to state the location of the polling places in other precincts.

(d) If precincts are consolidated under Section 42.008, the notice must state which precincts have been combined to form each consolidated precinct in addition to the locations of the polling places in the consolidated precincts.

Notice to include the information listed in note under Sec. 3.006, on contents of election order, see sections cited in the note. However, in special election to fill vacancy, notice not required to include statement of filing deadline or nature of emergency. See note under Sec. 3.006.

Sec. 4.005. **Record of notice.** (a) If notice of an election is given by publication, the authority responsible for giving the notice shall retain a copy of the published notice that contains the name of the newspaper and the date of publication.

(b) For each notice posted under Section 4.003(a)(2) or (b), the person posting the notice shall make a record at the time of posting stating the date and place of posting. The person shall sign the record and deliver it to the authority responsible for giving the election notice after the last posting is made.

(c) If notice of an election is given under Section 4.003(a)(3), the authority responsible for giving the notice shall:

(1) retain a copy of the notice and enter on the copy the date or dates the mailing occurred; and

(2) prepare a list of the names and addresses of the persons to whom the notice was mailed.

**EXHIBIT A**

## ORDER CALLING DIRECTOR ELECTION

THE STATE OF TEXAS         §
                           §
COUNTY OF TRAVIS           §

WHEREAS, Northwest Austin Municipal Utility District No. 1 (the "District") has been duly created by order of the Texas Water Commission and the establishment and creation of the District has been confirmed by the voters within the District; and

WHEREAS, in accordance with Section 49.103 of the Texas Water Code, the election of directors is to be held in even numbered years; and

WHEREAS, also in accordance with Section 49.103 of the Texas Water Code, an election is to be held within the District on May 4, 1996, for the election of two (2) directors who shall serve a four (4) year term; and

WHEREAS, the Board of Directors wishes to proceed with the ordering of said election;

NOW THEREFORE, BE IT ORDERED BY THE BOARD OF DIRECTORS OF NORTHWEST MUNICIPAL UTILITY DISTRICT NO. 1 THAT:

Section 1: The matters and facts set out in the preamble of this order are hereby found and declared to be true and complete.

Section 2: An election shall be held within the District on the 4th day of May, 1996, between the hours of 7:00 a.m. and 7:00 p.m., at 9914 Barbrook Drive, Austin, Texas, within the boundaries of Northwest Municipal Utility District No. 1, at which there shall be submitted the question of the election of two (2) directors, who shall serve a four (4) year term.

Section 3: Voting in said election shall be by the use of paper ballots which shall be printed in both English and Spanish and which shall conform to the requirements of the Texas Election Code. Oral bilingual assistance shall be available during the election and may be obtained by contacting the Presiding Judge or the Alternate Presiding Judge. The ballots used in the election shall have printed thereon the names of all candidates for the office of director who filed applications to have their names printed on the ballot at least forty-five (45) days prior to the election, and one (1) blank space for write-in vote for any candidate for the office of director who has filed a declaration of write-in candidacy at least forty-five (45) days prior to the election.

70316.1/SPA/5133/5133//040496

**EXHIBIT B**

Each voter may vote for none, one or two persons for director by placing an "X" in the square beside the person's or persons' names or by writing the name or names of a person or persons in the blank spaces provided.

Section 4: The boundaries of the District are hereby designated as and shall constitute one (1) election precinct and the following are hereby appointed officers of said election:

| | |
|---|---|
| Donna Lovejoy | Presiding Judge |
| Craig Lovejoy | Alternate Presiding Judge |

The Presiding Judge may appoint, as he deems necessary, clerks to assist in the conduct of the election, not to exceed the maximum number of two (2). Early voting in the election by personal appearance shall begin on April 15, 1996 and shall continue through April 30, 1996. The clerk for early voting shall be Donna Lovejoy and the place at which early voting shall be conducted is 9914 Barbrook Drive, Austin, Texas.

The Early Voting Clerk's mailing address to which ballot applications and ballots to be voted by mail may be sent is 9914 Barbrook Drive, Austin, Texas 78726. The Early Voting Clerk shall keep the early voting place open from 3:00 p.m. to 6:00 p.m. on each day for early voting which is not a Saturday, a Sunday or an official state holiday, and on election day, May 4, 1996 from 7:00 a.m. to 7:00 p.m.

The Presiding Judge named above shall serve as the presiding judge of the Early Ballot Board, the members of which shall be the precinct election officers serving the election precinct as provided in Section 87.004 of the Texas Election Code.

Section 5: The election shall be held and conducted and returns made of this Board of Directors in accordance with the Texas Election Code, as modified by Chapter 49 of the Texas Water Code.

Section 6: All qualified resident electors of the District shall be entitled to vote in the election.

Section 7: The Secretary of the Board is hereby directed to cause notice of this election to be published or posted in both Spanish and English in accordance with the requirements of the

70316.1/SPA/5133/5133//040496

2

**EXHIBIT B**

Texas Election Code. The notice shall be substantially in the form of Notice of Director Election attached hereto and made a part hereof for all purposes.

  PASSED AND APPROVED this 20th day of February, 1996.

           NORTHWEST AUSTIN MUNICIPAL UTILITY
           DISTRICT NO. 1

           By: _____
              Scott Storm, President
(SEAL)            Board of Directors

ATTEST:

_____
Joe E. Ventura, Secretary
Board of Directors

70316.1/SPA/5133/5133//021996     3

# EXHIBIT B

Sec. 2.027.                    ELECTION CODE

runoff election ballot the names of the runoff candidates and shall deliver the certification to the authority responsible for having the official ballot prepared.

Sec. 2.028. **Tie vote in runoff.** (a) If the candidates in a runoff election tie, they shall cast lots to determine the winner.

(b) The presiding officer of the final canvassing authority shall supervise the casting of lots under this section.

### SUBCHAPTER C. ELECTION OF UNOPPOSED CANDIDATE

Sec. 2.051. **Applicability of subchapter.** This subchapter applies only to an election for officers of a political subdivision other than a county in which write-in votes may be counted only for names appearing on a list of write-in candidates and in which:

 (1) each candidate whose name is to appear on the ballot is unopposed; and

 (2) no proposition is to appear on the ballot.

Elections using list of write-in candidates, see note under Sec. 146.001.

Sec. 2.052. **Certification of unopposed status.** (a) The authority responsible for having the official ballot prepared shall certify in writing that a candidate is unopposed for election to an office if:

 (1) only one candidate's name is to be placed on the ballot for that office under Section 52.003; and

 (2) no candidate's name is to be placed on a list of write-in candidates for that office under applicable law.

(b) The certification shall be delivered to the governing body of the political subdivision as soon as possible after the filing deadlines for placement on the ballot and list of write-in candidates.

Authority responsible for having ballot prepared, see Sec. 52.002.

Elections using list of write-in candidates, see note under Sec. 146.001.

Filing deadlines for placement on ballot, see Secs. 143.007, 143.008, 144.005, and 201.054.

Filing deadlines for placement on list of write-in candidates, see Sec. 146.054, Sec. 11.056, Education Code, and Sec. 49.101, Water Code.

Sec. 2.053. **Action on certification.** (a) On receipt of the certification, the governing body of the political subdivision by order or ordinance may declare each unopposed candidate elected to the office.

EXHIBIT C

ELECTION CODE                        Sec. 3.003.

(b) If a declaration is made under Subsection (a), the election is not held. A copy of the order or ordinance shall be posted on election day at each polling place that would have been used in the election.

(c) A certificate of election shall be issued to each candidate in the same manner as provided for a candidate elected at the election.

Certificate of election, see Sec. 67.016.

Sec. 2.054. **Coercion against candidacy prohibited.** (a) A person commits an offense if by intimidation or by means of coercion the person influences or attempts to influence a person to not file an application for a place on the ballot or a declaration of write-in candidacy in an election that may be subject to this subchapter.

(b) In this section, "coercion" has the meaning assigned by Section 1.07, Penal Code.

(c) An offense under this section is a Class A misdemeanor unless the intimidation or coercion is a threat to commit a felony, in which event it is a felony of the third degree.

Punishment for offenses, see note under Sec. 276.001.

## CHAPTER 3. ORDERING ELECTION

Sec. 3.001.  Order required
Sec. 3.002.  Conflicts with other law
Sec. 3.003.  Election ordered by governor
Sec. 3.004.  Election of political subdivision
Sec. 3.005.  Time for ordering election
Sec. 3.006.  Contents of election order
Sec. 3.007.  Failure to order general election
Sec. 3.008.  Preservation of election order

Sec. 3.001. **Order required.** Each general and special election shall be ordered as provided by this chapter.

Sec. 3.002. **Conflicts with other law.** A law outside this chapter supersedes this chapter to the extent of any conflict.

Sec. 3.003. **Election ordered by governor.** (a) The governor shall order:

(1) each general election for officers of the state government, members of the United States Congress, and electors for president and vice-president of the United States;

17

**EXHIBIT C**

NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

Order Declaring Election of Unopposed Candidates
and Canceling May 4, 1996, Director Election

April 9, 1996

STATE OF TEXAS      §

COUNTY OF TRAVIS    §

Recitals

The Board of Directors ("Board") adopted an Order Calling Director Election on February 20, 1996 ("Election").

The deadline to submit an application for a place on the ballot for the Election was March 20, 1996.

The deadline to submit an application for write-in candidacy for the Election was March 20, 1996.

The Secretary of the Board is the Authority Responsible for having the Official Ballots prepared for the Election.

The Secretary of the Board submitted a Certification of Unopposed Status of Candidates for the May 4, 1996, Director Election, attached hereto as Exhibit "A", to the Board on April 9, 1996.

Under Section 2.053 of the Texas Election Code, if the Board receives a Certification of Unopposed Status, it may declare each unopposed candidate elected to office.

Therefore, the Board of Directors of Northwest Austin Municipal Utility District No. 1 orders that:

1. The Certification of Unopposed Status of Candidates for the May 4, 1996 Director Election, submitted on April 9, 1996 is valid.

2. Edward L. Swarthout and Karen Temborius are elected to office as Directors for Northwest Austin Municipal Utility District No. 1 and their terms will begin on May 4, 1996.

3. The May 4, 1996, Director Election is canceled and will not be held.

4. The Secretary of the Board is directed to post a copy of this Order at the polling place on the election day.

73583.1/SPA/LRP/5133//040896

**EXHIBIT D**

5. A certificate of election be issued and delivered to each candidate as required by Section 67.016 of the Election Code.

Passed and approved on ___April 9___, 1996.

[SEAL]

NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

By: _____
Scott Storm, President

ATTEST:

_____
Joe E. Ventura, Secretary

73583.1/SPA/LRP/5133//040896

# EXHIBIT D

## NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

### Certification of Unopposed Status of Candidates
### for the May 4, 1996, Director Election

The undersigned, the Secretary of the Board of Directors of Northwest Austin Municipal Utility District No. 1 ("District"), is the authority responsible for having the official ballots prepared for the May 4, 1996, Director Election for the District and certifies that:

1. Two (2) Directors will be elected at the May 4, 1996 Director Election.

2. The deadline for filing a ballot application was March 20, 1996, and there are only two (2) candidates on the ballot.

3. The deadline for write-in candidates was March 20, 1996, and there are no write-in candidates.

4. Edward L. Swarthout and Karen Temborius are the unopposed candidates for election as Directors of Northwest Austin Municipal Utility District No. 1.

_____
Joe E. Ventura, Secretary
Board of Directors

THE STATE OF TEXAS §

COUNTY OF TRAVIS §

This instrument was acknowledged before me on _____, 1996, by Joe E. Ventura, Secretary of the Board of Directors of Northwest Austin Municipal Utility District No. 1 on behalf of said municipal utility district.

_____
Notary Public Signature

(seal)



SHARLENE N. COLLINS
NOTARY PUBLIC
State of Texas
Comm Exp. 02-24-2000

**EXHIBIT D**

73824:1/SPA/LRP/5133//040896

DLP:DHH:CAP:emr
DJ 166-012-3
96-2595

August 1, 1996

Sharlene N. Collins, Esq.
Strasburger & Price
2600 One American Center
600 Congress Avenue
Austin, Texas 78701-3288

Dear Ms. Collins:

This refers to the general election notice procedures and cancellation of the general election under circumstances specified in Sections 2.051 through 2.053 of the Texas Election Code for Northwest Austin Municipal Utility District No. 1 in Travis County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. 1973c. We received your submission on June 10, 1996.

The Attorney General does not interpose any objection to the specified changes. However, we note that Section 5 expressly provides that the failure of the Attorney General to object does not bar subsequent litigation to enjoin the enforcement of the changes. See the Procedures for the Administration of Section 5 (28 C.F.R. 51.41).

We have reviewed cancellation of the general election as a recurrent practice pursuant to 28 C.F.R. 51.14. Thus, the district need not submit future implementation of this same practice. Only a decision to hold an election under the circumstances specified for cancellation or cancellation of an election under circumstances other than those specified in Sections 2.051 through 2.053 of the Texas Election Code would constitute a voting change subject to Section 5 review.

Sincerely,

Deval L. Patrick
Assistant Attorney General
Civil Rights Division

By:

Elizabeth Johnson
Acting Chief, Voting Section

cc: Public File