ORDER CALLING CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION, AND MAINTENANCE TAX ELECTION

WHEREAS, Northwest Austin Municipal Utility District No. 1 (the "District") has been duly created by order of the Texas Water Commission (the "Commission"), and the temporary directors of the District have been appointed by the Commission (the "Board of Directors") and have met and organized and have qualified to serve as directors of the District by taking the oath and making the bond required by law; and

WHEREAS, it is now necessary to call an election to confirm the creation and establishment of the District and to elect five (5) permanent directors thereof, each of whom shall serve until the next regular election on April 2, 1988; and

WHEREAS, there has been filed in the office of the District, open to inspection by the public, an engineer's report covering the works, improvements, facilities, treatment plants, equipment and appliances to be purchased, acquired and constructed by the District and the property, contract rights, rights of use, and interests in property to be purchased or acquired, as well as the estimated cost of all the foregoing, together with maps, plats, profiles and data showing and explaining the report and the report has been considered by the Board of Directors; and

WHEREAS, said works, improvements, facilities, treatment plants, equipment, appliances, property, contract rights, rights of use, and interests in property are designed and intended to furnish a water supply and distribution system, sanitary sewer system, and a drainage and storm sewer system for the District; and

WHEREAS, said engineer's report, as supplemented to date, contains an estimate of the cost of the purchase, acquisition and construction of the proposed works, improvements, facilities, treatment plants, equipment, appliances, and an estimate of the District's cost of purchasing and acquiring said property, contract rights, rights of use, and interests in property, and an estimate of the expenses incident thereto, as generally follows:

Construction Cost:

1. Water Supply, Storage and Distribution System     $ 6,743,100.00

2. Sewage Collection and Treatment System     $ 8,135,400.00

| | | |
|---|---|---|
| 3. | Drainage System | $ 1,374,100.00 |
| 4. | Construction Contingencies | $ 1,625,260.00 |
| 5. | Investigation Plan and Engineering Work | $ 1,787,786.00 |
| | TOTAL CONSTRUCTION COST | $19,665,646.00 |

Non-Construction Cost:

| | | |
|---|---|---|
| 1. | Legal and Market Attorney Fees | $ 1,029,000.00 |
| 2. | Fiscal Agent's Fees | $ 686,000.00 |
| 3. | Capitalized Interest | $ 7,546,000.00 |
| 4. | Bond Discount | $ 686,000.00 |
| 5. | Developer Interest | $ 4,326,442.00 |
| 6. | Organizational Expense | $ 200,000.00 |
| 7. | Cost of Issuance of Bonds | $ 160,912.00 |
| | TOTAL NON-CONSTRUCTION COST | $14,634,354.00 |
| | TOTAL BOND AMOUNT | $34,300,000.00 |

and

WHEREAS, the Board of Directors has determined that the above estimate of $34,300,000 is reasonable and proper and wishes to approve the same and all items thereof but reserves the right to authorize amendments to said report and to reallocate said costs to meet the changing requirements of the District's systems; and

WHEREAS, the Board of Directors is of the opinion that it would be of benefit to the District to be authorized to levy and collect a maintenance tax of not to exceed One Dollar and Fifty Cents ($1.50) per one hundred dollars ($100) valuation of taxable property within the District to secure funds for maintenance purposes; and

WHEREAS, Section 54.311(b), Texas Water Code, states that a maintenance tax cannot be levied until such maintenance tax is approved by a majority of the electors voting in an election held for that purpose; and

WHEREAS, the District desires to issue its bonds secured by and payable from ad valorem taxes and further to additionally secure the payment of all bonds issued by the District with a pledge of the District's revenues, derived from whatever source, including, but not limited to the revenues that result from the ownership and operation of the District's works, improvements, facilities, plants, equipment and appliances or under specific contracts for the period of time the Board determines; and

WHEREAS, the Board of Directors is of the opinion that an election should be held for the purposes of confirming the creation and establishment of the District and electing five (5) permanent directors thereof, submitting propositions on the issuance of the District's bonds, the levy and collection of an ad valorem tax together with the pledging of revenues to additionally secure Bonds issued by the District.

WHEREAS, Section 54.507, Texas Water Code, provides that a bond election may be held on the same day as the District's confirmation and director election; and

WHEREAS, Section 54.312, Texas Water Code, provides that a maintenance tax election may be held on the same day as the District's bond election; and

WHEREAS, there is no public building of any kind within the boundaries of the District; and

WHEREAS, this Board of Directors wishes to proceed with the ordering of said election; Now, Therefore,

BE IT ORDERED BY THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 THAT:

Section 1: The matters and facts set out in the preamble of this order are hereby found and declared to be true and are incorporated herein by reference.

Section 2: The engineer's report and estimate of cost, as supplemented, are hereby approved as described above.

Section 3: A special election shall be held within the District on December 13, 1986, between the hours of 7:00 a.m. and 7:00 p.m., at 11403 Boulder Lane, Austin, Texas 78726, within the boundaries of the District, at which there shall be submitted the question of the election of five (5) permanent directors of the District, each of whom shall serve until the next regular election on April 2, 1988, and at which the following propositions shall be submitted.

PROPOSITION I

SHALL THE CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 PURSUANT TO THE ORDER OF THE TEXAS WATER COMMISSION DATED APRIL 18, 1986, BE CONFIRMED?

PROPOSITION II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF SAID DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE MAXIMUM AGGREGATE PRINCIPAL AMOUNT OF $34,300,000, MATURING SERIALLY OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE FIXED BY SAID BOARD OVER A PERIOD OR PERIODS NOT EXCEEDING FORTY (40) YEARS FROM THEIR DATE OR DATES, BEARING INTEREST AT ANY RATE OR RATES, AND TO SELL SAID BONDS AT ANY PRICE OR PRICES, PROVIDED THAT THE NET EFFECTIVE INTEREST RATE ON ANY ISSUE OR SERIES OF SAID BONDS SHALL NOT EXCEED THE MAXIMUM LEGAL LIMIT IN EFFECT AT THE TIME OF ISSUANCE OF EACH SUCH ISSUE OR SERIES, ALL AS MAY BE DETERMINED WITHIN THE DISCRETION OF THE BOARD OF DIRECTORS OF SAID DISTRICT, FOR THE PURPOSE OR PURPOSES OF PURCHASING, CONSTRUCTING, ACQUIRING, OWNING, OPERATING, REPAIRING, IMPROVING AND EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER SYSTEM AND DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF LANDS WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS, FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES, INTERESTS IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFOR AND ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION THEREWITH AND ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR THE PAYMENT OF PRINCIPAL OF AND INTEREST ON SUCH BONDS BY THE LEVY AND COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT, AND THE PLEDGE OF ALL OR ANY PART OF THE REVENUES OF THE DISTRICT DERIVED FROM WHATEVER SOURCE, INCLUDING BUT NOT LIMITED TO REVENUES THAT RESULT FROM THE OWNERSHIP AND OPERATION OF SAID DISTRICT'S WORKS, IMPROVEMENTS, FACILITIES, TREATMENT PLANTS, EQUIPMENT AND APPLIANCES, OR UNDER SPECIFIC CONTRACTS FOR THE PERIOD OF TIME THE BOARD DETERMINES, ALL AS AUTHORIZED BY THE CONSTITUTION AND LAWS OF THE STATE OF TEXAS?

PROPOSITION III

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO LEVY AND COLLECT A MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS ($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION ON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT TO SECURE FUNDS FOR MAINTENANCE PURPOSES, INCLUDING, BUT NOT LIMITED TO, FUNDS FOR PLANNING, MAINTAINING, REPAIRING AND OPERATING ALL

NECESSARY WORKS, IMPROVEMENTS, FACILITIES, PLANTS, EQUIPMENT AND APPLIANCES OF SUCH DISTRICT, AND FOR THE PAYMENT OF PROPER SERVICES, ENGINEERING AND LEGAL FEES AND ADMINISTRATIVE EXPENSES?

Section 4: Voting in said election shall be by the use of paper ballots which shall be printed in both English and Spanish and which shall conform to the requirements of the Texas Election Code. Oral bilingual assistance shall be available during the election and may be obtained by contacting the Presiding Judge or the Alternate Presiding Judge. The ballots used in the election shall have printed thereon the following:

OFFICIAL BALLOT

PROPOSITION I

[ ]   FOR           )   THE DISTRICT
      A FAVOR DE    )
                    )

[ ]   AGAINST       )   EL DISTRITO
      EN CONTRA DE  )

PROPOSITION II

[ ]   FOR           )   THE ISSUANCE OF BONDS AND THE
      A FAVOR DE    )   PLEDGE OF REVENUES AND THE
                    )   LEVY OF AD VALOREM TAXES
                    )   ADEQUATE TO PROVIDE FOR THE
                    )   PAYMENT OF BONDS
                    )
[ ]   AGAINST       )   LA EMISION DE BONOS Y LA
      EN CONTRA DE  )   GRANTIA DE INGRESOS Y EL
                    )   GRAVAMEN DE IMPUESTOS AD
                    )   VALOREM SUFICIENTE PARA
                    )   EFECTUAR PAGO DE LOS BONOS

PROPOSITION III

[ ]   FOR           )   A MAINTENANCE TAX OF NOT TO
      A FAVOR DE    )   EXCEED ONE DOLLAR AND FIFTY
                    )   CENTS ($1.50) PER ONE HUNDRED
                    )   DOLLARS ($100) VALUATION OF
                    )   TAXABLE PROPERTY IN THE
                    )   DISTRICT
                    )
[ ]   AGAINST       )   UN IMPUESTO DE MANTENIMIENTO
      EN CONTRA DE  )   A NO EXCEDER UN DOLAR Y
                    )   CINCUENTA CENTAVOS ($1.50) POR
                    )   CADA CIEN DOLARES ($100) DE
                    )   VALUACION DE PROPIEDAD
                    )   IMPONIBLE DENTRO DEL DISTRITO

Each voter shall vote on the proposition by placing an "X" in the square beside the statement indicating the way he wishes to vote.

There shall also be placed on the ballots used in the election the names of the five temporary directors appointed by the Commission, and five blank spaces for write-in votes, as follows:

[ ]   Ted R. Hendricks
[ ]   James Hillyer
[ ]   Homer D. Reed
[ ]   Robert J. Liverman
[ ]   Tim Jamail
[ ]   _____
[ ]   _____
[ ]   _____
[ ]   _____
[ ]   _____

The voter may vote for any five persons for director by placing an "X" in the square beside the person's name or by writing the name or names of a person or persons in the blank spaces provided.

Section 5:  The boundaries of the District as established by the Commission are hereby designated as and shall constitute one election precinct and the following are hereby appointed officers of said election:

Yvonne Wright          Presiding Judge and
Fred Rivera            Alternate Presiding Judge

The presiding judge may appoint, as he deems necessary, clerks to assist in the conduct of the election, not to exceed the maximum number of two (2).  Absentee voting in the election by personal appearance shall begin on the 10th day preceding the election and shall continue through the 4th day preceding the election.  The clerk for absentee voting shall be Yvonne Wright and the place at which absentee voting shall be conducted is 11403 Boulder Lane, Austin, Texas  78726, within the boundaries of the District.

The absentee voting clerk's mailing address to which ballot applications and ballots to be voted by mail may be sent is 11403 Boulder Lane, Austin, Texas  78726.  The absentee voting clerk shall keep the absentee voting place open from 7:00 p.m. to 10:00 p.m., on each day for the absentee voting which is not a Saturday, a Sunday or an official state holiday.

Section 6:  The election shall be held and conducted and returns made to this Board of Directors in accordance with the Texas Election Code as modified by Chapter 54, Texas Water Code.

Section 7: All qualified resident electors of the District shall be entitled to vote in the election.

Section 8: The Secretary of the Board is hereby directed to cause notice of this election to be published in both Spanish and English once a week for two (2) consecutive weeks in a newspaper of general circulation in Travis County, Texas, with the first publication to be at least 14 days before the date of the election. The notice shall be substantially in the form of Notice of Election attached hereto and made a part hereof for all purposes.

PASSED AND APPROVED the 7th day of October, 1986.

(SEAL)

/s/ Ted R. Hendricks
President, Board of Directors

ATTEST:

/s/ Robert J. Giverman
Secretary, Board of Directors

3908P

# Austin American-Statesman

Brown Maroney Rose Barber & Dye

per: Jennifer Wiegand

## AFFIDAVIT OF PUBLICATION

THE STATE OF TEXAS
COUNTY OF TRAVIS

Before me, the undersigned authority, a Notary Public in and for the County of Travis, State of Texas, on this day personally appeared:

_____James R. Frizzell_____,

Classified Advertising Agent of the Austin American-Statesman, a daily newspaper published in said County and State, who being duly sworn by me, states that the attached advertisement was published in said newspaper on the following dates, to wit:

_____November 28th & December 5th, 1986_____

_____,

and that the attached is a true copy of said advertisement.

_____ /s/

SWORN AND SUBSCRIBED TO BEFORE ME, this the _____10th_____
Day of ____December_____ A.D. 198 6 .

_____Letitia Root_____
Notary Public in and for
TRAVIS COUNTY, TEXAS

_____Letitia Root_____                       _____7/7/87_____
(Type or Print Name of Notary)            (My Commission Expires:)



## NOTICE OF HEARING ON PETITION FOR CREATION OF MUNICIPAL UTILITY DISTRICT

TO: ALL PERSONS INTERESTED IN THE PETITION FOR CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRIT NO 1:

NOTICE IS HEREBY GIVEN that a public hearing will be held at 2:00 o'clock p.m. on December 18, 1985, before the Texas Water Commission at its offices in the Stephen F. Austin State Office Building, 1700 North Congress Avenue, Austin, Travis County, Texas, upon a Petition for Creation of Northwest Austin Municipal Utility District No. 1, within Travis County, Texas. The petition has been filed and the hearing shall be held pursuant to Chapter 54, Subchapter B, Texas Water Code, 31 Texas Administrative Code, Section 311.11, and under the procedural rules of the Commission. The petition reflects that it has been executed by the holders of title to land within the proposed District who collectively represent a majority in value of the owners of land therein as shown by the tax rolls of Travis County, Texas. The land to be included within the proposed District comprises 671.6 acres, more or less, as described by metes and bounds on Exhibit "A" hereto. The location of the proposed District is shown on the vicinity map designated as Exhibit "B" hereto.

The petition prays that the District have all rights, powers, privileges, authority and functions conferred by and be subject to all duties imposed by the Texas Water Code and the general laws of the State of Texas relating to municipal utility districts. The petition reflects that the general nature of the construction, acquisition, maintenance and operation of a waterworks system and sanitary sewer system for domestic and commercial purposes and the construction, acquisition, maintenance and operation of works, improvements, facilities, plants, equipment and appliances helpful or necessary to provide more adequate drainage for the District, and to control, abate and amend local storm waters or other harmful excesses of waters, all as more particularly described in an engineer's report filed with the petition, to which reference is hereby made for more detailed description of the District's proposed facilities. A preliminary investigation estimates the costs of such facilities will be $22,500,000.00

Any person may appear at the hearing and present evidence and testify for or against the allegations in the petition, the form of the petition, the necessity and feasibility of the proposed District's project, and the benefits to accrue. Any prepared testimony to be offered into evidence at the hearing on the petition shall be filed with the Chief Clerk of the Commission at least five (5) days prior to the hearing date, with copies furnished to the Petitioner, the Executive Director and Public Interest Advocate of the Texas Water Commission, and any person who files a written protest against the petition.

Signed this the 15th day of November, 1985.

/S/
Mary Ann Hefner, Chief Clerk
Texas Water Commission

(SEAL)

## NORTHWEST AUSTIN MUD NO. 1

A Field note description of 671.65 acres of land out of the A.E. Livingston Survey No. 155, A. E. Livingston Survey No. 455, W. P. Moore Survey No. 708 and John T. Smith Survey No. 154 in Travis County, Texas, being all of that certain tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas, all of that certain tract of land described in a deed to Harry E. Montandon of record in Volume 1597, Page 172 of the Deed Records of Travis County, Texas, all of that certain tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 608 of the Deed Records of Travis County, Texas, a portion of that certain tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 614 of the Deed Records of Travis County, Texas, a portion of that certain tract of land described in a deed to Triple Creek Venture of record in Volume 8155, Page 628 of the Deed Records of Travis County, Texas, a portion of that certain 92.28 acre tract of land described in a deed to Triple Creek Venture of record in Volume 8155, Page 619 of the Deed Records of Travis County, Texas, and a portion of that certain 19.61 acre tract of land described in a deed to Triple Creek Venture of record in Volume 8155, Page 582 of the Deed Records of Travis County, Texas, said 671.65 acres being more particularly described by metes and bounds as follows:

BEGINNING at a point at the intersection of east right-of-way line of FM Highway 620 and the south right-of-way line of Boulder Lane, at the northwest corner of that certain tract of land described as "Tract 1" in a deed to Triple Creek Venture of record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas, for a northwest corner of this tract;

THENCE with the south right-of-way line of said Boulder Lane and the north line of said "Tract 1", S 61° 10'E, a distance of 1934.23 feet to a point at the southeast corner of the right-of-way of said Boulder Lane, said point being also in the west line of that certain tract of land described as "Tract 3" in a deed to Triple Creek Venture, of record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas, and at the northeast corner of said "Tract 1" for an interior corner of this tract;

THENCE with the east right-of-way line of said Boulder Lane and the west line of 620 Oaks, a subdivision of record in Book 76, Page 239 of the Plat Records of Travis County, Texas, being also the west line of said "Tract 3" the five, (5) courses and distances which follow:

1. N 29° 44'E, a distance of 283.51 feet to a point,
2. N 30° 30'E, a distance of 265.32 feet to a point,
3. N 30° 42'E, a distance of 278.44 feet to a point,
4. N 30° 34'E, a distance of 167.39 feet to a point, and
5. N 29° 28'E, a distance of 294.43 feet to a point in the east line of Lot 1 of said 620 Oaks, said point being also at the southwest corner of that certain 65.65 acre tract of land described in a deed to James H. Arnold, Jr., of record in Volume 3274, Page 2101 of the Deed Records of Travis County, Texas, and at the northwest corner of said "Tract 3", for the most northerly northwest corner of this tract;

THENCE with the south line of said Arnold tract and the north line of said "Tract 3" the five (5) courses and distances which follow:

1. S 58° 37'E, a distance of 370.00 feet to a point,
2. S 58° 26'E, a distance of 199.98 feet to a point,
3. S 58° 40'E, a distance of 511.82 feet to a point,
4. S 60° 14'E, a distance of 399.16 feet to a point,
5. S 58° 54'E, a distance of 346.05 feet to a point in the west line of Anderson Mill Estates Section 3, a subdivision of record in Book 75, Page 117 of the Plat Records of Travis County, Texas, said point being also at the southeast corner of said Arnold Tract and at the most northerly northeast corner of said "Tract 3", for a corner of this tract;

THENCE with the west line of said Anderson Mill Estates Section 3 and an east line of said "Tract 3", S 30° 17'W, a distance of 150.21 feet to a point at the southwest corner of said Anderson Mill Estates, Section 3, being also an interior corner of said "Tract 3" for an interior corner of this tract;

THENCE with the south line of said Anderson Mill Estates Section 3 and the north line of said "Tract 3" the two (2) courses and distances which follow:

1. S 59° 16'E, a distance of 89.94 feet to a point, and
2. S 59° 24'E, a distance of 41.94 feet to a point at the northeast corner of said "Tract 3", being also at the southwest corner of that certain tract of land described as "Tract 2" in a deed to Triple Creek Venture, of Record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas;

THENCE continuing with the south line of said Anderson Mill Estates Section 3 and the north line of said "Tract 2" the sixteen (16), courses and distances which follow:

1. S 59° 40'E, a distance of 169.68 feet to a point,
2. S 59° 19'E, a distance of 248.70 feet to a point,
3. S 59° 02'E, a distance of 100.25 feet to a point,
4. S 59° 20'E, a distance of 96.78 feet to a point,
5. S 59° 09'E, a distance of 309.13 feet to a point,
6. S 59° 16'E, a distance of 63.80 feet to a point,
7. S 57° 40'E, a distance of 19.69 feet to a point,
8. S 65° 04'E, a distance of 86.51 feet to a point,
9. S 72° 28'E, a distance of 298.26 feet to a point,
10. S 68° 55'E, a distance of 96.05 feet to a point,
11. S 47° 32'E, a distance of 28.06 feet to a point,
12. S 44° 30'E, a distance of 156.12 feet to a point,
13. S 40° 08'E, a distance of 38.56 feet to a point,
14. S 38° 17'E, a distance of 143.73 feet to a point,
15. S 53° 55'E, a distance of 138.27 feet to a point, and
16. N 88° 41'E, a distance of 62.11 feet to a point at the southeast corner of said Anderson Mill Estates Section 3, said point being also at the southwest corner of that certain 18.75 acre tract of land described in a deed to Luther E. Smith, et al., of record in Volume 7093, Page 397 of the Deed of Records of Travis County, Texas;

THENCE with the south line of said Smith Tract and the north line of said "Tract 2" the two (2) courses and distances which follow:

1. S 59° 11'E, a distance of 67.25 feet to a point, and
2. N 72° 58'E, a distance of 51.26 feet to a point at the most northerly corner of that certain 0.14 acre tract of land described in a deed to Homer Reed, et al., of record in Volume 7902, Page 396 of the Deed Records of Travis County, Texas, for a northeast corner of this tract;

THENCE with the west line of said 0.14 acre tract, being also the east line of said "Tract 2", S 17° 05'E, a distance of 337.34 feet to a point at the most northerly corner of that certain 57.17 acre tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 608 of the Deed Records of Travis County, Texas, said point being also at the most easterly northeast corner of said "Tract 2" and the most southerly corner of said 0.14 acre tract, and being also at an angle point in the west line of that certain 5.80 acre tract of land described in a deed to Homer D. Reed, et al., of record in Volume 7902, Page 396 of Deed Records of Travis County, Texas, for a corner of this tract;

THENCE with the west line of said 5.80 acre tract and the east line of said 57.57 acre Triple Creek Venture tract, the eleven (11) courses and distances which follow:

1. S 17° 02'E, a distance of 200.58 feet to a point,
2. S 09° 01'E, a distance of 630.81 feet to a point,
3. S 02° 44'W, a distance of 538.63 feet to a point,
4. S 03° 23'W, a distance of 504.33 feet to a point,
5. S 45° 03'W, a distance of 565.76 feet to a point,
6. S 00° 31'W, a distance of 247.33 feet to a point,
7. S 30° 17'E, a distance of 616.59 feet to a point,
8. S 47° 10'E, a distance of 166.89 feet to a point,
9. S 17° 00'W, a distance of 269.29 feet to a point,
10. S 17° 57'W, a distance of 201.07 feet to a point, and
11. S 13° 50'W, a distance of 435.83 feet to a point at the southwest corner of said 5.80 acre Reed Tract, said point being also in the north line of that certain 113.006 acre tract of land described in a deed to Roger S. Hanks, of record in Volume 6958, Page 2381 of the Deed Records of Travis County, Texas, and at the southeast corner of said 57.57 acre Triple Creek Venture Tract, for the southeast corner of this tract;

THENCE with the north line of said Hanks Tract and the south line of said 57.57 acre Triple Creek Venture tract, the eleven (11) courses and distances which follow:

1. N 62° 16'W, a distance of 60.82 feet to a point,
2. N 32° 12'W, a distance of 94.26 feet to a point,
3. N 66° 14'W, a distance of 100.39 feet to a point,
4. N 88° 51'W, a distance of 83.69 feet to a point,
5. N 63° 53'W, a distance of 37.98 feet to a point,
6. N 63° 52'W, a distance of 222.82 feet to a point,
7. N 63° 04'W, a distance of 161.97 feet to a point,
8. N 61° 01'W, a distance of 261.01 feet to a point,
9. N 61° 30'W, a distance of 380.69 feet to a point,
10. N 62° 02'W, a distance of 325.16 feet to a point, and
11. N 63° 42'W, a distance of 206.22 feet to a point at the northwest corner of said Hanks Tract, said being also at the southwest corner of said 57.57 acre Triple Creek Venture Tract, and at the east line of that certain 130.77 acre tract of land described in a deed to Triple Creek Venture of record in Volume 8155, Page 614 of the Deed Records of Travis County, Texas;

THENCE, over and across said 130.77 acre tract, N 88° 42' 18"W, a distance of 2466.22 feet to a point at the southeast corner of that certain tract of land described in a deed to Harry E. Montandon, of record in Volume 1597, Page 172 of the Deed Records of Travis County, Texas, said point being also in the north line of that certain 708.76 acre tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 628 of the Deed Records of Travis County, Texas;

THENCE with the north line of said 708.76 acres and the south line of said Montandon Tract, N 61° 00'W, a distance of 714.22 feet to a point;

THENCE over and across both the Montandon tract and the Triple Creek Venture Property the eight (8) courses and distances which follow:

1. S 30° 50'W, a distance of 70.00 feet to a point,
2. N 66° 10'W, a distance of 560.00 feet to a point,
3. S 23° 50'W, a distance of 365.00 feet to a point,
4. S 49° 10'W, a distance of 325.00 feet to a point,
5. S 63° 50'W, a distance of 555.00 feet to a point,
6. N 58° 15'W, a distance of 275.00 feet to a point,
7. N 29° 25'W, a distance of 250.00 feet to a point, and
8. N 57° 45'W, a distance of 110.00 feet to a point in that certain 92.28 acre tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 619 of the Deed Records of Travis County, Texas;

THENCE over and across said 92.28 acre tract the seven (7) courses and distances which follow:

1. N 64° 15'W, a distance of 505.00 feet to a point,
2. N 68° 20'W, a distance of 470.00 feet to a point,
3. S 82° 56'21"W, a distance of 262.75 feet to a point,
4. N 81° 57'W, a distance of 220.00 feet to a point in the centerline of a curve to the left of a proposed road,
5. a distance of 396.75 feet along the arc of a curve to the left, the radius of which is 1218.64 feet, the central angle of which is 18°39'13", and the chord of which bears S 20° 03'W, a distance of 395.00 feet to a point,
6. leaving proposed road, N 72° 17'W, a distance of 365.00 feet to a point, and
7. S 23° 58'W, a distance of 233.11 feet to a point in that certain 19.61 acre tract of land described in a deed to the Triple Creek Venture, of record in Volume 8155, Page 582 of the Deed Records of Travis County, Texas;

THENCE, N 72° 17'W, a distance of 298.98 feet to a point in the west line of said 19.61 acre tract, being also a point in the east right-of-way line of FM Highway 620;

THENCE with the west line of said 19.61 acre tract and the east line of said FM 620, N 17° 43'E, a distance of 174.71 feet pass a point for the northwest corner of said 19.61 acre tract, being also the southeast corner of a 92.28 acre tract of land as described previously in a deed to Triple Creek Venture; continuing with the west line of said 92.28 acre tract for a total distance of 1635.56 feet to a point for the northwest corner of said 92.28 acre tract, being also the southwest corner of that certain 32.57 acre tract of land described in a deed to Samir N. Maamary, of record in Volume 7651, Page 913 of the Deed Records of Travis County, Texas;

THENCE with the north line of said 92.28 acre tract, and the south line of said 32.57 acre tract the three (3) courses and distances which follow:

1. S 80° 25'E, a distance of 1153.69 feet to a point,
2. S 80° 24'E, a distance of 597.66 feet to a point, and
3. S 80° 27'E, a distance of 710.40 feet to a point in the west line of said Montandon Tract being also the southeast corner of said 32.57 acre tract;

THENCE with the west of fle of said Montandon Tract, the nineteen (19) courses and distances which follow:

1. N 31° 09'E, a distance of 335.53 feet to a point,
2. N 30° 47'E, a distance of 185.12 feet to a point,
3. N 28° 22'E, a distance of 131.72 feet to a point,
4. N 28° 21'E, a distance of 47.69 feet to a point,
5. N 31° 45'E, a distance of 213.63 feet to a point,
6. N 30° 51'E, a distance of 80.16 feet to a point,
7. N 31° 20'E, a distance of 178.69 feet to a point,
8. N 37° 07'E, a distance of 153.80 feet to a point,
9. N 27° 23'E, a distance of 111.62 feet to a point,
10. N 23° 32'E, a distance of 256.37 feet to a point,
11. N 34° 31'E, a distance of 307.22 feet to a point,
12. N 31° 19'E, a distance of 151.56 feet to a point,
13. N 28° 58'E, a distance of 172.05 feet to a point,
14. N 29° 42'E, a distance of 25.25 feet to a point,
15. N 34° 15'E, a distance of 333.78 feet to a point,
16. N 32° 33'E, a distance of 128.33 feet to a point,
17. N 33° 09'E, a distance of 257.81 feet to a point,
18. N 27° 08'E, a distance of 49.75 feet to a point,and
19. N 28° 23'E, a distance of 178.49 feet to a point at the northeast corner of that certain 4.0 acre tract of land described in a deed to Vicki T. Griffin, of record in Volume 6579, Page 1492 of the Deed Records of Travis County, Texas, said point being also at the northwest corner of said Montandon Tract, and being also at the southwest corner of said 76.20 acre "Tract 3" and at the southeast corner of said 15.25 acre "Tract 1", for an interior corner of this tract;

THENCE with the south line of said "Tract 1", the four (4) courses and distances which follow:

1. N 57° 55'14"W, a distance of 654.39 feet to a point,
2. N 58° 04'W, a distance of 424.33 feet to a point,
3. N 58° 14'W, a distance of 410.59 feet to a point, and
4. N 58° 15'W, a distance of 416.60 feet to a point in the east right-of-way line of FM Highway 620, said point being at the northwest corner of that certain 4.979 acre tract of land described in a deed to Anderson Mill Church of Nazarene of record in Volume 7844, Page 125 of the Deed Records of Travis County, Texas, at the southwest corner of said "Tract1" for the most westerly southwest corner of this tract;

THENCE, with the east right-of-way line of FM Highway 620 and the west line of said "Tract 1", N 24° 11'E, a distance of 300.03 feet to the POINT OF BEGINNING containing 671.65 acres of land, more or less.

THE STATE OF TEXAS
COUNTY OF TRAVIS
KNOW ALL MEN BY THESE PRESENTS:

That I, Carlos M. Jimenez, a Registered Public Surveyor, do hereby certify that the above description was prepared from public records and not from an on the ground survey under my direction and supervision and is true and correct to the best of my knowledge.

WITNESS MY HAND AND SEAL AT Austin, Travis County, Texas this the 13th day of January, 1984 A.D.

ESPEY, HUSTON & ASSOCIATES, INC.
Engineering & Enviromental Cosultants
916 South Loop 360
Austin, Texas 7867

Carlos M. Jimenez
Registered Public Surveyor
No. 3950 - State of Texas



NORTHWEST AUSTIN MUDS
LOCATION MAP
MAY, 1985

**EXHIBIT B**

THE STATE OF TEXAS:
COUNTY OF TRAVIS

I, Mary Ann Hefner, Chief Clerk of the Texas Water Commission, do hereby Certify that the attached and foregoing is true and correct copy of the Notice Hearing on Petition for Creation of Northwest Austin Municipal Utility No. 1, the original of which is on file in the official records of the Commissionn.

GIVEN UNDER MY HAND THE SEAL OF TEXAS WATER COMMISION, this the 15th day of November, 1985.

/S/
Mary Ann Hefner, Chief Clerk
Texas Water Commission

(SEAL)

NOTICE OF CONFIRMATI[ON] [A]ND DIRECTOR ELECTION, BOND ELECTION, AND MAINTENANCE TAX ELECTION

AVISO DE ELECC[ION] [D]E CONFIRMACION Y DE [DIR]ECTORES, ELECCION DE BONOS, Y ELECCION DE IMPUESTO DE MANTENIMIENTO

Notice is hereby given that Northwest Austin Municipal Utility District No. 1 (the "District") will hold an election on December 13, 1986, between the hours of 7:00 a.m. and 7:00 p.m., at 11403 Boulder Lane, Austin, Texas 78726, within the District, for the purpose of electing five (5) permanent directors of the District, each of whom shall serve until the next regular election on April 2, 1988 and for voting upon the following propositions:

Se notifica por el presente que el Distrito Municipal de Servicio Publico Northwest Austin No. 1 celebrara una eleccion el dia 13 de diciembre de 1986, entre las horas de las 7:00 a.m. y las 7:00 p.m., en 11403 Boulder Lane, Austin, Texas 78726, dentro del Distrito con el proposito de elegir a cinco directores permanentes del Distrito, cada uno de los cuales servira hasta que la proxima eleccion regular del dia 2 de abril de 1986, y para votar sobre las siguientes proposiciones:

### PROPOSITION I

SHALL THE CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 PURSUANT TO THE ORDER OF THE TEXAS WATER COMMISSION DATED APRIL 18, 1986, BE CONFIRMED?

### PROPOSICION I

SERA CONFIRMADA LA CREACION DEL DISTRITO MUNICIPAL DE SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 SEGUN DE ORDEN DE LA COMISION DE AGUAS DE TEXAS DEL DIA 18 DE ABRIL DE 1986?

### PROPOSITION II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF SAID DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE MAXIMUM AGGREGATE PRINCIPAL AMOUNT OF $34,300,000, MATURING SERIALLY OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE FIXED BY SAID BOARD OVER A PERIOD OR PERIODS NOT EXCEEDING FORTY (40) YEARS FROM THEIR DATE OR DATES, BEARING INTEREST AT ANY RATE OR RATES, AND TO SELL SAID BONDS AT ANY PRICE OR PRICES, PROVIDED THAT THE NET EFFECTIVE INTEREST RATE ON ANY ISSUE OR SERIES OF SAID BONDS SHALL NOT EXCEED THE MAXIMUM LEGAL LIMIT IN EFFECT AT THE TIME OF ISSUANCE OF EACH SUCH ISSUE OR SERIES, ALL AS MAY BE DETERMINED WITHIN THE DISCRETION OF THE BOARD OF DIRECTORS OF SAID DISTRICT, FOR THE PURPOSE OR PURPOSES OF PURCHASING, CONSTRUCTING, ACQUIRING, OWNING, OPERATING, REPAIRING, IMPROVING AND EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER SYSTEM AND DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF LANDS WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS, FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES, INTERESTS IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFORE AND ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION THEREWITH AND ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR THE PAYMENT OF PRINCIPAL OF AND INTEREST ON SUCH BONDS BY THE LEVY AND COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT, AND THE PLEDGE OF ALL OR ANY PART OF THE REVENUES OF THE DISTRICT DERIVED FROM WHATEVER SOURCE, INCLUDING BUT NOT LIMITED TO REVENUES THAT RESULT FROM THE OWNERSHIP AND OPERATION OF SAID DISTRICT'S WORKS, IMPROVEMENTS, FACILITIES, TREATMENT PLANTS, EQUIPMENT AND APPLIANCES, OR UNDER SPECIFIC CONTRACTS FOR THE PERIOD OF TIME THE BOARD DETERMINES, ALL AS AUTHORIZED BY THE CONSTITUTION AND LAWS OF THE STATE OF TEXAS?

### PROPOSICION II

SERA AUTORIZADA LA MESA DIRECTIVA DEL DISTRITO MUNICIPAL DE SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 A EMITIR LOS BONOS DE DICHO DISTRITO EN UNA O MAS EMISIONES O SERIES EN LA CANTIDAD MAXIMA DE CAPITAL TOTAL DE $34,300,000 CONVENCIMIENTO EN SERIE O DE OTRA MANERA EN TALES PLAZOS COMO SEAN FIJADOS POR DICHA MESA DIRECTIVA SOBRE UN PERIODO P OPERIODOS A NO EXCEDER CUARENTA (40) AÑOS DE SU FECHA O FECHAS, LLEVANDO INTERES A CUALQUIERA TASA O TASAS Y A VENDER DICHOS BONOS A CUALQUIER PRECIO O PRECIOS, A CONDICION DE QUE LA TASA DE INTERS NETA EFFECTIVA SOBRE CUALQUIERA EMISION O SERIO DE DICHOS BONOS NO EXCEDERA EL LIMITE LEGAL MAXIMO EN EFECTO AL TIEMPO DE EMISION DE CADA TAL EMISION O SERIE, TODO COMO SEA DETERMINADO POR EL EL JUICIO DE LA MESA DIRECTIVA DE DICHO DISTRITO, CON EL PROPOSITO O PROPOSITOS DE COMPRAR, CONSTRUIR, ADQUIRIR, POSEER, OPERAR, REPARAR, MEJORAR Y AMPLIAR UN SISTEMA DE ABASTECIMIENTO DE AGUAS, UN SISTEMA DE ALCANTARILLAS SANITARIAS Y UN SISTEMA DE DRENAJE Y ALCANTARILLAS PARA EL DRENAJE DE TORMENTAS DE TIERRAS DENTRO DEL DISTRITO, INCLUYENDO, PERO NO LIMITADO A, TODAS LAS ADICIONES A DICHOS SISTEMAS Y TODAS LAS OBRAS, MEJORAS, INSTALACIONES, PLANTAS DE TRATAMIENTO, EQUIPOS, APARATOS, INTERESES EN PROPIEDADES, Y DERECHOS CONTRACTUALES NECESARIOS PARA LO MISMO Y INSTALACIONES ADMINISTRATIVAS NECESARIAS EN RELACION A LO MISMO Y GASTOS DE ORGANIZACION, Y PARA EFECTUAR PARA EL PAGO DEL PRINCIPAL Y DEL INTERES SOBRE DICHOS BONOS POR EL GRAVAMEN Y RECAUDACION DE IMPUESTOS AD VALOREM SUFICIENTE SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE DICHO DISTRITO, Y LA GARANTIA DE INGRESOS EN PARTE O EN TODO DEL DISTRITO DERIVADOS DE CUALQUIER ORIGEN ENCLUYENDO PERO NO LIMITADO A INGRESOS RESULTADOS DE PROPIEDAD Y FUNCIONAMIENTO DE OBRAS, MEJORAMIENTOS, INSTALACIONES, FABRICAS, EQUIPOS Y APARATOS O DE BAJO DE CONTRATOS DETERMINADOS DE DICHO DISTRITO, POR UN PERIODO DETERMINADO POR LA MESA DIRECTIVA, TODO SEGUN LO AUTORIZADO POR LA CONSTITUCION Y LAS LEYES DEL ESTADO DE TEXAS?

### PROPOSITION III

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO LEVY AND COLLECT A MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS ($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION ON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT TO SECURE FUNDS FOR MAINTENANCE PURPOSES, INCLUDING, BUT NOT LIMITED TO, FUNDS FOR PLANNING, MAINTAINING, REPAIRING AND OPERATING ALL NECESSARY WORKS, IMPROVEMENTS, FACILITIES, PLANTS, EQUIPMENT AND APPLIANCES OF SUCH DISTRICT, AND FOR THE PAYMENT OF PROPER SERVICES, ENGINEERING AND LEGAL FEES AND ADMINISTRATIVE EXPENSES?

### PROPOSICION III

SERA AUTORIZADA LE MESA DIRECTIVA DEL DISTRITO MUNICIPAL DE SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 A GRAVAR Y RECAUDAR UN IMPUESTO DE MANTENIMIENTO A NO EXCEDER UN DOLAR Y CINCUENTA CENTAVOS ($1.50) POR CADA CIEN DOLARES ($100) DE VALUACION SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE DICHO DISTRITO PARA ASEGURAR FONDOS PARA PROPOSITOS DE MANTENIMIENTO, INCLUYENDO, PERO NO LIMITADO A, FONDOS PARA PLANEACION, MANTENIMIENTO, REPARACION Y OPOERACION DE TODAS LAS OBRAS, MEJORAS, INSTALACIONES, PLANTAS, EQUIPOS Y APARATOS DE DICHO DISTRITO, Y PARA EL PAGO DE SERVICIOS APROPIADOS, HONORARIOS DE INGENIERA Y LEGALES, Y GASTOS ADMINISTRATIVOS?

The propositions will appear on the ballot in the following form:

Las proposiciones apareceran en la balota en la siguiente forma:

### PROPOSITION I

( ) FOR A FAVOR DE ) THE DISTRICT

( ) AGAINST EN CONTRA DE ) EL DISTRITO

### PROPOSICION I

( ) FOR A FAVOR DE ) THE DISTRICT

( ) AGAINST EN CONTRA DE ) EL DISTRITO

### PROPOSITION II

( ) FOR A FAVOR DE ) THE ISSUANCE OF BONDS AND THE PLEDGE OF REVENUES AND THE LEVY OF AD VALOREM TAXES ADEQUATE TO PROVIDE FOR THE PAYMENT OF BONDS

( ) AGAINST EN CONTRA DE ) LA EMISION DE BONOS Y LA GRANTIA DE INGRESOS Y EL GRAVAMEN DE IMPUESTOS AD VALOREM SUFICIENTE PARA EFECTUAR PAGO DE LOS BONOS

### PROPOSICION II

( ) FOR A FAVOR DE ) THE ISSUANCE OF BONDS AND THE PLEDGE OF REVENUES AND THE LEVY OF AD VALOREM TAXES ADEQUATE TO PROVIDE FOR THE PAYMENT OF BONDS

(x) AGAINST EN CONTRA DE ) LA EMISION DE BONOS Y LA GRANTIA DE INGRESOS Y EL GRAVAMEN DE IMPUESTOS AD VALOREM SUFICIENTE PARA EFECTUAR PAGO DE LOS BONOS

### PROPOSITION III

( ) FOR A FAVOR DE ) A MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS ($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION OF TAXABLE PROPERTY IN THE DISTRICT

( ) AGAINST EN CONTRA DE ) UN IMPUESTO DE MANTENIMIENTO A NO EXCEDER UN DOLAR Y CINCUENTA CENTAVOS ($1.50) POR CADA CIEN DOLARES ($100) DE VALUACION DE PROPIEDAD IMPONIBLE DENTRO DEL DISTRITO

### PROPOSICION III

( ) FOR A FAVOR DE ) A MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS ($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION OF TAXABLE PROPERTY IN THE DISTRICT

( ) AGAINST EN CONTRA DE ) UN IMPUESTO DE MANTENIMIENTO A NO EXCEDER UN DOLAR Y CINCUENTA CENTAVOS ($1.50) POR CADA CIEN DOLARES ($100) DE VALUACION DE PROPIEDAD IMPONIBLE DENTRO DEL DISTRITO

There will also appear on the ballots used in the election the names of the five temporary directors of the District and five blank spaces for write-in votes, as follows:

Tambien apareceran en las balotas usadas en la eleccion los nombres de los cinco directores temporales del Distrito, y cinco espacios en blanco para votos por escrito, como sigue:

Ted R. Hendricks
James Hillyer
Homer D. Reed
Robert J. Liverman
Tim Jamail

_____
_____
_____
_____
_____

Ted R. Hendricks
James Hillyer
Homer D. Reed
Robert J. Liverman
Tim Jamail

_____
_____
_____
_____
_____

The election is being held pursuant to an order adopted by the Board of Directors of the District on October 7, 1986. Said order contains an estimate of the probably costs of the purchase and construction of the District's improvements to be paid from the proceeds of the bonds described in Proposition II above, as follows:

Se esta efectuando la eleccion en cumplimiento a una orden adoptada por la Mesa Directiva del Distrito el dia 7 de octubre de 1986. Dicha orden contiene un estimacion de los costos probnables de la compra y construccion de las mejoras del Distrito a ser pagadas de los procedimientos de bonos descritos en la Proposicion II anterior, como sigue:

### SUMMARY OF COST ESTIMATE

Construction Cost:

| | |
|---|---|
| 1. Water Supply, Storage and Distribution System | $ 6,743,100.00 |
| 2. Sewage Collection and Treatment System | $ 8,135,400.00 |
| 3. Drainage System | $ 1,374,100.00 |
| 4. Construction Contingencies | $ 1,625,260.00 |
| 5. Investigation Plan and Engineering Work | $ 1,787,786.00 |
| **TOTAL CONSTRUCTION COST** | **$19,665,646.00** |

Non-Construction Cost:

| | |
|---|---|
| 1. Legal and Market Attorney Fees | $ 1,029,000.00 |
| 2. Fiscal Agent's Fees | $   686,000.00 |
| 3. Capitalized Interest | $ 7,546,000.00 |
| 4. Bond Discount | $   686,000.00 |
| 5. Developer Interest | $ 4,326,442.00 |
| 6. Organizational Expense | $   200,000.00 |
| 7. Cost of Issuance of Bonds | $   160,912.00 |
| **TOTAL NON-CONSTRUCTION COST** | **$14,634,354.00** |
| **TOTAL BOND AMOUNT** | **$34,300,000.00** |

### RESUMEN DE COSTO ESTIMADO

Costo de Construccion:

| | |
|---|---|
| 1. Sistema de abastecimiento, almacenamiento y distribucion de aqua | $ 6,743,000.00 |
| 2. Sistema de coleccion y tratamiento de aquas residuales | $ 8,135,400.00 |
| 3. Sistema de drenaje | $ 1,374,100.00 |
| 4. Accesorios de construccion | $ 1,625,260.00 |
| 5. Plan de investigacion y trabajo de ingenieria | $ 1,787,786.00 |
| **COSTO TOTAL DE CONSTRUCCION** | **$19,665,646.00** |

Otros Costos:

| | |
|---|---|
| 1. Honorarios legales y del abogado de venta | $ 1,029,000.00 |
| 2. Honorarios del agente de financieros | $   686,000.00 |
| 3. Interes Capitalizado | $ 7,546,000.00 |
| 4. Discuento de Bonos | $   686,000.00 |
| 5. Interes del Contratista | $ 4,326,442.00 |
| 6. Gastos de Organizacion | $   200,000.00 |
| 7. Costo de emision de los bonos | $   160,912.00 |
| **TOTAL DE OTROS COSTOS** | **$14,634,354.00** |
| **SUMA TOTAL DE BONOS** | **$34,300,000.00** |

The place for absentee voting by personal appearance is 11403 Boulder Lane, Austin, Texas 78726. Absentee voting by personal appearance shall occur between the hours of 7:00 a.m. and 10:00 p.m. on each day from December 3, 1986 through December 9, 1986, which is not a Saturday, a Sunday or an official state holiday. The absentee voting clerk's mailing address to which ballot application and ballots to be voted by mail may be sent is 11403 Boulder Lane, Austin, Texas 78726.

El lugar para la votacion absentista por comparecencia personal es 11403 Boulder Lane, Austin, Texas 78726. La votacion absentista por comparecencia personal podra realizarse dentro las 7:00 p.m. hasta las 10:00 p.m. durante cada dia a partir del dia 3 de diciembre de 1986, hasta el dia 9 de diciembre de 1986, que no sea sabado, domingo o un dia feriado oficial estatal. La direccion postal del oficial de la votacion absentista a la cual se podran enviar solicitudes para papeletas y papeletas a ser votadas por correo es 11403 Boulder Lane, Austin, Texas 78726.

WBR:LLT:QJ:gmh
DJ 166-012-3
R4398-4401
R6184-6185

January 26, 1987

Sharlene Collins, Esq.
Armbrust & Brown
2600 One American Center
600 Congress Avenue
Austin, Texas  78701-3286

Dear Ms. Collins:

    This refers to the April 18, 1986, creation of Northwest Austin Municipal Utility District No. 1; the procedures for conducting the December 13, 1986, confirmation, directors', bond, and maintenance tax election; the bilingual election procedures; the adoption of a majority vote requirement; the implementation schedule; and the establishment of a polling place for the district in Travis County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c. We received your initial submission on November 26, 1986; supplemental information was received on January 20, 1987. In accordance with your request, expedited consideration has been given this submission pursuant to the Procedures for the Administration of Section 5 (28 C.F.R. 51.32).

    The Attorney General does not interpose any objections to the changes in question. However, we feel a responsibility to point out that Section 5 of the Voting Rights Act expressly provides that the failure of the Attorney General to object does not bar any subsequent judicial action to enjoin the enforcement of such changes. In addition, as authorized by Section 5, the Attorney General reserves the right to reexamine this submission if additional information that would otherwise require an objection comes to his attention during the remainder of the sixty-day review period. See also 28 C.F.R. 51.42 and 51.48.

                        Sincerely,

                       Wm. Bradford Reynolds
                    Assistant Attorney General
                      Civil Rights Division

        By:

                      Gerald W. Jones
                    Chief, Voting Section

cc: Public File