**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE, <br> 401 W. 15th Street <br> Suite 850 <br> Austin, Texas 78701, <br>       *Plaintiff*, <br><br> v. <br><br> ALBERTO GONZALES, <br> Attorney General of the United States, <br> U.S. Department of Justice <br> 950 Pennsylvania Avenue, NW <br> Washington, D.C. 20530, <br>       *Defendant*. | Civil Action No. 1:06-CV-01384 <br> (DST, PLF, EGS) |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1. The Northwest Austin Municipal Utility District No. 1 is located in northwest Austin, Texas. Nov. 25, 1986 Preclearance Submission & Response, Ex. 2.

2. Created in the late 1980s in connection with the development of a residential subdivision now known as Canyon Creek, the district sits wholly within both the city limits of Austin and Travis County. Nov. 25, 1986 Preclearance Submission & Response, Ex. 2.

3. The creation of the district and the establishment of the original polling location were submitted to and precleared by the Attorney General. Nov. 25, 1986 Preclearance Submission & Response, Ex. 2.

4. The district is a political subdivision of the State of Texas. *See* TEX. CONST. art. XVI, §59(a), (b) (authorizing creation of conservation and reclamation districts as necessary to conserve and develop State natural resources); *see also* TEX. WATER CODE §54.011 (authorizing creation of MUDs).

1

5. The district is subject to direct supervision by the state through the Texas Commission on Environmental Quality (TCEQ) (formerly known as the Texas Natural Resources and Conservation Commission). TEX. WATER CODE §54.024.

6. Although the district is geographically contained within both the City of Austin and Travis County, it is independent of both. Neither the city nor the county exercises any supervisory authority over the district. *See* TEX. WATER CODE §54.024; Deposition of Dana DeBeauvoir, Ex. 14 at 17:13-18:1.

7. The district has never used any "test or device" as a prerequisite for voting or registration for voting. Affidavit of Frank Reilly, Ex. 1.

8. Because the district has never used a test or device, the district has never used a test or device with a discriminatory purpose or effect. Affidavit of Frank Reilly, Ex. 1

9. The district has never used a literacy test as a prerequisite for voting or registration for voting. Affidavit of Frank Reilly, Ex. 1

10. The district has never used an education or knowledge requirement as a prerequisite for voting or registration for voting. Affidavit of Frank Reilly, Ex. 1

11. The district has never used a good-moral-character requirement as a prerequisite for voting or registration for voting. Affidavit of Frank Reilly, Ex. 1

12. The district has never used a voucher requirement as a prerequisite for voting or registration for voting. Affidavit of Frank Reilly, Ex. 1.

13. The district has never conducted English-only elections. The district has always provided election materials in Spanish, as well as English. Affidavit of Frank Reilly, Ex. 1; *see also*, *e.g.*, Feb. 26, 2004 Preclearance Submission, Ex. 9; Deposition of Sharlene Collins, Ex. 12 at 99:7-20, Ex. 13 at 157:11-158:7.

14. No final judgment of any court of the United States has determined that denials or abridgements of the rights to vote on account of race or color have occurred anywhere in the district's territory. Affidavit of Frank Reilly, Ex. 1.

15. No final judgment of any court of the United States has determined denials or abridgements of the right to vote in contravention of the guarantees of 42 U.S.C. §1973(f)(2) have occurred anywhere in the district. Affidavit of Frank Reilly, Ex. 1.

16. The district has not entered into any consent decree, settlement agreement, or other agreement that resulted in any abandonment of a voting practice challenged on grounds that it denied or abridged the rights to vote on account of race or color or in contravention of the guarantees of 42 U.S.C. §1973(f)(2). Affidavit of Frank Reilly, Ex. 1.

17. No action that was commenced before the filing of this case is pending against the district alleging any denials or abridgements of the right to vote. Affidavit of Frank Reilly, Ex. 1.

18. No declaratory judgment has been denied under VRA §5 with respect to any preclearance submission by the district. No such declaratory-judgment actions are pending. Affidavit of Frank Reilly, Ex. 1.

19. No objections have been interposed with respect to any preclearance submission by the district. Affidavit of Frank Reilly, Ex. 1.

20. No lawsuit has ever been filed against the district alleging that it denied or abridged the right to vote on account of race or color or in contravention of the guarantees of 42 U.S.C. §1973(f)(2). Affidavit of Frank Reilly, Ex. 1.

21. The United States Government has never assigned an examiner to the district, pursuant to the Voting Rights Act. Affidavit of Frank Reilly, Ex. 1.

22. No other governmental units are within the district's territory. Affidavit of Frank Reilly, Ex. 1.

23. The district has never used any voting procedures or methods of election that inhibited or diluted equal access to the electoral process. Affidavit of Frank Reilly, Ex. 1.

24. There is no indication or evidence that any intimidation or harassment of persons exercising rights protected under the VRA in the district's electoral process has ever occurred. Affidavit of Frank Reilly, Ex. 1.

25. Every minority-group resident of the district who has intervened as a defendant in this case testified that they have no knowledge of any problems relating to the electoral process in the district, or any complaint other than a philosophical objection to this bailout action. Deposition of Jose Gabriel Diaz, Ex. 16 at 27:4-6; 27:22-28; 24:22-25:14; Deposition of Nathaniel Lesane, Ex. 24 at 13:24-14:22; 18:21-19-4; Deposition of David Diaz, Ex. 15 at 12:12-15; 14:2-18; 15:1-8; Deposition of Lisa Diaz, Ex. 17 at 16:17-17:6; Deposition of Rodney Louis, Ex. 26 at 25:16-27:7; Deposition of Nicole Louis, Ex. 25 at 16:1-17; Deposition of Winthrop Graham, Ex. 21 at 9:1-11; Deposition of Yvonne Graham, Ex. 22 at 17:18-18:2; Deposition of Jamal Richardson, Ex. 30 at 11:14-12:8; Deposition of Wendy Richardson, Ex. 31 at 12:4-13; 18:13-22; Deposition of Marisa Williams, Ex. 33 at 8:22-9:19.

26. None of the non-resident intervenors have identified any problems relating to the electoral process in the district. Deposition of Gary Bledsoe, Ex. 10 at 18:15-19:7; 21:15-22; Deposition of Angela Garcia, Ex. 20 at 8:6-11; Deposition of Ofelia Zapata, Ex. 34 at 6:22-7:1; Deposition of Tanya House, Ex. 23 at 20:11-20; Deposition of Jovita Casares, Ex. 11 at 7:10-13.

27. In March 1998, the district submitted a preclearance request for approval of two changes potentially affecting voting and the subsequent elections to be held under those changes. The changes submitted for preclearance were (1) moving the district's polling place one-half mile from one private residence within the district to another because the previous location became unavailable and (2) the district's annexation of an uninhabited acre of land used for commercial purposes. Mar. 26, 1998 Preclearance Submission, Ex. 6. Those changes were precleared in a May 19, 1998 letter from the Department of Justice. May 19, 1998 Resp. Letter, Ex. 6.

28. In March 2002, the district submitted a preclearance request for approval to move its polling place from the private-residence location that was precleared in 1998 to another private residence within the district, one-quarter mile away from the prior polling place. Mar. 27, 2002 Preclearance Submission, Ex. 7. The new polling place was precleared in a May 24, 2002 response from the Department. *Id.*

29. In February 2004, the district sought preclearance to move its polling place from the private residence that was precleared in 2002 to the neighborhood public elementary school. Feb. 26, 2004 Preclearance Submission, Ex. 9. That submission also requested preclearance for additional changes connected with the district's decision to hold its elections jointly with Travis County, including different and more numerous locations for early voting and the use of electronic ballots in place of paper ballots. *Id.* Those changes were precleared in an April 8, 2004 letter from the Department. 2004 Resp. Letter, Ex. 9.

30. In 2004, the district relocated its polling place from a residential garage to a nearby public school and entered into a concomitant contract to have Travis County run the

district's elections in conjunction with the county's elections. Feb. 26, 2004 Preclearance Submission, Ex. 9.

31. The relocation of the polling place from a residential garage to the public school took effect, after preclearance, for the 2004 elections. *See* Feb. 26, 2004 Preclearance Submission and Response, Ex. 9.

32. The district's participation in the joint election ballot gives district residents the option of casting their ballots at any of numerous early-voting sites maintained at locations throughout Travis County during the weeks preceding Election Day and expanded access to Spanish-language assistance. Feb. 26, 2004 Preclearance Letter, Ex. 9 at 4, Ex. B to letter; Deposition of Dana DeBeauvior, Ex. 14 at 58:15-18, 67:6-17; 74:14-19.

DATED:  May 15, 2007                     Respectfully submitted:

/s/ Gregory S. Coleman
Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
YETTER & WARDEN, L.L.P.
221 West 6th Street, Suite 750
Austin, Texas  78701
[Tel.] (512) 533-0150
[Fax]  (512) 533-0120

/s/ Erik S. Jaffe
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008
[Tel.] (202) 237-8165
[Fax]  (202) 237-8166

*Attorneys for Plaintiff*
*Northwest Austin Municipal*
*Utility District No. One*

**CERTIFICATE OF SERVICE**

I hereby certify that I served Statement of Material Facts in Support of Plaintff's Motion for Summary Judgment upon counsel for the parties indicated below through the Court's electronic case filing system on May 15, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

*Counsel for Defendant*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland  21215

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
    EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas 78205

*Counsel for Intervenors-Defendants Lisa Diaz, Gabriel Diaz, and David Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis for Applicants by Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson*

David J. Becker
dbecker@pfaw.org
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C. 20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple Lane
Alexandria, Virginia 22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C. 20003

*Counsel for Intervenors-Defendants Lisa Diaz, Gabriel Diaz, and David Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
    FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis and for Applicants by Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson*

Max Renea Hicks
rhicks@renea-hicks.com
1250 Norwood Tower
114 West 7th Street
Austin, Texas 78701

*Counsel for Intervenor-Defendant Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia 30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*

9

Lisa Graybill
Legal Director
courtfilings@aclu-nca.org
ACLU FOUNDATION OF TEXAS
1210 Rosewood Ave.
Austin, Texas 78702

*Counsel for Intervenor-Defendant Nathaniel Lesane*

Jose Garza
jgarza@trla.org
Judith A. Sanders-Castro
George Korbel
Texas RioGrande Legal Aid, Inc.
1111 N. Main Street
San Antonio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Michael T. Kilpatrick
mkirkpatrick@citizen.org
Brian Wolfman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

*Counsel for Intervenor-Defendant Nathaniel Lesane*

Art Spitzer
artspitzer@aol.com
courtfilings@aclu-nca.org
Legal Director
ACLU OF THE NATIONAL CAPITAL AREA
1400 20th Street N.W., Suite 119
Washington, D.C. 20036

*Counsel for Intervenor-Defendant Nathaniel Lesane*

Alpha Hernandez
ahernandez@trla.org
Eloy Padilla
epadilla@trla.org
Texas RioGrande Legal Aid, Inc.
309 Cantu Street
Del Rio, Texas 78212

*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata*

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, N.W., Suite 350
Washington, D.C. 20036

*Counsel for Intervenor-Defendant Nathaniel Lesane*

 

/s/ Christian J. Ward
Christian J. Ward

i