# Exhibit 2

## MWAMUD NO. 1 Section 5 Submissions Documents

| Tab | Description |
|---|---|
| A | 11/25/86 Section 5 Submission No 1986-1537 |
| B | 03/21/88 Section 5 Submission No 1988-1404 |
| C | 03/06/90 Section 5 Submission No 1990-1423 |
| D | 04/04/96 Section 5 Submission No 1996-1732 |
| E | 05/30/96 Phone Communication Memo between Collins and DOJ |
| F | 06/03/96 letter from DOJ to Collins re 04/05/96 Section 5 Submission |
| G | 06/06/96 Section 5 Submission No 1996-2595 |
| H | 06/27/96 Phone Communication Memo between Collins and DOJ |
| I | 08/01/96 letter from DOJ to Collins re 06/10/96 Section 5 Submission |
| J | 03/26/98 Section 5 submission no 1998-1264 |
| K | 05/19/98 Letter from DOJ to Armbrust re Annexation adopted 04/14/97 |
| L | 03/21/02 Section 5 Submission No 2002-1980 |
| M | 05/24/02 Letter from DOJ to Armbrust re Polling Place Change |
| N | 02/26/04 Section 5 Submission No 2004-0946 |
| O | 03/18/04 Phone Communication Memo between Qualtrough and DOJ |
| P | 04/08/04 Letter from DOJ to Qualtrough re Polling Place Change |

# Tab A

NORTHWEST AUSTIN
MUNICIPAL UTILITY DISTRICT NO. 1

November 25, 1986

Assistant Attorney General
Civil Rights Division
Department of Justice
Washington, D.C. 20530

SUBMISSION UNDER SECTION 5, VOTING RIGHTS ACT

Re: Northwest Austin Municipal Utility District No. 1

Ladies and Gentlemen:

The Undersigned is the President of the Board of Directors
and Chief Executive Officer of Northwest Austin Municipal Utility
District No. 1 (the "District"). This submission pursuant to
Section 5, Voting Rights Act of 1965, as amended, is made under
the provisions of 28 CFR 51: Procedures for the administration
of Section 5 of the Voting Rights Act of 1965.

Background and History of the District.

The District is a municipal utility district which was
created pursuant to Article 16, Section 59 of the Constitution on
the State of Texas on April 18, 1986, by the Texas Water
Commission, an agency of the State of Texas exercising the
judicial functions of the Texas Water Commission, pursuant to the
provisions of Chapter 54 of the Texas Water Code.

The District is governed by a board of five (5) directors
elected for two (2) or four (4) year staggered terms on a
District-wide basis by the qualified voters within the District.
The initial board of directors was appointed by the Texas Water
Commission when the District was created.

The District proposes to hold a Confirmation and Director
Election, Bond Election and Maintenance Tax Election on December
7th, 1986. Chapter 54 of the Texas Water Code requires that a
confirmation and director election be held before a municipal
utility district issues any bonds or other obligations. Until
the proposed election is held, the District is not a functioning
legal entity.

(c) There is no past or pending litigation concerning the change.

(d) No other changes in law or administration relating to the April 18, 1986, creation of the District have been put into effect since the time when coverage under Section 4 of the Voting Rights Act began.

(e) A map of the area affected, which shows the boundaries of the District, is attached hereto as Exhibit "A". There have been no other changes in the voting unit boundaries or in the geographical makeup of the constituency of the District since the time coverage under Section 4 of the Voting Rights Act began. All available information regarding population distribution by race is contained in the introductory statement. There are no natural boundaries or geographical features which influenced the creation of the District. The location of the proposed polling place is indicated on Exhibit "A".

(f) Population information:

(i) information concerning the population of the District, voting-age population and the number of registered voters, by race, before creation is not available. Present population information is set forth in the introductory statement;

(ii) No population estimates, by race, were made in connection with the creation of the District;

(iii) no particular office or offices are involved in the change; the creation of the District will affect all elections held in the District.

(g) Evidence of public notice or opportunity for the public to be heard concerning the creation of the District is contained in Exhibit "B".

(h) None of the information furnished herein reflects any estimation other than my own.

(i) The information contained herein, to the extent it is not of my own personal knowledge, is contained in the books and records of the District.

B. **Polling Place.** The District will use only one polling place in its elections. The Confirmation and Director Election, Bond Election and Maintenance Tax Election to be held on December 13th, 1986, will be the first elections held since the District's creation, and the polling place for said

coverage under Section 4 of the Voting Rights Act began, because no polling place previously existed within the District.

(e) The change did not revise the constituency which elects any office or affect the boundaries of any geographic unit or units employed or defined for voting purposes. The location of the polling place is indicated on Exhibit "A".

(f) Population information:

(i) There has been no change in the population of the District, the voting age population, or the number of registered voters by race, caused by the establishment of the polling place for District elections.

(ii) See A(2)(f)(ii) and (iii), above.

(g) The establishment and location of the polling place for the District elections will be decided upon by the Board of Directors of the District at an open meeting held pursuant to the Texas Open Meetings law, at which meeting the public was given the opportunity to be heard. No public comment concerning the above-described change was received at the meeting.

(h) To the best of my knowledge, there is no information relevant to the establishment and location of the polling place for the district elections which is not available.

(i) None of the information furnished reflects any estimation other than my own.

(j) The information contained herein, to the extent it is not of my own personal knowledge, comes from the books and records of the District.

C. **Bilingual Election Procedures.** The minority language group which brought Texas under the Voting Rights Act of 1965, as amended, is Spanish-speaking. The Board of Directors of the District has adopted an Order Adopting and Implementing Bilingual Election Requirements in formal open meeting on October 7th, 1986. At the meeting, which was held in accordance with the Texas Open Meetings law, the public comment was received. A certified copy of the Order Adopting and Implementing Bilingual Election Requirements is attached hereto as Exhibit "D". I certify that the attachment is a true and correct copy of such Order. The bilingual election procedures which the District follows are:

(c)  Ballots:  See (a)(iii) and (iv) above.

(d)  Voting machines:  Not applicable.

2.  Oral assistance and Publicity

(a)  Publicity  of  Availability  of  Minority Language  Materials:  As  noted  above,  all publications and postings required by law relating to elections are made in both English and Spanish and all election materials are supplied both in English  and  Spanish,  resulting  in  complete availability  of  minority  language  printed materials.

(b)  Oral  assistance  will  be  provided  for  the District's general and absentee balloting by means of  telecommunication  with  election  assistants fluent in both Spanish and English, pursuant to 28 CFR 55.20.

(c)  It is the District's intention, pursuant to Section 61.031, 61.032, 61.033, 61.034, 61.035 and 61.036 of the Texas Election Code, to allow any voter  unable  to  read  or  speak  English  to  be assisted at the polls by any individual of the voter's choice.

D.  **Legislative Changes**.  There have been numerous changes in Texas statutory law affecting elections since November 1, 1972.  We have been advised that it is the responsibility of the Secretary of State of the State of Texas to make all submissions of  statutory  changes  on  behalf  of  the  State;  therefore,  no submission  of  statutory  changes  affecting  voting  is  made herewith, whether or not previously submitted by the Secretary of State.

The foregoing are the only "changes affecting voting", as such is defined in 28 CFR 51.2, relating to the District.

**Clearances Requested.**

We hereby respectfully request that the Attorney General make an executive determination that denial or abridgment of the right to vote on account of race or color or in contravention of the guarantees set forth in Section 4(f)(2) of P.L. 89-110 as amended by P.L. 94-73 was not the purpose and is not the effect of the voting changes set forth herein as they relate to:

(a)  the existence of the District;

(b)  the  Confirmation  and  Director  Election,  Bond Election and Maintenance Tax Election, to be held by the District on December 13, 1986; and



EXHIBIT A

# TEXAS WATER COMMISSION



AN ORDER granting the Petition for Creation
of Northwest Austin Municipal
Utility District No. 1 and Appointing
Temporary Directors

On December 18, 1985, the Texas Water Commission considered the petition of Nash Phillips/Copus, Inc. (NPC) for creation of Northwest Austin Municipal Utility District No. 1. The Texas Water Commission remanded the matter to the Office of Hearings Examiner in order that a full evidentiary record on the proposal be made. On January 14, 15, 16, 17, and 20, 1986, Claire Patterson, Attorney, a Commission Hearings Examiner, conducted a public hearing concerning the petition for creation.

The Hearings Examiner designated the following as parties to the proceeding: the applicant, Nash Phillips/Copus, Inc.; the Executive Director of the Texas Water Commission; the Public Interest Advocate of the Texas Water Commission; and the protestant, City of Austin.

After considering the Hearings Examiner's Proposal for Decision, and the evidence and argument presented, the Texas Water Commission makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Nash Phillips/Copus, Inc. a Texas corporation, has petitioned the Texas Water Commission for creation of a municipal utility district, pursuant to Chapter 54 of the Texas Water Code.

2. Proper notice of the public hearing was given pursuant to Section 54.019 of the Texas Water Code, as amended.

   a. Notice of the hearing was published on November 18, 1985 and November 25, 1985 in the Austin-American Statesman, a newspaper regularly published and

**EXHIBIT B**

9. The metes and bounds description of the proposed District has been checked by the Texas Water Commission's Water Districts Division and was found to form an acceptable closure.

10. Pursuant to Section 54.016, <u>Texas Water Code</u>, as amended, the City of Austin did not consent to the creation of this District nor did the parties come to a mutually acceptable agreement for service during the six-month negotiation period prior to the deliverance of this petition to the Texas Water Commission.

   a. During the negotiation period, NPC negotiated in good faith.

   b. Although there are differences in NPC's petition for consent to the City of Austin, its petition for creation to the Texas Water Commission, and the alternative service plan offered at the hearing, the differences are not so substantial as to preclude the City from having an opportunity to give consent.

11. The proposal as set out in the petition for creation is feasible and practical if the City of Austin provides long range service or if the district acquires service from an alternate source.

   a. The water and wastewater facilities will be designed according to sound engineering principles at reasonable cost.

   b. There is a reasonable expectancy of adequate market demand for the development which will generate tax revenues.

   c. The projected tax and utility rates will not unreasonably burden the prospective property owners.

   d. The projected tax rate is such that bond issuances will be marketable.

12. The proposal is feasible and practical even if the District must provide permanent water and wastewater service.

**EXHIBIT B**

    (1)  Long range water and wastewater service will not be available from the City for three to five years.

    (2)  NPC cannot rely upon the City of Austin for interim wastewater service in the near future because financing of interim wastewater service facilities has not been arranged and because Austin has in the past been delinquent in meeting its wastewater service obligations.

14.  Creation of the District will be a benefit to the land.

    a.  The District will provide utility services to the presently undeveloped area in which utilities are unavailable.

    b.  Landowners will have more direct representation over operation and maintenance of the utilities than if the City provides service.

    c.  The landowners will pay the capital costs of constructing facilities with deductible tax revenues rather than with nondeductible capital recovery fees or surcharges.

    d.  Prospective landowners can utilize the land more quickly if the District is created than if they wait for the City to provide services.

15.  The District and its system and subsequent development within the District will not have an unreasonable effect on land elevation, subsidence, groundwater level within the region, recharge capability of a groundwater source, natural runoff rates and drainage, and water quality.

16.  The utility rates and the total tax assessment on the District residents will not be unreasonable.

    a.  Utility rates are projected to be the same as those which the City charges.

    b.  Combined tax assessments on landowners in the area, under the original proposal and under the Exhibit 40 plan will not unduly burden the taxpayers

**EXHIBIT B**

and bounds in Exhibit "A" attached hereto and incorporated herein for all purposes.

5. The following five persons are hereby named and appointed as temporary directors of said District to serve until their successors are elected or have been appointed in accordance with applicable law:

Theodore R. Hendricks
James H. Hillyer
Homer D. Reed
Robert James Liverman
Timothy Emile Jamail

6. The foregoing temporary directors shall, as soon as practical after the date of entry of this Order, execute their official bonds and take their official oath of office, and all such bonds shall be approved by the Board of Directors of the District, and each bond and oath shall be filed with the District and retained in its records.

7. This Order shall in no event be construed as an approval of any proposed agreements or of any particular items in any documents provided in support of the creation peti- tion, nor as a commitment or requirement of the Texas Water Commission in the future to approve or disapprove any particular items or agreements in future applications submitted by the District for Texas Water Commission consideration.

8. The proposed Findings of Fact Nos. 1.1, 1.2, 1.3, 2.1, 2.2, 2.3, 3.1, 3.2, 3.3, 3.4, 4.1, 4.2, 4.3, 4.4, 4.5, 4.6, 4.7, 4.8, 4.9, 5.1, 5.2, 5.3, 5.4, 5.5, 6.1, 6.2, 6.3, 6.4, 6.5, 6.6, 6.7, 7.1, 7.2, 7.3, 7.4, 7.5, 7.6, 7.7, 7.8, 7.9, 7.10, 8.1, 8.2, 9.1, 9.2, 9.3, 9.4, 9.5, 10.1, 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.8 submitted by protestant City of Austin are hereby overruled.

9. The proposed Conclusions of Law Nos. 1, 2, 3, 4, and 5 submitted by protestant City of Austin are hereby overruled.

EXHIBIT 5

671.65 Acres
MUD No. 1

FN 1380 R (DS)
January 10, 1984
EH&A Job No. 4322-04

### NORTHWEST AUSTIN MUD NO. 1

A FIELD NOTE DESCRIPTION OF 671.65 ACRES OF LAND OUT OF THE A. E. LIVINGSTON SURVEY NO. 155, A. E. LIVINGSTON SURVEY NO. 455, W. P. MOORE SURVEY NO. 708 AND JOHN T. SMITH SURVEY NO. 154 IN TRAVIS COUNTY, TEXAS, BEING ALL OF THAT CERTAIN TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE, OF RECORD IN VOLUME 8155, PAGE 602 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, ALL OF THAT CERTAIN TRACT OF LAND DESCRIBED IN A DEED TO HARRY E. MONTANDON OF RECORD IN VOLUME 1597, PAGE 172 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, ALL OF THAT CERTAIN TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE, OF RECORD IN VOLUME 8155, PAGE 608 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, A PORTION OF THAT CERTAIN TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE, OF RECORD IN VOLUME 8155, PAGE 614 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, A PORTION OF THAT CERTAIN TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE OF RECORD IN VOLUME 8155, PAGE 628 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, A PORTION OF THAT CERTAIN 92.28 ACRE TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE OF RECORD IN VOLUME 8155, PAGE 619 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, AND A PORTION OF THAT CERTAIN 19.61 ACRE TRACT OF LAND DESCRIBED IN A DEED TO TRIPLE CREEK VENTURE OF RECORD IN VOLUME 8155, PAGE 582 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, SAID 671.65 ACRES BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING at a point at the intersection of east right-of-way line of FM. Highway 620 and the south right-of-way line of Boulder Lane, at the northwest corner of that certain tract of land described as "Tract 1" in a deed to Triple Creek Venture of record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas, for a northwest corner of this tract;

THENCE with the south right-of-way line of said Boulder Lane and the north line of said "Tract 1", S 61° 10' E, a distance of 1934.23 feet to a point at the southeast corner of the right-of-way of said Boulder Lane, said point being also in the west line of that certain tract of land described as "Tract 3" in a deed to Triple Creek Venture, of record in Volume 8155, Page 602 of the Deed Records of Travis County, Texas, and at the northeast corner of said "Tract 1" for an interior corner of this tract;

THENCE with the east right-of-way line of said Boulder Lane and the east line of 620 Oaks, a subdivision of record in Book 76, Page 239 of the Plat Records of Travis County, Texas, being also the west line of said "Tract 3" the five, (5) courses and distances which follow:

1.  N 29° 44' E, a distance of 283.51 feet to a point,

2.  N 30° 30' E, a distance of 265.32 feet to a point,

3.  N 30° 42' E, a distance of 278.44 feet to a point,

4.  N 30° 34' E, a distance of 167.39 feet to a point, and

5.  N 29° 28' E, a distance of 294.43 feet to a point in the east line of Lot 1 of said 620 Oaks, said point being also at the southwest corner of that certain 65.65 acre tract of land described in a deed to James H. Arnold, Jr., of record in Volume 3274, Page 2101 of the Deed Records of Travis County, Texas, and at the northwest corner of said "Tract 3", for the most northerly northwest corner of this tract;

EXHIBIT A                                    EXHIBIT B

671.65 Acres
MUD No. 1

FN 1380 R (DS)
January 10, 1984
EH&A Job No. 4322-04

12.   S 44° 30' E, a distance of 156.12 feet to a point,

13.   S 40° 08' E, a distance of 38.56 feet to a point,

14.   S 38° 17' E, a distance of 143.73 feet to a point,

15.   S 53° 55' E, a distance of 138.27 feet to a point, and

16.   N 88° 41' E, a distance of 62.11 feet to a point at the southeast corner of said Anderson Mill Estates Section 3, said point being also at the southwest corner of that certain 18.75 acre tract of land described in a deed to Luther E. Smith, et al., of record in Volume 7093, Page 397 of the Deed Records of Travis County, Texas;

THENCE with the south line of said Smith Tract and the north line of said "Tract 2" the two (2) courses and distances which follow:

1.   S 59° 11' E, a distance of 67.25 feet to a point, and

2.   N 72° 58' E, a distance of 51.26 feet to a point at the most northerly corner of that certain 0.14 acre tract of land described in a deed to Homer Reed, et al., of record in Volume 7902, Page 396 of the Deed Records of Travis County, Texas, for a northeast corner of this tract;

THENCE with the west line of said 0.14 acre tract, being also the east line of said "Tract 2", S 17° 05' E, a distance of 337.34 feet to a point at the most northerly corner of that certain 57.17 acre tract of land described in a deed to Triple Creek Venture, of record in Volume 8155, Page 608 of the Deed Records of Travis County, Texas, said point being also at the most easterly northeast corner of said "Tract 2" and the most southerly corner of said 0.14 acre tract, and being also at an angle point in the west line of that certain 5.80 acre tract of land described in a deed to Homer D. Reed, et al., of record in Volume 7902, Page 396 of Deed Records of Travis County, Texas, for a corner of this tract;

THENCE with the west line of said 5.80 acre tract and the east line of said 57.57 acre Triple Creek Venture tract, the eleven (11) courses and distances which follow:

1.   S 17° 02' E, a distance of 200.58 feet to a point,

2.   S 09° 01' E, a distance of 630.81 feet to a point,

3.   S 02° 44' W, a distance of 538.63 feet to a point,

4.   S 03° 23' W, a distance of 504.33 feet to a point,

5.   S 45° 03' W, a distance of 565.76 feet to a point,

6.   S 00° 31' W, a distance of 247.33 feet to a point,

7.   S 30° 17' E, a distance of 616.59 feet to a point,

8.   S 47° 10' E, a distance of 166.89 feet to a point,

9.   S 17° 00' W, a distance of 269.29 feet to a point,

10.  S 17° 57' W, a distance of 201.07 feet to a point, and

671.65 Acres
MUD No. 1

FN 1380 R (DS)
January 10, 1984
EH&A Job No. 4322-04

4.   S 49° 10' W, a distance of 325.00 feet to a point,

5.   S 63° 50' W, a distance of 555.00 feet to a point,

6.   N 58° 15' W, a distance of 275.00 feet to a point,

7.   N 29° 25' W, a distance of 250.00 feet to a point, and

8.   N 57° 45' W, a distance of 110.00 feet to a point in that certain
     92.28 acre tract of land described in a deed to Triple Creek
     Venture, of record in Volume 8155, Page 619 of the Deed
     Records of Travis County, Texas;

THENCE over and across said 92.28 acre tract the seven (7) courses and distances
which follow:

1.   N 64° 15' W, a distance of 505.00 feet to a point,

2.   N 68° 20' W, a distance of 470.00 feet to a point,

3.   S 82° 56' 21" W, a distance of 262.75 feet to a point,

4.   N 81° 57' W, a distance of 220.00 feet to a point in the
     centerline of a curve to the left of a proposed road,

5.   a distance of 396.75 feet along the arc of a curve to the left,
     the radius of which is 1218.64 feet, the central angle of which
     is 18° 39' 13", and the chord of which bears S 20° 03' W, a
     distance of 395.00 feet to a point,

6.   leaving proposed road, N 72° 17' W, a distance of 365.00 feet to
     a point, and

7.   S 23° 58' W, a distance of 233.11 feet to a point in that certin
     19.61 acre tract of land described in a deed to the Triple Creek
     Venture, of record in Volume 8155, Page 582 of the Deed
     Records of Travis County, Texas;

THENCE, N 72° 17' W, a distance of 298.98 feet to a point in the west line of said
19.61 acre tract, being also a point in the east right-of-way line of FM Highway 620;

THENCE with the west line of said 19.61 acre tract and the east line of said
FM 620, N 17° 43' E, a distance of 174.71 feet pass a point for the northwest corner
of said 19.61 acre tract, being also the southeast corner of a 92.28 acre tract of land
as described previously in a deed to Triple Creek Venture; continuing with the west
line of said 92.28 acre tract for a total distance of 1635.56 feet to a point for the
northwest corner of said 92.28 acre tract, being also the southwest corner of that
certain 32.57 acre tract of land described in a deed to Samir N. Maamary, of record
in Volume 7651, Page 913 of the Deed Records of Travis County, Texas;

THENCE with the north line of said 92.28 acre tract, and the south line of said
32.57 acre tract the three (3) courses and distances which follow:

1.   S 80° 25' E, a distance of 1153.69 feet to a point,

2.   S 80° 24' E, a distance of 597.66 feet to a point, and

3.   S 80° 27' E, a distance of 710.40 feet to a point in the west line
     of said Montandon Tract being also the southeast corner of said
     32.57 acre tract;

EXHIBIT A

671.65 Acres
MUD No. 1

FN 1380 R (DS)
January 10, 1984
EH&A Job No. 4322-04

northwest corner of that certain 4.970 acre tract of land described in a deed to Anderson Mill Church of Nazarene of record in Volume 7844, Page 125 of the Deed Records of Travis County, Texas, and at the southwest corner of said "Tract 1" for the most westerly southwest corner of this tract;

THENCE, with the east right-of-way line of FM Highway 620 and the west line of said "Tract 1", N 24° 11' E, a distance of 300.03 feet to the POINT OF BEGINNING containing 671.65 acres of land, more or less.


THE STATE OF TEXAS    I
                       I    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TRAVIS      I

That I, Carlos M. Jimenez, a Registered Public Surveyor, do hereby certify that the above description was prepared from public records and not from an on the ground survey under my direction and supervision and is true and correct to the best of my knowledge.

WITNESS MY HAND AND SEAL AT Austin, Travis County, Texas this the _13th_ day of _January_, 1984, A.D.


ESPEY, HUSTON & ASSOCIATES, INC.
Engineering & Environmental Consultants
916 South Loop 360    P.O. Box ___
Austin, Texas 78767

Carlos M. Jimenez
Registered Public Surveyor
No. 3950 - State of Texas

CARLOS M. JIMENEZ
3950
REGISTERED PUBLIC SURVEYOR

Page 7 of 7

EXHIBIT A

EXHIBIT B

## CERTIFICATE FOR ORDER CALLING CONFIRMATION
## AND DIRECTOR ELECTION, BOND ELECTION AND
## MAINTENANCE TAX ELECTION

STATE OF TEXAS                          S

COUNTY OF TRAVIS                        S

I, the undersigned officer of Northwest Austin Municipal Utility District No. 1 (the "District"), hereby certify as follows:

1. The Board of Directors of the District (the "Board") convened in a special meeting on October 7, 1986 at the special meeting place of said District, and the roll was called of the duly constituted officers and members of the Board, to wit:

| | |
|---|---|
| President | Ted R. Hendricks |
| Vice President | Homer D. Reed |
| Secretary | Robert J. Liverman |
| Treasurer | James H. Hillyer |
| Assistant Secretary | Timothy Emile Jamail |

and all of such persons were present except Director Jamail, thus constituting a quorum. Whereupon among other business the following was transacted at the meeting: a written

CERTIFICATE FOR ORDER CALLING CONFIRMATION
AND DIRECTOR ELECTION, BOND ELECTION AND
MAINTENANCE TAX ELECTION

(the "Order") was duly introduced for the consideration of the Board and read in full. It was then duly moved and seconded that the Order be adopted, and, after due discussion, said motion, carrying with it the adoption of the Order, carried by the following votes:

AYES: 4

NOES: 0

2. A true and complete copy of the Order adopted at the meeting described in the above and foregoing paragraph is attached to and follows this certificate; the Order has been duly signed and attested by the proper officers and, as signed, has been duly recorded in the Board's minutes of said meeting; the above and foregoing paragraph is a true and complete excerpt from the District's minutes of said meeting pertaining to the adoption of the Order; said meeting was open to the

*EXHIBIT C*

ORDER CALLING CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION, AND MAINTENANCE TAX ELECTION

WHEREAS, Northwest Austin Municipal Utility District No. 1 (the "District") has been duly created by order of the Texas Water Commission (the "Commission"), and the temporary directors of the District have been appointed by the Commission (the "Board of Directors") and have met and organized and have qualified to serve as directors of the District by taking the oath and making the bond required by law; and

WHEREAS, it is now necessary to call an election to confirm the creation and establishment of the District and to elect five (5) permanent directors thereof, each of whom shall serve until the next regular election on April 2, 1988; and

WHEREAS, there has been filed in the office of the District, open to inspection by the public, an engineer's report covering the works, improvements, facilities, treatment plants, equipment and appliances to be purchased, acquired and constructed by the District and the property, contract rights, rights of use, and interests in property to be purchased or acquired, as well as the estimated cost of all the foregoing, together with maps, plats, profiles and data showing and explaining the report and the report has been considered by the Board of Directors; and

WHEREAS, said works, improvements, facilities, treatment plants, equipment, appliances, property, contract rights, rights of use, and interests in property are designed and intended to furnish a water supply and distribution system, sanitary sewer system, and a drainage and storm sewer system for the District; and

WHEREAS, said engineer's report, as supplemented to date, contains an estimate of the cost of the purchase, acquisition and construction of the proposed works, improvements, facilities, treatment plants, equipment, appliances, and an estimate of the District's cost of purchasing and acquiring said property, contract rights, rights of use, and interests in property, and an estimate of the expenses incident thereto, as generally follows:

Construction Cost:

1. Water Supply, Storage and          $ 6,743,100.00
   Distribution System

2. Sewage Collection and Treatment
   System                             $ 8,135,400.00

*EXHIBIT C*

WHEREAS, the District desires to issue its bonds secured by and payable from ad valorem taxes and further to additionally secure the payment of all bonds issued by the District with a pledge of the District's revenues, derived from whatever source, including, but not limited to the revenues that result from the ownership and operation of the District's works, improvements, facilities, plants, equipment and appliances or under specific contracts for the period of time the Board determines; and

WHEREAS, the Board of Directors is of the opinion that an election should be held for the purposes of confirming the creation and establishment of the District and electing five (5) permanent directors thereof, submitting propositions on the issuance of the District's bonds, the levy and collection of an ad valorem tax together with the pledging of revenues to additionally secure Bonds issued by the District.

WHEREAS, Section 54.507, Texas Water Code, provides that a bond election may be held on the same day as the District's confirmation and director election; and

WHEREAS, Section 54.312, Texas Water Code, provides that a maintenance tax election may be held on the same day as the District's bond election; and

WHEREAS, there is no public building of any kind within the boundaries of the District; and

WHEREAS, this Board of Directors wishes to proceed with the ordering of said election; Now, Therefore,

BE IT ORDERED BY THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 THAT:

Section 1;  The matters and facts set out in the preamble of this order are hereby found and declared to be true and are incorporated herein by reference.

Section 2:  The engineer's report and estimate of cost, as supplemented, are hereby approved as described above.

Section 3:  A special election shall be held within the District on December 13, 1986, between the hours of 7:00 a.m. and 7:00 p.m., at 11403 Boulder Lane, Austin, Texas 78726, within the boundaries of the District, at which there shall be submitted the question of the election of five (5) permanent directors of the District, each of whom shall serve until the next regular election on April 2, 1988, and at which the following propositions shall be submitted.

-3-

*EXHIBIT C*

NECESSARY WORKS, IMPROVEMENTS, FACILITIES, PLANTS, EQUIPMENT AND APPLIANCES OF SUCH DISTRICT, AND FOR THE PAYMENT OF PROPER SERVICES, ENGINEERING AND LEGAL FEES AND ADMINISTRATIVE EXPENSES?

Section 4: Voting in said election shall be by the use of paper ballots which shall be printed in both English and Spanish and which shall conform to the requirements of the Texas Election Code. Oral bilingual assistance shall be available during the election and may be obtained by contacting the Presiding Judge or the Alternate Presiding Judge. The ballots used in the election shall have printed thereon the following:

OFFICIAL BALLOT

PROPOSITION I

[  ]   FOR              )       THE DISTRICT
       A FAVOR DE       )
                        )

[  ]   AGAINST          )       EL DISTRITO
       EN CONTRA DE     )

PROPOSITION II

[  ]   FOR              )       THE ISSUANCE OF BONDS AND THE
       A FAVOR DE       )       PLEDGE OF REVENUES AND THE
                        )       LEVY OF AD VALOREM TAXES
                        )       ADEQUATE TO PROVIDE FOR THE
                        )       PAYMENT OF BONDS
                        )
[  ]   AGAINST          )       LA EMISION DE BONOS Y LA
       EN CONTRA DE     )       GRANTIA DE INGRESOS Y EL
                        )       GRAVAMEN DE IMPUESTOS AD
                        )       VALOREM SUFICIENTE PARA
                        )       EFECTUAR PAGO DE LOS BONOS

PROPOSITION III

[  ]   FOR              )       A MAINTENANCE TAX OF NOT TO
       A FAVOR DE       )       EXCEED ONE DOLLAR AND FIFTY
                        )       CENTS ($1.50) PER ONE HUNDRED
                        )       DOLLARS ($100) VALUATION OF
                        )       TAXABLE PROPERTY IN THE
                        )       DISTRICT
                        )
[  ]   AGAINST          )       UN IMPUESTO DE MANTENIMIENTO
       EN CONTRA DE     )       A NO EXCEDER UN DOLAR Y
                        )       CINCUENTA CENTAVOS ($1.50) POR
                        )       CADA CIEN DOLARES ($100) DE
                        )       VALUACION DE PROPIEDAD
                        )       IMPONIBLE DENTRO DEL DISTRITO

-5-

*EXHIBIT C*

Section 7: All qualified resident electors of the District shall be entitled to vote in the election.

Section 8: The Secretary of the Board is hereby directed to cause notice of this election to be published in both Spanish and English once a week for two (2) consecutive weeks in a newspaper of general circulation in Travis County, Texas, with the first publication to be at least 14 days before the date of the election. The notice shall be substantially in the form of Notice of Election attached hereto and made a part hereof for all purposes.

PASSED AND APPROVED the 7th day of October, 1986.

_Ted R. Hendricks_
President, Board of Directors

(SEAL)

ATTEST:

_Robert J. Liverman_
Secretary, Board of Directors

3908P

-7-

*EXHIBIT C*

SIGNED AND SEALED the 7th day of October, 1986.

_Robert J. Liverman_
Robert J. Liverman,
Secretary, Board of Directors

(SEAL)
THE STATE OF TEXAS    :
COUNTY OF TRAVIS      :

    This instrument was acknowledged before me on October, 1986, by Robert J. Liverman, Secretary of the Board of Directors of Northwest Austin Municipal Utility District No. 1, on behalf of said District.

Notary Public, State of Texas

MNW-FH.31-1

L. W. McLAUGHLIN
Notary Public
State of Texas
My Comm. Exp. 01-31-90

EXHIBIT D

of the applicable "language minority group" appearing on the same or separate documents.

2.    Oral Assistance - Oral assistance at the polls for both general and absentee balloting will be provided in the language of the applicable "language minority group" by the use of telecommunications with election assistants fluent in both the English language and the language of the applicable "minority language group". In addition, any voter unable to read or speak English shall be allowed to be assisted at the polls by any individual of the voter's choice, pursuant to Section 8.13 and 8.13a of the Code.

## II.

Any Director and/or Officer of the Board is authorized to evidence adoption of this Order on behalf of the Board and to do all things necessary and proper to carry out the purposes and intent hereof.

PASSED AND APPROVED this 7th day of October, 1986.

_Ted R. Hendricks_
Ted R. Hendricks
President, Board of Directors

ATTEST:

_Robert J. Liverman_
Robert J. Liverman
Secretary, Board of Directors

(SEAL)

MNW-FH.32

EXHIBIT D



CONFIDENTIAL ☐          NON-CONFIDENTIAL ☑

## MEMORANDUM OF TELEPHONIC COMMUNICATION

Date: Jan. 16, 1987     Specialist  Q. James          File No. RH398

Other Party Sharlene Collins     Race  W          Tel. No. 499-3604

Title/Organization  atty.

Jurisdiction  36          Travis          5.13

(State)          (County/Parish)          (City/Other)

Subject:  election

Comments:  The initial board was appointed
by the ___ Water Commission, they will
___ ___ the next regular election,
on Ap ___ 1988, at which time members
will be elected at large to either 2 or
4 year terms to set staggering into
effect. All members will serve 4 year
terms starting in 1990. Elections are
decided by majority vote requirement
without posts. One minority member,
Mr. James Hilliger, was elected to the
board.

DOJ-1584-11

# Tab B

NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

March 21, 1988

CIVIL RIGHTS DIVISION
VOTING SECTION

88 APR 11 PH 3:08

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

U. S. Department of Justice
Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D.C. 20035-6128

Re:   SUBMISSION UNDER SECTION 5, VOTING RIGHTS ACT
      Northwest Austin Municipal Utility District No. 1

Ladies and Gentlemen:

The undersigned is President of the Board of Directors and Chief Executive Officer of Northwest Austin Municipal Utility District No. 1 (the "District"). This submission pursuant to Section 5, Voting Rights Act of 1965, as amended, is made under the provisions of 28 C.F.R. § 51 (1984).

Background and History

The District, a municipal utility district, was created on March 16, 1988, by the Texas Water Commission, an agency of the State of Texas, pursuant to the provisions of Chapter 54 of the Texas Water Code, as amended. There have been no annexations since that time. The District established the location of its polling places subsequent to November 1, 1972.

The District proposes to hold a confirmation and director election, bond election, and maintenance tax election on May 7, 1988, one of the four (4) precleared election dates in Texas. Chapter 54 of the Texas Water Code, as amended, requires a municipal utility district to hold a confirmation and director election in order to function fully as a legal entity and a bond election before issuing any bonds or other obligations.

There is one (1) person of voting age residing within the District. There are no black families and no families with Spanish surnames within the District.

U. S. Department of Justice
March 21, 1988
Page 3

studies, to the Commission. The Executive Director of the Commission reviews the petition and makes a recommendation for action to the Commission. The Commission then conducts a public hearing, of which notice is given by posting and by publication. Following the hearing, the Commission enters an order granting or denying the petition, and, if granting the creation petition, the Commission appoints five (5) persons to serve as temporary directors until such time as the newly created district conducts a confirmation and director election. See attached Exhibit "B".

(h)  The date of the adoption of the change affecting voting was March 16, 1988. See attached Exhibit "B".

(i)  The change affecting voting will take place at the time the District holds its first elections, the confirmation and director election, bond election, and maintenance tax election proposed to be held on May 7, 1988.

(j)  The change affecting voting has not yet been enforced or administered because the District has not conducted an election.

(k)  The scope of the change is limited to that 707.19 acres of undeveloped, sparsely-populated land that is identified in the Order as Northwest Austin Municipal Utility District No. 1. No other area in the State of Texas or in Travis County, Texas, will be affected by the change affecting voting, nor will the creation of the District result in any change in existing voting precincts and polling places of any political subdivision in Travis County, Texas.

(l)  The change affecting voting is a result of the creation of the District as a political subdivision of the State of Texas to provide water, wastewater, and drainage facilities to the area within the District.

(m)  The creation of the District is anticipated to have no effect on members of racial or language minority groups.

(n)  There is no past or pending litigation concerning the creation of the District.

U. S. Department of Justice
March 21, 1988
Page 5

           (6)   The Travis County Tax Assessor/Collec-
           tor's office, located in Austin, Texas,
           was the voter registration site for
           Travis County before the creation of the
           District and will continue as such for
           Travis County and the District.

   (c)   Subsections (c) through (f) are not
       applicable to this submission.

   B.   Polling Place. The District will use one (1) polling
place in its confirmation and director election, bond election,
and maintenance tax election on May 7, 1988, the first elections
to be held within the District since its creation. The polling
place for absentee voting as well as on the day of the election
will be located at 11408 Boulder Lane, Austin, Texas 78726. See
attached Exhibit "C".

   1.   Information required by 28 C.F.R. § 51.25:

   (a)   The order embodying the change affecting
       voting (i.e., the establishment of a District
       polling place) is the Order Calling Confirma-
       tion and Director Election, Bond Election and
       Maintenance Tax Election for May 7, 1988 (the
       "Election Order") attached hereto as Exhibit
       "D". I certify that the attachment is a true
       copy of the Election Order.

   (b)   See A.1(b) above. The difference between the
       submitted change affecting voting and the law
       or practice existing prior to the submitted
       change is that one (1) polling place has been
       created to serve voters of a newly-created
       voting unit.

   (c)   See A.1(c) above.

   (d)   Northwest Austin Municipal Utility District
       No. 1 is the submitting authority and is also
       the jurisdiction responsible for the change.

   (e)   See A.1(e) above.

   (f)   The body responsible for making the change is
       the Board of Directors of the District. The
       mode of decision was the adoption of an
       Election Order upon majority vote of the
       Board of Directors.

   (g)   The District undertakes the change pursuant
       to the requirements of Chapter 54, Texas
       Water Code, as amended, and the Texas Elec-
       tion Code, as amended. Section 54.206, Texas

U. S. Department of Justice
March 21, 1988
Page 7

1.    Those set forth in Chapter 213, Acts of the 64th
      Legislature, 1975 (S.B. 165), previously submitted
      by the State of Texas, which submission is
      incorporated herein by reference.

2.    Those set forth in the Voting Rights Act Amend-
      ments of 1975, Public Law 94-73.

3.    Those set forth in 28 C.F.R. Part 55. The follow-
      ing corresponds to the paragraphs of 28 C.F.R.
      §§ 55.19 and 55.20.

      (a)   Written materials:

            (1)   Types of materials:

                  (i)    Notice of District Board of Direc-
                         tors Meetings Dealing with Elec-
                         tions - those portions of meeting
                         notices dealing with elections are
                         posted in English and Spanish at
                         the places required by State law.

                  (ii)   Notices of Elections - all notices
                         of elections required to be pub-
                         lished by State law are published
                         in English and Spanish in a paper
                         of general circulation within the
                         county in which the District is
                         located.

                  (iii)  Ballots  and  Other  Election
                         Materials That Will Be Used By The
                         Voter - these are printed in
                         English and Spanish.

                  (iv)   Absentee  Voting  Materials  -
                         bilingual packets printed in
                         English and Spanish are made
                         available to persons voting
                         absentee.

            (2)   Accuracy, completeness: All materials
                  other than those prepared as standard
                  forms are translated into Spanish by
                  Mr. Freddy Castro. Mr. Castro is
                  bilingual in English and Spanish.

            (3)   Ballots: See (1)(iii) and (iv) above.

            (4)   Voting machines: Not applicable.

      (b)   Oral Assistance and Publicity:

U. S. Department of Justice
<u>March 21          </u>, 1988
Page 9

     G.  <u>Request for Expedited Consideration</u>.  Pursuant to 28 C.F.R. § 51.32, the District requests that this submission be given expedited consideration and that the executive determination requested be made, prior to the May 7, 1988 elections.

    A conference is respectfully requested in the event that clearance is not anticipated or in the event such conference would be of assistance in the consideration of this request for clearances.

                Very truly yours,

                NORTHWEST AUSTIN MUNICIPAL
                UTILITY DISTRICT NO. 1

        By: _____
            _____, President
            Board of Directors

2-388.89

IXXUGLHS H. BANKS

THE STATE OF TEXAS
COUNTY OF TRAVIS
I hereby certify that this is a true and
correct copy of a Texas Water Commission
document, the original of which is filed in
the permanent records of the Commission.
Given under my hand and seal of office
on MAR 23 1988

Karen A. Phillips
Karen A. Phillips, Chief Clerk
Texas Water Commission

THE STATE OF TEXAS         §
                          §
COUNTY OF TRAVIS           §

TEXAS WATER COMMISSION
STEPHEN F. AUSTIN STATE OFFICE BUILDING
AUSTIN, TEXAS

ORDER GRANTING PETITION FOR CREATION OF NORTHWEST AUSTIN
MUNICIPAL UTILITY DISTRICT NO. 1; APPOINTING TEMPORARY
DIRECTORS THEREFOR; CONTAINING PROPOSED FINDINGS OF
FACT AND RULINGS THEREON; CONTAINING CONCLUSIONS OF
LAW; AND GRANTING OTHER RELIEF PRAYED FOR IN SUCH PETITION

On March 16, 1988, at 10 o'clock a.m., the Texas Water
Commission (the "Commission") convened in duly called session at
its regular meeting place at the Stephen F. Austin State Office
Building, Austin, Travis County, Texas, and the roll was called
of the duly constituted members of said Commission, to-wit:

Paul Hopkins - Chairman
John O. Houchins - Commissioner
B. J. Wynne, III - Commissioner

with all such members being present, thus constituting a quorum,
when, among other business, there came on for hearing a Petition
for Creation of Northwest Austin Municipal Utility District No. 1
(herein the "District") situated wholly within Travis County,
Texas, the appointment of five (5) temporary directors for the
District, and such other orders, acts, procedure and relief as
may be necessary and proper in connection therewith. The
Commission had previously entered an Order Granting the Petition
for Creation on April 18, 1986. That Order was appealed by the
City of Austin, a party to the hearing to the Travis County
District Court. On January 22, 1988, the Court, upon an agreed
motion, remanded the matter of creation back to the Texas Water
Commission for further proceedings.

Upon the hearing being convened, the following persons
entered their appearances in their respective capacities on
behalf of the Petitioners: Armbrust & Brown and Biggart &
Soward, attorneys for Petitioner; Royston Lanning appeared on
behalf of the Executive Director of the Texas Water Commission
(the "TWC") and Lee Jones appeared on behalf of the Public
Interest Advocate of the TWC. Although all interested persons
were invited and given full opportunity to appear and offer
testimony on the sufficiency of the Petition and on whether the
District was feasible and practicable, and was necessary and
would be a benefit to all or any part of the land proposed to be
included in the District, no other appearances were entered.

Following the administration of oaths to all persons
appearing, petitioners presented an Inventory of Exhibits listing
documents and data previously submitted and on file with the

Exhibit B

TWC, and no objections have been made to the introduction of any such evidence.

3. Copies of the Petition and amendments thereto have been submitted to the City Clerk of the City of Austin and to the Commissioners' Court of Travis County.

4. No city having extraterritorial jurisdiction in Travis County has formally requested notice of the creation of all districts in such county, as provided by Section 54.019 of the Texas Water Code, as amended, except the City of Austin.

5. The Chief Clerk of the Texas Water Commission pursuant to an Order of the Texas Water Commission set the time date, subject and place of this hearing which was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

6. Notice of this hearing and meeting of the Commission was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

7. The territory sought to be included in the District comprises 707.19 acres, more or less, lying wholly within Travis County, Texas, and within the corporate boundaries of the City of Austin. The boundaries of such parcels of land form a closure and are described by metes and bounds on Exhibit "A" attached hereto and made a part hereof for all purposes.

8. Notice of this hearing containing a statement of the nature and purpose of the Petition, the date, time and place of this hearing, a vicinity map showing the location of the proposed District in relation to roads and other landmarks, and informing all persons of their right to appear and present evidence and testify for or against the allegations in the Petition, the form of the Petition, the necessity and feasibility of the District's projects and the benefits to accrue and stating that any prepared testimony to be offered into evidence at this hearing should be filed five (5) days prior to the hearing date, has been published in a newspaper with general circulation in Travis County, Texas, once a week for two (2) consecutive weeks, with the first such publication occurring at least thirty (30) days before the original date of this hearing, all

and of the production, growth and maintenance of tax revenues and operating revenues within the proposed District at reasonable rates of charge and taxation.

17. No significant adverse effects will result from the District's proposed works and systems and from the proposed development on land elevations, subsidence, groundwater levels within the region, recharge capabilities of groundwater levels within the region, recharge capabilities of groundwater sources, natural run-off rates, drainage, and water quality, and the creation of the District will not unreasonably affect total tax assessments on all land and properties located within the proposed District.

18. Upon review of the proposed agreement concerning creation and operation of the District between the City of Austin and the District, it appears to the Commission that Section 3.6 of such agreement is in violation of Commission Rule 31 TAC 293.13(5) and should be severed from the agreement.

19. Each of the following named persons is over the age of eighteen (18) years, is a resident citizen of the State of Texas, owns land subject to taxation within the proposed District, has completed and filed with the Commission affidavits in form and substance as required by 31 TAC 311.31 of the Rules of the TWC, and has no disqualifying relationship or interest as described in such rule.

> Scott Storm
> Clifton Spillar
> Chester Collinsworth
> Ron Patterson
> William R. Britton

Following consideration of all issues of fact and law relative to the aforesaid hearing, the Commission rules on the proposed findings of fact and form of order submitted by the Petitioners as follows:

## RULINGS ON PROPOSED FINDINGS OF FACT

1. The Commission rules that all of the foregoing proposed findings of fact and each specific proposed finding of fact are true, complete and correct; and

2. The form and substance of the proposed order submitted by the Petitioners for the Commission's consideration is true, complete and correct and should be adopted.

2-388.91 - 5

10. The five (5) persons named above who have requested to be appointed as temporary directors of the proposed District are each and all fully qualified in all respects to serve as temporary directors of the proposed District.

11. The Petition should be granted by the Commission.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER COMMISSION, THAT:

1. The Order of the Commission of April 18, 1986 granting the Petition for creation is withdrawn, and this Order is substituted.

2. The Petition is hereby in all things granted and Northwest Austin Municipal Utility District No. 1 is hereby created, organized and established as prayed for in the Petition.

3. The District is created and established under the terms and conditions of Article XVI, Section 59, of the Constitution of Texas and Chapter 54 of the Texas Water Code, together with all amendments and additions thereto.

4. The District shall have all the rights, powers, privileges, authority and functions conferred by and shall be subject to all duties imposed by the TWC and the general law of the State of Texas relating to municipal utility districts.

5. The District shall be composed of the area situated wholly within Travis County, Texas, described by metes and bounds in Exhibit "A" hereto.

6. Section 3.6 of the proposed agreement between the City of Austin and the District is severed from the agreement.

7. The following five persons are hereby named and appointed as temporary directors of the District to serve until their successors are elected or have been appointed in accordance with applicable law:

   Scott Storm
   Clifton Spillar
   Chester Collinsworth
   Ron Patterson
   William R. Britton

8. The foregoing temporary directors shall, as soon as practicable after the date of entry of this Order, execute their official bonds and take their official

2-388.91 - 7

DOUGLAS H. BANKS

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

### NORTHWEST AUSTIN M.U.D NO. 1

A FIELD NOTE DESCRIPTION, PREPARED FROM RECORD INFORMATION AND SURVEYS BY OTHERS, OF 707.19 ACRES OF LAND OUT OF THE A.E. LIVINGSTON SURVEY NO. 155, THE A.E. LIVINGSTON SURVEY NO. 455, THE W.P. MOORE SURVEY NO. 708 AND THE JOHN T. SMITH SURVEY NO. 154, IN TRAVIS COUNTY, TEXAS, BEING ALL OF THAT CERTAIN 79.96-ACRE TRACT OF LAND REFERRED TO AS "TRACT 5", AND A PORTION OF THAT CERTAIN 1120.91-ACRE TRACT OF LAND REFERRED TO AS "TRACT 1", AS DESCRIBED IN A DEED OF TRUST FROM NASH PHILLIPS COPUS, INC., TO ROYCE C. LEE, TRUSTEE, EXECUTED AUGUST 16, 1985, AND RECORDED IN VOLUME 9318, PAGE 451 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID "TRACT 5" ALSO BEING KNOWN AS CANYON CREEK, SECTION ONE, A SUBDIVISION OF RECORD IN BOOK 85, PAGES 150B-151B OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID 707.19 ACRES BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS, AS FOLLOWS:

BEGINNING at a point, being the intersection of the east right-of-way line of FM Highway 620 and the south right-of-way line of Boulder Lane, a street as dedicated to the public by the plat of 620 Oaks, a subdivision of record in Book 76, Page 239 of the Plat Records of Travis County, also being the most westerly corner of the said 620 Oaks, said point of beginning also being the northwest corner of the said 79.96-acre "Tract 5", and of the herein described tract;

THENCE with the north line of the said "Tract 5", being consecutively, the south and east right-of-way lines of the said Boulder Lane, also being the south and east lines of the said 620 Oaks, the two (2) courses and distances which follow:

1. S 61° 12' 45" E, a distance of 1934.05 feet, and

2. N 29° 40' 00" E, a distance of 60.01 feet to a point on the north right-of-way line of the said Boulder Lane, being the southeast corner of Lot 6, Block B of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east lines of the said Lot 6, Block B and Lot 7, Block B of the said 620 Oaks, consecutively, the four (4) courses and distances which follow:

1. N 29° 40' 00" E, a distance of 223.82 feet,

2. N 30° 27' 00" E, a distance of 264.97 feet,

3. N 30° 39' 15" E, a distance of 174.56 feet, and

4. N 30° 30' 00" E, a distance of 114.83 feet to a point, being the northeast corner of the said Lot 7, Block B, also being a point on the south right-of-way line of Hare Trail, a street as dedicated to the public by the said plat of 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east right-of-way line of the said Hare Trail, N 30° 30' 00" E, a distance of 52.50 feet to a point on the north right-of-way line of the said Hare Trail, being the southwest corner of Lot 1, Block C of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east line of the said Lot 1, Block C, N 29° 25' 00" E, a distance of 294.49 feet to a point, being the southwest corner of that certain 73.82 acre tract of land as described in a deed to James R. Arnold, Jr., of record in Volume 3274, Page 2101 of the Deed Records of Travis County, also being the most northerly corner of the said "Tract 5" and of the herein described tract;

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EB&A Job No. 10189-04

3.  S 59° 21' 00" E, a distance of 63.80 feet,

4.  S 89° 43' 00" E, a distance of 19.69 feet,

5.  S 65° 09' 00" E, a distance of 84.41 feet,

6.  S 72° 33' 00" E, a distance of 291.35 feet,

7.  S 69° 09' 00" E, a distance of 96.13 feet,

8.  S 47° 37' 00" E, a distance of 16.04 feet, and

9.  S 64° 35' 00" E, a distance of 118.60 feet to a point, being the most easterly corner of the said "Tract 5", also being an angle point on the north line of the aforesaid 1120.91-acre "Tract 1";

THENCE continuing with the said southwest line of Anderson Mill Estates, Section 3, and southwest lines of Lot 11 and Lot 10, Block D, consecutively, being the northeast line of the said "Tract J", the five (5) courses and distances which follow:

1.  S 64° 34' 39" E, a distance of 37.56 feet,

2.  S 40° 05' 00" E, a distance of 38.56 feet,

3.  S 35° 17' 00" E, a distance of 143.73 feet,

4.  S 53° 55' 00" E, a distance of 138.27 feet, and

5.  N 88° 41' 00" E, a distance of 62.11 feet to a point, being the southeast corner of the said Lot 10, Block H, also being the southeast corner of the said Anderson Mill Estates, Section 3, said point also being the most westerly corner of that certain 36.7153-acre tract of land, referred to as "Tract One", as described in a deed to Triland/Western Spicewood Joint Venture, of record in Volume 8300, Page 691 of the Deed Records of Travis County, Texas;

THENCE leaving the said southwest line of Anderson Mill Estates, Section 3, continuing with the said southeast line of "Tract 1", being the southwest line of the said 36.7153-acre Triland tract, the six (6) courses and distances which follow:

1.  S 89° 11' 00" E, a distance of 67.26 feet,

2.  N 72° 58' 00" E, a distance of 51.26 feet,

3.  S 17° 06' 45" E, a distance of 337.25 feet,

4.  S 17° 03' 45" E, a distance of 200.53 feet,

5.  S 09° 01' 45" E, a distance of 630.67 feet, and

6.  S 02° 42' 35" W, a distance of 187.59 feet to a point, being the southwest corner of the said 36.7153-acre Triland tract, also being the northwest corner of Spicewood At Bullcreek, Section Two, a subdivision of record in Book 83, Pages 80A-80C of the Plat Records of Travis County;

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJL)
May 11, 1988
EH&A Job No. 10164-04

2.   N 32° 13' 45" W, a distance of 94.24 feet,

3.   N 66° 13' 45" W, a distance of 100.37 feet,

4.   N 58° 52' 45" W, a distance of 83.67 feet,

5.   N 63° 54' 45" W, a distance of 37.97 feet,

6.   N 63° 53' 45" W, a distance of 222.76 feet,

7.   N 63° 05' 45" W, a distance of 161.93 feet,

8.   N 61° 02' 45" W, a distance of 260.95 feet,

9.   N 61° 31' 45" W, a distance of 380.59 feet,

10.  N 62° 03' 45" W, a distance of 325.08 feet, and

11.  N 63° 43' 15" W, a distance of 206.17 feet to a point, being the
     most northerly corner of the said 138.733-acre Hanks Tract,
     also being an interior corner on the said east line of "Tract 1";

THENCE leaving the said east line of "Tract 1" and northeast line of the
138.733-acre Hanks tract, over and across the said "Tract 1", the nine (9) courses
and distances which follow:

1.   N 83° 44' 03" W, a distance of 2466.22 feet,

2.   N 66° 36' 24" W, a distance of 719.87 feet,

3.   N 66° 11' 45" W, a distance of 584.45 feet,

4.   S 23° 48' 15" W, a distance of 623.28 feet,

5.   S 49° 10' 00" W, a distance of 256.14 feet,

6.   S 63° 50' 00" W, a distance of 555.00 feet,

7.   S 70° 18' 19" W, a distance of 1183.33 feet to a point for the
     non-tangent beginning of a curve,

8.   along said curve, to the left, having a central angle of
     31° 42' 30", a radius of 2000.00 feet, an arc length of
     1106.83 feet, and a chord, bearing N 86° 25' 45" W, a distance
     of 1092.76 feet, to a point for the end of said curve, and

9.   N 72° 17' 00" W, a distance of 700.34 feet to a point on the
     east line of the said "Tract 1", also being a point on the east
     right-of-way line of the aforesaid FM Highway 620;

THENCE with the said west line of "Tract 1", being the said east right-of-way line
of FM Highway 620, N 17° 43' 00" E, a distance of 1649.61 feet to a point, being the
southwest corner of that certain 18.31-acre tract of land, as described in a deed to
Howard Wells-Horsepian and wife, of record in Volume 10073, Page 317 of the Deed
Records of Travis County;

THENCE leaving the said east right-of-way line of FM Highway 620, continuing with
the said west line of "Tract 1", being the south and east lines of the said 18.31-acre
Horsepian tract, the four (4) courses and distances which follow:

Page 5 of 8

DOUGLAS H. BANKS

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10169-04

record in Volume 9462, Page 643 of the Deed Records of Travis County,

11.    N 31° 12' 30" E, a distance of 151.51 feet,

12.    N 28° 51' 30" E, a distance of 171.97 feet to a point, being the northeast corner of the said 10.71-acre Dickerson tract, also being the southeast corner of that certain 2.97-acre tract of land as described in a deed to J. Tommy Read and wife, of record in Volume 6258, Page 2377 of the Deed Records of Travis County,

13.    N 29° 41' 00" E, a distance of 25.24 feet,

14.    N 34° 10' 30" E, a distance of 333.75 feet,

15.    N 32° 28' 30" E, a distance of 128.40 feet to a point, being the northeast corner of the said 2.97-acre Read tract, also being the southeast corner of that certain 3.00-acre tract of land, as described in a deed to Vichi T. Griffin, of record in Volume 8579, Page 1492 of the Deed Records of Travis County,

16.    N 33° 05' 00" E, a distance of 257.83 feet,

17.    N 27° 02' 30" E, a distance of 49.72 feet, and

18.    N 28° 19' 30" E, a distance of 173.53 feet to a point, being the most easterly corner of the said 3.00-acre Griffin tract, also being an interior corner on the said west line of "Tract 1" and of the herein described tract;

THENCE with the northwest line of the said "Tract 1", being the northeast line of the said 3.00-acre Griffin tract, N 58° 03' 30" W, a distance of 264.76 feet to a point, being the most northerly corner of the said 3.00-acre Griffin tract, also being the most easterly corner of that certain 4.466-acre tract of land, as described in a deed to Neal A. Rhea and wife, of record in Volume 8578, Page 881 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.466-acre Rhea tract, N 58° 03' 30" W, a distance of 388.97 feet to a point, being the most northerly corner of the said 4.466-acre Rhea tract, also being the most easterly corner of that certain 5.00-acre tract of land, as described in a deed to L. H. Slusser and wife, of record in Volume 6263, Page 563 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 5.00-acre Slusser tract, N 58° 04' 15" W, a distance of 424.64 feet to a point, being the most northerly corner of the said 5.00-acre Slusser tract, also being the most easterly corner of that certain 4.943-acre tract of land as described in a deed to Vincent M. Harris, Bishop, of record in Volume 7814, Page 843 of the Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.943-acre Harris tract, N 58° 15' 00" W, a distance of 410.59 feet to a point, being the most northerly corner of the said 4.943-acre Harris tract, also being the most easterly corner of that certain 4.979-acre tract of land, as described in a deed to Anderson Mill Church of the Nazarene, of record in Volume 7844, Page 124 of the Deed Records of Travis County;



**EXHIBIT C**

excerpt from the District's minutes of said meeting pertaining to the adoption of the Order; said meeting was open to the public as required by law; and written notice of the date, place, and subject of said meeting was given as required by law, including particularly Article 6252-17, Texas Revised Civil Statutes Annotated, as amended, and Section 54.109, Texas Water Code, as amended.

WITNESS MY HAND and the SEAL of the DISTRICT this 21st day of March, 1988.

_____
Secretary, Board of Directors

(SEAL)


7624P

DOUGLAS H. BANKS

| | | |
|---|---|---|
| 3. | Drainage System | $ 1,137,920.00 |
| 4. | Construction Contingencies | $ 595,108.00 |
| 5. | Investigation Plan and Engineering Work | $ 726,125.00 |
| | TOTAL CONSTRUCTION COST | $13,273,683.00 |

Non-Construction Cost:

| | | |
|---|---|---|
| 1. | Legal and Market Attorney Fees | $ 633,300.00 |
| 2. | Fiscal Agent's Fees | $ 422,200.00 |
| 3. | Capitalized Interest | $ 4,433,100.00 |
| 4. | Bond Discount | $ 422,200.00 |
| 5. | Developer Interest | $ 1,500,000.00 |
| 6. | Organizational Expense | $ 300,000.00 |
| 7. | Cost of Issuance of Bonds | $ 125,517.00 |
| | TOTAL NON-CONSTRUCTION COST | $ 7,836,317.00 |
| | TOTAL BOND AMOUNT | $21,110,000.00 |

and

WHEREAS, the Board of Directors has determined that the above estimate of $21,110,000.00 is reasonable and proper and wishes to approve the same and all items thereof but reserves the right to authorize amendments to said report and to reallocate said costs to meet the changing requirements of the District's systems; and

WHEREAS, the Board of Directors is of the opinion that it would be of benefit to the District to be authorized to levy and collect a maintenance tax of not to exceed One Dollar and Fifty Cents ($1.50) per one hundred dollars ($100) valuation of taxable property within the District to secure funds for maintenance purposes; and

WHEREAS, Section 54.311(b), Texas Water Code, states that a maintenance tax cannot be levied until such maintenance tax is approved by a majority of the electors voting in an election held for that purpose; and

MEASURE II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF
SAID DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE
MAXIMUM AGGREGATE PRINCIPAL AMOUNT OF $21,100,000.00,
MATURING SERIALLY OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE
FIXED BY SAID BOARD OVER A PERIOD OR PERIODS NOT EXCEEDING
FORTY (40) YEARS FROM THEIR DATE OR DATES, BEARING INTEREST
AT ANY RATE OR RATES, AND TO SELL SAID BONDS AT ANY PRICE
OR PRICES, PROVIDED THAT THE NET EFFECTIVE INTEREST RATE ON
ANY ISSUE OR SERIES OF SAID BONDS SHALL NOT EXCEED THE
MAXIMUM LEGAL LIMIT IN EFFECT AT THE TIME OF ISSUANCE OF
EACH SUCH ISSUE OR SERIES, ALL AS MAY BE DETERMINED WITHIN
THE DISCRETION OF THE BOARD OF DIRECTORS OF SAID DISTRICT,
FOR THE PURPOSE OR PURPOSES OF PURCHASING, CONSTRUCTING,
ACQUIRING, OWNING, OPERATING, REPAIRING, IMPROVING AND
EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER SYSTEM AND
DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF LANDS
WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL
ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS,
FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES,
INTERESTS IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFOR
AND ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION
THEREWITH AND ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR
THE PAYMENT OF PRINCIPAL OF AND INTEREST ON SUCH BONDS BY
THE LEVY AND COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON
ALL TAXABLE PROPERTY WITHIN SAID DISTRICT, ALL AS
AUTHORIZED BY THE CONSTITUTION AND LAWS OF THE STATE OF
TEXAS?

MEASURE III

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1 BE AUTHORIZED TO LEVY AND COLLECT A
MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS
($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION ON ALL
TAXABLE PROPERTY WITHIN SAID DISTRICT TO SECURE FUNDS FOR
MAINTENANCE PURPOSES, INCLUDING, BUT NOT LIMITED TO, FUNDS
FOR PLANNING, MAINTAINING, REPAIRING AND OPERATING ALL
NECESSARY WORKS, IMPROVEMENTS, FACILITIES, PLANTS,
EQUIPMENT AND APPLIANCES OF SUCH DISTRICT, AND FOR THE
PAYMENT OF PROPER SERVICES, ENGINEERING AND LEGAL FEES AND
ADMINISTRATIVE EXPENSES?

Section 4: Voting in said election shall be by the use of
paper ballots which shall be printed in both English and
Spanish and which shall conform to the requirements of the
Texas Election Code. Oral bilingual assistance shall be
available during the election and may be obtained by contacting

-4-

[    ]    Scott Storm
[    ].    Clifton Spillar
[    ]    Chester Collingsworth
[    ]    Ron Patterson
[    ]    William R. Britton
[    ]    _____
[    ]    _____
[    ]    _____
[    ]    _____
[    ]    _____

The voter may vote for any five persons for director by placing an "X" in the square beside the person's name or by writing the name or names of a person or persons in the blank spaces provided.

Section 5: The boundaries of the District as established by the Commission are hereby designated as and shall constitute one election precinct and the following is hereby appointed presiding officer of said election:

Joyce Hogan                            Presiding Judge

The presiding judge may appoint, as she deems necessary, clerks to assist in the conduct of the election, not to exceed the maximum number of two (2). Absentee voting in the election by personal appearance shall begin on the 10th day preceding the election and shall continue through the 4th day preceding the election. The clerk for absentee voting shall be Joyce Hogan and the place at which absentee voting shall be conducted is 11408 Boulder Lane, Austin, Texas 78726, within the boundaries of the District.

The absentee voting clerk's mailing address to which ballot applications and ballots to be voted by mail may be sent is 11408 Boulder Lane, Austin, Texas 78726. The absentee voting clerk shall keep the absentee voting place open from 7:00 p.m. to 10:00 p.m. on each day for the absentee voting which is not a Saturday, a Sunday or an official state holiday.

The Presiding Judge named above shall serve as the presiding judge of the Absentee Ballot Board, which shall serve as provided in Chapter 87 of the Texas Election Code.

Section 6: The election shall be held and conducted and returns made to this Board of Directors in accordance with the Texas Election Code as modified by Chapter 54, Texas Water Code.

-6-

NOTICE OF CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION, AND MAINTENANCE TAX ELECTION

Notice is hereby given that Northwest Austin Municipal
Utility District No. 1 (the "District") will hold an election
on May 7, 1988, between the hours of 7:00 a.m. and 7:00 p.m.,
at 11408 Boulder Lane, Austin, Texas 78726, within the
District, for the purpose of electing five (5) permanent
directors of the District, each of whom shall serve until the
next regular election on May 5, 1990 and for voting upon the
following measures:

MEASURE I

SHALL THE CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY
DISTRICT NO. 1 PURSUANT TO THE ORDER OF THE TEXAS WATER
COMMISSION DATED MARCH 16, 1988, BE CONFIRMED?

MEASURE II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF SAID
DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE MAXIMUM
AGGREGATE PRINCIPAL AMOUNT OF $21,110,000.00, MATURING SERIALLY
OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE FIXED BY SAID BOARD
OVER A PERIOD OR PERIODS NOT EXCEEDING FORTY (40) YEARS FROM
THEIR DATE OR DATES, BEARING INTEREST AT ANY RATE OR RATES, AND
TO SELL SAID BONDS AT ANY PRICE OR PRICES, PROVIDED THAT THE
NET EFFECTIVE INTEREST RATE ON ANY ISSUE OR SERIES OF SAID
BONDS SHALL NOT EXCEED THE MAXIMUM LEGAL LIMIT IN EFFECT AT THE
TIME OF ISSUANCE OF EACH SUCH ISSUE OR SERIES, ALL AS MAY BE
DETERMINED WITHIN THE DISCRETION OF THE BOARD OF DIRECTORS OF
SAID DISTRICT, FOR THE PURPOSE OR PURPOSES OF PURCHASING,
CONSTRUCTING, ACQUIRING, OWNING, OPERATING, REPAIRING,
IMPROVING AND EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER
SYSTEM AND DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF
LANDS WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL
ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS,
FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES, INTERESTS
IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFOR AND
ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION THEREWITH AND
ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR THE PAYMENT OF
PRINCIPAL OF AND INTEREST ON SUCH BONDS BY THE LEVY AND
COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON ALL TAXABLE
PROPERTY WITHIN SAID DISTRICT, ALL AS AUTHORIZED BY THE
CONSTITUTION AND LAWS OF THE STATE OF TEXAS?

DOUGLAS H. BANKS

There will also appear on the ballots used in the election the names of the five temporary directors of the District and five blank spaces for write-in votes, as follows:

```
[    ]    Scott Storm
[    ]    Clifton Spillar
[    ]    Chester Collingsworth
[    ]    Ron Patterson
[    ]    William R. Britton
[    ]    _____
[    ]    _____
[    ]    _____
[    ]    _____
[    ]    _____
```

The election is being held pursuant to an order adopted by the Board of Directors of the District on March 21, 1988. Said order contains an estimate of the probable costs of the purchase and construction of the District's improvements to be paid from the proceeds of the bonds described in Measure II above, as follows:

SUMMARY OF COST ESTIMATE

Construction Cost:

| | | |
|---|---|---|
| 1. | Water Supply, Storage and Distribution System | $ 7,574,210.00 |
| 2. | Sewage Collection and Treatment System | $ 3,240,320.00 |
| 3. | Drainage System | $ 1,137,920.00 |
| 4. | Construction Contingencies | $ 595,108.00 |
| 5. | Investigation Plan and Engineering Work | $ 726,125.00 |
| | TOTAL CONSTRUCTION COST | $13,273,683.00 |

Non-Construction Cost:

| | | |
|---|---|---|
| 1. | Legal and Market Attorney Fees | $ 663,300.00 |
| 2. | Fiscal Agent's Fees | $ 422,200.00 |
| 3. | Capitalized Interest | $ 4,433,100.00 |

DOUGLAS H. BANKS

PRECIO O PRECIOS, A CONDICION DE QUE LA TASA DE INTERES NETA
EFECTIVA SOBRE CUALQUIERA EMISION O SERIE DE DICHOS BONOS NO
EXCEDERA EL LIMITE LEGAL MAXIMO EN EFECTO AL TIEMPO DE EMISION
DE CADA TAL EMISION O SERIE, TODO COMO SEA DETERMINADO POR EL
EL JUICIO DE LA JUNTA DIRECTIVA DE DICHO DISTRITO, CON EL
PROPOSITO O PROPOSITOS DE COMPRAR, CONSTRUIR, ADQUIRIR, POSEER,
OPERAR, REPARAR, MEJORAR Y AMPLIAR UN SISTEMA DE ABASTECIMIENTO
DE AGUAS, UN SISTEMA DE ALCANTARILLAS SANITARIAS Y UN SISTEMA
DE DRENAJE Y ALCANTARILLAS PARA EL DRENAJE DE TORMENTAS DE
TIERRAS DENTRO DEL DISTRITO, INCLUYENDO, PERO NO LIMITADO A,
TODAS LAS ADICIONES A DICHOS SISTEMAS Y TODAS LAS OBRAS,
MEJORAS, INSTALACIONES, PLANTAS DE TRATAMIENTO, EQUIPOS,
APARATOS, INTERESES EN PROPIEDADES, Y DERECHOS CONTRACTUALES
NECESARIOS PARA LO MISMO Y INSTALACIONES ADMINISTRATIVAS
NECESARIAS EN RELACION A LO MISMO Y GASTOS DE ORGANIZACION, Y
PARA EFECTUAR PARA EL PAGO DEL PRINCIPAL Y DEL INTERES SOBRE
DICHOS BONOS POR EL GRAVAMEN Y RECAUDACION DE IMPUESTOS AD
VALOREM SUFICIENTE SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE
DICHO DISTRITO, TODO SEGUN LO AUTORIZADO POR LA CONSTITUCION Y
LAS LEYES DEL ESTADO DE TEXAS?

## MEDIDA III

SERA AUTORIZADA LA JUNTA DIRECTIVA DEL DISTRITO MUNICIPAL DE
SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 A GRAVAR Y RECAUDAR UN
IMPUESTO DE MANTENIMIENTO A NO EXCEDER UN DOLAR Y CINCUENTA
CENTAVOS ($1.50) POR CADA CIEN DOLARES ($100) DE VALUACION
SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE DICHO DISTRITO PARA
ASEGURAR FONDOS PARA PROPOSITOS DE MANTENIMIENTO, INCLUYENDO,
PERO NO LIMITADO A, FONDOS PARA PLANEACION, MANTENIMIENTO,
REPARACION Y OPERACION DE TODAS LAS OBRAS, MEJORAS,
INSTALACIONES, PLANTAS, EQUIPOS Y APARATOS DE DICHO DISTRITO, Y
PARA EL PAGO DE SERVICIOS APROPIADOS, HONORARIOS DE INGENIERIA
Y LEGALES, Y GASTOS ADMINISTRATIVOS?

Las proposiciones apareceran en la balota en la siguiente
forma:

## PROPOSICION I

[    ]    FOR                    )        THE DISTRICT
         A FAVOR DE             )
                                )
[    ]    AGAINST               ) (       EL DISTRITO
         EN CONTRA DE           )

-5-

DOUGLAS H. BANKS

probables de la compra y construccion de las mejoras del Distrito a ser pagadas de los procedimientos de bonos descritos en la Medida II anterior, como sigue:

RESUMEN DE COSTO ESTIMADO

Costo de Construccion:

|  |  |  |
|---|---|---|
| 1. | Sistema de abasteciminteo, almacenamiento y distribucion de agua | $ 7,574,210.00 |
| 2. | Sistema de coleccion y tratamiento de aguas residuales | $ 3,240,320.00 |
| 3. | Sistema de drenaje | $ 1,137,920.00 |
| 4. | Accesorios de construccion | $ 595,108.00 |
| 5. | Plan de investigacion y trabajo de ingenieria | $ 726,125.00 |
|  | COSTO TOTAL DE CONSTRUCCION | $13,273,683.00 |

Otros Costos:

|  |  |  |
|---|---|---|
| 1. | Honorarios legales y del abogado de venta | $ 663,300.00 |
| 2. | Honorarios del agente fiscal | $ 422,200.00 |
| 3. | Interes Capitalizado | $ 4,433,100.00 |
| 4. | Descuento de Bonos | $ 422,200.00 |
| 5. | Interes del Contratista | $ 1,500,000.00 |
| 6. | Gastos de Organizacion | $ 300,000.00 |
| 7. | Costo de emision de los bonos | $ 125,517.00 |
|  | TOTAL DE OTROS COSTOS | $ 7,836,317.00 |
|  | SUMA TOTAL DE BONOS | $21,110,000.00 |

-7-



CONFIDENTIAL ☐          NON-CONFIDENTIAL ☑

## MEMORANDUM OF TELEPHONIC COMMUNICATION

Date: 6-2-88        Specialist Ann C. Johnson     File No. T8639-8642

Other Party Sharlene N. Collins   Race  Anglo        Tel. No. 512-499-3600

Title/Organization  Atty for Dist

Jurisdiction  TX           Travis      Northwest Austin MUD #1
                (State)     (County/Parish)        (City/Other)

Subject:  Creating Dist-Confirm system, bond &
maintenance tax. Elec. p.p. & mail in.

Comments:  The district is located wholly
within the county. It contains about
680 acres. Landowners asked the Texas
Water Commission to create the
district so that they could build,
finance, construct water & wastewater
utilities.

DOJ 18441