# Exhibit 6

# Tab A

THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**FILED**

JUL 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| CITY OF SALEM, VIRGINIA,<br>a political subdivision of the<br>Commonwealth of Virginia,<br>114 North Broad Street<br>City of Salem, Virginia 24153 | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ALBERTO R. GONZALES,<br>Attorney General of the<br>United States of America;<br>WAN J. KIM,<br>Assistant Attorney General,<br>Civil Rights Division, United States<br>Department of Justice, Washington, DC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Civil Action No. 1:06-cv-977
(BMK, RJL, HHK)
Three-Judge Court

## CONSENT JUDGMENT AND DECREE

This action was initiated by the City of Salem, a political subdivision of the

Commonwealth of Virginia (hereafter "the City"). The City is subject to the provisions of

Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c.

The City seeks a declaratory judgment under Section 4 of the Voting Rights Act of 1965,

as amended, 42 U.S.C. §1973b. A three-judge court has been convened as provided in 42

U.S.C. §1973b(a)(5) and 28 U.S.C. §2284.

Section 4(a) of the Voting Rights Act provides that a state or political subdivision

subject to the special provisions of the Act may be exempted from those provisions if it

can demonstrate in an action for a declaratory judgment before the United States

District Court for the District of Columbia that for the ten-year period prior to filing the action and during its pendency, it has both 1) complied with the Voting Rights Act, and 2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence. In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the City must satisfy five conditions:

> 1) the City has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the City, and no consent decree, settlement or agreement may have been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the City pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action;
> 4) the City and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C.§1973c, during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and
> 5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the City or any governmental unit within its territory during that ten-year period, nor may any Section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. §1973b(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the City and all governmental units within its territory must have: 1) eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process, 42 U.S.C.

§1973b(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation or harassment of persons exercising voting rights, and to expand the opportunity for convenient registration and voting for every person of voting age, and the appointment of minority persons as election officials throughout the jurisdiction and at all stages of the election and registration process, 42 U.S.C. §1973b(a)(1)(F)(ii-iii). The City is required to present evidence of minority participation in the electoral process, including the levels of minority group registration and voting, changes in such levels over time, and disparities between minority group and non-minority group participation. 42 U.S.C. §1973b(a)(2). In the ten years preceding bailout, the City must not have engaged in violations of any provision of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color. 42 U.S.C. §1973b(a)(3). Finally, the City must provide public notice of its intent to seek a Section 4(a) declaratory judgment. 42 U.S.C. §1973b(a)(4).

The United States, and the Defendants herein, after investigation, have agreed that the Plaintiff has fulfilled all conditions required by Section 4(a) and is entitled to the requested declaratory judgment. The parties have filed a joint motion, accompanied by a Stipulation of Facts, for entry of this Consent Judgment and Decree.

### FINDINGS

Pursuant to the parties' stipulations and joint motion, this Court finds as follows:

1. The City is a political subdivision of the Commonwealth of Virginia, and a political subdivision of a state within the meaning of Section 4(a) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1).

2. There are no other elected governmental units within the meaning of 42 U.S.C. §1973b(a)(1) that exist within the City of Salem.

3. The City is a covered jurisdiction subject to the special provisions of the Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.

4. The City was designated as a jurisdiction subject to the special provisions of the Voting Rights Act on the basis of the determinations made by the Attorney General that Virginia maintained a "test or device" as defined by section 4(b) of the Act, 42 U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer than 50 percent of the persons of voting age residing in the state voted in the 1964 presidential election.

5. No discriminatory test or device has been used by the City during the ten years prior to the commencement of this action for the purpose or with the effect of denying or abridging the right to vote on account of race or color.

6. No person in the City has been denied the right to vote on account of race or color during the past ten years.

7. No court of the United States has issued a final judgment during the last ten years prior to the commencement of this action that the right to vote has been denied or abridged on account of race or color in the City of Salem, and no consent decree, settlement, or agreement has been entered into resulting in any abandonment of a voting practice challenged on such grounds during that time. No such claims currently are pending or were pending at the time this action was filed.

8. No Federal Examiners have been assigned to the City within the ten-year period preceding this action.

9. The City has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the City under Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, have been precleared by the Attorney General. No Section 5 submissions by the City are pending before the Attorney General. The City has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the City by consent decree of other agreement or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. The City does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the City's minority citizens.

13. There is no indication that in the past ten years any persons in the City of Salem have been subject to intimidation or harassment in the course of exercising their right to participate in the political process.

14. The City has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age by adding additional hours and locations for persons to register to vote and by adding additional polling locations for persons to cast ballots as necessary.

15. Since the City does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation, but the City has provided evidence of voter participation for elections since 1990. Turnout has been highest in the City in presidential election years. For example, in the last three

Presidential elections in 1996, 2000, and 2004, for example, 81.2%, 72% and 73.7% of the City's registered voters turned out to vote, respectively.

16. The City has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

17. The City has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. §1973b(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. §1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, City of Salem, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and the City of Salem shall be exempt from coverage pursuant to Section 4(b) of the Voting Rights Act, 42 U.S.C. §1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. §1973b(a)(5).

3. The parties shall bear their own costs.

Entered this _27th_ day of _July_ , 2006.

_Brett M. Kavanaugh_
UNITED STATES CIRCUIT JUDGE

_Henry Kennedy, Jr._
UNITED STATES DISTRICT JUDGE

_Richard Leon_
UNITED STATES DISTRICT JUDGE

Approved as to form and content:
For the Plaintiff City of Salem, Virginia:

_J. Gerald Hebert_
J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676

For the Defendants Alberto R. Gonzales
and Wan J. Kim:
KENNETH L. WAINSTEIN
United States Attorney

_John K. Tanner_
JOHN K. TANNER
DC Bar No. 318873
CHRISTY A. McCORMICK
VA Bar No. 44328
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386

# Tab B

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

BOTETOURT COUNTY, VIRGINIA,      )
a political subdivision of the                    )
Commonwealth of Virginia,                     )
                                                              )
                Plaintiff,                                )
                                                              )
        v.                                                   )
                                                              )
ALBERTO R. GONZALES,                        )
Attorney General of the                           )       Civil Action No.
United States of America,                        )
WAN J. KIM,                                            )       1:06CV-01052 (KLH, RMC, JR)
Assistant Attorney General,                     )
Civil Rights Division, United States        )       (three-judge court)
Department of Justice, Washington, DC,   )
                                                              )
                Defendants.                            )
                                                              )

CONSENT JUDGMENT AND DECREE

        This action was initiated by Botetourt County, Virginia, a political subdivision of

the Commonwealth of Virginia (hereafter "the County"). The County is subject to the

provisions of Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c.

The County seeks a declaratory judgment under Section 4 of the Voting Rights Act of

1965, as amended, 42 U.S.C. §1973b. A three-judge court has been convened as provided

in 42 U.S.C. §1973b(a)(5) and 28 U.S.C. §2284.

        Section 4(a) of the Voting Rights Act provides that a state or political subdivision

subject to the special provisions of the Act may be exempted from those provisions if it

can demonstrate in an action for a declaratory judgment before the United States

District Court for the District of Columbia that for the ten-year period prior to filing the

action and during its pendency, it has both 1) complied with the Voting Rights Act, and

2) taken positive steps both to encourage minority political participation and to remove structural barriers to minority electoral influence. In order to demonstrate compliance with the Voting Rights Act during the ten-year period prior to commencement of a declaratory judgment action under Section 4(a), the County must satisfy five conditions:

> 1) the County has not used any test or device during that ten-year period for the purpose or with the effect of denying or abridging the right to vote on account of race or color;
> 2) no court of the United States has issued a final judgment during that ten-year period that the right to vote has been denied or abridged on account of race or color within the territory of the County, and no consent decree, settlement or agreement may have been entered into during that ten-year period that resulted in the abandonment of a voting practice challenged on such grounds; and no such claims may be pending at the time the declaratory judgment action is commenced;
> 3) no Federal examiners have been assigned to the County pursuant to the Voting Rights Act during the ten-year period preceding commencement of the declaratory judgment action;
> 4) the County and all governmental units within its territory must have complied with Section 5 of the Voting Rights Act, 42 U.S.C.§1973c, during that ten-year period, including the requirement that voting changes covered under Section 5 not be enforced without Section 5 preclearance, and that all voting changes denied Section 5 preclearance by the Attorney General or the District Court for the District of Columbia have been repealed; and
> 5) neither the Attorney General nor the District Court for the District of Columbia have denied Section 5 preclearance to a submission by the County or any governmental unit within its territory during that ten-year period, nor may any Section 5 submissions or declaratory judgment actions be pending. 42 U.S.C. §1973b(a)(1)(A-E).

In addition, to obtain the declaratory judgment, the County and all governmental units within its territory must have: 1) eliminated voting procedures and methods of election that inhibit or dilute equal access to the electoral process, 42 U.S.C. §1973b(a)(1)(F)(i); and 2) engaged in constructive efforts to eliminate intimidation

or harassment of persons exercising voting rights, and to expand the opportunity for

convenient registration and voting for every person of voting age, and the appointment of

minority persons as election officials throughout the jurisdiction and at all stages

of the election and registration process, 42 U.S.C. §1973b(a)(1)(F)(ii-iii). The County is

required to present evidence of minority participation in the electoral process, including

the levels of minority group registration and voting, changes in such levels over time, and

disparities between minority group and non-minority group participation. 42 U.S.C.

§1973b(a)(2). In the ten years preceding bailout, the County must not have engaged in

violations of any provision of the Constitution or laws of the United States or any State or

political subdivision with respect to discrimination in voting on account of race or color.

42 U.S.C. §1973b(a)(3). Finally, the County must provide public notice of its intent to

seek a Section 4(a) declaratory judgment. 42 U.S.C. §1973b(a)(4).

The Defendant United States, after investigation, has agreed that the Plaintiff has

fulfilled all conditions required by Section 4(a) and is entitled to the requested

declaratory judgment. The parties have filed a joint motion, accompanied by a

Stipulation of Facts, for entry of this Consent Judgment and Decree.

<u>FINDINGS</u>

Pursuant to the parties' stipulations and joint motion, this Court finds as follows:

1. The County is a political subdivision of the Commonwealth of Virginia, and a

political subdivision of a state within the meaning of Section 4(a) of the Voting Rights

Act, 42 U.S.C. §1973b(a)(1).

2. Botetourt County is governed by a five-member Board of Supervisors elected

from districts. There are also four other elected governmental units that exist completely

3

in Botetourt County within the meaning of 42 U.S.C. §1973b(a)(1).  These include the

town governments of Buchanan, Fincastle, and Troutville.  The town councils are all

elected at-large.  Another governmental unit operating completely within Botetourt

County is the Botetourt County School Board, which became an elected body in 2005.

Members of the School Board are elected to four-year terms from the same districts as

members of the County Board of Supervisors.

     3. The County is a covered jurisdiction subject to the special provisions of the

Voting Rights Act, including Section 5 of the Act, 42 U.S.C. § 1973c.

     4. The County was designated as a jurisdiction subject to the special provisions of

the Voting Rights Act on the basis of the determinations made by the Attorney General

that Virginia maintained a "test or device" as defined by section 4(b) of the Act, 42

U.S.C. § 1973b(b), on November 1, 1964, and by the Director of the Census that fewer

than 50 percent of the persons of voting age residing in the state voted in the 1964

presidential election.

     5. No discriminatory test or device has been used by the County during the ten

years prior to the commencement of this action for the purpose or with the effect of

denying or abridging the right to vote on account of race or color.

     6. No person in the County has been denied the right to vote on account of race or

color during the past ten years.

     7. No court of the United States has issued a final judgment during the last ten

years prior to the commencement of this action that the right to vote has been denied or

abridged on account of race or color in Botetourt County, and no consent decree,

settlement, or agreement has been entered into resulting in any abandonment of a voting

practice challenged on such grounds during that time. No such claims presently are pending or were pending at the time this action was filed.

8. No Federal Examiners have been assigned to the County within the ten-year period preceding this action.

9. The County has not enforced any voting changes prior to receiving Section 5 preclearance during the ten-year period preceding this action.

10. All voting changes submitted by the County under Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, have been precleared by the Attorney General. No Section 5 submissions by the County are pending before the Attorney General. The County has never sought Section 5 judicial preclearance from this Court.

11. No voting practices or procedures have been abandoned by the County or challenged on the grounds that such practices or procedures would have either the purpose or the effect of denying the right to vote on account of race or color during the ten-year period preceding this action.

12. The County does not employ voting procedures or methods of election which inhibit or dilute equal access to the electoral process by the County's minority citizens.

13. There is no indication that in the past ten years any persons in Botetourt County have been subject to intimidation or harassment in the course of exercising their right to participate in the political process.

14. The County has engaged in constructive efforts over the years to enhance registration and voting opportunities for all of its citizens of voting age by adding additional hours and locations for persons to register to vote and by adding additional polling locations for persons to cast ballots as necessary.

15. Since the County does not record the race of its registered voters, it is unable to present evidence directly measuring minority voter participation, but the County has provided evidence of voter participation for elections since 1990. Current data show, for example, that a significant proportion of the County's voting age population is registered to vote. As of 2005, there were 21,070 registered voters in Botetourt County, or approximately 65% of the voting age population. Turnout has been highest in the County in presidential election years. For example, in the last four Presidential elections (1992, 1996, 2000, and 2004), 87%, 78%, 74%, and 76% of the County's registered voters turned out to vote, respectively.

16. The County has not engaged, within the ten years prior to the commencement of this action, in any violations of the Constitution or laws of the United States or any State or political subdivision with respect to discrimination in voting on account of race or color.

17. The County has publicized the intended commencement and proposed settlement of this action in the media and in appropriate United States post offices as required under 42 U.S.C. §1973b(a)(4). No aggrieved party has sought to intervene in this action pursuant to 42 U.S.C. §1973b(a)(4).

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiff, Botetourt County, Virginia is entitled to a declaratory judgment in accordance with Section 4(a)(1) of the Voting Rights Act, 42 U.S.C. §1973b(a)(1);

2. The parties' Joint Motion for Entry of Consent Judgment and Decree is GRANTED, and Botetourt County, including the Botetourt County School Board and the towns of Buchanan, Fincastle, and Troutville, shall be exempt from coverage pursuant to

6

Section 4(b) of the Voting Rights Act, 42 U.S.C. §1973b(b), provided that this Court shall retain jurisdiction over this matter for a period of ten years. This action shall be closed and placed on this Court's inactive docket, subject to being reactivated upon application by either the Attorney General or any aggrieved person in accordance with the procedures set forth in 42 U.S.C. §1973b(a)(5).

3. The parties shall bear their own costs.

Entered this _____ day of _____, 2006.


_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

**For the Plaintiff Botetourt County, Virginia**

J. GERALD HEBERT
Attorney at Law
5019 Waple Lane
Alexandria, Va. 22304
(703) 567-5873 (O)
(703) 567-5876 (fax)
DC Bar No. 447676

**For the Defendants Alberto R. Gonzales
and Wan J. Kim:**

KENNETH L. WAINSTEIN
United States Attorney

JOHN TANNER
CHRISTY A. McCORMICK
Attorneys, Voting Section
Civil Rights Division
United States Department of Justice
Room 7254 - NWB
950 Pennsylvania Ave., N.W.
Washington, DC 20530
(202) 514-2386

# Tab C



**FILED**

8:58 am, 1/26/07
**Stephan Harris**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

---

LARGE, *et al.*,

    Plaintiffs,

        vs.

FREMONT COUNTY, *et al.*,

    Defendants.

Case No. 05-CV-270

---

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

This matter having come before the Court on defendant's Motion for Summary Judgment, and the Court, having carefully considered the materials filed in support thereof and in opposition thereto, **FINDS** and **ORDERS** as follows:

Defendants' Motion for Summary Judgment sought this Court's declaration that Section 2 of the Voting Rights Act, as amended in 1982, is beyond the power of Congress and unconstitutional as applied to counties that are not covered by Section 5 of the Voting Rights Act and that are located in States that are not covered by Section 5. The core of the Defendants' argument is that the Fourteenth and Fifteenth Amendments prohibit only intentional racial discrimination, and that prophylactic legislation is constitutionally

permissible only if it is congruent and proportionate to the unconstitutional conduct.

This Court finds defendants' arguments to be unavailing, and is not persuaded that the recent line of cases on this matter, starting with *City of Boerne v. P.F. Flores*, 521 U.S. 507 (1997), should be read as the defendants urge. In light of the numerous cases cited by both the plaintiffs and the interveners which have applied Section 2 to counties not covered by Section 5, and in light of the cases that have entertained and rejected challenges to the constitutionality of Section 2 that are virtually identical to the challenge presented here, this Court denies defendants' Motion for Summary Judgment.

This Court instead joins the United States District Court for the District of Colorado, which in rejecting a similar challenge, held that, "both the Supreme Court and the Tenth Circuit Court of Appeals have affirmed the constitutionality of Section 2 . . . In light of binding precedent, this Court declines to reexplore the issue." *United States v. Alamosa County*, 306 F.Supp.2d 1016, 1026 (D. Colo. 2004). Notably, defendants fail to mention this case, despite the fact that the very attorneys who brought this motion for summary judgment brought the motion there.

This Court also declines defendants' invitation to depart from the Ninth Circuit's decision in *United States v. Blaine County*, 363 F.3d 897 (9th Cir. 2004), in which the Ninth Circuit exhaustively, systematically and categorically considered and rejected, again, the very

2

argument brought by the attorneys who brought the present motion in this Court. Buoying this Court's determination that the Ninth Circuit's decision in *Blaine County* is sound is the fact that the Supreme Court denied the Petition for Writ of Certiorari which made similar arguments to the ones presented here.

In short, this Court declines to take the road never traveled, and therefore denies defendants' Motion for Summary Judgment.

Dated this Twenty-sixth day of January, 2007.

_____

ALAN B. JOHNSON

UNITED STATES DISTRICT JUDGE

3