# Exhibit 7

USIDOCS 5739872v1



## Weil, Gotshal & Manges LLP
## MEMORANDUM

May 19, 2006

To:      Members of the Board
           Frank Reilly

From:    Gregory S. Coleman

Re:      Possible Challenge to Preclearance Procedures

---

    As some of you already know, I have been working closely with various legal groups and members of Congress in connection with the expected reauthorization of the Voting Rights Act, and I recently testified before the Senate Judiciary Committee on the subject. One of the issues at stake that continues to affect the district is the preclearance provisions contained in section 5 of the Voting Rights Act. Section 5 does not really do anything that other provisions in the Voting Rights Act don't already do, but, as you know, it does require you to preclear with the U.S. Department of Justice each and every change in voting procedures or practices that you make. This preclearance process is both time-consuming and expensive. I have been active in expressing my concerns that preclearance is no longer justifiable. It imposes huge costs and burdens on small political subdivisions in covered areas, and yet the DOJ rarely interposes objections. In other words, it is a $100-million-a-year bureaucracy that exists largely to process paperwork, but without any real role in the true purposes of the Voting Rights Act.

    Because of my continuing representation of the district in fighting the double-taxation issue, for which we continue to await a decision, I have mentioned some of my ideas to representatives of the district and, if the district were interested in pursuing legal relief from the preclearance process, I would be very interested in helping you to do that. Specifically, we would be interested in pursuing on the district's behalf a complaint that seeks a declaration that



the district is no longer subject to the preclearance provisions, either because it is entitled to "bail out" of the coverage under section 4 of the VRA or because the continued application of the preclearance provisions is an unconstitutional infringement on the sovereignty of the district. The fact is that the district has never discriminated against anyone in voting, and there is no justification for continuing the application of a process that keeps the district under a cloud by requiring it to justify every little change it makes.

I would be very interested in discussing this possibility with you at your next board meeting. Unfortunately, I will be in Washington on client business on Tuesday and will not be able to attend personally. My colleagues, Chris Ward and J.P. Lund, both of whom are very up to date on these issues will be glad to visit with you and answer any questions you may have.

If this kind of a challenge is something you as a board would be interested in, I would ask you to pass a resolution authorizing us to file suit on your behalf to seek a declaratory judgment that the district is no longer subject to preclearance under section 5 of the Voting Rights Act. As with our prior representation, we would be pleased to represent the district on a pro bono basis.

I look forward to continuing to work with each of you.

## CERTIFICATE FOR RESOLUTION

STATE OF TEXAS §
§
COUNTY OF TRAVIS §

    The undersigned officer of the Board of Directors of Northwest Austin Municipal Utility District No. 1 hereby certifies as follows:

    1.    The Board of Directors of Northwest Austin Municipal Utility District No. 1 convened in regular session on the 14th day of June 2006, at Peace Lutheran Church, 10625 North F.M. 620, Austin, Texas and the roll was called of the duly-constituted officers and members of the Board, to wit:

- President
- Vice President
- Secretary
- Treasurer
- Assistant Secretary/Treasurer

all of said persons were present, except _____, thus constituting a quorum. Whereupon, among other business, the following was transacted at the meeting: a

**RESOLUTION AUTHORIZING GREGORY S. COLEMAN OF WEIL, GOTSHAL & MANGES, L.L.P. TO INSTITUTE LITIGATION AGAINST THE DEPARTMENT OF JUSTICE AND/OR APPROPRIATE FEDERAL OFFICIALS REGARDING ENFORCEMENT OF SECTION 5 OF THE VOTING RIGHTS ACT AGAINST THE DISTRICT**

was introduced for the consideration of the Board. It was then duly moved and seconded that the Resolution be adopted, and, after due discussion, the motion, carrying with it the adoption of the Resolution, prevailed and carried by majority of the Board.

    2.    A true, full and correct copy of the Resolution adopted at the meeting described in the above paragraph is attached to this certificate; the Resolution has been duly recorded in the Board's minutes of the meeting; the persons named in the above and foregoing paragraph are the duly chosen, qualified and acting officers and members of the Board as indicated therein; each of the officers and members of the Board was duly and sufficiently notified officially and personally, in advance, of the time, place and purpose of the aforesaid meeting and that the Resolution would be introduced and considered for adoption at the meeting, and each of the officers and members consented, in advance, to the holding of the meeting for such purpose; the meeting was open to the public as required by law; and public notice of the time, place and subject of the meeting was given as required by Chapter 551 of the Government Code.

P_005916

SIGNED AND SEALED the 14th day of June, 2006.

_____, President
(SEAL)                                         Board of Directors

STATE OF TEXAS        §
                      §
COUNTY OF TRAVIS      §

This instrument was acknowledged before me on June 14, 2006 by _____, President of the Board of Directors of Northwest Austin Municipal Utility District No. 1, on behalf of said District.

_____
(SEAL)                                         Notary Public Signature

RESOLUTION AUTHORIZING GREGORY S. COLEMAN OF
WEIL, GOTSHAL & MANGES, L.L.P. TO INSTITUTE LITIGATION AGAINST THE
DEPARTMENT OF JUSTICE AND/OR APPROPRIATE FEDERAL OFFICIALS
REGARDING ENFORCEMENT OF SECTION 5 OF THE VOTING RIGHTS ACT
AGAINST THE DISTRICT

STATE OF TEXAS         §
                      §
COUNTY OF TRAVIS      §

WHEREAS, Northwest Austin Municipal Utility District No. 1 (the "District") has been duly and lawfully created and operates pursuant to Chapters 49 and 54 of the Texas Water Code; and

WHEREAS, the District is subject to the provisions of Section 5 of the federal Voting Rights Act, and as such, must request preclearance from the U.S. Department of Justice for every change affecting voting; and

WHEREAS, the preclearance requires the District to expend taxpayer funds to comply with the federal Voting Rights Act; and

WHEREAS, there have never been any allegations that the District has violated the federal Voting Rights Act, and the U.S. Department of Justice has granted all requests for preclearance.

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 THAT:

**Section 1:** Gregory S. Coleman of Weil, Gotshal & Manges, L.L.P. is hereby authorized to institute litigation against the U.S. Department of Justice and/or appropriate Federal officials regarding enforcement of Section 5 of the Voting Rights Act against the District.

**Section 2:** The District's secretary is hereby directed to file a copy of this resolution with the District's records.

PASSED AND APPROVED on the 14th day of June, 2006.

_____, President
Board of Directors

ATTEST:

_____, Secretary
Board of Directors

- 1 -

P_005918