IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTHWEST AUSTIN MUNICIPAL §
UTILITY DISTRICT NUMBER ONE, §
§
    *Plaintiff,* §
§
vs. §   Civil Action No. 1:06-1384
§         (DST, PLF, EGS)
ALBERTO GONZALES, §
Attorney General of the United States §
§
    *Defendant.* §

## DECLARATION OF JOSE GABRIEL DIAZ IN SUPPORT OF DIAZ INTERVENORS' MOTION FOR SUMMARY JUDGEMENT

1. My name is Jose Gabriel Diaz. I am over the age of 18 and am of sound mind and capable of making this declaration. The facts stated in this declaration are within my personal knowledge and are true and correct.

2. I was born in Puebla, Mexico in 1971. I have lived in various parts of Texas and Mexico, as well as England for a short time. I moved to Austin approximately 10 years ago.

3. My current address is 9400 Jenaro Court, Austin, TX, 78726. I have lived there for the past five years. My home is located within the Canyon Creek subdivision, a predominantly Anglo, upper income neighborhood of single family homes. Canyon Creek is located within the Northwest Austin Municipal Utility District #1 ("MUD"). I am a registered voter of the MUD.

4. I am opposed to the bailout lawsuit filed by the MUD and would have expressed my opposition if I had known their plans to file the lawsuit. I believe that, as a

EX. 26

Perales Decl.
00488

Latino voter, I benefit from the MUD's coverage under Section 5 because I and other Latino voters are protected from discriminatory election changes.

5. I regularly read the Austin American-Statesman newspaper, receive the Canyon Creek newsletter, and pass the neighborhood bulletin boards. I never read anything about the MUD Board's lawsuit challenging the preclearance section of the Voting Rights Act.

6. I did not find out about the lawsuit until after it was filed.

7. I also do not believe the Board had the support of the community to file this lawsuit, nor do I believe they sought it out.

8. In the Fall of 2006 I attended a MUD Board meeting to learn about the Board's reasons for filing the lawsuit.

9. At the meeting, I asked the Board to explain the purpose of the lawsuit and what relationship a case invoking the Voting Rights Act had with our community.

10. Mr. Zimmerman, a MUD Board member, explained that an attorney named Greg Coleman, who had performed some work for the MUD on a pro bono basis in the past, asked the MUD to join the lawsuit as repayment for his free services.

11. Aside from Mr. Zimmerman's explanation of Mr. Coleman's role in the litigation, I do not feel as through the Board answered my questions.

12. After the meeting adjourned, I was approached by Mr. Zimmerman, who said Mr. Coleman would call me in the near future to explain the lawsuit and the issues it involved. Mr. Coleman never called.

13. In April of 2007 I attended another MUD Board meeting. On the agenda was a proposal to institute "numbered place" voting.

14. At the meeting, I voiced my opposition to the "numbered place" voting scheme. When I asked if the change, since it involved voting, would have to be precleared by the Justice Department, the Board agreed. I then raised the concern that the "numbered place" agenda item was simply a way for the Board to invoke preclearance, thus pushing it into the forefront of public debate and creating an opportunity for the Board argue the requirements are burdensome and expensive, as they had in the past.

15. Other community members in attendance also voiced their opposition to the measure, stating they did not believe our MUD had a real interest in the case and the Board "should not be doing favors" for Mr. Coleman.

16. At the close of the meeting the Board voted to remove "numbered place" from the agenda.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed in the City of Austin, TX on May 14, 2007.

_____
Gabriel Diaz