# Exhibit B

NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1

March 21, 1988

88 APR 11 PH 3: 08

CIVIL RIGHTS DIVISION
VOTING SECTION

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

U. S. Department of Justice
Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D.C. 20035-6128

Re:   SUBMISSION UNDER SECTION 5, VOTING RIGHTS ACT
      Northwest Austin Municipal Utility District No. 1

Ladies and Gentlemen:

The undersigned is President of the Board of Directors and Chief Executive Officer of Northwest Austin Municipal Utility District No. 1 (the "District"). This submission pursuant to Section 5, Voting Rights Act of 1965, as amended, is made under the provisions of 28 C.F.R. § 51 (1984).

Background and History

The District, a municipal utility district, was created on March 16, 1988, by the Texas Water Commission, an agency of the State of Texas, pursuant to the provisions of Chapter 54 of the Texas Water Code, as amended. There have been no annexations since that time. The District established the location of its polling places subsequent to November 1, 1972.

The District proposes to hold a confirmation and director election, bond election, and maintenance tax election on May 7, 1988, one of the four (4) precleared election dates in Texas. Chapter 54 of the Texas Water Code, as amended, requires a municipal utility district to hold a confirmation and director election in order to function fully as a legal entity and a bond election before issuing any bonds or other obligations.

There is one (1) person of voting age residing within the District. There are no black families and no families with Spanish surnames within the District.

NICHOLAS H. BANKS

U. S. Department of Justice
March 21, 1988
Page 2

Changes Affecting Voting

A.   Creation.  As noted above, the District was created subsequent to November 1, 1972. A map of the District, which I certify to be a true and correct copy is attached hereto as Exhibit "A".

1.   Information called for in 28 C.F.R. § 51.25:

(a)  A copy of the Order Granting Petition for Creation of Northwest Austin Municipal Utility District No. 1 (the "Order") adopted by the Texas Water Commission (the "Commission") on March 16, 1988, which Order embodies the change affecting voting, is attached hereto as Exhibit "B".

(b)  The difference between the submitted change affecting voting and the law or practice existing prior to the change (i.e., creation of the District) is that a voting unit now exists where no such unit existed previously.

(c)  Clifton D. Spillar, President, Board of Directors, Northwest Austin Municipal Utility District No. 1, c/o Armbrust & Brown, 2600 One American Center, 600 Congress Avenue, Austin, Texas 78701.

(d)  The name of the submitting jurisdiction is Northwest Austin Municipal Utility District No. 1.  The State of Texas, through its agency, the Commission, is the jurisdiction responsible for the change affecting voting.

(e)  The submitting authority is located within Travis County, Texas.

(f)  See (d) above.  The body responsible for the change is the Commission, which adopted the Order creating the District on March 16, 1988.

(g)  The District was created pursuant to the authority of Article XVI, Section 59, Texas Constitution, and Chapter 54 of the Texas Water Code, as amended. Chapter 54 provides that a municipal utility district located within one or more counties must be created according to the following procedure: the majority in value of the holders of land within a proposed district submit a petition for creation of a district, accompanied by a preliminary engineering report, and other

U. S. Department of Justice
March 21, 1988
Page 3

studies, to the Commission. The Executive Director of the Commission reviews the petition and makes a recommendation for action to the Commission. The Commission then conducts a public hearing, of which notice is given by posting and by publication. Following the hearing, the Commission enters an order granting or denying the petition, and, if granting the creation petition, the Commission appoints five (5) persons to serve as temporary directors until such time as the newly created district conducts a confirmation and director election. See attached Exhibit "B".

(h) The date of the adoption of the change affecting voting was March 16, 1988. See attached Exhibit "B".

(i) The change affecting voting will take place at the time the District holds its first elections, the confirmation and director election, bond election, and maintenance tax election proposed to be held on May 7, 1988.

(j) The change affecting voting has not yet been enforced or administered because the District has not conducted an election.

(k) The scope of the change is limited to that 707.19 acres of undeveloped, sparsely-populated land that is identified in the Order as Northwest Austin Municipal Utility District No. 1. No other area in the State of Texas or in Travis County, Texas, will be affected by the change affecting voting, nor will the creation of the District result in any change in existing voting precincts and polling places of any political subdivision in Travis County, Texas.

(1) The change affecting voting is a result of the creation of the District as a political subdivision of the State of Texas to provide water, wastewater, and drainage facilities to the area within the District.

(m) The creation of the District is anticipated to have no effect on members of racial or language minority groups.

(n) There is no past or pending litigation concerning the creation of the District.

U. S. Department of Justice
March 21, 1988
Page 4

(o) No prior practice exists for which pre-
clearance is necessary since the change
affecting voting is the creation of a new
voting jurisdiction. I am unaware of whether
the procedures of Travis County have been
precleared or are subject to the preclearance
requirement.

2. Information required by 28 C.F.R. § 51.26:

(a) Demographic information:

(1) The total population of the District
before the change is not known. Based
on personal knowledge, the current
population is estimated to be one (1),
of whom none are black and none of
Spanish origin. All of the residents of
the District are of voting age.

(2) The number of voters in the precinct is
one (1), of whom none are black and none
of Spanish origin. Prior to the
creation of the District, no District
voting precincts existed with which this
comparison can be made.

(3) No estimates of population were made in
connection with the change affecting
voting, nor were any such estimates
required by Texas law.

(b) Maps:

(1) A map of the District showing its
relationship to Travis County, Texas, is
attached hereto as Exhibit "C". The
boundaries of the newly created District
are shown on this map.

(2) Exhibit "C" indicates the boundaries of
the single District voting precinct.
This is the only precinct ever
established by the District.

(3) No minorities reside in the District.

(4) No natural boundaries or geographical
features influence the selection of the
boundaries of the District.

(5) The District polling places are shown on
Exhibit "D". These are the only polling
places ever established by the District.

U. S. Department of Justice
March 21, 1938
Page 5

    (6)   The Travis County Tax Assessor/Collec-
tor's office, located in Austin, Texas,
was the voter registration site for
Travis County before the creation of the
District and will continue as such for
Travis County and the District.

    (c)   Subsections (c) through (f) are not
applicable to this submission.

    B.   Polling Place. The District will use one (1) polling
place in its confirmation and director election, bond election,
and maintenance tax election on May 7, 1988, the first elections
to be held within the District since its creation. The polling
place for absentee voting as well as on the day of the election
will be located at 11408 Boulder Lane, Austin, Texas 78726. See
attached Exhibit "C".

    1.   Information required by 28 C.F.R. § 51.25:

    (a)   The order embodying the change affecting
voting (i.e., the establishment of a District
polling place) is the Order Calling Confirma-
tion and Director Election, Bond Election and
Maintenance Tax Election for May 7, 1988 (the
"Election Order") attached hereto as Exhibit
"D". I certify that the attachment is a true
copy of the Election Order.

    (b)   See A.1(b) above. The difference between the
submitted change affecting voting and the law
or practice existing prior to the submitted
change is that one (1) polling place has been
created to serve voters of a newly-created
voting unit.

    (c)   See A.1(c) above.

    (d)   Northwest Austin Municipal Utility District
No. 1 is the submitting authority and is also
the jurisdiction responsible for the change.

    (e)   See A.1(e) above.

    (f)   The body responsible for making the change is
the Board of Directors of the District. The
mode of decision was the adoption of an
Election Order upon majority vote of the
Board of Directors.

    (g)   The District undertakes the change pursuant
to the requirements of Chapter 54, Texas
Water Code, as amended, and the Texas Elec-
tion Code, as amended. Section 54.206, Texas

U. S. Department of Justice
March 21, 1988
Page 6

Water Code, as amended, requires the District to hold an election within the boundaries of the District to confirm the creation of the District and to elect five (5) directors at the election held to confirm the creation of the District. Section 42.061, Texas Election Code, as amended, requires the District to establish election precincts and designate the polling places for elections held within the District.

(h) The date of adoption of the change affecting voting was March 21, 1988, when the Board adopted the Election Order.

(i) The change affecting voting will take place on May 7, 1988, the date of the confirmation and director election, bond election, and maintenance tax election.

(j) The change affecting voting has not yet been enforced or administered.

(k) The change affecting voting will affect the entire jurisdiction equally.

(l) See B.1(g) above.

(m) The change affecting voting is anticipated to have no effect on members of racial or language minorities.

(n) There is no past or pending litigation concerning the change affecting voting or related voting practices.

(o) These are the first elections held by the District, so no prior practice exists to which preclearance is applicable. I am unaware of whether the procedure for the adoption of the change has been precleared or is not subject to the preclearance requirement.

2. Information called for in 28 C.F.R. §25.26:

For supplemental information, see A.2 above.

C. Bilingual Election Procedures. The minority language group that brought Texas under the Voting Rights Act of 1965, as amended, is Spanish-speaking. The bilingual election procedures that the District follows are:

U. S. Department of Justice
March 21, 1988
Page 7

1.  Those set forth in Chapter 213, Acts of the 64th Legislature, 1975 (S.B. 165), previously submitted by the State of Texas, which submission is incorporated herein by reference.

2.  Those set forth in the Voting Rights Act Amendments of 1975, Public Law 94-73.

3.  Those set forth in 28 C.F.R. Part 55. The following corresponds to the paragraphs of 28 C.F.R. §§ 55.19 and 55.20.

    (a) Written materials:

        (1) Types of materials:

            (i)   Notice of District Board of Directors Meetings Dealing with Elections - those portions of meeting notices dealing with elections are posted in English and Spanish at the places required by State law.

            (ii)  Notices of Elections - all notices of elections required to be published by State law are published in English and Spanish in a paper of general circulation within the county in which the District is located.

            (iii) Ballots and Other Election Materials That Will Be Used By The Voter - these are printed in English and Spanish.

            (iv)  Absentee Voting Materials - bilingual packets printed in English and Spanish are made available to persons voting absentee.

        (2) Accuracy, completeness: All materials other than those prepared as standard forms are translated into Spanish by Mr. Freddy Castro. Mr. Castro is bilingual in English and Spanish.

        (3) Ballots: See (1)(iii) and (iv) above.

        (4) Voting machines: Not applicable.

    (b) Oral Assistance and Publicity:

U. S. Department of Justice
March 21, 1988
Page 8

> (1)    General announcements, publicity, and assistance will be given in oral form to the extent necessary.
>
> (2)    Assistance - the District will make provision for oral assistance in Spanish should it appear that members of the Spanish-speaking minority cannot effectively read English and Spanish.
>
> (3)    Helpers - it is the District's intention, pursuant to Sections 61.031-61.036 of the Texas Election Code, as amended, to allow any voter unable to speak or read English to be assisted at the polls by any individual of the voter's choice.

D.    _Legislative Changes_.    There have been numerous legislative changes in Texas statutory law affecting, elections since November 1, 1972.  Since we are informed that it is the responsibility of the Secretary of, the State of Texas to make all submissions of statutory changes on, behalf of the State of Texas, no submission of statutory changes affecting voting is made herewith, whether or not previously submitted by Texas.  These are the only changes affecting voting as defined in 28 C.F.R. § 51.2(d) relating to the District.

E.    _Clearances Requested_.    You are hereby respectfully requested to make an executive determination that denial or abridgement of the right to vote on account of race or color in contravention of the guarantees set forth in Section 4(f)(2) of Public Law 89-110, as amended by Public Law 94-73, was not the purpose and is not the effect of such changes as they relate to:

> (a)    the existence of the District;
>
> (b)    the confirmation and director election, bond election, and maintenance tax election to be held by the District on May 7, 1988;
>
> (c)    subsequent elections held by the District.

F.    _Procedural Matters_.  This is the first submission by the District under Section 5 of the Voting Rights Act as amended. In the event that further information would be helpful or for any other reason connected with this request for clearance, please telephone the District's counsel, Ms. Sharlene N. Collins at (512) 499-3600.  Correspondence regarding this submission should be sent to the following address: c/o Armbrust & Brown, P.C. 2600 One American Center, 600 Congress Avenue, Austin, Texas 78701.

U. S. Department of Justice
March 21        , 1988
Page 9

     G. **Request for Expedited Consideration.** Pursuant to 28 C.F.R. § 51.32, the District requests that this submission be given expedited consideration and that the executive determination requested be made, prior to the May 7, 1988 elections.

     A conference is respectfully requested in the event that clearance is not anticipated or in the event such conference would be of assistance in the consideration of this request for clearances.

Very truly yours,

NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1

By: _____, President
    Board of Directors

2-388.89



DOUGLAS H. BANKS

BK. 85    PG. 1203-1205

ROGER S. HANKS
5958/2381
138.733 AC.

ADDITIONAL COURSES

| REF. NO. | BEARING | DISTANCE |
|---|---|---|
| 1 | N29°40'00"E | 283.83 |
| 2 | N30°27'00"E | 284.97 |
| 3 | N30°39'15"E | 278.58 |
| 4 | N30°30'00"E | 167.33 |
| 5 | N29°25'00"E | 294.49 |
| 6 | S58°41'00"E | 369.95 |
| 7 | S58°29'15"E | 199.99 |
| 8 | S58°43'00"E | 511.80 |
| 9 | S60°19'00"E | 399.17 |
| 10 | S58°57'15"E | 345.13 |
| 11 | S30°14'00"W | 150.27 |
| 12 | S59°22'15"E | 89.92 |
| 13 | S59°21'45"E | 41.89 |
| 14 | S59°43'45"E | 169.51 |
| 15 | S59°24'45"E | 249.02 |
| 16 | S59°07'00"E | 100.79 |
| 17 | S59°24'15"E | 96.71 |
| 18 | S59°14'00"E | 309.22 |
| 19 | S59°21'00"E | 63.80 |
| 20 | S59°43'00"E | 19.69 |
| 21 | S65°09'00"E | 86.41 |
| 22 | S72°33'00"E | 289.35 |
| 23 | S69°09'00"E | 96.13 |
| 24 | S47°37'00"E | 28.06 |
| 25 | S44°35'00"E | 118.60 |
| 26 | S44°34'39"E | 37.56 |
| 27 | S40°06'00"E | 38.56 |
| 28 | S38°17'00"E | 143.73 |
| 29 | S53°55'00"E | 138.27 |
| 30 | S88°41'00"E | 62.11 |
| 31 | S59°11'00"E | 67.25 |
| 32 | N72°56'00"E | 51.26 |
| 33 | S17°46'45"E | 337.25 |
| 34 | S17°03'45"E | 200.53 |
| 35 | S09°02'45"E | 630.65 |
| 36 | S02°42'15"W | 538.50 |
| 37 | S03°21'15"W | 304.21 |
| 38 | S43°01'15"W | 565.62 |
| 39 | S00°29'15"W | 247.27 |
| 40 | S30°18'45"E | 616.44 |
| 41 | S47°11'45"E | 156.85 |
| 42 | S16°58'15"W | 269.27 |
| 43 | S17°56'15"W | 210.02 |
| 44 | S13°49'15"W | 435.72 |
| 45 | N52°17'45"W | 60.80 |
| 46 | N32°13'45"W | 94.24 |
| 47 | N66°15'45"W | 100.37 |
| 48 | N88°52'45"W | 83.67 |
| 49 | N63°54'45"W | 37.97 |
| 50 | N63°53'45"W | 222.76 |
| 51 | N63°06'45"W | 161.93 |
| 52 | N61°02'45"W | 260.95 |
| 53 | N61°31'45"W | 380.59 |
| 54 | N62°03'45"W | 323.08 |
| 55 | N63°13'15"W | 206.17 |
| 56 | N66°11'45"W | 584.45 |
| 57 | S23°48'15"W | 423.28 |
| 58 | S49°10'00"W | 256.14 |
| 59 | S63°00'00"W | 555.00 |
| 60 | S80°23'30"E | 597.66 |
| 61 | N31°02'00"E | 335.61 |
| 62 | N30°39'45"E | 185.29 |
| 63 | N28°16'30"W | 131.69 |
| 64 | N28°13'15"E | 47.66 |
| 65 | N31°37'45"E | 213.67 |
| 66 | N30°40'00"W | 80.37 |
| 67 | N31°15'45"E | 178.31 |
| 68 | N36°50'30"E | 153.80 |
| 69 | N27°29'45"E | 111.62 |
| 70 | N27°59'30"E | 266.66 |
| 71 | N30°40'15"E | 294.67 |
| 72 | N31°12'30"E | 131.21 |
| 73 | N28°51'30"E | 171.97 |
| 74 | N28°41'00"E | 35.24 |
| 75 | N34°10'30"E | 333.75 |
| 76 | N32°28'30"E | 128.40 |
| 77 | N33°05'00"E | 287.83 |
| 78 | N27°06'30"E | 49.72 |
| 79 | N28°19'30"E | 178.58 |
| 80 | N58°03'30"W | 653.73 |
| 81 | N56°04'15"W | 424.44 |
| 82 | N59°15'00"W | 410.59 |
| 83 | N59°15'30"W | 416.74 |
| 84 | N24°11'00"E | 253.66 |
| 85 | N24°11'00"E | 46.37 |

EXHIBIT A

TES, INC.    PLAT TO ACCOMPANY FIELD NOTES
FOR NORTHWEST AUSTIN M.U.D. NO. 1

_DOUGLAS H. BANKS_

THE STATE OF TEXAS
COUNTY OF TRAVIS
I hereby certify that this is a true and
correct copy of a Texas Water Commission
document, the original of which is filed in
the permanent records of the Commission.
Given under my hand and seal of office
on MAR 2 3 1988

_Karen A. Phillips_
Karen A. Phillips, Chief Clerk
Texas Water Commission

THE STATE OF TEXAS     §
                      §
COUNTY OF TRAVIS    §

TEXAS WATER COMMISSION
STEPHEN F. AUSTIN STATE OFFICE BUILDING
AUSTIN, TEXAS

ORDER GRANTING PETITION FOR CREATION OF NORTHWEST AUSTIN
MUNICIPAL UTILITY DISTRICT NO. 1; APPOINTING TEMPORARY
DIRECTORS THEREFOR; CONTAINING PROPOSED FINDINGS OF
FACT AND RULINGS THEREON; CONTAINING CONCLUSIONS OF
LAW; AND GRANTING OTHER RELIEF PRAYED FOR IN SUCH PETITION

     On March 16, 1988, at 10 o'clock a.m., the Texas Water
Commission (the "Commission") convened in duly called session at
its regular meeting place at the Stephen F. Austin State Office
Building, Austin, Travis County, Texas, and the roll was called
of the duly constituted members of said Commission, to-wit:

     Paul Hopkins - Chairman
     John O. Houchins - Commissioner
     B. J. Wynne, III - Commissioner

with all such members being present, thus constituting a quorum,
when, among other business, there came on for hearing a Petition
for Creation of Northwest Austin Municipal Utility District No. 1
(herein the "District") situated wholly within Travis County,
Texas, the appointment of five (5) temporary directors for the
District, and such other orders, acts, procedure and relief as
may be necessary and proper in connection therewith. The
Commission had previously entered an Order Granting the Petition
for Creation on April 18, 1986. That Order was appealed by the
City of Austin, a party to the hearing to the Travis County
District Court. On January 22, 1988, the Court, upon an agreed
motion, remanded the matter of creation back to the Texas Water
Commission for further proceedings.

     Upon the hearing being convened, the following persons
entered their appearances in their respective capacities on
behalf of the Petitioners: Armbrust & Brown and Biggart &
Soward, attorneys for Petitioner; Royston Lanning appeared on
behalf of the Executive Director of the Texas Water Commission
(the "TWC") and Lee Jones appeared on behalf of the Public
Interest Advocate of the TWC. Although all interested persons
were invited and given full opportunity to appear and offer
testimony on the sufficiency of the Petition and on whether the
District was feasible and practicable, and was necessary and
would be a benefit to all or any part of the land proposed to be
included in the District, no other appearances were entered.

     Following the administration of oaths to all persons
appearing, petitioners presented an Inventory of Exhibits listing
documents and data previously submitted and on file with the

**Exhibit B**

DOUGLAS H. BANKS

Commission in connection with the subject matter of the hearing and requested that all such documents and data be entered into evidence and made a part of the official record of the hearing. Petitioners then requested that the official record of the hearing also reflect that the Commission had given notice of the hearing to all parties requesting such notice: the City of Austin, Texas; the Travis County Commissioner's Court; Honorable Bob Richardson, State Representative; Mr. Richard Bean, Executive Director, Capital Area Planning Council. Petitioners then moved and the Commission duly ordered that official notice be taken and that the official record of the hearing include the following matters:

1. The status of <u>The Austin American-Statesman</u> as a newspaper of general circulation within Travis County; and

2. The receipt, filing and sufficiency of a deposit of $500.00 and filing fee of $60.00 by the Petitioners as required by 31 TAC 293.12 of the Rules of the TWC.

The Commission then invited any interested person, agency or party to offer testimony or other evidence on the sufficiency of the Petition and the allegations contained therein and whether the proposed District's projects are feasible, practicable and necessary and would be a benefit to all or any part of the land and properties proposed to be included within the District. Thereupon, the persons appearing on behalf of the Petitioners offered testimony, exhibits and documentary evidence in favor of the allegations contained in the Petition, the form thereof, the necessity and feasibility of the District's proposed projects and the benefits to accrue therefrom.

After official notice of the foregoing matters had been taken and following receipt of all testimony, other evidence, exhibits and statements of counsel for all persons, agencies and parties, the Commission received and reviewed the following proposed findings of fact submitted by the Petitioners and the form of a proposed order submitted by the Petitioners for adoption by the Commission:

### PROPOSED FINDINGS OF FACT

1. All petitions, certificates, resolutions, statements of consent, ratifications, ordinances, computations, reports and related documents and data required of Petitioners pursuant to 31 TAC 293.11 of the Rules of the TWC have been duly and timely submitted to and filed with the Executive Director of the TWC.

2. All prepared testimony offered into evidence has been filed with the Chief Clerk of the Commission with copies furnished to the Petitioners and to the Executive Director and Public Interest Advocate of the

TWC, and no objections have been made to the introduction of any such evidence.

3. Copies of the Petition and amendments thereto have been submitted to the City Clerk of the City of Austin and to the Commissioners' Court of Travis County.

4. No city having extraterritorial jurisdiction in Travis County has formally requested notice of the creation of all districts in such county, as provided by Section 54.019 of the Texas Water Code, as amended, except the City of Austin.

5. The Chief Clerk of the Texas Water Commission pursuant to an Order of the Texas Water Commission set the time, date, subject and place of this hearing which was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

6. Notice of this hearing and meeting of the Commission was duly posted and published in accordance with the Open Meetings Act, Article 6252-17, Vernon's Annotated Texas Civil Statutes, as amended, and the Administrative Procedure and Texas Register Act, Article 6252-13a, Vernon's Annotated Texas Civil Statutes.

7. The territory sought to be included in the District comprises 707.19 acres, more or less, lying wholly within Travis County, Texas, and within the corporate boundaries of the City of Austin. The boundaries of such parcels of land form a closure and are described by metes and bounds on Exhibit "A" attached hereto and made a part hereof for all purposes.

8. Notice of this hearing containing a statement of the nature and purpose of the Petition, the date, time and place of this hearing, a vicinity map showing the location of the proposed District in relation to roads and other landmarks, and informing all persons of their right to appear and present evidence and testify for or against the allegations in the Petition, the form of the Petition, the necessity and feasibility of the District's projects and the benefits to accrue and stating that any prepared testimony to be offered into evidence at this hearing should be filed five (5) days prior to the hearing date, has been published in a newspaper with general circulation in Travis County, Texas, once a week for two (2) consecutive weeks, with the first such publication occurring at least thirty (30) days before the original date of this hearing, all

as required by Section 54.019(a) of the Texas Water Code, as amended, and 31 TAC 293.14(c) of the Rules of the TWC.

9.  Notice of this hearing was sent, at least 30 days before the date of the hearing, by certified mail, return receipt requested, to all fee simple landowners, as reflected on the counts tax rolls, whose property was located within the proposed District, except property owners who had signed the petition for creation, as required by Section 54.019(e), Texas Water Code.

10. Notice of this hearing has been sent by the Commission to every city in whose extraterritorial jurisdiction any portion of the District is located and to the Commissioner's Court of the county in which the proposed District is located.

11. All of the requirements of Section 54.016(a)-(d) of the Texas Water Code relating to the procedure to obtain authorization to initiate proceedings before the Commission to include land within the District were met.

12. The Petition contains the matters required by Section 54.015, Texas Water Code, as amended, and has been executed by the duly authorized representatives of the Petitioners, who constitute a majority in value of the holders of title of the land to be included within the proposed District, as indicated by the tax rolls and deed records of Travis County, Texas.

13. There is no other municipal utility district within Travis County, Texas, with the same name as is proposed for the District in the Petition.

14. There are presently no waterworks, sanitary sewer or drainage and storm sewer systems or facilities situated within the proposed District or otherwise available within the immediate vicinity for serving the needs of the proposed District.

15. The nature of the works and projects proposed to be done and accomplished by the proposed District and the estimated costs for such works and projects are generally as set forth in the Petition and in the accompanying preliminary engineering report on file with the Commission, and same are consonant with the purposes for which the proposed District is to be created.

16. There is a reasonable expectancy of an adequate market demand for the development proposed within the District

2-388.91 - 4

and of the production, growth and maintenance of tax revenues and operating revenues within the proposed District at reasonable rates of charge and taxation.

17. No significant adverse effects will result from the District's proposed works and systems and from the proposed development on land elevations, subsidence, groundwater levels within the region, recharge capabilities of groundwater levels within the region, recharge capabilities of groundwater sources, natural run-off rates, drainage, and water quality, and the creation of the District will not unreasonably affect total tax assessments on all land and properties located within the proposed District.

18. Upon review of the proposed agreement concerning creation and operation of the District between the City of Austin and the District, it appears to the Commission that Section 3.6 of such agreement is in violation of Commission Rule 31 TAC 293.13(5) and should be severed from the agreement.

19. Each of the following named persons is over the age of eighteen (18) years, is a resident citizen of the State of Texas, owns land subject to taxation within the proposed District, has completed and filed with the Commission affidavits in form and substance as required by 31 TAC 311.31 of the Rules of the TWC, and has no disqualifying relationship or interest as described in such rule.

      Scott Storm
      Clifton Spillar
      Chester Collinsworth
      Ron Patterson
      William R. Britton

Following consideration of all issues of fact and law relative to the aforesaid hearing, the Commission rules on the proposed findings of fact and form of order submitted by the Petitioners as follows:

## RULINGS ON PROPOSED FINDINGS OF FACT

1. The Commission rules that all of the foregoing proposed findings of fact and each specific proposed finding of fact are true, complete and correct; and

2. The form and substance of the proposed order submitted by the Petitioners for the Commission's consideration is true, complete and correct and should be adopted.

Based upon the foregoing matters officially noticed and the findings of fact and rulings of the Commission, the Commission concludes and sets forth its conclusions of law as follows:

## CONCLUSIONS OF LAW

1.  The Commission has duly received, filed, set a hearing upon and heard all testimony and evidence for or against the Petition, and the Commission has jurisdiction of this proceeding and authority to make and enter its findings of fact, rulings and orders with respect to the creation of the proposed District.

2.  The Petition submitted to and filed with the Commission is in due, proper and sufficient form and has been duly and properly executed, approved and ratified by the appropriate holders of title to or interests in the land proposed to be included within the District.

3.  All of the allegations contained in the Petition and, each of same are true, complete and correct and, taken as a whole, entitle the Petitioners to the relief prayed for in the Petition.

4.  All notices of all actions, proceedings and matters had incident to this hearing and the creation of the proposed district have been made, given, published and posted as required by applicable law.

5.  All of the lands and properties proposed to be included within the District may properly be included within the District.

6.  All of the requirements of Section 54.016 of the Texas Water Code, as amended, have been fully complied with, met and accomplished.

7.  This hearing has been set, called, convened and conducted in full compliance with all applicable laws of the State of Texas and the Rules of the Commission.

8.  The creation and organization of the proposed District and the proposed works and projects of the District are feasible and practicable and are necessary and will be a benefit and public utility to all of the land proposed to being included within such District, and none of the land proposed to be included in such District should be excluded therefrom.

9.  Section 3.6 of the proposed agreement between the City of Austin and the District is in violation of Commission Rule 31 TAC 293.13(5) and should be severed from the agreement.

10. The five (5) persons named above who have requested to be appointed as temporary directors of the proposed District are each and all fully qualified in all respects to serve as temporary directors of the proposed District.

11. The Petition should be granted by the Commission.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER COMMISSION, THAT:

1. The Order of the Commission of April 18, 1986 granting the Petition for creation is withdrawn, and this Order is substituted.

2. The Petition is hereby in all things granted and Northwest Austin Municipal Utility District No. 1 is hereby created, organized and established as prayed for in the Petition.

3. The District is created and established under the terms and conditions of Article XVI, Section 59, of the Constitution of Texas and Chapter 54 of the Texas Water Code, together with all amendments and additions thereto.

4. The District shall have all the rights, powers, privileges, authority and functions conferred by and shall be subject to all duties imposed by the TWC and the general law of the State of Texas relating to municipal utility districts.

5. The District shall be composed of the area situated wholly within Travis County, Texas, described by metes and bounds in Exhibit "A" hereto.

6. Section 3.6 of the proposed agreement between the City of Austin and the District is severed from the agreement.

7. The following five persons are hereby named and appointed as temporary directors of the District to serve until their successors are elected or have been appointed in accordance with applicable law:

       Scott Storm
       Clifton Spillar
       Chester Collinsworth
       Ron Patterson
       William R. Britton

8. The foregoing temporary directors shall, as soon as practicable after the date of entry of this Order, execute their official bonds and take their official

2-388.91 - 7

oaths of office, and all such bonds shall be approved by the Board of Directors of the District, and each bond and oath shall be filed with the District and retained in its records.

9. This Order shall in no event be construed as an approval of any proposed agreement or of any particular items in any documents provided in support of the creation petition, nor as a commitment or requirement of the Commission in the future to approve or disapprove any particular items or agreements in future applications submitted by the District for Commission consideration.

10. This Order shall not constitute approval or recognition of the validity of any provisions in City of Austin Ordinance No. 870514-X and the other ordinances incorporated therein by reference to the extent that such provisions exceed the authority granted to the City of Austin by the laws of the State of Texas.

Upon the foregoing proposed Order being considered by the Commission, it was duly moved and seconded that the same be passed and adopted, and upon the question being called, said motion, carrying with it the adoption of said Order, was duly passed and adopted, with all members of the Commission present voting "Aye" and no member voting "No".

Signed this the ___16th___ day of ___March___, 1988.

TEXAS WATER COMMISSION


_____
Paul Hopkins, Chairman

ATTEST:


_____
Karen A. Phillips, Chief Clerk

DOUGLAS H. BANKS

Municipal Utility District             FN 3284 (JJM)
Northwest Austin, No. 1               May 11, 1987
707.19 Acres                    EH&A Job No. 10139-04

## NORTHWEST AUSTIN M.U.D. NO. 1

A FIELD NOTE DESCRIPTION, PREPARED FROM RECORD INFORMATION AND SURVEYS BY OTHERS, OF 707.19 ACRES OF LAND OUT OF THE A. E. LIVINGSTON SURVEY NO. 155, THE A. E. LIVINGSTON SURVEY NO. 465, THE W. P. MOORE SURVEY NO. 704 AND THE JOHN T. SMITH SURVEY NO. 154, IN TRAVIS COUNTY, TEXAS, BEING ALL OF THAT CERTAIN 79.96-ACRE TRACT OF LAND REFERRED TO AS "TRACT 5", AND A PORTION OF THAT CERTAIN 1120.91-ACRE TRACT OF LAND REFERRED TO AS "TRACT 1", AS DESCRIBED IN A DEED OF TRUST FROM NASH PHILLIPS COPUS, INC., TO ROYCE C. LEE, TRUSTEE, EXECUTED AUGUST 16, 1985, AND RECORDED IN VOLUME 9318, PAGE 451 OF THE DEED RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID "TRACT 5" ALSO BEING KNOWN AS CANYON CREEK, SECTION ONE, A SUBDIVISION OF RECORD IN BOOK 88, PAGES 1508-1513 OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS, THE SAID 707.19 ACRES BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS, AS FOLLOWS:

BEGINNING at a point, being the intersection of the east right-of-way line of FM Highway 620 and the south right-of-way line of Boulder Lane, a street as dedicated to the public by the plat of 620 Oaks, a subdivision of record in Book 76, Page 239 of the Plat Records of Travis County, also being the most westerly corner of the said 620 Oaks, said point of beginning also being the northwest corner of the said 79.96-acre Tract 5, and of the herein described tract;

THENCE with the north line of the said "Tract 5", being consecutively, the south and east right-of-way lines of the said Boulder Lane, also being the south and east lines of the said 620 Oaks, the two (2) courses and distances which follow:

1. S 61° 12' 45" E, a distance of 1934.05 feet, and

2. N 29° 40' 00" E, a distance of 60.03 feet to a point on the north right-of-way line of the said Boulder Lane, being the southeast corner of Lot 6, Block B of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east lines of the said Lot 6, Block B and Lot 7, Block B of the said 620 Oaks, consecutively, the four (4) courses and distances which follow:

1. N 29° 40' 00" E, a distance of 223.82 feet,

2. N 30° 27' 00" E, a distance of 264.97 feet,

3. N 30° 39' 15" E, a distance of 278.88 feet, and

4. N 30° 30' 00" E, a distance of 114.83 feet to a point, being the northeast corner of the said Lot 7, Block B, also being a point on the south right-of-way line of Hare Trail, a street as dedicated to the public by the said plat of 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east right-of-way line of the said Hare Trail, N 30° 30' 00" E, a distance of 52.50 feet to a point on the north right-of-way line of the said Hare Trail, being the southeast corner of Lot 1, Block C of the said 620 Oaks;

THENCE continuing with the said north line of "Tract 5" and east line of 620 Oaks, being the east line of the said Lot 1, Block C, N 29° 15' 00" E, a distance of 294.69 feet to a point, being the southwest corner of that certain 73.62 acre tract of land as described in a deed to James R. Arnold, Jr., of record in Volume 3274, Page 2101 of the Deed Records of Travis County, also being the most northerly corner of the said "Tract 5" and of the herein described tract;

DOUGLAS H. BANKS

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

THENCE leaving the said east line of 420 Oaks, continuing with the said north line of "Tract 5", being the south line of the said 73.52-acre Arnold tract, the five (5) courses and distances which follow:

1. S 58° 41' 00" E, a distance of 369.95 feet,

2. S 59° 29' 15" E, a distance of 199.99 feet,

3. S 58° 43' 00" E, a distance of 511.80 feet,

4. S 60° 18' 00" E, a distance of 399.17 feet, and

5. S 58° 57' 15" E, a distance of 366.15 feet to a point, being the intersection of the said south line of the 73.52-acre Arnold tract and the west line of Anderson Mill Estates, Section 3, a subdivision of record in Book 75, Page 117 of the Plat Records of Travis County;

THENCE leaving the said south line of the 73.52-acre Arnold tract, continuing with the said north line of "Tract 5", being the said west line of Anderson Mill Estates, Section 3, also being the west lines of Lot 3, Lot 2, and Lot 1, Block M, of the said Anderson Mill Estates, Section 3, consecutively, the five (5) courses and distances which follow:

1. S 30° 14' 00" W, a distance of 150.27 feet,

2. S 89° 22' 15" E, a distance of 89.92 feet,

3. S 59° 21' 45" E, a distance of 41.89 feet,

4. S 59° 00' 45" E, a distance of 169.51 feet,

5. S 59° 24' 45" E, a distance of 249.02 feet, and

6. S 59° 07' 00" E, a distance of 75.19 feet to a point, being the most southerly corner of the said Lot 1, Block M, also being a point on the northwest right-of-way line of Pagosa Trail, a street as dedicated to the public by the said plat of Anderson Mill Estates, Section 3;

THENCE continuing with the said north line of "Tract 5" and west line of Anderson Mill Estates, Section 3, being the southwest right-of-way line of the said Pagosa Trail, the two (2) courses and distances which follow:

1. S 59° 07' 00" E, a distance of 25.00 feet, and

2. S 59° 24' 15" E, a distance of 25.00 feet to a point on the southeast right-of-way line of the said Pagosa Trail, being the most westerly corner of Lot 27, Block D, of the said Anderson Mill Estates, Section 3;

THENCE continuing with the said north line of "Tract 5", being the southwest line of the said Anderson Mill Estates, Section 3, also being the southwest lines of Lot 27, Lot 26, Lot 12, and Lot 11, Block D, of the said Anderson Mill Estates, Section 3, consecutively, the nine (9) courses and distances which follow:

1. S 59° 24' 15" E, a distance of 71.71 feet,

2. S 59° 16' 00" E, a distance of 309.22 feet,

Page 3 of 5

Municipal Utility District
Northwest Austin, No. 1'
707.19 Acres

FN 3824 (JJM)
May 11, 1987
EH&A Job No. 10119-04

3.   S 59° 21' 00" E, a distance of 63.80 feet,

4.   S 89° 43' 00" E, a distance of 19.69 feet,

5.   S 65° 09' 00" E, a distance of 86.41 feet,

6.   S 72° 33' 00" E, a distance of 291.35 feet,

7.   S 690 09' 00" E, a distance of 96.13 feet,

8.   S 47° 37' 00" E, a distance of 28.06 feet, and

9.   S 640 33' 00" E, a distance of 114.60 feet to a point, being the
     most easterly corner of the said 'Tract 1', also being an angle
     point on the north line of the aforesaid 1120.91-acre 'Tract 1';

THENCE continuing with the said southwest line of Anderson Mill Estates,
Section 3, and southwest lines of Lot 11 and Lot 10, Block D, consecutively, being
the northeast line of the said 'Tract 1', the five (5) courses and distances which
follow:

1.   S 64° 34' 39" E, a distance of 37.54 feet,

2.   S 40° 03' 00" E, a distance of 38.56 feet,

3.   S 38° 19' 00" E, a distance of 143.73 feet,

4.   S 53° 55' 00" E, a distance of 138.27 feet, and

5.   N 88° 41' 00" E, a distance of 62.11 feet to a point, being the
     southeast corner of the said Lot 10, Block H, also being the
     southeast corner of the said Anderson Mill Estates, Section 3,
     said point also being the most westerly corner of that certain
     36.7133-acre tract of land, referred to as 'Tract One', as
     described in a deed to Triland/Western Spicewood Joint
     Venture, of record in Volume 1500, Page 691 of the Deed
     Records of Travis County, Texas;

THENCE leaving the said southwest line of Anderson Mill Estates, Section 3,
continuing with the said northeast line of 'Tract 1', being the southwest line of the
said 36.7133-acre Triland tract, the six (6) courses and distances which follow:

1.   S 89° 11' 00" E, a distance of 67.25 feet,

2.   N 72° 58' 00" E, a distance of 51.26 feet,

3.   S 17° 06' 45" E, a distance of 337.25 feet,

4.   S 17° 03' 45" E, a distance of 200.53 feet,

5.   S 09° 02' 45" E, a distance of 630.69 feet, and

6.   S 02° 42' 15" W, a distance of 187.59 feet to a point, being the
     southwest corner of the said 36.7133-acre Triland tract, also
     being the northwest corner of Spicewood At Bullcreek, Section
     Two, a subdivision of record in Book 83, Pages 80A-80C of the
     Plat Records of Travis County;

Municipal Utility District
Northwest Austin No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10139-04

THENCE leaving the said southwest line of the 36.9153-acre Triland tract, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek, Section Two, the two (2) courses and distances which follow:

1.   S 02° 42' 15" W, a distance of 351.11 feet, and

2.   S 03° 21' 15" W, a distance of 663.61 feet to a point, being the southwest corner of the said Spicewood At Bullcreek, Section Two, also being the northwest corner of Spicewood At Bullcreek Garden Homes PUD, a subdivision of record in Book 83, Pages 79A-79D of the Plat Records of Travis County;

THENCE leaving the said west line of Spicewood At Bullcreek, Section Two, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek Garden Homes PUD, the five (5) courses and distances which follow:

1.   S 03° 21' 15" W, a distance of 60.60 feet,

2.   S 63° 05' 15" W, a distance of 365.62 feet,

3.   S 00° 29' 15" W, a distance of 247.27 feet,

4.   S 30° 18' 45" E, a distance of 616.44 feet,

5.   S 47° 11' 45" E, a distance of 153.03 feet to a point, being the southwest corner of the said Spicewood At Bullcreek Garden Homes PUD, also being the northwest corner of Spicewood At Bullcreek, Section Three, Phase C, a subdivision of record in Book 85, Pages 120B-120D of the Plat Records of Travis County;

THENCE leaving the said west line of Spicewood At Bullcreek Garden Homes PUD, continuing with the said northeast line of "Tract 1", being the west line of the said Spicewood At Bullcreek, Section Three, Phase C, the four (4) courses and distances which follow:

1.   S 47° 11' 45" E, a distance of 11.82 feet,

2.   S 16° 18' 15" W, a distance of 169.27 feet,

3.   S 17° 45' 15" W, a distance of 210.02 feet, and

4.   S 13° 48' 15" W, a distance of 635.72 feet to a point, being the intersection of the said west line of Spicewood At Bullcreek, Section Three, Phase C, and the northeast line of that certain 138.733-acre tract of land as described in a deed to Roger E. Banks, of record in Volume 6958, Page 2381 of the Deed Records of Travis County, also being the southeast corner of the herein described tract;

THENCE leaving the said west line of Spicewood At Bullcreek, Section Three, Phase C, continuing with the east line of the said "Tract 1", being the northeast line of the said 138.733-acre Banks tract, the eleven (11) courses and distances which follow:

1.   N 62° 17' 45" W, a distance of 60.80 feet,

9

Page 4 of 8

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 2884 (JJM)
May 11, 198
EHRA Job No. 10169-04

2.  N 32° 43' 45" W, a distance of 94.26 feet,

3.  N 66° 15' 45" W, a distance of 100.37 feet,

4.  N 88° 52' 45" W, a distance of 83.67 feet,

5.  N 63° 54' 45" W, a distance of 37.97 feet,

6.  N 63° 53' 45" W, a distance of 222.76 feet,

7.  N 63° 05' 45" W, a distance of 161.93 feet,

8.  N 61° 02' 45" W, a distance of 260.95 feet,

9.  N 61° 31' 45" W, a distance of 380.59 feet,

10.  N 62° 03' 45" W, a distance of 325.05 feet, and

11.  N 63° 43' 15" W, a distance of 206.17 feet to a point, being the
most northerly corner of the said 138.733-acre Hanks Tract,
also being an interior corner on the said east line of "Tract 1";

THENCE leaving the said east line of "Tract 1" and northeast line of the
138.733-acre Hanks tract, over and across the said "Tract 1", the nine (9) courses
and distances which follow:

1.  N 23° 44' 03" W, a distance of 2466.22 feet,

2.  N 66° 36' 24" W, a distance of 739.87 feet,

3.  N 66° 11' 45" W, a distance of 584.45 feet,

4.  S 23° 48' 15" W, a distance of 623.28 feet,

5.  S 49° 10' 00" W, a distance of 256.16 feet,

6.  S 63° 50' 00" W, a distance of 555.00 feet,

7.  S 70° 18' 19" W, a distance of 1183.33 feet to a point for the
non-tangent beginning of a curve,

8.  along said curve, to the left, having a central angle of
31° 42' 30", a radius of 2000.00 feet, an arc length of
1106.83 feet, and a chord, bearing N 54° 25' 45" W, a distance
of 1092.76 feet, to a point for the end of said curve, and

9.  N 72° 17' 00" W, a distance of 700.34 feet to a point on the
west line of the said "Tract 1", also being a point on the east
right-of-way line of the aforesaid FM Highway 620;

THENCE with the said west line of "Tract 1", being the said east right-of-way line
of FM Highway 620, N 17° 43' 00" E, a distance of 1649.61 feet to a point, being the
southwest corner of that certain 18.51-acre tract of land, as described in a deed to
Howard Mellis-Horseplan and wife, of record in Volume 10073, Page 517 of the Deed
Records of Travis County;

THENCE leaving the said east right-of-way line of FM Highway 620, continuing with
the said west line of "Tract 1", being the south and east lines of the said 18.51-acre
Horseplan tract, the four (4) courses and distances which follow:

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EH&A Job No. 10159-04

1. S 80° 24' 15" E, a distance of 1153.80 feet,

2. S 80° 23' 30" E, a distance of 897.66 feet,

3. S 80° 25' 45" E, a distance of 710.40 feet, and

4. N 31° 02' 00" E, a distance of 335.61 feet to a point, being the northeast corner of the said 18.51-acre Horsepina tract, also being the southeast corner of that certain 18.51-acre tract of land as described in a deed to Michael H. Shefman, of record in Volume 9372, Page 661 of the Deed Records of Travis County;

THENCE continuing with the said west line of "Tract 1", the eighteen (18) courses and distances which follow:

1. N 30° 39' 45" E, a distance of 185.29 feet,

2. N 28° 16' 30" E, a distance of 131.69 feet to a point, being the northeast corner of the said 18.51-acre Shefman tract, also being the southeast corner of the certain 18.51-acre tract of land, as described in a deed to Indru Malhani and wife, of record in Volume 8030, Page 921 of Deed Records of Travis County,

3. N 28° 13' 15" E, a distance of 47.66 feet,

4. N 31° 37' 45" E, a distance of 213.67 feet,

5. N 30° 40' 00" E, a distance of 80.37 feet to a point, being the northeast corner of the said 18.51-acre Malhani tract, also being the southeast corner of that certain 9.95-acre tract of land as described in a deed to Mary Jean Carvel, of record in Volume 8451, Page 36 of the Deed Records of Travis County,

6. N 31° 16' 45" E, a distance of 178.31 feet to a point, being the northeast corner of the said 9.95-acre Carvel tract, also being the southeast corner of that certain 18.737-acre tract of land, as described in a deed to Pete Martinez, of record in Volume 2251, Page 10 of the Deed Records of Travis County,

7. N 36° 50' 30" E, a distance of 153.50 feet,

8. N 27° 29' 45" E, a distance of 111.62 feet to a point, being the northeast corner of the said 18.737-acre Martinez tract, also being the southeast corner of that certain 18.758-acre tract of land, as described in a deed to the Veteran's Land Board of Texas, of record in Volume 2252, Page 94 of the Deed Records of Travis County,

9. N 27° 39' 30" E, a distance of 266.66 feet to a point, being the northeast corner of the said 18.758-acre Veteran's Land Board tract, also being the southeast corner of that certain 18.75-acre tract of land, as described in a deed to Harry Montandon, of record in Volume 3475, Page 2105 of the Deed Records of Travis County,

10. N 30° 40' 15" E, a distance of 298.67 feet to a point, being the northeast corner of the said 18.75-acre Montandon tract, also being the southeast corner of that certain 10.71-acre tract of land, as described in a deed to W. R. Dickerson and wife, of

DOUGLAS H. BANKS

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FN 3884 (JJM)
May 11, 1987
EHAA Job No. 19189-04

record in Volume 9462, Page 663 of the Deed Records of Travis
County;

11. N 31° 12' 30" E, a distance of 151.51 feet,

12. N 28° 51' 30" E, a distance of 171.97 feet to a point, being the
northeast corner of the said 10.71-acre Dickerson tract, also
being the southeast corner of that certain 2.97-acre tract of
land as described in a deed to J. Tommy Read and wife, of
record in Volume 6258, Page 2377 of the Deed Records of
Travis County,

13. N 29° 41' 00" E, a distance of 23.24 feet,

14. N 34° 10' 30" E, a distance of 333.75 feet,

15. N 32° 21' 30" E, a distance of 128.40 feet to a point, being the
northeast corner of the said 2.97-acre Read tract, also being
the southeast corner of that certain 3.00-acre tract of land, as
described in a deed to Vicki T. Griffin, of record in
Volume 6579, Page 1492 of the Deed Records of Travis County,

16. N 33° 05' 00" E, a distance of 257.83 feet,

17. N 27° 02' 30" E, a distance of 49.72 feet, and

18. N 28° 19' 30" E, a distance of 173.58 feet to a point, being the
most easterly corner of the said 3.00-acre Griffin tract, also
being an interior corner on the said west line of "Tract 1" and
of the herein described tract;

THENCE with the northwest line of the said "Tract 1", being the northeast line of
the said 3.00-acre Griffin tract, N 58° 03' 30" W, a distance of 264.76 feet to a
point, being the most northerly corner of the said 3.00-acre Griffin tract, also being
the most easterly corner of that certain 4.664-acre tract of land, as described in a
deed to Neal A. Rhea and wife, of record in Volume 657A, Page 881 of the Deed
Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast
line of the said 4.664-acre Rhea tract, N 58° 03' 30" W, a distance of 188.97 feet to
a point, being the most northerly corner of the said 4.664-acre Rhea tract, also
being the most easterly corner of that certain 5.00-acre tract of land, also described
in a deed to L. H. Slusser and wife, of record in Volume 6263, Page 543 of the Deed
Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast
line of the said 5.00-acre Slusser tract, N 58° 04' 15" W, a distance of 424.44 feet to
a point, being the most northerly corner of the said 5.00-acre Slusser tract, also
being the most easterly corner of that certain 4.963-acre tract of land as described
in a deed to Vincent M. Harris, Bishop, of record in Volume 7814, Page 843 of the
Deed Records of Travis County;

THENCE continuing with the said northwest line of "Tract 1", being the northeast
line of the said 4.963-acre Harris tract, N 58° 15' 00" W, a distance of 610.59 feet
to a point, being the most northerly corner of the said 4.963-acre Harris tract, also
being the most easterly corner of that certain 4.979-acre tract of land, as described
in a deed to Anderson Mill Church of the Nazarene, of record in Volume 7844,
Page 126 of the Deed Records of Travis County;

DOUGLAS H. BANKS

Municipal Utility District
Northwest Austin, No. 1
707.19 Acres

FM 3384 (JJM)
May 11, 1987
EH&A Job No. 10159-04

THENCE continuing with the said northwest line of "Tract 1", being the northeast line of the said 4.979-acre Church of the Nazarene tract, N 58° 15' 30" W, a distance of 416.74 feet to a point, being the most northerly corner of the said 4.979-acre Church of the Nazarene tract, also being a point on the aforesaid east right-of-way line of FM Highway 620;

THENCE continuing with the said northwest line of "Tract 1", being the said east right-of-way line of FM Highway 620, N 24° 11' 00" E, a distance of 253.66 feet to a point, being the most northerly corner of the said "Tract 1", also being the most westerly corner of the aforesaid "Tract 5";

THENCE leaving the said northwest line of "Tract 1", continuing with the said east right-of-way line of FM Hwy 620, being the northwest line of the said "Tract 5", N 24° 11' 00" E, a distance of 46.37 feet to the POINT OF BEGINNING, containing 707.19 acres of land.

THE STATE OF TEXAS       |
                         |      KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TRAVIS         |

That I, Roger Wheat, a Registered Public Surveyor, do hereby certify that the above description was prepared from public records and surveys by others for Municipal Utility District creation, and should not be used for title transfer, and is true and correct to the best of my knowledge.

WITNESS MY HAND AND SEAL at Austin, Travis County, Texas this the 11 day of MAY , 1987, A.D.

ESPEY, HUSTON & ASSOCIATES, INC.
Engineering & Environmental Consultants
P.O. Box 519
Austin, Texas 78767

Roger Wheat
Registered Public Surveyor
No. 4039 - State of Texas

Page 5 of 5



POLLING PLACE

NORTHWEST AUSTIN M.U.D. NO. 1

M.U.D. NO. 2

LAKE TRAVIS

WILLIAMSON CO.
TRAVIS CO.

U.S. 183

620

2222

LOOP 360

LOOP 1 (MOPAC)

COLORADO RIVER

SCALE: 1"= 2 MILES

ESPEY, HUSTON & ASSOCIATES, INC.
ENGINEERING & ENVIRONMENTAL CONSULTANTS

NORTHWEST AUSTIN
M.U.D. NO. 1

VICINITY MAP

FEBRUARY, 1988

EXHIBIT C

CERTIFICATE FOR
ORDER CALLING CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION AND MAINTENANCE TAX ELECTION

STATE OF TEXAS                        §
                                      §
COUNTY OF TRAVIS                      §

I, the undersigned officer of Northwest Austin Municipal Utility District No. 1 (the "District), hereby certify as follows:

1. The Board of Directors of the District (the "Board") convened in a special meeting on March 21, 1988 at the special meeting place of said District, and the roll was called of the duly constituted officers and members of the Board, to wit:

| President | Clifton D. Spillar |
| Director | William Britton |
| Secretary | Ron F. Patterson |
| Director | Scott Storm |
| Director | Chester Collingsworth |

and all of such persons were present, except Directors Storm and Collingsworth thus constituting a quorum. Whereupon among other business the following was transacted at the meeting: a written

ORDER CALLING CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION AND MAINTENANCE TAX ELECTION

(the "Order") was duly introduced for the consideration of the Board and read in full. It was then duly moved and seconded that the Order be adopted, and, after due discussion, said motion, carrying with it the adoption of the Order, carried by the following votes:

AYES:            3

NOES:            0

ABSTENTIONS:     0

2. A true and complete copy of the Order adopted at the meeting described in the above and foregoing paragraph is attached to and follows this certificate; the Order has been duly signed and attested by the proper officers and, as signed, has been duly recorded in the Board's minutes of said meeting; the above and foregoing paragraph is a true and complete

EXHIBIT D

excerpt from the District's minutes of said meeting pertaining to the adoption of the Order; said meeting was open to the public as required by law; and written notice of the date, place, and subject of said meeting was given as required by law, including particularly Article 6252-17, Texas Revised Civil Statutes Annotated; as amended, and Section 54.109, Texas Water Code, as amended.

WITNESS MY HAND and the SEAL of the DISTRICT this <u>21st</u> day of March, 1988.

_____
Secretary, Board of Directors

(SEAL)

7624P

ORDER CALLING CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION, AND MAINTENANCE TAX ELECTION

WHEREAS, Northwest Austin Municipal Utility District No. 1
(the "District") has been duly created by order of the Texas
Water Commission (the "Commission"), and the temporary
directors of the District have been appointed by the Commission
(the "Board of Directors") and have met and organized and have
qualified to serve as directors of the District by taking the
oath and making the bond required by law; and

WHEREAS, it is now necessary to call an election to confirm
the creation and establishment of the District and to elect
five (5) permanent directors thereof, each of whom shall serve
until the next regular election on May 5, 1990; and

WHEREAS, there has been filed in the office of the
District, open to inspection by the public, an engineer's
report covering the works, improvements, facilities, treatment
plants, equipment and appliances to be purchased, acquired and
constructed by the District and the property, contract rights,
rights of use, and interests in property to be purchased or
acquired, as well as the estimated cost of all the foregoing,
together with maps, plats, profiles and data showing and
explaining the report and the report has been considered by the
Board of Directors; and

WHEREAS, said works, improvements, facilities, treatment
plants, equipment, appliances, property, contract rights,
rights of use, and interests in property are designed and
intended to furnish a water supply and distribution system,
sanitary sewer system, and a drainage and storm sewer system
for the District; and

WHEREAS, said engineer's report, as supplemented to date,
contains an estimate of the cost of the purchase, acquisition
and construction of the proposed works, improvements,
facilities, treatment plants, equipment, appliances, and an
estimate of the District's cost of purchasing and acquiring
said property, contract rights, rights of use, and interests in
property, and an estimate of the expenses incident thereto, as
generally follows:

Construction Cost:

1.  Water Supply, Storage and
    Distribution System                       $ 7,574,210.00

2.  Sewage Collection and Treatment
    System                                     $ 3,240,320.00

DOUGLAS H. BANKS

| | | |
|---|---|---|
| 3. | Drainage System | $ 1,137,920.00 |
| 4. | Construction Contingencies | $ 595,108.00 |
| 5. | Investigation Plan and Engineering Work | $ 726,125.00 |
| | TOTAL CONSTRUCTION COST | $13,273,683.00 |

Non-Construction Cost:

| | | |
|---|---|---|
| 1. | Legal and Market Attorney Fees | $ 633,300.00 |
| 2. | Fiscal Agent's Fees | $ 422,200.00 |
| 3. | Capitalized Interest | $ 4,433,100.00 |
| 4. | Bond Discount | $ 422,200.00 |
| 5. | Developer Interest | $ 1,500,000.00 |
| 6. | Organizational Expense | $ 300,000.00 |
| 7. | Cost of Issuance of Bonds | $ 125,517.00 |
| | TOTAL NON-CONSTRUCTION COST | $ 7,836,317.00 |
| | TOTAL BOND AMOUNT | $21,110,000.00 |

and

WHEREAS, the Board of Directors has determined that the above estimate of $21,110,000.00 is reasonable and proper and wishes to approve the same and all items thereof but reserves the right to authorize amendments to said report and to reallocate said costs to meet the changing requirements of the District's systems; and

WHEREAS, the Board of Directors is of the opinion that it would be of benefit to the District to be authorized to levy and collect a maintenance tax of not to exceed One Dollar and Fifty Cents ($1.50) per one hundred dollars ($100) valuation of taxable property within the District to secure funds for maintenance purposes; and

WHEREAS, Section 54.311(b), Texas Water Code, states that a maintenance tax cannot be levied until such maintenance tax is approved by a majority of the electors voting in an election held for that purpose; and

DOUGLAS H. BANKS

WHEREAS, the District desires to issue its bonds secured by and payable from ad valorem taxes; and

WHEREAS, the Board of Directors is of the opinion that an election should be held for the purposes of confirming the creation and establishment of the District and electing five (5) permanent directors thereof, submitting measures on the issuance of the District's bonds and the levy and collection of an ad valorem tax.

WHEREAS, Section 54.507, Texas Water Code, provides that a bond election may be held on the same day as the District's confirmation and director election; and

WHEREAS, Section 54.312, Texas Water Code, provides that a maintenance tax election may be held on the same day as the District's bond election; and

WHEREAS, there is no public building of any kind within the boundaries of the District; and

WHEREAS, this Board of Directors wishes to proceed with the ordering of said election; Now, Therefore,

BE IT ORDERED BY THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 THAT:

Section 1: The matters and facts set out in the preamble of this order are hereby found and declared to be true and are incorporated herein by reference.

Section 2: The engineer's report and estimate of cost, as supplemented, are hereby approved as described above.

Section 3: A special election shall be held within the District on May 7, 1988, between the hours of 7:00 a.m. and 7:00 p.m., at 11408 Boulder Lane, Austin, Texas 78726, within the boundaries of the District, at which there shall be submitted the question of the election of five (5) permanent directors of the District, each of whom shall serve until the next regular election on May 5, 1990, and at which the following measures shall be submitted.

MEASURE 1

SHALL THE CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 PURSUANT TO THE ORDER OF THE TEXAS WATER COMMISSION DATED MARCH 16, 1988, BE CONFIRMED?

-3-

## MEASURE II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF SAID DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE MAXIMUM AGGREGATE PRINCIPAL AMOUNT OF $21,100,000.00, MATURING SERIALLY OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE FIXED BY SAID BOARD OVER A PERIOD OR PERIODS NOT EXCEEDING FORTY (40) YEARS FROM THEIR DATE OR DATES, BEARING INTEREST AT ANY RATE OR RATES, AND TO SELL SAID BONDS AT ANY PRICE OR PRICES, PROVIDED THAT THE NET EFFECTIVE INTEREST RATE ON ANY ISSUE OR SERIES OF SAID BONDS SHALL NOT EXCEED THE MAXIMUM LEGAL LIMIT IN EFFECT AT THE TIME OF ISSUANCE OF EACH SUCH ISSUE OR SERIES, ALL AS MAY BE DETERMINED WITHIN THE DISCRETION OF THE BOARD OF DIRECTORS OF SAID DISTRICT, FOR THE PURPOSE OR PURPOSES OF PURCHASING, CONSTRUCTING, ACQUIRING, OWNING, OPERATING, REPAIRING, IMPROVING AND EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER SYSTEM AND DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF LANDS WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS, FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES, INTERESTS IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFOR AND ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION THEREWITH AND ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR THE PAYMENT OF PRINCIPAL OF AND INTEREST ON SUCH BONDS BY THE LEVY AND COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT, ALL AS AUTHORIZED BY THE CONSTITUTION AND LAWS OF THE STATE OF TEXAS?

## MEASURE III

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NO. 1 BE AUTHORIZED TO LEVY AND COLLECT A MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS ($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION ON ALL TAXABLE PROPERTY WITHIN SAID DISTRICT TO SECURE FUNDS FOR MAINTENANCE PURPOSES, INCLUDING, BUT NOT LIMITED TO, FUNDS FOR PLANNING, MAINTAINING, REPAIRING AND OPERATING ALL NECESSARY WORKS, IMPROVEMENTS, FACILITIES, PLANTS, EQUIPMENT AND APPLIANCES OF SUCH DISTRICT, AND FOR THE PAYMENT OF PROPER SERVICES, ENGINEERING AND LEGAL FEES AND ADMINISTRATIVE EXPENSES?

Section 4: Voting in said election shall be by the use of paper ballots which shall be printed in both English and Spanish and which shall conform to the requirements of the Texas Election Code. Oral bilingual assistance shall be available during the election and may be obtained by contacting

-4-

the Presiding Judge or the Alternate Presiding Judge. The ballots used in the election shall have printed thereon the following:

OFFICIAL BALLOT

PROPOSITION I

[   ]   FOR            )      THE DISTRICT
        A FAVOR DE     )
                       )

[   ]   AGAINST        )      EL DISTRITO
        EN CONTRA DE   )

PROPOSITION II

[   ]   FOR            )      THE ISSUANCE OF BONDS AND THE
        A FAVOR DE     )      LEVY OF AD VALOREM TAXES
                       )      ADEQUATE TO PROVIDE FOR THE
                       )      PAYMENT OF BONDS
                       )
[   ]   AGAINST        )      LA EMISION DE BONOS Y EL
        EN CONTRA DE   )      GRAVAMEN DE IMPUESTOS AD
                       )      VALOREM SUFICIENTE PARA
                       )      EFECTUAR PAGO DE LOS BONOS

PROPOSITION III

[   ]   FOR            )      A MAINTENANCE TAX OF NOT TO
        A FAVOR DE     )      EXCEED ONE DOLLAR AND FIFTY
                       )      CENTS ($1.50) PER ONE HUNDRED
                       )      DOLLARS ($100) VALUATION OF
                       )      TAXABLE PROPERTY IN THE
                       )      DISTRICT
[   ]   AGAINST        )      UN IMPUESTO DE MANTENIMIENTO
        EN CONTRA DE   )      A NO EXCEDER UN DOLAR Y
                       )      CINCUENTA CENTAVOS ($1.50) POR
                       )      CADA CIEN DOLARES ($100) DE
                       )      VALUACION DE PROPIEDAD
                       )      IMPONIBLE DENTRO DEL DISTRITO

Each voter shall vote on the proposition by placing an "X" in the square beside the statement indicating the way he wishes to vote.

There shall also be placed on the ballots used in the election the names of the five temporary directors appointed by the Commission, and five blank spaces for write-in votes, as follows:

-5-



[    ]     Scott Storm
[    ]     Clifton Spillar
[    ]    Chester Collingsworth
[    ]     Ron Patterson
[    ]     William R. Britton
[    ]     _____
[    ]     _____
[    ]     _____
[    ]     _____

The voter may vote for any five persons for director by placing an "X" in the square beside the person's name or by writing the name or names of a person or persons in the blank spaces provided.

<u>Section 5:</u>  The boundaries of the District as established by the Commission are hereby designated as and shall constitute one election precinct and the following is hereby appointed presiding officer of said election:

Joyce Hogan                          Presiding Judge

The presiding judge may appoint, as she deems necessary, clerks to assist in the conduct of the election, not to exceed the maximum number of two (2).  Absentee voting in the election by personal appearance shall begin on the 10th day preceding the election and shall continue through the 4th day preceding the election.  The clerk for absentee voting shall be Joyce Hogan and the place at which absentee voting shall be conducted is 11408 Boulder Lane, Austin, Texas 78726, within the boundaries of the District.

The absentee voting clerk's mailing address to which ballot applications and ballots to be voted by mail may be sent is 11408 Boulder Lane, Austin, Texas 78726.  The absentee voting clerk shall keep the absentee voting place open from 7:00 p.m. to 10:00 p.m., on each day for the absentee voting which is not a Saturday, a Sunday or an official state holiday.

The Presiding Judge named above shall serve as the presiding judge of the Absentee Ballot Board, which shall serve as provided in Chapter 87 of the Texas Election Code.

<u>Section 6:</u>  The election shall be held and conducted and returns made to this Board of Directors in accordance with the Texas Election Code as modified by Chapter 54, Texas Water Code.

-6-

Section 7:  All qualified resident electors of the District shall be entitled to vote in the election.

Section 8:  The Secretary of the Board is hereby directed to cause notice of this election to be published in both Spanish and English once a week for two (2) consecutive weeks in a newspaper of general circulation in Travis County, Texas, with the first publication to be at least 14 days before the date of the election.  The notice shall be substantially in the form of Notice of Election attached hereto and made a part hereof for all purposes.

PASSED AND APPROVED the 21st day of March, 1988.

/s/ Clifton D. Spillar
President, Board of Directors

(SEAL)

ATTEST:

/s/ Ron F. Patterson
Secretary, Board of Directors

390BP

-7-



NOTICE OF CONFIRMATION AND DIRECTOR ELECTION,
BOND ELECTION, AND MAINTENANCE TAX ELECTION

Notice is hereby given that Northwest Austin Municipal
Utility District No. 1 (the "District") will hold an election
on May 7, 1988, between the hours of 7:00 a.m. and 7:00 p.m.,
at 11408 Boulder Lane, Austin, Texas 78726, within the
District, for the purpose of electing five (5) permanent
directors of the District, each of whom shall serve until the
next regular election on May 5, 1990 and for voting upon the
following measures:

## MEASURE I

SHALL THE CREATION OF NORTHWEST AUSTIN MUNICIPAL UTILITY
DISTRICT NO. 1 PURSUANT TO THE ORDER OF THE TEXAS WATER
COMMISSION DATED MARCH 16, 1988, BE CONFIRMED?

## MEASURE II

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1 BE AUTHORIZED TO ISSUE THE BONDS OF SAID
DISTRICT IN ONE OR MORE ISSUES OR SERIES IN THE MAXIMUM
AGGREGATE PRINCIPAL AMOUNT OF $21,110,000.00, MATURING SERIALLY
OR OTHERWISE, IN SUCH INSTALLMENTS AS ARE FIXED BY SAID BOARD
OVER A PERIOD OR PERIODS NOT EXCEEDING FORTY (40) YEARS FROM
THEIR DATE OR DATES, BEARING INTEREST AT ANY RATE OR RATES, AND
TO SELL SAID BONDS AT ANY PRICE OR PRICES, PROVIDED THAT THE
NET EFFECTIVE INTEREST RATE ON ANY ISSUE OR SERIES OF SAID
BONDS SHALL NOT EXCEED THE MAXIMUM LEGAL LIMIT IN EFFECT AT THE
TIME OF ISSUANCE OF EACH SUCH ISSUE OR SERIES, ALL AS MAY BE
DETERMINED WITHIN THE DISCRETION OF THE BOARD OF DIRECTORS OF
SAID DISTRICT, FOR THE PURPOSE OR PURPOSES OF PURCHASING,
CONSTRUCTING, ACQUIRING, OWNING, OPERATING, REPAIRING,
IMPROVING AND EXTENDING A WATERWORKS SYSTEM, SANITARY SEWER
SYSTEM AND DRAINAGE AND STORM SEWER SYSTEM FOR THE DRAINAGE OF
LANDS WITHIN THE DISTRICT INCLUDING, BUT NOT LIMITED TO, ALL
ADDITIONS TO SUCH SYSTEMS AND ALL WORKS, IMPROVEMENTS,
FACILITIES, TREATMENT PLANTS, EQUIPMENT, APPLIANCES, INTERESTS
IN PROPERTY, AND CONTRACT RIGHTS NEEDED THEREFOR AND
ADMINISTRATIVE FACILITIES NEEDED IN CONNECTION THEREWITH AND
ORGANIZATIONAL EXPENSES, AND TO PROVIDE FOR THE PAYMENT OF
PRINCIPAL OF AND INTEREST ON SUCH BONDS BY THE LEVY AND
COLLECTION OF A SUFFICIENT AD VALOREM TAX UPON ALL TAXABLE
PROPERTY WITHIN SAID DISTRICT, ALL AS AUTHORIZED BY THE
CONSTITUTION AND LAWS OF THE STATE OF TEXAS?

<u>MEASURE III</u>

SHALL THE BOARD OF DIRECTORS OF NORTHWEST AUSTIN MUNICIPAL
UTILITY DISTRICT NO. 1 BE AUTHORIZED TO LEVY AND COLLECT A
MAINTENANCE TAX OF NOT TO EXCEED ONE DOLLAR AND FIFTY CENTS
($1.50) PER ONE HUNDRED DOLLARS ($100) VALUATION ON ALL TAXABLE
PROPERTY WITHIN SAID DISTRICT TO SECURE FUNDS FOR MAINTENANCE
PURPOSES, INCLUDING, BUT NOT LIMITED TO, FUNDS FOR PLANNING,
MAINTAINING, REPAIRING AND OPERATING ALL NECESSARY WORKS,
IMPROVEMENTS, FACILITIES, PLANTS, EQUIPMENT AND APPLIANCES OF
SUCH DISTRICT, AND FOR THE PAYMENT OF PROPER SERVICES,
ENGINEERING AND LEGAL FEES AND ADMINISTRATIVE EXPENSES?

The propositions will appear on the ballot in the following
form:

PROPOSITION I

| [  ] | FOR<br>A FAVOR DE | ) | THE DISTRICT |
| [  ] | AGAINST<br>EN CONTRA DE | ) | EL DISTRITO |

PROPOSITION II

| [  ] | FOR<br>A FAVOR DE | ) | THE ISSUANCE OF BONDS AND THE<br>LEVY OF AD VALOREM TAXES<br>ADEQUATE TO PROVIDE FOR THE<br>PAYMENT OF BONDS |
| [  ] | AGAINST<br>EN CONTRA DE | ) | LA EMISION DE BONOS Y EL<br>GRAVAMEN DE IMPUESTOS AD<br>VALOREM SUFICIENTE PARA<br>EFECTUAR PAGO DE LOS BONOS |

PROPOSITION III

| [  ] | FOR<br>A FAVOR DE | ) | A MAINTENANCE TAX OF NOT TO<br>EXCEED ONE DOLLAR AND FIFTY<br>CENTS ($1.50) PER ONE HUNDRED<br>DOLLARS ($100) VALUATION OF<br>TAXABLE PROPERTY IN THE<br>DISTRICT |
| [  ] | AGAINST<br>EN CONTRA DE | ) | UN IMPUESTO DE MANTENIMIENTO<br>A NO EXCEDER UN DOLAR Y<br>CINCUENTA CENTAVOS ($1.50) POR<br>CADA CIEN DOLARES ($100) DE<br>VALUACION DE PROPIEDAD<br>IMPONIBLE DENTRO DEL DISTRITO |

-2-

DOUGLAS H. BANKS

There will also appear on the ballots used in the election the names of the five temporary directors of the District and five blank spaces for write-in votes, as follows:

```
[   ]    Scott Storm
[   ]    Clifton Spillar
[   ]    Chester Collingsworth
[   ]    Ron Patterson
[   ]    William R. Britton
[   ]    _____
[   ]    _____
[   ]    _____
[   ]    _____
[   ]    _____
```

The election is being held pursuant to an order adopted by the Board of Directors of the District on March 21, 1988. Said order contains an estimate of the probable costs of the purchase and construction of the District's improvements to be paid from the proceeds of the bonds described in Measure II above, as follows:

<u>SUMMARY OF COST ESTIMATE</u>

Construction Cost:

| | | |
|---|---|---|
| 1. | Water Supply, Storage and Distribution System | $ 7,574,210.00 |
| 2. | Sewage Collection and Treatment System | $ 3,240,320.00 |
| 3. | Drainage System | $ 1,137,920.00 |
| 4. | Construction Contingencies | $ 595,108.00 |
| 5. | Investigation Plan and Engineering Work | $ 726,125.00 |
| | TOTAL CONSTRUCTION COST | $13,273,683.00 |

Non-Construction Cost:

| | | |
|---|---|---|
| 1. | Legal and Market Attorney Fees | $ 663,300.00 |
| 2. | Fiscal Agent's Fees | $ 422,200.00 |
| 3. | Capitalized Interest | $ 4,433,100.00 |

DOUGLAS H. BANKS

| | | | |
|---|---|---|---|
| 4. | Bond Discount | $ | 422,200.00 |
| 5. | Developer Interest | $ | 1,500,000.00 |
| 6. | Organizational Expense | $ | 300,000.00 |
| 7. | Cost of Issuance of Bonds | $ | 1,251,517.00 |
| | TOTAL NON-CONSTRUCTION COST | $ | 7,836,317.00 |
| | TOTAL BOND AMOUNT | | $21,910,000.00 |

The place for absentee voting by personal appearance is
11408 Boulder Lane, Austin, Texas 78726. Absentee voting by
personal appearance shall occur between the hours of 7:00 p.m
and 10:00 p.m. on each day from April 27, 1988 through May 3,
1988, which is not a Saturday, a Sunday or an official state
holiday. The absentee voting clerk's mailing address to which
ballot application and ballots to be voted by mail may be sent
is 11408 Boulder Lane, Austin, Texas 78726.

AVISO DE ELECCION DE CONFIRMACION Y DE DIRECTORES,
ELECCION DE BONOS, Y ELECCION DE IMPUESTO DE MANTENIMIENTO.

Se notifica por el presente que el Distrito Municipal de
Servicio Publico Northwest Austin No. 1 celebrara una eleccion
el dia 7 de mayo de 1988, entre las horas de las 7:00 p.m. y
las 10:00 p.m., en 11408 Boulder Lane, Austin, Texas 78726,
dentro del Distrito, con el proposito de elegir a cinco
directores permanentes del Distrito, cada uno de los cuales
servira hasta que la proxima eleccion regular del dia 5 de mayo
de 1990, y para votar sobre las siguientes medidas:

MEDIDA I

SERA CONFIRMADA LA CREACION DEL DISTRITO MUNICIPAL DE SERVICIO
PUBLICO NORTHWEST AUSTIN NO. 1 SEGUN LA ORDEN DE LA COMISION DE
AGUAS DE TEXAS DEL DIA 16 DE MARZO DE 1988?

MEDIDA II

SERA AUTORIZADA LA JUNTA DIRECTIVA DEL DISTRITO MUNICIPAL DE
SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 A EMITIR LOS BONOS DE
DICHO DISTRITO EN UNA O MAS EMISIONES O SERIES EN LA CANTIDAD
MAXIMA DE CAPITAL TOTAL DE $21,110,000.00 CON VENCIMIENTO EN
SERIE O DE OTRA MANERA EN TALES PLAZOS COMO SEAN FIJADOS POR
DICHA JUNTA DIRECTIVA SOBRE UN PERIODO O PERIODOS A NO EXCEDER
CUARENTA (40) AÑOS DE SU FECHA O FECHAS, LLEVANDO INTERES A
CUALQUIERA TASA O TASAS, Y A VENDER DICHOS BONOS A CUALQUIER

-4-

DOUGLAS H. BANKS

PRECIO O PRECIOS, A CONDICION DE QUE LA TASA DE INTERES NETA EFECTIVA SOBRE CUALQUIERA EMISION O SERIE DE DICHOS BONOS NO EXCEDERA EL LIMITE LEGAL MAXIMO EN EFECTO AL TIEMPO DE EMISION DE CADA TAL EMISION O SERIE, TODO COMO SEA DETERMINADO POR EL EL JUICIO DE LA JUNTA DIRECTIVA DE DICHO DISTRITO, CON EL PROPOSITO O PROPOSITOS DE COMPRAR, CONSTRUIR, ADQUIRIR, POSEER, OPERAR, REPARAR, MEJORAR Y AMPLIAR UN SISTEMA DE ABASTECIMIENTO DE AGUAS, UN SISTEMA DE ALCANTARILLAS SANITARIAS Y UN SISTEMA DE DRENAJE Y ALCANTARILLAS PARA EL DRENAJE DE TORMENTAS DE TIERRAS DENTRO DEL DISTRITO, INCLUYENDO, PERO NO LIMITADO A, TODAS LAS ADICIONES A DICHOS SISTEMAS Y TODAS LAS OBRAS, MEJORAS, INSTALACIONES, PLANTAS DE TRATAMIENTO, EQUIPOS, APARATOS, INTERESES EN PROPIEDADES, Y DERECHOS CONTRACTUALES NECESARIOS PARA LO MISMO Y INSTALACIONES ADMINISTRATIVAS NECESARIAS EN RELACION A LO MISMO Y GASTOS DE ORGANIZACION, Y PARA EFECTUAR PARA EL PAGO DEL PRINCIPAL Y DEL INTERES SOBRE DICHOS BONOS POR EL GRAVAMEN Y RECAUDACION DE IMPUESTOS AD VALOREM SUFICIENTE SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE DICHO DISTRITO, TODO SEGUN LO AUTORIZADO POR LA CONSTITUCION Y LAS LEYES DEL ESTADO DE TEXAS?

## MEDIDA III

SERA AUTORIZADA LA JUNTA DIRECTIVA DEL DISTRITO MUNICIPAL DE SERVICIO PUBLICO NORTHWEST AUSTIN NO. 1 A GRAVAR Y RECAUDAR UN IMPUESTO DE MANTENIMIENTO A NO EXCEDER UN DOLAR Y CINCUENTA CENTAVOS ($1.50) POR CADA CIEN DOLARES ($100) DE VALUACION SOBRE TODA PROPIEDAD IMPONIBLE DENTRO DE DICHO DISTRITO PARA ASEGURAR FONDOS PARA PROPOSITOS DE MANTENIMIENTO, INCLUYENDO, PERO NO LIMITADO A, FONDOS PARA PLANEACION, MANTENIMIENTO, REPARACION Y OPERACION DE TODAS LAS OBRAS, MEJORAS, INSTALACIONES, PLANTAS, EQUIPOS Y APARATOS DE DICHO DISTRITO, Y PARA EL PAGO DE SERVICIOS APROPIADOS, HONORARIOS DE INGENIERIA Y LEGALES, Y GASTOS ADMINISTRATIVOS?

Las proposiciones apareceran en la balota en la siguiente forma:

## PROPOSICION I

[   ]    FOR            )        THE DISTRICT
         A FAVOR DE     )
                        )
[   ]    AGAINST        ) (      EL DISTRITO
         EN CONTRA DE   )

-5-

UGLAS H. BANKS

## PROPOSICION II

[  ]  FOR                    )      THE ISSUANCE OF BONDS AND THE
      A FAVOR DE            )      LEVY OF AD VALOREM TAXES
                            )      ADEQUATE TO PROVIDE FOR THE
                            )      PAYMENT OF BONDS

[  ]  AGAINST               )      LA EMISION DE BONOS Y EL
      EN CONTRA DE          )      GRAVAMEN DE IMPUESTOS AD
                            )      VALOREM SUFICIENTE PARA
                            )      EFECTUAR PAGO DE LOS BONOS

## PROPOSICION III

[  ]  FOR                    )      A MAINTENANCE TAX OF NOT TO
      A FAVOR DE            )      EXCEED ONE DOLLAR AND FIFTY
                            )      CENTS ($1.50) PER ONE HUNDRED
                            )      DOLLARS ($100) VALUATION OF
                            )      TAXABLE PROPERTY IN THE
                            )      DISTRICT

[  ]  AGAINST               )      UN IMPUESTO DE MANTENIMIENTO
      EN CONTRA DE          )      A NO EXCEDER UN DOLAR Y
                            )      CINCUENTA CENTAVOS ($1.50) POR
                            )      CADA CIEN DOLARES ($100) DE
                            )      VALUACION DE PROPIEDAD
                            )      IMPONIBLE DENTRO DEL DISTRITO

Tambien aparecerán en las balotas utilizadas en la eleccion
los nombres de los cinco directores temporales del Distrito, y
cinco espacios en blanco para votos por escrito, como sigue:

        [  ]  Scott Storm
        [  ]  Clifton Spillar
        [  ]  Chester Collingsworth
        [  ]  Ron Patterson
        [  ]  William R. Britton
        [  ]  _____
        [  ]  _____
        [  ]  _____
        [  ]  _____
        [  ]  _____

Se esta efectuando la eleccion en cumplimiento a una orden
adoptada por la Junta Directiva del Distrito el dia 21 de marzo
de 1988.  Dicha orden contiene un estimacion de los costos

-6-

DOUGLAS H. BANKS

probables de la compra y construccion de las mejoras del Distrito a ser pagadas de los procedimientos de bonos descritos en la Medida II anterior, como sigue:

RESUMEN DE COSTO ESTIMADO

Costo de Construccion:

| | | |
|---|---|---|
| 1. | Sistema de abasteciminteo, almacenamiento y distribucion de agua | $ 7,574,210.00 |
| 2. | Sistema de coleccion y tratamiento de aguas residuales | $ 3,240,320.00 |
| 3. | Sistema de drenaje | $ 1,137,920.00 |
| 4. | Accesorios de construccion | $ 595,108.00 |
| 5. | Plan de investigacion y trabajo de ingenieria | $ 726,125.00 |
| | COSTO TOTAL DE CONSTRUCCION | $13,273,683.00 |

Otros Costos:

| | | |
|---|---|---|
| 1. | Honorarios legales y del abogado de venta | $ 663,300.00 |
| 2. | Honorarios del agente fiscal | $ 422,200.00 |
| 3. | Interes Capitalizado | $ 4,433,100.00 |
| 4. | Descuento de Bonos | $ 422,200.00 |
| 5. | Interes del Contratista | $ 1,500,000.00 |
| 6. | Gastos de Organizacion | $ 300,000.00 |
| 7. | Costo de emision de los bonos | $ 125,517.00 |
| | TOTAL DE OTROS COSTOS | $ 7,836,317.00 |
| | SUMA TOTAL DE BONOS | $21,110,000.00 |

77

DOUGLAS H. BANKS

El lugar para la votacion absentista por comparecencia personal es 11408 Boulder Lane, Austin, Texas 78726. La votacion absentista por comparecencia personal podra realizarse dentro las 7:00 p.m. hasta las 10:00 p.m. durante cada dia a partir del dia 27 de abril de 1988, hasta el dia 3 de mayo de 1988, que no sea sabado, domingo o un dia feriado oficial estatal. La direccion postal del oficial de la votacion absentista a la cual se podran enviar solicitudes para papeletas y papeletas a ser votadas por correo es 11408 Boulder Lane, Austin, Texas 78726.

3911P



U. S. Department of Justice
Civil Rights Division
Voting Section
P. O. Box 66128
Washington, D.C. 20035-6128

CERTIFIED
MAIL

P-481 313 043

Law Offices
ARMBRUST & BROWN
2600 One American Center
600 Congress Avenue
Austin, Texas 78701-3205

WBR:MAP:ACJ:dvs
DJ 166-012-3
T8639-8642
W1689

June 10, 1988

Sharlene N. Collins, Esq.
Armbrust & Brown
2600 One American Center
600 Congress Avenue
Austin, Texas  78701

Dear Ms. Collins:

This refers to the March 16, 1988, creation of Northwest Austin Municipal Utility District No. 1; the procedures for conducting the May 7, 1988, confirmation, directors, bond and maintenance tax election; the establishment of a polling place; bilingual election procedures; and the use of paper ballots for the district in Travis County, Texas, submitted to the Attorney General pursuant to Section 5 of the Voting Rights Act of 1965, as amended, 42 U.S.C. 1973c. We received your submission on April 11, 1988. Although we noted your request for expedited consideration, we have been unable to respond until now.

The Attorney General does not interpose any objection to the change in question. However, we feel a responsibility to point out that Section 5 of the Voting Rights Act expressly provides that the failure of the Attorney General to object does not bar any subsequent judicial action to enjoin the enforcement of such change. See the Procedures for the Administration of Section 5 (28 C.F.R. 51.41).

Sincerely,

Wm. Bradford Reynolds
Assistant Attorney General
Civil Rights Division

By:

Gerald W. Jones
Chief, Voting Section

cc:  Public File

CONFIDENTIAL ☐          NON-CONFIDENTIAL ☑

<u>MEMORANDUM OF TELEPHONIC COMMUNICATION</u>

Date: 6-2-88          Specialist: Ann Cushman          File No. T 8639-8642
                                      Collette
Other Party: Charlene N. Rice   Race Anglo      Tel. No. 512-499-3600

Title/Organization: Atty for Dist

Jurisdiction: TX _____ Travis _____ Northwest Austin MUD
              (State)        (County/Parish)        (City/Other)     #1

Subject: Creating Dist-Confirm, system, bonds +
Assessment Tax. Elec. pp + kid jur.

Comments: The district is located wholly
within the county. It contains about
680 acres. Salaman asked the Texas
Water Commission to create the
district so that they could build,
finance, construct water + wastewater
utilities.

DOJ 13941