IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NORTHWEST AUSTIN MUNICIPAL UTILITY
DISTRICT NUMBER ONE,
401 W. 15th Street
Suite 850
Austin, Texas 78701,
    *Plaintiff*,

v.

ALBERTO GONZALES,
Attorney General of the United States,
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530,
    *Defendant*.

Civil Action No. 1:06-CV-01384
(DST, PLF, EGS)

**PLAINTIFF'S RESPONSE TO POST-ARGUMENT SUBMISSION
BY DIAZ AND GARCIA DEFENDANT INTERVENORS**

Plaintiff Northwest Austin Municipal Utility District Number One files this response to the arguments raised by the Diaz and Garcia defendant-intervenors in their postargument submission.

The Diazes and Garcias purport in their submission to be clarifying only a single point—whether Congress has the authority under the Fifteenth Amendment to protect Hispanic voters from racial discrimination in voting. Defendant-Intervenors' Submission at 1. But the congruence and proportionality standard applied to judge the constitutionality of Congress's prophylactic enforcement actions is identical under both the Fourteenth and Fifteenth Amendments. It is thus immaterial whether Congress acted under one or the other when reauthorizing §5. Either way, §5 fails the constitutional test. Whether the Fifteenth Amendment extends to Hispanic voters is accordingly irrelevant to the proper disposition of this case. Whether Hispanic voters are protected under only the Fourteenth Amendment or under both the Fourteenth and Fifteenth Amendments, §5 is subject to the same stringent standard. Indeed, the Diazes and Garcias implicitly recognize as much by disclaiming any intent to alter the stance adopted in the intervenors' summary judgment briefing, which conceded the applicability of the congruence and proportionality standard of *City of Boerne v. Flores*, 521 U.S. 507, 533, 117 S.Ct. 2157, 2170-71 (1997). *See, e.g.*, Defendant-Intervenors' Memorandum in Support of Mot. for Summary Judgment at 10 (arguing, for example, that the "limitations placed by Congress on Section 5 represent a 'congruence between the means used and the ends to be achieved'" (citing *City of Boerne*)).

I. **FIFTEENTH AMENDMENT COVERAGE OF HISPANICS IS IRRELEVANT BECAUSE §5 IS REVIEWED UNDER THE SAME STANDARD WHETHER ENACTED PURSUANT TO THE ENFORCEMENT PROVISIONS OF THE FOURTEENTH AMENDMENT, THE FIFTEENTH AMENDMENT, OR BOTH.**

As the district has consistently maintained in this litigation, §5 could only be justified, if at all, by sufficient evidence of relevant constitutional violations involving gamesmanship that could render its uniquely intrusive preclearance remedy a congruent and proportional exercise of Congress's enforcement power. *See, e.g.*, Plaintiff's Memorandum in Support of Mot. for Summary Judgment at 37-43 & n.9. Whether an attempted justification for §5 is rooted in Congress's exercise of its powers under the Fourteenth or Fifteenth Amendments, this standard is identical. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 373 n.8, 121 S.Ct. 955, 967 n.8 (2001); *City of Boerne*, 521 U.S. at 518, 117 S.Ct. at 2163; *see also Lopez v. Monterey County*, 525 U.S. 266, 294 n.6, 119 S.Ct. 693, 709 n.6 (1999) (Thomas, J., dissenting) (noting that the Supreme Court has "always treated the nature of the enforcement powers conferred by the Fourteenth and Fifteenth Amendments as coextensive").

For prophylactic legislation such as §5 to be a valid exercise of Congress's enforcement power under either amendment, Congress must "identify conduct transgressing the . . . substantive provisions" of the relevant amendment and "tailor its legislative scheme to remedying or preventing such conduct." *Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 639, 119 S.Ct. 2199, 2207 (1999). The legislative record on which Congress does so must demonstrate a "history and pattern" of relevant unconstitutional conduct. *Garrett*, 531 U.S. at 368, 121 S.Ct. at 965. And the purported prophylaxis must not be "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." *City of Boerne*, 521 U.S. at 532, 117 S.Ct. at 2170.

Even when the Fifteenth Amendment is invoked to justify §5 as protecting the voting rights of Hispanics or any other minority group, analysis of Congress's constitutional authority to require preclearance must proceed under this congruence and proportionality standard, as the Diazes and Garcias have acknowledged. Indeed, *City of Boerne* identified *South Carolina v. Katzenbach*, 383 U.S. 301, 86 S.Ct. 803 (1966), portions of which looked exclusively to the Fifteenth Amendment, as the paradigm for congruence and proportionality analysis. *See City of Boerne*, 521 U.S. at 518, 525-26, 530, 117 S.Ct. at 2163, 2166-67, 2169. And because the alleged discrimination that Congress purportedly acted to preempt by reauthorizing §5 would be equally cognizable as a violation of the Fifteenth and the Fourteenth Amendments, the same congruence and proportionality analysis is required whether either one of the amendments or both apply. *See id.* at 518, 117 S.Ct. at 2163. Congress's power to enforce the Fifteenth Amendment is no greater than is its power to enforce the Fourteenth Amendment, given that the same alleged discrimination could violate both provisions. Accordingly, whether Hispanics are a class cognizable as a language-minority group under the Fifteenth Amendment, so that congressional power to enforce that amendment to prevent discrimination against Hispanics in voting could be invoked to justify §5, is immaterial to the analysis required here.

Finally, although it is irrelevant to the disposition of this case, the district notes that whether Hispanics fall under Fifteenth Amendment protection as a language minority is not, as the Diazes and Garcias assert, a settled question. *See, e.g.*, *Uvalde Consolidated Indep. Sch. Dist. v. United States*, 451 U.S. 1002, 1005, 101 S.Ct. 2341, 2343 (1981) (Rehnquist, J., dissenting from denial of certiorari) (noting congressional concern that "that certain language minority groups might not be considered members of a 'race or color' group protected under the Fifteenth Amendment" during debates over the 1975 amendment to the Voting Rights Act);

3

*Cousins v. City Council of Chicago*, 466 F.2d 830, 841-42 (7th Cir. 1972) (declining to examine whether Fifteenth Amendment protections extend to "ethnic" groups such as "Mexican or Latin American[s], or Spanish speaking Americans"). Although it is true that Hispanic plaintiffs "have asserted claims under the Fifteenth Amendment," Defendant-Intervenors' Submission at 2, such assertions by parties are not law, and the Court ought not be confused by the attempted sleight of hand. *Olagues v. Russoniello*, for example, was vacated as moot by the Supreme Court and so is not good law. *See Russoniello v. Olagues*, 484 U.S. 806, 806, 108 S.Ct. 52, 52 (1987), *vacating* 797 F.2d 1511 (9th Cir. 1986). The Diazes' and Garcias' submission's multiple citations to cases, like *Olagues* and *United States v. South Dakota*, 636 F.2d. 241 (8th Cir. 1980), that address claims by Asian Americans and Native Americans are entirely inapposite to the question of how Hispanics are properly considered for Fifteenth Amendment purposes. And the remaining cases cited by the Diazes and Garcias either unhelpfully conflate analysis under the Fourteenth and Fifteenth Amendments, *e.g.*, *Bonilla v. City Council*, 809 F.Supp. 590, 600 (N.D. Ill. 1992), or rest solely on violations of the Equal Protection Clause of the Fourteenth Amendment, omitting any mention of the Fifteenth Amendment whatsoever, *e.g.*, *White v. Regester*, 412 U.S. 755, 768, 93 S.Ct. 2332, 2340-41 (1973); *Hernandez v. Texas*, 347 U.S. 475, 477, 74 S.Ct. 667, 670 (1954); *Vera v. Richards*, 861 F.Supp. 1304, 1317 (S.D. Tex. 1994).

DATED:  December 19, 2007                    Respectfully submitted:

/s/ Gregory S. Coleman
Gregory S. Coleman
(admitted *pro hac vice*)
Christian J. Ward
(admitted *pro hac vice*)
PROJECT ON FAIR REPRESENTATION
YETTER & WARDEN, L.L.P.
221 West 6th Street, Suite 750
Austin, Texas  78701

4

[Tel.] (512) 533-0150
[Fax] (512) 533-0120

/s/ Erik S. Jaffe
Erik S. Jaffe
D.C. Bar No. 440112
ERIK S. JAFFE, P.C.
5101 34th Street N.W.
Washington, D.C .20008
[Tel.] (202) 237-8165
[Fax] (202) 237-8166

*Attorneys for Plaintiff
Northwest Austin Municipal
Utility District No. One*

**CERTIFICATE OF SERVICE**

I hereby certify that I served Plaintiff's Response to Post-Argument Submission by the Diaz and Garcia Defendant-Intervenors upon counsel for the parties indicated below through the Court's electronic case filing system on December 19, 2007.

Wan J. Kim
Jeffrey A. Taylor
John K. Tanner
H. Christopher Coates
T. Christian Herren Jr
chris.herren@usdoj.gov
Sarah E. Harrington
Christy A. McCormick
Christy.mccormick@usdoj.gov
Civil Rights Division
UNITED STATES DEPARTMENT OF JUSTICE
Room 7254 – NWB
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

*Counsel for Defendant*

Jon M. Greenbaum
jgreenbaum@lawyerscommittee.org
Benjamin J. Blustein
bblustein@lawyerscommittee.org
Jonah H. Goldman
jgoldman@lawyerscommittee.org
LAWYERS COMMITTEE FOR CIVIL RIGHTS
    UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Seth P. Waxman
seth.waxman@wilmerhale.com
John A. Payton
john.payton@wilmerhale.com
Paul R.Q. Wolfson
paul.wolfson@wilmerhale.com
Ariel B. Waldman
ariel.waldman@wilmerhale.com
WILMER CUTLER PICKERING HALE &
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Dennis C. Hayes
General Counsel
NATIONAL ASSOCIATION FOR THE
    ADVANCEMENT OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, Maryland  21215

*Counsel for Intervenors-Defendants Texas State Conference of NAACP and Austin Branch of the NAACP*

Nina Perales
nperales@maldef.org
MEXICAN AMERICAN LEGAL DEFENSE &
   EDUCATIONAL FUND
110 Broadway, Suite 300
San Antonio, Texas  78205

*Counsel for Intervenors-Defendants Lisa Diaz, Gabriel Diaz, and David Diaz*

Theodore Shaw
Jacqueline A. Berrien
Norman J. Chachkin
nchachkin@naacpldf.org
Debo P. Adegbile
NAACP LEGAL DEFENSE AND
   EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York  10013

*Counsel for Intervenors-Defendants Rodney and Nicole Louis for Applicants by Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson*

David J. Becker
dbecker@pfaw.org
People for the American Way Foundation
2000 M Street NW, Suite 400
Washington, D.C.  20036

*Counsel for Intervenor-Defendant People for the American Way*

J. Gerald Hebert
jghebert@comcast.net
5019 Waple *Lane*
Alexandria, Virginia  22304

*Counsel for Intervenor-Defendant Travis County*

Joseph E. Sandler
sandler@sandlerreiff.com
SANDLER REIFF & YOUNG PC
50 E St. SE #300
Washington, D.C.  20003

*Counsel for Intervenors-Defendants Lisa Diaz, Gabriel Diaz, and David Diaz*

Kristen M. Clarke
NAACP LEGAL DEFENSE AND EDUCATIONAL
   FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C.  20005

*Counsel for Intervenors-Defendants Rodney and Nicole Louis and for Applicants by Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, and Marisa Richardson*

Max Renea Hicks
rhicks@renea-hicks.com
101 West 6th Street
Suite 504
Austin, Texas  78701

*Counsel for Intervenor-Defendant Travis County*

Laughlin McDonald
Neil Bradley
courtfilings@aclu-nca.org
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, Georgia  30303

*Counsel for Intervenor-Defendant Nathaniel Lesane*

| | |
|---|---|
| Lisa Graybill<br>Legal Director<br>courtfilings@aclu-nca.org<br>ACLU FOUNDATION OF TEXAS<br>1210 Rosewood Ave.<br>Austin, Texas  78702<br><br>*Counsel for Intervenor-Defendant Nathaniel Lesane* | Art Spitzer<br>artspitzer@aol.com<br>courtfilings@aclu-nca.org<br>Legal Director<br>ACLU OF THE NATIONAL CAPITAL AREA<br>1400 20th Street N.W., Suite 119<br>Washington, D.C.  20036<br><br>*Counsel for Intervenor-Defendant Nathaniel Lesane* |
| Jose Garza<br>jgarza@trla.org<br>Judith A. Sanders-Castro<br>George Korbel<br>Texas RioGrande Legal Aid, Inc.<br>1111 N. Main Street<br>San Antonio, Texas  78212<br><br>*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata* | Alpha Hernandez<br>ahernandez@trla.org<br>Eloy Padilla<br>epadilla@trla.org<br>Texas RioGrande Legal Aid, Inc.<br>309 Cantu Street<br>Del Rio, Texas  78212<br><br>*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata* |
| Michael T. Kilpatrick<br>mkirkpatrick@citizen.org<br>Brian Wolfman<br>Public Citizen Litigation Group<br>1600 20th Street NW<br>Washington, DC  20009<br><br>*Counsel for Intervenors-Defendants Angie Garcia, Jovita Casarez and Ofelia Zapata* | Michael J. Kator<br>KATOR, PARKS & WEISER, PLLC<br>1020 19th Street, N.W., Suite 350<br>Washington, D.C.  20036<br><br>*Counsel for Intervenor-Defendant Nathaniel Lesane* |
| Jeremy Wright<br>KATOR, PARKS & WEISER, PLLC<br>812 San Antonio Street, Suite 100<br>Austin, Texas  78701<br><br>*Counsel for Intervenor-Defendant Nathaniel Lesane* | |

/s/ Christian J. Ward
Christian J. Ward
