IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NORTHWEST AUSTIN MUNICIPAL UTILITY DISTRICT NUMBER ONE,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL B. MUKASEY, Attorney General of the United States, <u>et al.</u>,<br><br>      Defendants. | Civil Action No. 1:06-CV-01384 (PLF) |

**DEFENDANT-INTERVENORS' JOINT CONSENT MOTION TO EXTEND THE DEADLINE FOR FILING ANY PETITION FOR ATTORNEY'S FEES AND COSTS AND TO HOLD IN ABEYANCE ALL PROCEEDINGS ON ANY SUCH PETITION**

Pursuant to Federal Rule of Civil Procedure 54 and Local Rules 54.1 and 54.2, Defendant-Intervenors Texas State Conference of NAACP Branches, Austin Branch of the NAACP, Rodney Louis, Nicole Louis, Winthrop Graham, Yvonne Graham, Wendy Richardson, Jamal Richardson, Marisa Richardson, Lisa Diaz, David Diaz and Gabriel Diaz, People For the American Way, and Nathaniel Lesane (collectively "Defendant-Intervenors") jointly request that this Court extend the deadlines for filing any petition for costs or attorney's fees in this case, and also hold in abeyance all proceedings relating to such a petition. The grounds for this motion are as follows:

1.      On May 30, 2008, this Court issued an order denying summary judgment for the Plaintiff and granting summary judgment for the Defendant and Defendant-Intervenors [Dkt. No. 134]. The accompanying opinion held that because the Plaintiff did not qualify as a "political subdivision," it could not "bail out" of the Section 5 preclearance requirement under the criteria

set forth in Section 4 of the Voting Rights Act and that the 2006 legislative reauthorization of Section 5 was not an unconstitutional extension of Congress's enforcement powers. [Dkt. No. 133].

2.  A prevailing party in a suit involving the enforcement of voting guarantees may be able to recover attorney's fees. 42 U.S.C. § 1973*l*(e) (2006). Under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a claim for attorney's fees must ordinarily be made by motion no later than 14 days after the entry of judgment absent a court order providing otherwise. Without an extension from this Court, Defendant-Intervenors' petition for fees, should they decide to file one, would be due by June 13, 2008.

3.  Under Federal Rule of Civil Procedure 54(d)(1), prevailing parties may recover costs. Pursuant to Local Rule 54.1(a), a "bill of costs must be filed within 20 days after entry of judgment terminating the case as to the party seeking costs, unless the time is extended by the court." Thus, without an extension from this Court, Defendant-Intervenors' petition for costs, should they choose to file one, would be due by June 19, 2008.

4.  This Court's Local Rules recognize, however, that there may be circumstances where the immediate filing of a petition for fees and costs would be premature and inefficient. Thus, Local Rule 54(b) specifically authorizes the Court to hold all matters relating to attorney's fees in abeyance pending any appeal that might be taken.

5.  The Plaintiff in this case has the right to appeal from this Court's decision directly to the United States Supreme Court. 42 U.S.C. § 1973b(a)(5). Counsel for the Plaintiff has indicated publicly that the Plaintiff is currently deciding whether to appeal. Any notice of appeal would have to be filed with 60 days of the Court's final judgment, 28 U.S.C. § 2101(b),

that is, by July 29, 2008. A jurisdictional statement would be due in the Supreme Court 60 days after the filing of any notice of appeal. *See* Sup. Ct. R. 18.3.

6. Should Plaintiff appeal to the Supreme Court, the Supreme Court's disposition of the case may have a significant effect on the fees and costs that Defendant-Intervenors might seek. Requiring the Defendant-Intervenors to file a fee petition and bill of costs within the ordinary 14-day and 20-day deadlines respectively as set by the Federal Rules of Civil Procedure and Local Rules would thus be premature. Granting an extension for the filing of a fee request and bill of costs until after any appeal is resolved will promote the efficient disposition of any requests to recover fees and costs. *Accord* Local Rule 54(b) ("After a decision has been made that there will be an appeal, the court shall make a specific determination as to whether, in the interests of justice the fee issues, in whole or part, should be considered to be held in abeyance pending the outcome of the appeal.").

7. The Parties have conferred and Plaintiff consents to this motion, subject to the understanding that this consent does not constitute consent as to the availability or amount of any fees or costs that any party in this case may seek to recover.

WHEREFORE, Defendant-Intervenors request that the Court extend the deadline to file any petition for requested fees or costs until 60 days after the case becomes final, *i.e.*, the later of 60 days after (a) the time for filing a notice of appeal to the Supreme Court has expired, but no notice has been filed; (b) the time for filing a jurisdictional statement with the Supreme Court has expired, but no jurisdictional statement has been filed, or (c) the Supreme Court takes final action on any appeal that might be filed.

Respectfully submitted,

*/s/ Seth P. Waxman*
Seth P. Waxman (D.C. Bar No. 257337)
Paul R.Q. Wolfson (D.C. Bar No. 414759)
Ariel B. Waldman (D.C. Bar No. 474429)
WILMER CUTLER PICKERING HALE and
    DORR LLP
1875 Pennsylvania Ave. N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jon M. Greenbaum (D.C. Bar No. 489887)
Jonah H Goldman (D.C. Bar No. 497507)
LAWYERS' COMMITTEE FOR CIVIL
    RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, D.C. 20005
Telephone: 202-662-8600
Facsimile: 202-628-2858

Dennis C. Hayes (admitted *pro hac vice*)
General Counsel
NATIONAL ASSOCIATION FOR THE ADVANCEMENT
    OF COLORED PEOPLE, INC.
NAACP National Office
4805 Mt. Hope Drive
Baltimore, MD 21215
Telephone: (410) 580-5777
Facsimile: (410) 358-9350

*Counsel for Defendant-Intervenors*
*Texas State Conference of NAACP Branches and Austin Branch of the NAACP*

*/s/ Debo P. Adegbile*
Debo P. Adegbile

John Payton
Ryan P. Haygood
Jenigh J. Garrett
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
99 Hudson Street, Suite 1600
New York, New York 10013
(212) 965-2200

Kristen M. Clarke (D.C. Bar No. 973885)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
1444 Eye Street, N.W., 10th Floor
Washington, D.C. 20005
(202) 682-1300

Samuel Spital
HOLLAND & KNIGHT
195 Broadway, 24th Floor
New York, NY 10007
(212) 513-3454

*Counsel for Defendant-Intervenors*
*Rodney and Nicole Louis; Winthrop and Yvonne Graham;*
*Wendy Richardson, Jamal Richardson, and Marisa Richardson*

*/s/ Nina Perales*
Nina Perales
MEXICAN AMERICAN LEGAL DEFENSE &
AND EDUCATIONAL FUND
Texas State Bar No. 240054046
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476 (telephone)
(210) 224-5382 (facsimile)
nperales@maldef.org

*/s/ Joseph E. Sandler*
Joseph E. Sandler
D.C Bar # 255919
Sandler Reiff & Young PC
50 E St SE # 300
Washington, D.C. 20003
Tel: (202) 479 1111
Fax (202) 479-1115
sandler@sandlerreiff.com

*Counsel for Defendant-Intervenors Lisa Diaz, David Diaz and Gabriel Diaz*

*/s/ Judith E. Schaeffer*
Judith E. Schaeffer (D.C. Bar No. 273177)
PEOPLE FOR THE AMERICAN WAY FOUNDATION
2000 M Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 467-4999

*Counsel for Defendant-Intervenor People For the American Way*

US1DOCS 6711956v1

*/s/ Laughlin McDonald*
Moffatt Laughlin McDonald
Neil Bradley
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION, INC.
2600 Marquis One Tower
245 Peachtree Center Avenue
Atlanta, GA 30303-1227
Telephone: (404) 523-2721

Arthur B. Spitzer
AMERICAN CIVIL LIBERTIES UNION
1400 20th Street, NW, Suite 119
Washington, DC 20036
Telephone: (202) 457-0800
Facsimile: (202) 452-1868

Michael J. Kator
KATOR, PARKS & WEISER, PLLC
1020 19th Street, NW, #350
Washington, DC 20036-6101
Telephone: (202) 898-4800
Facsimile: (202) 289-1389

Jeremy Wright
KATOR, PARKS & WEISER, PLLC
812 San Antonio Street, Suite 100
Austin, Texas 78701

Lisa Graybill
Legal Director
ACLU FOUNDATION OF TEXAS
1210 Rosewood Avenue
Austin, Texas 78702

*Counsel for Defendant-Intervenor Nathaniel Lesane*